# EXHIBIT 1

| Denver Probate Court, Colorado<br>Court Address:<br>1437 Bannock Street, Denver, Colorado  80202<br>**In re the Interest of:**<br><br>**JOANNE BLACK,**<br><br>                       **Protected Person.** | DATE FILED: April 27, 2018 3:09 PM<br>CASE NUMBER: 2012PR1772<br><br><br>▲  COURT USE ONLY  ▲ |
|---|---|
| | Case Number:<br>12 PR 1772<br><br>Courtroom 224 |
| **ORDER RE: COA REMAND** ||

THIS MATTER is before the Court on a remand Order from the Colorado Court of Appeals ("COA") for related matters appealed by Bernard Black to the COA, resulting from the entry of Orders by the Denver Probate Court.

*COA Opinion 16 CA 625*

The COA announced this Opinion on January 25, 2018, which vacated this Court's Order entered February 25, 2016 and remanded for further findings related to the Probate Court's jurisdiction over assets of a Special Needs Trust ("SNT") for which Mr. Black is a co-trustee. Based upon its review of this file, the Court finds additional hearing to receive testimony is not necessary to make the findings of fact requested by the COA, as those facts are already contained within the Court's record. Review of the Submission of Citations, Response and Reply reflect no request for hearing is made by counsel.

*COA Order 16 CA 2157*

The COA entered an Order of the Court on March 12, 2018 in 16 CA 2157 which stayed the appellate proceedings and issued a limited remand to the Denver Probate Court to address the jurisdictional issue concerning an Order issued by the Probate Court on October 27, 2016 and related Order entered December 6, 2016 regarding use of SNT Funds. Review of the Submission of Citations, Response and Reply reflect no request for hearing is made by counsel.

1

*COA Order 17 CA 2242*

The COA entered an Order of the Court on March 12, 2018 in 16 CA 2242 which stayed the appellate proceedings and issued a limited remand to the Denver Probate Court to address the jurisdictional issue concerning an Order issued by the Probate Court on October 23, 2017 regarding use of SNT funds. Review of the Submission of Citations, Response and Reply reflect no request for hearing is made by counsel.

*1997 Supplemental Needs Trust Co-Trustees*

Renata Black, mother to Joanne Black and Bernard Black, created a Supplemental Needs Trust ("SNT") in 1997 to benefit Joanne Black.[1] Renata Black named herself and Anthony Dain as Co-Trustees for the SNT.[2] In the event either Trustee became incapacitated, died or otherwise unable to carry out the duties of Trustee, Bernard Black is named to act as Successor Co-Trustee upon his written acceptance of the terms of the Trust.[3]In the event any Trustee or Successor Trustee becomes incapacitated, dies or is unable to carry out the duties of Trustee, Samuel Black is named to act as Successor Trustee in the place or stead of the Trustee, upon his written acceptance of the terms of the Trust.[4]

With respect to other trustees, any Successor Trustee or all Trustees, if more than one is acting, shall have the power to name additional Successor Trustees to take office upon the death or resignation of any currently named Successor Trustee, and also the power to name Bernard Black or a member of the family of Bernard Black as Co-Trustee.[5]

---

[1] Supplemental Needs Trust for the Benefit of Joanne Black filed with the Denver Probate Court on December 9, 2012.
[2] SNT Article I, Section1.
[3] SNT Article VII, Section 6.
[4] Id.
[5] Id.

2

Based upon the plain language of the SNT in Article I, Section 1 and Article VII, Section 6, the Court finds Renata Black and Anthony Dain are the original co-trustees named in the SNT. Following Renata Black's last illness and death, Bernard Black succeeded her as successor co-trustee. The Court finds that even from the inception of this action, Mr. Black has not provided a copy of his written acceptance of the terms of the trust or office as required. The Court finds Mr. Black has at all times represented to this Court that he is the Successor Trustee to Renata Black and Anthony Dain has treated and referred to him as such. The Court therefore accepts and finds Bernard Black is the Successor Trustee for Renata Black, to serve as Co-Trustee with Anthony Dain.

The Court finds that at various points during these proceedings, Mr. Black has asserted his son Samuel Black is a co-trustee for this SNT. This Court has only been provided with a copy of a written acceptance of the terms of the trust or office as required by the trust for Samuel Black as Exhibit H to Mr. Black's present Response. It appears Samuel Black accepted appointment as a Co-Trustee of the 1997 SNT on May 5, 2013. The terms of the SNT explicitly state that any successor trustee, or all Trustees, if more than one is acting, shall have the power to name additional successor trustees to take office upon the death or resignation of any currently named successor trustee and also the power to name Bernard Black or a member of the family of Bernard Black as co-trustee.[6]

The Court finds at all times since the inception of this action before the Probate Court, that Bernard Black and Anthony Dain have served as co-trustees, with the distinction that Anthony Dain is one of the two original co-trustees and Bernard Black is a successor co-trustee. The plain language of this final paragraph of Article VII, Section 6, states that all trustees, if more than one is acting, has the power to name additional successor trustees. The Court finds this language precludes the appointment of an additional successor trustee by a successor trustee acting alone. The Court finds that because Anthony Dain has never

---

[6] Id, Paragraph 4.

resigned or been removed as co-trustee, all trustees must act together to name an additional successor trustee. Similarly, because Anthony Dain has never resigned or been removed as co-trustee, all trustees must act together to name a member of the family of Bernard Black as co-trustee.

It appears Mr. Dain did acquiesce to the appointment of Samuel Black as an additional co-trustee for the 1997 SNT as evidenced by Exhibit H dated May 3, 2013. Counsel for Joanne Black cites to the record from August 5, 2015 whereby Mr. Black admits Samuel Black is named as a co-trustee only in the event Mr. Dain or Mr. Black were not available.[7] The quoted portion of the transcript reflects Mr. Black agreeing with Mr. Dain, but stating Samuel Black was a co-trustee for back-up with regard to the 2013 Trust. However, the 2013 Trust specifically names Anthony Dain, Bernard Black and Samuel Black as co-trustees in the introduction and is signed by all three on Page 25, the signature page. Therefore, Mr. Black could not factually state Samuel Black was a back-up trustee for the 2013 Trust.

The Court finds from this record that Samuel Black was appointed as a co-trustee for the 1997 SNT jointly by Anthony Dain and Samuel Black on May 5, 2013, although the appointment information has not previously been provided to the Court. The Court finds the issue of notice to Samuel Black for any proceedings relating to the SNT is bound up in the requests made to the Probate Court as more fully explained below.

*Jurisdiction as to Bernard Black*

The Court finds Bernard Black submitted himself to the jurisdiction of the Denver Probate Court when he filed his petition and obtained appointment of himself as conservator for Joanne Black.[8] By accepting appointment, a conservator submits personally to the jurisdiction of the court *in any proceedings relating to the*

---

[7] Tr., August 5, 2015, p. 244:14-18
[8] C.R.S. 15-14-111

4

*conservatorship.*[9] A conservator is a fiduciary and shall observe the standards of care applicable to a trustee.[10]The Court finds the continuing proceedings in this action relate to the conservatorship for the reason that conservatorship funds were used to fund the three trusts at issue. Ultimately, the Court found Bernard Black had breached his fiduciary duties as conservator and was removed. In addition to removal, this Court surcharged Mr. Black for his breach of fiduciary duties.

The reasons for the surcharge included Mr. Black's taking of funds while serving as conservator, which funds were designated for Joanne Black and transfer of those funds into a separate trust naming himself and his children as beneficiaries (the Issue Trust). The Court finds Mr. Black's diversion of conservatorship funds into trusts and other accounts and the process to recoup those funds are proceedings relating to the conservatorship and are on-going.

Mr. Black asserts the Probate Court has no jurisdiction over him as trustee for the 1997 SNT. Mr. Black concedes this Court has jurisdiction over him as a trustee for the 2013 Trust.[11] The Court finds Mr. Black submitted himself as trustee or co-trustee of the SNT when he requested and received permission to use trust funds to pay taxes, legal and accounting fees related to the preparation of tax returns and payment of taxes due for Joanne Black.[12]As trustees, Mr. Black and Mr. Dain were required to request permission from this Court to disburse trust funds.[13] Mr. Black also requested permission from this Court to use trust funds to pay for his own attorney fees and costs to defend his actions as conservator. The Court held this request in abeyance pending further proceedings.[14]The Court finds these actions taken by Bernard Black give the

---

[9] Id, emphasis added.
[10] C.R.S. 15-14-418(1)
[11] Response, Page 4, Footnote 3
[12] Status Conference Order dated April 2, 2015
[13] Id, at Paragraph 6
[14] Id, at Paragraph 10

Probate Court jurisdiction over him as trustee and over the trust itself and any objections which Mr. Black may have had were waived by him.

The Probate Court has exclusive jurisdiction of proceedings initiated by interested persons concerning the internal affairs of trusts.[15]As found previously, this Court has ordered Mr. Black to transfer all records relating to the SNT to co-trustee Anthony Dain. Even though a trust may be registered in another state, a court may entertain appropriate actions when all appropriate parties could not be bound by litigation in the courts of the state where the trust is registered or when the interests of justice otherwise would seriously be impaired.[16] Mr. Black has never provided written documentation to show where the 1997 SNT is registered. Co-Trustees Black and Dain have both made requests to this Court relating to the internal affairs of the SNT, primarily relating to the release of funds from the trust corpus, but also to freezing of trust funds to prevent dissipation of assets.

Generally, where a forum court has jurisdiction only over the trustee, to include misuse of trust property located outside the state, the court may grant *in personam* relief against the trustee even though it is not the court having primary supervision over the trust.[17]Here, Bernard Black has made several requests to this Court for permission to use trust funds to benefit both himself and to benefit Joanne Black. Mr. Black's requests for use of funds to pay taxes and accounting fees have been granted. Mr. Dain has made requests to this Court to prevent misuse of trust property.

Mr. Black used the conservatorship authority conferred by this Court to create a second special needs trust (2013 SNT), despite not having sought permission from the Court to do so which is required.[18] As found previously, the 2013 SNT was created at a significant cost to Joanne Black's estate, was not necessary,

---

[15] C.R.S. 15-16-201
[16] C.R.S. 15-16-203
[17] *Bogert's Trusts and Trustees*, §292
[18] C.R.S. 15-14-411(1)(d)

6

and constituted a breach of Bernard Black's fiduciary duties to Joanne Black because creation of the 2013 SNT combined with Mr. Black's manipulation of funds and transactions between the conservatorship estate, the SNT and Renata Black's estate resulted in Joanne Black bearing the brunt of certain tax ramifications. The net effect of this series of transactions was to minimize tax consequences to Renata Black's estate, with the benefit being passed on to Bernard Black and his children as beneficiaries of the Renata Black estate and to the detriment of Joanne Black.[19]

The Court finds *all* of the funds Bernard Black transferred into the 1997 SNT, the 2013 SNT and the Issue Trust that are at issue in this action were sourced from the Pay on Death ("POD") accounts naming Joanne Black as the sole or primary beneficiary. As these funds were all held in the POD accounts on the date of Bernard Black's appointment as conservator, the funds were and remain a part of the conservatorship estate established by this Court. This Court has explicitly retained continuing jurisdiction over the conservatorship estate assets. The Court finds that Bernard Black's acts transferring conservatorship assets into trusts or elsewhere does not change the initial character of the funds as conservatorship assets. The funds transferred into the Issue Trust were never trust assets at inception as they were POD funds with Joanne Black as beneficiary. Bernard Black's use of the Court's Orders to further a scheme of self-dealing did not change the essential nature of the funds from POD assets, which are conservatorship estate assets, to trust assets beyond the reach of the Court.[20]

The Court finds it has jurisdiction over Bernard Black as conservator and as trustee, as well as the *Res* of the 1997 SNT, the 2013 SNT and the Issue Trust insofar as trust assets are derived from POD account assets based on Bernard Black's requests for relief from this Court and his actions. The Court finds all of

---

[19] Hearing Order, September 28, 2015, Page 12
[20] *See, Barber v. Ritter,* 196 P.3d 238 (Colo. 2008) the transfer of funds from an Unclaimed Property Trust Fund to the state's General Fund did not alter the funds' character as unclaimed property so as to change funds to taxes.

Bernard Black's requests made to this Court were through counsel and those requests are not limited by Mr. Black's fee agreements with counsel. Mr. Black's counsel have all entered general appearances before the Court on his behalf and whether counsel acted beyond the scope of authority as described by the fee agreements is not before this Court for resolution.

Similarly, the orders directing Mr. Black to turn over all account information, checkbooks or other items are standing orders of this Court dating to at least April 2, 2015. In addition, this Order specifies the parties "stipulated to a forensic accounting of the Conservatorship estate, including the affected trusts…" and transfer of funds into the Renata Black Estate.[21]The Order at Paragraph 6 also froze "[a]ll other assets related to Ms. Black…", and required the trustee to obtain permission from this court to disburse trust funds. This same Order granted Mr. Black's request for an exception to use trust funds to pay taxes, legal and accounting fees. The Court finds these acts and requests, made without objection, subject Mr. Black to this Court's jurisdiction individually, as conservator and as trustee of all three trusts and any objections he may have had were waived by his requests for and receipt of relief.

With respect to requests from Mr. Dain, the Court finds all of Mr. Dain's requests for spend authority have been supported by Joanne Black and her attorneys. Mr. Dain has expressly stated he subjects himself as a co-trustee to the jurisdiction of this Court. The Court further finds that the conference and hearing transcripts referred to by Joanne Black's counsel support this Court's orders regarding Mr. Black's requests and its jurisdiction over him. Further, the Stipulation dated July 29, 2018 and approved by Mr. Black through his attorney requested permission from this Court to pay certain funds as reimbursement to Cherie Wrigley "…from either the Supplemental Needs Trust FBO Joanne Black or the Joanne Black 2013 Trust…". The funds held in these trusts were and continue to be derived from conservator estate assets (the POD non-probate assets from Vanguard,

---

[21] Status Conference Order, April 2, 2015

8

Fidelity and the Roth IRA) and were disbursed by Bernard Black as a co-trustee with permission from the Court.

The Court finds Bernard Black is subject to this Court's jurisdiction pursuant to C.R.S. 13-1-124 based on the commission of tortious acts within the State of Colorado affecting the non-probate assets of Joanne Black. Bernard Black has been found to have committed breaches of his fiduciary duties. Any assistance he may have had from Samuel Black in the commission of these breaches of fiduciary duties may well extend this Court's jurisdiction pursuant to this statutory authority to Samuel Black.

*Jurisdiction as to Samuel Black*

Samuel Black was apparently appointed to serve as a co-trustee for the 1997 SNT by agreement in 2013. Samuel Black was named as a co-trustee for the 2013 SNT at its inception. The funds contained within those two trusts and the Issue Trust at issue here are derived from non-probate assets belonging to Joanne Black and originated as part of the conservatorship estate. This Court entered orders freezing the accounts and prohibiting all trust activities absent the issuance of a court order. Samuel Black therefore has no authority over trust funds which originated as part of the conservatorship estate and any authority he has exercised over those funds brings him within this Court's jurisdiction pursuant to C.R.S. 13-1-124.

Samuel Black's actions as a co-trustee with respect to causing judgments to be entered against trust assets also brings him within the ambit of this Court's jurisdiction. These actions have been addressed by this Court's Order entered January 4, 2018. Samuel Black is also under a duty to Joanne Black to use reasonable care to prevent a co-trustee from committing a breach of trust or to compel a co-trustee to redress a breach of trust.[22]If Samuel Black has failed in his duty, he places himself under the jurisdiction of this Court pursuant to its

---

[22] Restatement (Second) of Trusts§184

continuing jurisdiction over the conservatorship assets which were misdirected by Bernard Black. As a co-trustee fiduciary, Samuel Black is obligated to assist Mr. Dain with return of all misappropriated conservatorship funds. Put another way, Samuel Black has an independent fiduciary obligation to Joanne Black to ensure the misappropriated conservatorship funds are returned.

*Jurisdiction Over Trust Assets*

Where there are two or more trustees and one of them refuses to concur in the exercise of a power, the others cannot exercise the power. In such a case, however, if it appears to be for the best interest of the trust that there should be an exercise of the power, the court may on the application of a co-trustee or beneficiary direct its exercise. Additionally, the court may remove a trustee who unreasonably refuses to concur in the exercise of a power if such removal would be for the best interest of the trust.[23]In case of emergency, some of the trustees, to protect the trust, may act in behalf of all. The united action rule as to trustees was created by the courts to safeguard trusts. It should not be so applied as to deprive a trust of necessary protection.[24]

This was the situation presented to this Court by Co-Trustee Dain when he requested emergency relief in the form of payments to professionals to protect Joanne Black's assets. Mr. Dain's requests have been fully supported by Joanne Black, her attorney and her Guardian *ad Litem* ("GAL"). The Court therefore finds Mr. Dain's requests, even if not made through an attorney representing him, were placed before the Court by counsel representing the trust beneficiary by their joinder in the requests. The Court finds that due to the various emergencies presented, this Court has authority to grant Mr. Dain's requests in support of his attempts to protect Joanne Black's assets.

---

[23] Restatement (First) of Trusts§194, Comment a
[24] *In re Luckenbach's Will,* 303 N.Y. 491 (Ct.App. NY 1952)

As explained above, conservatorship assets were misappropriated by Bernard Black and placed into the 1997 SNT, the 2013 SNT and the Issue Trust. This Court retains continuing jurisdiction over those assets as well as over the former conservator. Mr. Black conceded jurisdiction over himself, trust assets and his actions until the point where the Court issued its Hearing Order finding he had breached his fiduciary duties. It was only after that point Mr. Black began to argue this Court did not have jurisdiction over him or over trust assets.

By way of example and not limitation, Mr. Black filed an *Objection to Motion for Approval of Forensic Accounting Fees and Costs through 6/24/15* on July 21, 215 to be paid by himself and Mr. Dain as co-trustees. The basis for Mr. Black's objections related to whether the forensic accounting fees were unreasonable or appropriate. There were no objections relating to jurisdiction. Similarly, it was only after the entry of this Court's Hearing Order finding Mr. Black had breached his fiduciary duties were issues regarding Samuel Black's involvement as a co-trustee raised even though Samuel Black has apparently been involved since 2013. The Court therefore finds Mr. Black has waived any objections he may have had with respect to this Court's jurisdiction over him and POD funds which were converted by him into trust assets.

*Disclaimer*

In her Reply, Joanne Black requests this Court to revisit the issue of disclaimer. Although this Court did surcharge Bernard Black for the full amount of funds he misappropriated, nothing in this Court's Orders sanctioned Mr. Black's failure to fully disclose his intentions in obtaining an order authorizing disclaimer. It further appears and this Court finds that unwinding the disclaimer is appropriate, given the significant amount of litigation that has taken place since entry of the Court's Hearing Order. C.R.C.P. 60(b) authorizes relief from a judgment where it is no longer equitable that the judgment should have prospective application or any other reason justifying relief from the judgment. The Court finds the hearing

records developed in this action contain the Court's specific findings with respect to Bernard Black's defalcations and depredations as to Joanne Black's funds.

The order granting Mr. Black's request for authority to disclaim the POD funds held in the Vanguard accounts, which he also used to disclaim funds in the Roth IRA without this Court's knowledge or permission is clearly inequitable in view of the on-going circumstances presented in this matter. The inequity is shown by the continuing litigation which continues to burden Joanne Black and which prevents her funds from being used for her care. The on-going litigation alone justifies relief from this judgment. The Court finds the hearing record and Hearing Order as well as this Court's subsequent orders support a determination that the disclaimer order should be vacated as does the on-going record developed in this matter.

The Court therefore finds the Amended Order issued March 5, 2013 authorizing Bernard Black to disclaim Joanne Black's interest as beneficiary under all payable on death or transferable on death accounts with Vanguard and Fidelity and to include the Roth IRA account funds, owned by Renata Black or under the supervision of her decedent's estate should be vacated.

*Conclusion*

Bernard Black has submitted himself to the jurisdiction of the Probate Court and has waived any objections he may have had with respect to this Court's jurisdiction over him or POD assets placed in the 1997 SNT, the 2013 SNT or the Issue Trust. Samuel Black's acquiescence is not necessary where the Court enters emergency orders and this Court has jurisdiction over two of the three co-trustees as well as the trust *res* as outlined in its prior orders.

IT IS THEREFORE ORDERED:

That portion of the Amended Order issued March 5, 2013 authorizing Bernard Black to disclaim Joanne Black's interest as beneficiary under all payable on

12

death or transferable on death accounts with Vanguard and Fidelity and to include the Roth IRA account funds, owned by Renata Black or under the supervision of her decedent's estate is VACATED. All funds disclaimed pursuant to this Order shall be immediately returned and placed into the Registry of the Denver Probate Court pending further proceedings regarding disposition of said funds. Nothing in this Order shall be construed to relieve Bernard Black from the judgments entered against him in relation to surcharge and civil theft which have been affirmed.

DONE IN CHAMBERS this _27th_ day of _April_, 2018.

> BY THE COURT:
>
> _____
> Elizabeth D. Leith
> Judge
> DENVER PROBATE COURT

13