# EXHIBIT 2

# Award
# FINRA Office of Dispute Resolution

In the Matter of the Arbitration Between:

Claimants
Bernard S. Black and Samuel H. Black,
as Trustees of the Irrevocable Trust
for the Benefit of the Issue of Renata Black

Case Number: 16-02822

vs.

Respondents
JPMorgan Chase Bank, N.A. and
J.P. Morgan Securities, LLC

Hearing Site: Chicago, Illinois

Consolidated with:

Claimants
Bernard S. Black and Samuel H. Black,
as Trustees of the Supplemental Needs Trust
for the Benefit of Joanne Black

Case Number: 16-03146

vs.

Respondents
JPMorgan Chase Bank, N.A. and
J.P. Morgan Securities, LLC

Nature of the Dispute: Customers vs. Member and Non-Member

This case was decided by an all-public panel.

# REPRESENTATION OF PARTIES

For Claimants Bernard S. Black and Samuel H. Black, as Trustees of both the Irrevocable Trust for the Benefit of the Issue of Renata Black and the Supplemental Needs Trust for the Benefit of Joanne Black ("Claimants"): Michael H. Schaalman, Esq., Halling & Cayo, S.C., Milwaukee, Wisconsin.

For Respondent J.P. Morgan Securities, LLC ("JPMS" or "Respondent"): Kenneth Berg, Esq., Ulmer & Berne, LLP, Chicago, Illinois.

Respondent JPMorgan Chase Bank, N.A. ("Chase Bank") did not submit to FINRA jurisdiction.

## CASE INFORMATION

FINRA Case No. 16-02822:
Statement of Claim filed jointly by Bernard S. Black and Samuel H. Black, as Trustees of the Irrevocable Trust for the Benefit of the Issue of Renata Black on or about: September 23, 2016.
Bernard S. Black signed the Submission Agreement: September 23, 2016.
Samuel H. Black signed the Submission Agreement: September 23, 2016.

Statement of Answer filed by JPMS on or about: December 19, 2016.
JPMS signed the Submission Agreement: December 13, 2016.

FINRA Case No. 16-03146:
Statement of Claim filed jointly by Bernard S. Black and Samuel H. Black, as Trustees of the Supplemental Needs Trust for the Benefit of Joanne Black on or about: October 26, 2016.
Bernard S. Black signed the Submission Agreement: October 26, 2016.
Samuel H. Black signed the Submission Agreement: October 26, 2016.

Statement of Answer filed by JPMS on or about: December 19, 2016.
JPMS signed the Submission Agreement: December 13, 2016.

## CASE SUMMARY

FINRA Case No. 16-02822:
Bernard S. Black and Samuel H. Black, as Trustees of the Irrevocable Trust for the Benefit of the Issue of Renata Black ("Issue Trust" or "IT") asserted the following causes of action: conversion, breach of contract, and breach of fiduciary duty. Bernard S. Black and Samuel H. Black, as Trustees of the Issue Trust alleged that JPMS impermissibly froze accounts of the Issue Trust and prevented the trustees from making necessary and proper disbursements of Issue Trust funds.

Unless specifically admitted in the Statement of Answer, JPMS denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

FINRA Case No. 16-03146:
Bernard S. Black and Samuel H. Black, as Trustees of the Supplemental Needs Trust for the Benefit of Joanne Black ("SNT") asserted the following causes of action: conversion, breach of contract, and breach of fiduciary duty. Bernard S. Black and Samuel H. Black, as Trustees of the SNT alleged that JPMS impermissibly froze accounts of the SNT, removed Bernard S. Black's access to the trust account statements for a period of five months, and prevented a majority of trustees from acting on behalf of the trust, including making necessary and proper disbursements of the SNT funds. Bernard S. Black and Samuel H. Black, as Trustees of the SNT further alleged JPMS knowingly permitted a single trustee to make withdrawals from the accounts without agreement or consent from his co-trustees, permitted this trustee to make withdrawals for purposes not authorized by the trust instruments, and permitted this

trustee to make withdrawals for purposes not authorized by an improperly obtained court order that this trustee purported to rely on.

Unless specifically admitted in the Statement of Answer, JPMS denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

## RELIEF REQUESTED

FINRA Case No. 16-02822:
In the Statement of Claim, Bernard S. Black and Samuel H. Black, as Trustees of the Issue Trust requested that the Panel:

1) require Respondents to unfreeze the Issue Trust accounts and restore Bernard S. Black's authority to make disbursements from the Issue Trust accounts;
2) award Claimants damages equal to the additional interest payments and other expenses incurred by the Issue Trust beneficiaries due to JPMS restricting disbursements from the Issue Trust accounts;
3) award Claimants costs and fees of this action, including reasonable attorneys' fees and costs of this action; and
4) grant such other and further relief as deemed just and proper.

In the Statement of Answer, JPMS requested that the Panel not adjudicate these claims because FINRA is an inappropriate forum. Alternatively, the Panel should dismiss these claims on the merits.

FINRA Case No. 16-03146:
In the Statement of Claim, Bernard S. Black and Samuel H. Black, as Trustees of the SNT requested that the Panel:

1) require Respondents to unfreeze the SNT accounts and restore Bernard S. Black's authority to manage and make disbursements from the SNT accounts;
2) bar Respondents from seeking or following Court Orders concerning the SNT from the Denver Probate Court or other courts that lack jurisdiction over the SNT and its assets;
3) award Claimants damages, in the amount of funds that JPMS allowed the alleged co-trustee A.D. to withdraw from the SNT accounts, plus interest thereon;
4) award Claimants costs and fees of this action, including reasonable attorneys' fees and costs of this action; and
5) grant such other and further relief as deemed necessary, just, and proper.

In the Statement of Answer, JPMS requested that the Panel not adjudicate these claims because FINRA is an inappropriate forum. Alternatively, the Panel should dismiss these claims on the merits.

At the close of the hearing, Claimants requested that the freeze on the Issue Trust and SNT Trust be modified to prohibit the withdrawal of any funds to pay litigation related expenses, but to allow withdrawals for the needs of the respective beneficiaries.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and all other materials filed by the parties.

On or about November 17, 2016, Respondent JPMorgan Chase Bank, N.A. notified FINRA that it is not a member or associated person of FINRA and did not voluntarily submit to arbitration. Therefore, the Panel made no determination with respect to Claimants' claims against Respondent JPMorgan Chase Bank, N.A.

On or about December 20, 2016, JPMS filed a Motion to Decline Arbitration, or in the alternative, Motion to Consolidate. On or about January 6, 2017, Claimants filed a Response to Motion to Decline Arbitration, or in the alternative, Motion to Consolidate. On or about February 14, 2017, the Director of FINRA Office of Dispute Resolution denied JPMS' Motion to Decline Arbitration and referred JPMS' Motion to Consolidate to the Panel appointed in this matter. On or about April 19, 2017, a pre-hearing call was held with the Panel for oral arguments on JPMS' Motion to Consolidate. In its Order dated April 19, 2017, the Panel granted JPMS' Motion to Consolidate FINRA Case No. 16-02822 and FINRA Case No. 16-03146. FINRA Case No. 16-02822 was designated as the master case.

On or about July 25, 2017, Claimants filed a Motion for Preliminary Injunction. On or about August 1, 2017, JPMS filed its Objection to Claimants' Motion for Preliminary Injunction and a Motion to Stay. On or about August 28, 2017, Claimants filed a Reply in Support of their Motion for Preliminary Injunction. On or about August 31, 2017, JPMS filed a Reply in Support of its Motion to Stay. In its Order dated August 31, 2017, the Panel denied both parties' motions.

Prior to closing arguments on February 15, 2018, counsel for Claimants moved that the pleadings be amended to conform to the proof. Counsel for JPMS concurred. The Panel granted the request. For FINRA Case No. 16-02822: Claimants seek an Order requiring Respondents to unfreeze the Issue Trust to allow Claimants access to withdraw funds to pay graduate school-related costs for his issue. For FINRA Case No. 16-03146: Claimants waive any claim to damages and seek specific performance to prevent the withdrawal of funds from the SNT to pay litigation-related expenses until there is a final ruling on whether the Denver Probate Court has jurisdiction over the SNT.

The parties present at the hearing have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

## **FINDINGS**

1. On December 19, 1997, Renata Black set up two (2) trusts, a SNT for the benefit of her daughter Joanne Black into which two-thirds of her assets were to go, and an IT for the benefit of her son Bernard S. Black and his children into which one-third of her assets were to go. She named Bernard S. Black as Executor of her Estate. Renata Black died on May 1, 2012.

2. These Trusts are held at JPMS, pursuant to arrangements with Trustees of both Trusts.

3. Currently, Trustees of the SNT are: A.D., Bernard S. Black and Samuel H. Black; Trustees of the IT are: Bernard S. Black and Samuel H. Black.

4. Because of conflicting claims, instructions and directions to JPMS from Trustees of the SNT and Trustees of the IT, including but not limited to assets, the distribution of assets, the expenditures of assets and the ownership of assets, Respondent, pursuant to its account agreements with Trustees of the IT and the SNT, has frozen assets in both Trusts and seeks to continue this freeze pending court orders or mutual agreement of the Trustees of the SNT and the IT.

5. In the pleadings, Claimants allege Respondent has engaged in conversion, breach of fiduciary duty, and breach of contract; each of which allegations Respondent has denied, and which allegations are without merit.

6. At the hearing, the parties' motion to conform the pleadings to the proof was granted.

7. a) Claimants withdrew their request for monetary damages.

   b) Claimants requested that the freeze imposed upon the SNT be lifted, except continue for litigation matters.

   c) Claimants requested that the freeze imposed upon the IT be lifted, especially with regard to education expenses for the Bernard Black children beneficiaries, except continue to be imposed for litigation matters.

   d) Respondent requested that the freeze on both Trusts continue until final order of Colorado courts on jurisdictional matters, final turn-over orders from Illinois courts, or until the Trustees otherwise agree in writing.

8. Each party urged the Panel to exercise its equitable powers in resolution of the dispute between the parties.

9. Litigation matters involving the Trusts, the Trustees and persons involved in the Trusts are pending in various courts, including, inter alia:

>*Black, et al. vs. Dain, et al.,* Civil Action No. 1238 (ED NY);
>*Black, et al. v. Wrigley, et al.,* Case No. 16-cv-430 (ED NY);
>*Litvak v. Wrigley, et al.,* Case No. 17-cv-101 (ND Ill.);
>*In the matter of Joanne Black,* Case No. 12 PR 1772 (Denver);
>*Renata Black Estate,* (Surrogate's Court) (NY); and
>*Goodwin, as Conservator v. Black, et al.,* (Circuit Court, Cook County).

10. Thus far, approximately $1,000,000.00 has been expended in the SNT for purposes of litigation, and approximately the same amount has been expended in the IT for purposes of litigation, including approximately $200,000.00 owed in loans to the IT.

11. At the current time there remains approximately $1,500,000.00 in assets in the IT and $3,200,000.00 in assets in the SNT.

12. The use of assets in both Trusts to fund litigation against or involving Trustees, administrators, family members and individuals in connection with the Trusts has dissipated assets in each Trust and unless curtailed, will continue to do so to the detriment of the beneficiaries of the Trusts.

13. The freeze imposed by JPMS in both Trusts, prevents the use of trust assets for the benefit of the respective beneficiaries, i.e., Joanne Black in the SNT and Bernard S. Black and his children in the IT.

## ORDER

1. JPMS is directed and ordered to freeze and continue to freeze assets in both the IT and the SNT for use of and in connection with litigation expenses, costs or attorneys' fees in matters of any sort, including but not limited to matters involving or relating to each Trust, Trustee, administrator, conservator or family member.

2. JPMS is directed and ordered to freeze assets in the IT or the SNT for use or for purposes of paying for any monetary damages assessed against Bernard S. Black in other proceedings and for use or for purposes of repaying loans to Bernard S. Black and/or the IT or SNT.

3. JPMS specifically is authorized, directed and ordered upon request by SNT Trustee(s), except for litigation matters as referenced above, to expend SNT assets for the benefit of Joanne Black, including <u>her</u> personal needs, clothing, food, living arrangements, travel, and entertainment.

4. JPMS specifically is authorized, directed and ordered upon request by IT Trustee(s), except as referenced above, to expend IT assets for the benefit of Bernard S. Black's trust beneficiary children, for purposes of the beneficiary children's educational expenses.

5. Paragraphs 1, 2, 3 and 4 of this Order shall remain in effect until final order of pending litigation in the Colorado Courts, or unless and until Trustees of the IT and Trustees of the SNT in writing to JPMS mutually agree to withdrawals from the SNT or the IT, or both, which agreement(s) shall be honored by JPMS.

6. Claims against JPMS for conversion, breach of fiduciary duty and breach of contract are dismissed, and Claimants' request for attorneys' fees is denied.

# **FEES**

Pursuant to the Code of Arbitration Procedure, the following fees are assessed:

**Filing Fees**
FINRA Office of Dispute Resolution assessed a filing fee* for each claim:

    Initial Claim Filing Fee =$ 1,575.00

*The filing fee is made up of a non-refundable and a refundable portion.*

**Member Fees**
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the time of the events giving rise to the dispute. Accordingly, as a party, JPMS is assessed the following:

    Member Surcharge =$ 1,900.00
    Member Process Fee =$ 3,750.00

**Postponement Fees**
Postponements granted during these proceedings for which fees were assessed or waived:

November 13-17 and 20-21, 2017, postponement requested by JPMS =$ 1,125.00
Total Postponement Fees =$ 1,125.00

The Panel has assessed $1,125.00 of the adjournment fees to Respondent JPMS.

**Discovery-Related Motion Fee**
Fees apply for each decision rendered on a discovery-related motion.

Two (2) decisions on discovery-related motions on the papers
with one (1) arbitrator @ $200.00/decision =$ 400.00

JPMS submitted two (2) discovery-related motions
Total Discovery-Related Motion Fees =$ 400.00

The Panel has assessed $200.00 of the discovery-related motion fees jointly and severally to Claimants.

The Panel has assessed $200.00 of the discovery-related motion fees to Respondent JPMS.

**Hearing Session Fees and Assessments**
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the arbitrator(s), including a pre-hearing conference with the arbitrator(s), that lasts four (4) hours or less. Fees associated with these proceedings are:

| | | | |
|---|---|---|---|
| Three (3) pre-hearing sessions with the Panel @ $1,125.00/session | | | =$ 3,375.00 |
| Pre-hearing conferences: | March 7, 2017 | 1 session | |
| | April 19, 2017 | 1 session | |
| | January 10, 2018 | 1 session | |
| | | | |
| Eight (8) hearing sessions @ $1,125.00/session | | | =$ 9,000.00 |
| Hearing Dates: | February 12, 2018 | 2 sessions | |
| | February 13, 2018 | 2 sessions | |
| | February 14, 2018 | 2 sessions | |
| | February 15, 2018 | 2 sessions | |
| Total Hearing Session Fees | | | =$12,375.00 |

The Panel has assessed $4,387.50 of the hearing session fees jointly and severally to Claimants.

The Panel has assessed $7,987.50 of the hearing session fees to Respondent JPMS.

All balances are payable to FINRA Office of Dispute Resolution and are due upon receipt.

## ARBITRATION PANEL

| | | |
|---|---|---|
| Robert S. Sugarman | - | Public Arbitrator, Presiding Chairperson |
| Pamela A. Kentra | - | Public Arbitrator |
| Elizabeth C. Simon | - | Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

## Concurring Arbitrators' Signatures


/s/ Robert S. Sugarman                                    March 22, 2018
Robert S. Sugarman                                         Signature Date
Public Arbitrator, Presiding Chairperson


/s/ Pamela A. Kentra                                       March 23, 2018
Pamela A. Kentra                                           Signature Date
Public Arbitrator


/s/ Elizabeth C. Simon                                     March 22, 2018
Elizabeth C. Simon                                         Signature Date
Public Arbitrator



March 23, 2018_____
Date of Service (For FINRA Office of Dispute Resolution office use only)

## ARBITRATION PANEL

| | | |
|---|---|---|
| Robert S. Sugarman | - | Public Arbitrator, Presiding Chairperson |
| Pamela A. Kentra | - | Public Arbitrator |
| Elizabeth C. Simon | - | Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

### Concurring Arbitrators' Signatures

_____        03/22/2018
Robert S. Sugarman                                  Signature Date
Public Arbitrator, Presiding Chairperson


_____        _____
Pamela A. Kentra                                      Signature Date
Public Arbitrator


_____        _____
Elizabeth C. Simon                                   Signature Date
Public Arbitrator


_____
Date of Service (For FINRA Office of Dispute Resolution office use only)

## ARBITRATION PANEL

| | | |
|---|---|---|
| Robert S. Sugarman | - | Public Arbitrator, Presiding Chairperson |
| Pamela A. Kentra | - | Public Arbitrator |
| Elizabeth C. Simon | - | Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

**Concurring Arbitrators' Signatures**

_____
Robert S. Sugarman
Public Arbitrator, Presiding Chairperson

Signature Date

_____*Pan Kentra*_____
Pamela A. Kentra
Public Arbitrator

_____3/23/18_____
Signature Date

_____
Elizabeth C. Simon
Public Arbitrator

Signature Date

_____
Date of Service (For FINRA Office of Dispute Resolution office use only)

## ARBITRATION PANEL

| | | |
|---|---|---|
| Robert S. Sugarman | - | Public Arbitrator, Presiding Chairperson |
| Pamela A. Kentra | - | Public Arbitrator |
| Elizabeth C. Simon | - | Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

**Concurring Arbitrators' Signatures**

_____        _____
Robert S. Sugarman                                        Signature Date
Public Arbitrator, Presiding Chairperson


_____        _____
Pamela A. Kentra                                            Signature Date
Public Arbitrator

_____        22 March 2018
Elizabeth C. Simon                                          Signature Date
Public Arbitrator


_____
Date of Service (For FINRA Office of Dispute Resolution office use only)