# EXHIBIT 4



**Kenneth F. Berg**
*Partner*

| | |
|---|---|
| DIRECT | 312.658.6506 |
| DIRECT FAX | 312.658.6507 |
| EMAIL | kberg@ulmer.com |

May 1, 2018

Robert A. Carson
Gould & Ratner LLP
222 N. LaSalle St., Ste 800
Chicago, IL 60601
(Attorney for Goodwin and Dain)

Michael Leonard
LeonardMeyer LLP
120 N. LaSalle St., Ste 200
Chicago, IL 60602
(Attorney for Litvak and Dal)

Benjamin N. Feder
Stauss & Malk LLP
135 Revere Drive
Northbrook, IL 60062
(Attorney for Bernard and Sam Black)

Michael H. Schaalman
Halling & Cayo, S.C.
320 East Buffalo Street, Ste 700
Milwaukee, WI 53202
(Attorney for Bernard Black)

Michael Kutzin
Goldfarb Abrandt Salzman & Kutzin LLP
350 Fifth Avenue, Suite 4310
New York, NY 10118
(Attorney for Joanne Black)

Re: Issue Trust Accounts
Special Needs Trust Accounts

Gentlemen:

As you know, before she passed away, Renata Black, mother of Bernard Black and Joanne Black, established two trusts: one for the benefit of Bernard and his children ("Bernard's Trust"), and one for the benefit of Joanne ("Joanne's Trust"). Joanne's Trust was intended to provide for her special needs. Each Trust has bank and brokerage accounts at J.P. Morgan Securities LLC ("JPMS LLC") and J.P. Morgan Chase Bank, National Association ("Chase"). The combined value of all accounts is over $3 million as of this date. JPMS LLC and Chase have no stake or interest in the Trusts' accounts, but they have been and continue to be caught in the middle of conflicting claims and instructions with regard to these accounts and have been made a party to various court and arbitration proceedings. JPMS LLC and Chase have expended significant efforts to encourage all interested parties to resolve their differences and submit a single joint written instruction concerning these accounts, but the interested parties have not been able to reach agreement.

CLEVELAND
COLUMBUS
CINCINNATI
CHICAGO
BOCA RATON

ULMER.COM

500 W. Madison Street
Suite 3600
Chicago, IL 60661-4587

FIRM 312.658.6500   FAX 312.658.6501



Meanwhile, ownership and control of both of the Trusts' accounts has been and continues to be litigated in Colorado, New York and Illinois, with claims being asserted by three camps:

| CAMP I | CAMP II | CAMP III |
|---|---|---|
| Joanne Black | Bernard Black | Kate Litvak |
| Anthony Dain | Samuel Black | Olga Dal |
| Jeannette Goodwin | | |

In one camp are Joanne Black (beneficiary), Jeannette Goodwin (Joanne's conservator), and Anthony Dain (co-trustee of Joanne's Trust). They assert an interest in all of the accounts owned by both Trusts because they claim they contain assets that were intended for Joanne's benefit and misdirected from the Colorado conservatorship.

In another camp are Bernard and Samuel Black (co-trustees of both Trusts). They assert an interest in the accounts owned by both Trusts because they are a majority of the co-trustees of both Trusts and beneficiaries of Bernard's Trust.

In a third camp are Kate Litvak (Bernard's wife and judgment creditor of both Trusts) and Olga Dal (Litvak's cousin and judgment creditor of both Trusts). They assert an interest in the accounts owned by both Trusts because they are judgment creditors of both Trusts.

Each camp has succeeded in obtaining an order in its favor issued by a different forum. These three orders directly conflict with each other. JPMS LLC's and Chase's compliance with one of the orders may expose them to liability for disobeying one or both of the other orders.

> **CAMP I**
> • **April 27, 2018 Order by the Denver Probate Court.** The DPC Order states that the assets in the Trusts' accounts "shall be <u>immediately</u> returned and placed into the Registry of the Denver Probate Court pending further proceedings regarding disposition of said funds." (*In re Joanne Black*, Denver Probate Court Case No. 12 PR 1772).
>
> **CAMP II**
> • **March 23, 2018 FINRA Arbitration Award.** The FINRA award states that "JPMS LLC is directed and ordered to freeze assets in the IT or the SNT … <u>until final order</u> of pending litigation in the Colorado Courts, or unless and until Trustees of the [Trusts] in writing to JPMS LLC mutually agree to withdrawals from the [Trusts], which agreement(s) shall be honored by JPMS LLC." (*Bernard S. Black and Samuel H. Black, as Trustees* v. *J.P. Morgan Securities LLC*, FINRA Cases Nos. 16-02822 and 16-03146).



May 1, 2018
Page 3

**CAMP III**
• **Illinois Citations to Discover Assets to Third Party Respondents.** The Citations state that JPMS LLC and Chase are "prohibited from making or allowing <u>any transfer</u> … of any property … belonging to the [Trusts] …. WARNING: [JPMS LLC's and Chase's] failure to comply with the citation proceeding may result in a judgment being entered against [JPMS LLC and Chase] for the unsatisfied amount of this judgment." (*Dal v. Bernard and Samuel Black*, Circuit Court of Cook County Case No. 2017-L-9744; *Litvak v. Bernard and Samuel Black*, Circuit Court of Cook County Case No. 2017-L-9743).

We again request that all interested parties submit a single joint written instruction to JPMS LLC and Chase regarding disposition of the assets in both of the Trusts' accounts at JPMS LLC and Chase. If we do not receive such an instruction by May 4, 2018, we will presume that there continues to be an irreconcilable impasse regarding the ownership and control of the assets among the three camps, and Chase and JPMS LLC will act accordingly.

Very truly yours,

Kenneth F. Berg

KFB:sd

CHI2009:1966826v2
21328.01005