**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, and J.P. MORGAN SECURITIES LLC | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 18-cv-03447 |
| v. | ) ) | |
| BERNARD S. BLACK, individually and as trustee, SAMUEL BLACK, individually and as trustee, ANTHONY DAIN, individually and as trustee, KATHERINE LITVAK, OLGA DAL, and JEANNETTE GOODWIN, as court appointed Conservator, and JOANNE BLACK, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS BERNARD S. BLACK AND SAMUEL BLACK'S
ANSWER AND COUNTERCLAIM TO COMPLAINT FOR
INTERPLEADER AND DECLARATORY RELIEF**

Defendants, Bernard S. Black ("Bernard") and Samuel Black ("Samuel") (collectively, "Defendants"), individually and as trustees of the SNT and the Issue Trust, by their undersigned attorneys, for their Answer and Counterclaim to the Complaint for Interpleader and Declaratory Relief, state as follows:

**ANSWER TO COMPLAINT**

1.      This case involves competing claims, and conflicting court orders and arbitration awards, relating to ownership and/or control over approximately $4 million in bank and brokerage accounts maintained at Chase Bank and JPMS LLC by two trusts (the "Property").

**ANSWER:**      Paragraph 1 contains a statement of the nature of this case to which no answer is required.  To the extent that an answer is required, the allegations are admitted.

2.      The assets in these accounts originated from Renata Black, mother of Bernard Black and Joanne Black, who established two trusts before she passed away in 2012; one for the benefit of Bernard Black and his children ("Issue Trust" or "IT"), and one for the benefit of Joanne Black ("Supplemental Needs Trusts" or "SNT").  The Supplemental Needs Trust was intended to

provide for Joanne's supplemental needs because she is disabled. Each Trust maintains bank and brokerage accounts at JPMS LLC and Chase Bank.

**ANSWER:** Admitted.

3. Ownership and control of the Trusts' accounts has been and continues to be bitterly contested, litigated and arbitrated by Defendants in Colorado, New York and Illinois, with claims being asserted by three groups.

**ANSWER:** The term "three groups" is vague and ambiguous such that Defendants cannot admit

or deny that aspect of the allegations of paragraph 3. The remaining allegations are admitted.

4. The three competing groups are as follows:

| GROUP I | GROUP II | GROUP III |
|---|---|---|
| Joanne Black | Bernard Black | Kate Litvak |
| Anthony Dain | Samuel Black | Olga Dal |
| Jeannette Goodwin | | |

**ANSWER:** Defendants admit that paragraph 4 lists some of the parties who are involved in

litigation concerning the SNT and the Issue Trust but deny that the claims can be captured by a

simple division into three distinct groups.

5. In one group are Joanne Black (disabled beneficiary), Jeannette Goodwin (Joanne's conservator), and Anthony Dain (Joanne's first cousin and co-trustee of the Supplemental Needs Trust). They claim an interest in the Property owned by both Trusts because it consists of assets that were intended for Joanne's benefit and were misdirected from the Colorado conservatorship.

**ANSWER:** The allegations of the first sentence of paragraph 5 are vague and ambiguous such

that they cannot be admitted or denied. Defendants, however, do admit that Jeanette Goodwin was

named by a Colorado court to be the Successor Conservator for the Estate of Joanne Black and

that Anthony Dain is Joanne's first cousin and a co-trustee of the Supplemental Needs Trusts.

With respect to the allegations of the second sentence of paragraph 5, Defendants state that the

claims of Joanne Black, Anthony Dain and Jeanette Goodwin speak for themselves. Defendants

deny those allegations to the extent inconsistent with those claims and specifically deny that any

assets intended for Joanne's benefit were misdirected from the Colorado conservatorship.

6.     In the second group are Bernard and Samuel Black (co-trustees of both Trusts). They claim an interest in the Property owned by both Trusts because they are a majority of the co-trustees of both Trusts and beneficiaries of the Issue Trust.

**ANSWER:**     Defendants admit that Bernard and Samuel Black are co-trustees of both Trusts and as individuals, are beneficiaries of the Issue Trust, which is the remainder beneficiary of the SNT. The remaining allegations of the first sentence of paragraph 6 are vague and ambiguous such that they cannot be admitted or denied.  With respect to the allegations of the second sentence of paragraph 6, Defendants state that their claims speak for themselves.  Defendants deny those allegations to the extent inconsistent with those claims.

7.     In the third group are Kate Litvak (Bernard's wife and judgment creditor of both Trusts) and Olga Dal (Litvak's cousin and judgment creditor of both Trusts).  They assert an interest in the Property owned by both Trusts because they are judgment creditors of both Trusts.

**ANSWER:**     Defendants admit that Kate Litvak is Bernard's wife, that Olga Dal is Litvak's cousin, that Olga Dal is a judgment creditor of both Trusts, and that Kate Litvak is a judgment creditor of the Issue Trust.  Answering further, Defendants state that Kate Litvak claims to be a creditor of the SNT.  The remaining allegations of the first sentence of paragraph 6 are vague and ambiguous such that they cannot be admitted or denied.  Defendants further state that Kate Litvak's and Olga Dal's asserted interests in the Property owned by both Trusts speak for themselves and they deny the allegations of the second sentence of paragraph 7 to the extent inconsistent with those claims.

8.     Each group has obtained one or more various orders and awards in its favor issued by different courts and/or arbitration panels.  These three orders directly conflict with each other. JKPMS LLC's and Chase's compliance with one order – either directly, secondarily, or otherwise – puts them at risk of disobeying one of the other orders.

**ANSWER:**     Defendants admit that various orders and awards have been entered by different court and/or arbitration panels.  Defendants state that those orders and awards speak for themselves.  Defendants deny the allegations of the first sentence of paragraph 8 to the extent that

they are inconsistent with these orders and awards. The term "these three orders" is vague and ambiguous such that Defendants cannot admit or deny the second sentence of paragraph 8. However, answering further, Defendants admit that some orders and awards conflict, or may be considered to conflict, with other orders or awards with respect to the assets of the subject Trusts.

9.       Group I's Order: **April 27, 2018 Order by the Denver Probate Court.** The DPC Order states that the Property "shall be <u>immediately</u> returned and placed into the Registry of the Denver Probate Court pending further proceedings regarding disposition of said funds." (*In re Joanne Black,* Denver Probate Court Case No. 12 PR 1772). (Attached as **Exhibit 1**).

**ANSWER:**    The Order attached as Exhibit 1 speaks for itself. Defendants admit that the Order contains the quoted language. Defendants deny the allegations of paragraph 9 to the extent that they are inconsistent with the Order. Answering further, Defendants state that they believe the Order was entered improperly and plan to appeal it.

10.      Group II's Order: **March 23, 2018 FINRA Arbitration Award.** The FINRA award states that "JPMS LLC is directed and ordered to freeze assets in the IT or the SNT… <u>until final order</u> of pending litigation in the Colorado Courts, or unless and until Trustees of the [Trusts] in writing to JPMS LLC mutually agree to withdrawals from the [Trusts], which agreement(s) shall be honored by JPMS LLC." (*Bernard S. Black and Samuel H. Black, as Trustees v. J.P. Morgan Securities LLC,* FINRA Cases Nos. 16-02822 and 16-03146). (Attached as **Exhibit 2**).

**ANSWER:**    The FINRA Arbitration Award attached as Exhibit 2 speaks for itself. Defendants admit that the FINRA Arbitration Award contains the quoted language, but object that the quoted language is misleading and incomplete.

11.      Group III's Order: **Illinois Citations to Discover Assets to Third Party Respondents.** The Citations state that JPMS LLC and Chase are "prohibited from making or allowing <u>any</u> transfer … of any property … belonging to the [Trusts] … WARNING: [JPMS LLC's and Chase's] failure to comply with the citation proceeding may result in a judgment being entered against [JPMS LLC and Chase] for the unsatisfied amount of this judgment." (*Dal v. Bernard and Samuel Black,* Circuit Court of Cook County Case No. 2017-L9744; *Litvak v. Bernard and Samuel Black,* Circuit Court of Cook County Case No. 2017-L-9743). (Attached as **Exhibit 3**).

**ANSWER:**    The Citations to Discover Assets attached as Exhibit 3 speak for themselves. Defendants admit those Citations to Discover Assets contain the quoted language.

12.     JPMS LLC and Chase Bank have no stake or interest in the Property, but they have been and continue to be placed in the middle of conflicting claims and instruction with regard to the Property and have been made a party to various court and arbitration proceedings. JPMS LLC and Chase have not been found to have engaged in any wrongdoing by any court or tribunal in any of these proceedings. JPMS LLC and Chase have expended significant ongoing efforts to encourage all interested parties to resolve these differences and submit a single joint written instruction concerning the Property but the interested parties have not been able to reach agreement. A copy of JPMS LLC and Chase Bank's most recent letter, dated May 2, 2018 to the parties asking them to submit unified, joint instructions is attached as **Exhibit 4**.

**ANSWER:**     Admitted.

13.     Plaintiff JP Morgan Chase Bank, National Association ("Chase Bank") is a national banking association with its main office located in Columbus, Ohio. For purposes of determining diversity jurisdiction, Chase Bank is a citizen of the State of Ohio.

**ANSWER:**     Defendants are informed and believe that the allegations of paragraph 13 are true.

14.     Plaintiff J.P. Morgan Securities LLC ("JPMS LLC") is a limited liability company formed under the laws of the State of Delaware, whose sole member is J.P. Morgan Broker-Dealer Holdings Inc. J.P. Morgan Broker Dealer Holdings Inc. is incorporated in the State of Delaware and its principal place of business is at 383 Madison Avenue, New York, N.Y. For purposes of determining diversity jurisdiction. JPMS LLC is a citizen of the States of Delaware and New York.

**ANSWER:**     Defendants are informed and believe that the allegations of paragraph 14 are true.

15.     On information and belief, Defendant Bernard Black ("Bernard") is a citizen of the State of Illinois. He is a co-trustee of the Irrevocable Trust for the benefit of the Issue of Renata Black ("IT") and a co-trustee of the Supplemental Needs Trust for the benefit of Joanne Black ("SNT"). The settlor of the IT and SNT, Renata Black, is deceased. The primary beneficiaries of the IT are Bernard and his children. The primary beneficiary of the SNT is Joanne Black ("Joanne"), the sister of Bernard.

**ANSWER:**     Admitted. Answering further, Defendants state that the IT is the remainder

beneficiary of the SNT.

16.     On information and belief, the Defendant Samuel Black ("Samuel") is a citizen of the State of Maryland. He is a co-trustee of the IT. Samuel contends he is also a co-trustee of the SNT.

**ANSWER:**     Admitted. Answering further, Defendants believe that Samuel is a co-trustee of the

SNT and that there is no legitimate basis for disputing Samuel's status as a co-trustee of the SNT.

17.     On information and belief, Defendant Anthony Dain ("Dain") is a citizen of the State of California.  He is a co-trustee of the SNT.  He may also be a co-trustee of the IT.

**ANSWER:**     Defendants admit the allegations of the first two sentences of paragraph 17.

Defendants deny that Dain is a co-trustee of the IT.

18.     On information and belief, Defendant Katherine Litvak ("Litvak") is a citizen of the State of Illinois.

**ANSWER:**     Admitted.

19.     On information and belief, Defendant Olga Dal ("Dal") is a citizen of the State of Washington.

**ANSWER:**     Denied.  Answering further, and on information and belief, Defendants state that

Dal is a citizen of Oregon.

20.     On information and belief, Defendant Jeannette Goodwin ("Goodwin") is a citizen of the State of Colorado.  She was appointed successor conservator for Joann Black by the probate court of Denver County, Colorado.

**ANSWER:**     Admitted.  Answering further, Defendants state that the Denver Probate Court

should not have appointed Goodwin as a successor conservator for Joann Black, who is a resident

of New York and who previously had been found by a New York court to not be in need a guardian.

21.     On information and belief, Defendant Joanne Black ("Joanne") is a citizen of the State of New York.

**ANSWER:**     Admitted.

22.     This Court has subject matter jurisdiction because this is an interpleader action brought under 28 U.S.C. § 1335.  Plaintiffs Chase Bank and JPMS LLC have in their possession or custody money and/or property of a value in excess of $500, consisting of cash and marketable securities valued in excess of $4 million as of April 2018.  The value of the Property changes daily.  There are more than two Defendants of diverse citizenship claiming, or that may claim, to be entitled to the Property that is the subject matter of this action.

**ANSWER:**     Admitted.

23.     Simultaneous with the filing of this Complaint for Interpleader and Declaratory Relief, Plaintiff Chase Bank and JPMS LLC have filed a Motion to Post Bon in Lieu of Depositing

Interpleader Assets, which requests leave to post a bond payable to the Clerk of the Circuit Court in an amount deeded proper by this Court in lieu of depositing the Property in the Court registry.

**ANSWER:**    Admitted.

24.    Venue is proper under 28 U.S.C. § 1397 because at least one Defendant (claimant) resides in Cook County, Illinois, which is located in this Court's judicial district.

**ANSWER:**    Admitted.

25.    The IT's and SNT's JMPS accounts are serviced by Plaintiffs' representatives in their Wilmette, Illinois, branch office.  The IT and SNT are administered in this Court's judicial district because Bernard resides therein and is a co-trustee of both trusts.

**ANSWER:**    Admitted.

26.    Renata Black ("Renata") was the mother of Bernard and Joanne.  Bernard has five children from his marriage that ended in a divorce, and two children from his second marriage to current wife, Litvak.  On information and belief, Joann has suffered from mental illness throughout her life.  She has never been married nor has she had any children.

**ANSWER:**    Admitted.

27.    While living, Renata established two trusts.  The beneficiaries of the IT are Bernard Black and his children.  The current trustees of the IT are Bernard and Samuel Black.  Dain may also be a co-trustee of the IT.  The beneficiaries of the SNT are Joanne Black for her life and the IT is the remainder beneficiary.  The current trustees of the SNT are Bernard and Dain.  Samuel also contends he is a co-trustee of the SNT.

**ANSWER:**    Defendants admit the allegations of the first three sentences of paragraph 27.

Defendants deny that Dain is a co-trustee of the IT.  Defendants admit that the beneficiaries of the

SNT are Joanne Black for her life and that the IT is the remainder beneficiary.  Defendants admit

that Bernard and Dain are current trustees of the SNT.  Defendants admit that Samuel contends

that he is a co-trustee of the SNT and state that Samuel is a co-trustee of the SNT.

28.    Renata passed away on May 1, 2012.  Bernard was appointed the executor of Renata's estate.  Renata's last will and testament provided that one-third of her estate would go to the IT and two-thirds of her estate would go to the SNT.

**ANSWER:**    Defendants admit the first two sentences of paragraph 28.  Defendants state that

Renata's last will and testament speaks for itself, and deny any allegations inconsistent therewith.

Answering further, Defendants state that Renata's last will and testament provided that one-third of the residuary of her estate would go to the IT and that two-thirds of the residuary of her estate would go to the SNT.

29.     When she passed away, Renata owned brokerage accounts at Vanguard and Fidelity Investments worth approximately $3.5 million.  Unbeknownst to Defendants, Renata had executed payable-on-death ("POD") beneficiary designations for the Vanguard and Fidelity accounts directing that almost all of the proceeds of the accounts pass outside her estate directly to Joanne, not in trust.

**ANSWER:**     Defendants admit the allegations of the first sentence of paragraph 29, but deny that the value of Renata's Vanguard and Fidelity when she died was approximately $3.5 million. Answering further, Defendants state that the value of those accounts at that time was approximately $2.9 million.  Defendants admit that they did not know that Renata had executed payable-on-death ("POD") beneficiary designations for the Vanguard and Fidelity accounts directing that almost all of the proceeds of the accounts pass outside her estate directly to Joanne, not in trust, but lack information sufficient to form a belief as to whether other defendants had such knowledge.   Answering further, Defendants state that Vanguard has provided them with no evidence of written instructions executed by Renata concerning the POD designations.

30.     On information and belief, at or about the time of Renata's death in 2012, Joanne was living in Colorado.  Accordingly, on October 16, 2012, Bernard learned of the POD designations, he petitioned the Denver Probate Court for an order to appoint himself as his sister's conservator, the equivalent of a guardian of her property.  The Denver Probate Court granted the Bernard's petition and appointed him conservator for Joanne with the authority to disclaim the POD proceeds on her behalf.  Shortly thereafter, by disclaiming receipt of the POD assets on Joanne's behalf, Bernard directed the deposit of approximately $1.5 million of the POD proceeds into accounts at Chase Bank and JPMS LLC that were owned by the IT.  Bernard also directed the deposit of approximately $1.5 million of the POD proceeds into accounts at Chase Bank and JPMS LLC that were owned by the IT.  Bernard also directed the deposit of approximately $2 million of the POD proceeds into accounts at Chase Bank and JPMS LLC owned by the SNT.  The $3.5 million in proceeds of the POD accounts that were deposited to the IT's and SNT's accounts at Chase Bank and JPMS LLC are the Property that is the subject of this action.

**ANSWER:**     Defendants admit the first three sentences of paragraph 30.  Defendants further admit that Bernard, in his capacity as conservator for Joanne, disclaimed POD designations at Vanguard (the "Disclaimer").  Answering further, Defendants state that the Disclaimer caused the disclaimed assets to flow into the Estate of Renata Black.  Defendants admit that Bernard, in his separate legal capacity as Executor of the Estate of Renata Black, distributed approximately $3.0 million in Estate assets, which had come from Vanguard, into SNT and IT accounts at Chase Bank and JPMS LLC, with two-thirds of that amount going into SNT accounts and one-third going into IT accounts.  Defendants admit that the funds in such accounts are the subject of this action. Defendants deny the remaining allegations of paragraph 30.

31.     Subsequently, in 2015, proceedings were initiated in the Denver Probate Court to determine whether Bernard had committed civil theft and breached his fiduciary duties by depositing the $1.5 million of the POD proceeds to the IT's accounts at Chase Bank and JPMS LLC, instead of to the SNT's accounts.  On September 28, 2015, the Denver Probate Court found that Bernard had committed civil theft and breached a fiduciary duty.  The Denver Probate Court expressly found that the Property deposited in the IT's accounts at Chase Bank and JPMS LLC was intended for the benefit of Joanne.  The Denver Probate Court surcharged Bernard in the amount of $1,511,356 and assessed treble damages against him in the amount of $4,534,068.  The disclaimer transaction was not reversed and the $1.5 million remains in the Chase Bank and JPMS LLC accounts owned by the IT.  A copy of the Denver Probate Court's findings is attached as **Exhibit 5**.

**ANSWER:**     Defendants deny the allegations of the first sentence of paragraph 31.  Defendants admit the allegations of the second sentence of paragraph 31.  Defendants deny the allegations of the third and fourth sentences of paragraph 31.   Defendants admit the allegations of the fifth sentence of paragraph 31 as to the decision by the Denver Probate Court to not reverse the Disclaimer, but deny the remainder of the sentence.  Defendants admit that Exhibit 5 is a copy of the Denver Probate Court's findings, which speaks for itself.

32.     In subsequent orders, the Denver Probate Court appointed Goodwin as a successor conservator for Joanne.  The Denver Probate Court also authorized Dain to act as a sole trustee of the SNT and to make withdrawals for litigation expenses arising from services rendered by various professionals who had represented or acted on behalf of Joanne in litigation in Colorado, Illinois

and New York. From September 2015 to January 4, 2017, $413,424 was withdrawn by Dain, as Trustee, from the SNT. A copy of the Probate Court's Orders is attached as **Exhibit 6**.

**ANSWER:** Defendants admit the allegations of first sentence of paragraph 32. The Denver Probate Court's orders speak for themselves in terms of what they authorized Dain to do. Defendants deny the allegations of paragraph 32 to the extent inconsistent therewith. Defendants admit the allegations of the third sentence of paragraph 32 except as to the amount, which Defendants believe is slightly higher than the amount alleged. Defendants admit that Exhibit 6 consists of copies of some of the Denver Probate Court's orders.

33. On January 25, 2018, the Colorado Court of Appeals ("CCA") issued a published decision affirming the Probate Court's surcharge and assessment of treble damages. It also affirmed the election of the Denver Probate Court not to reverse the disclaimer transaction. In a separate unpublished decision the CCA vacated orders of the Probate Court relating to the SNT, including the orders authorizing Dain to withdraw part of the Property for litigation expenses, and remanded for the Probate Court to make express findings as to its jurisdiction over the SNT and over conservatorship assets including the Property now in the custody of Chase bank and JPMS LLC. A copy of the CCA's published opinion is attached as Exhibit 7.

**ANSWER:** Defendants state that the CCA's opinion, a copy of which is attached to the Complaint as Exhibit 7, speaks for itself. Defendants deny the allegations of paragraph 33 to the extent inconsistent therewith.

34. On April 27, 2018, the Denver Probate Court entered an Order finding that it had jurisdiction of Bernard Black, Anthony Dain, and the assets held in the SNT and Issue Trust accounts at Chase Bank and JPMS LLC. The Order further vacated its prior order authorizing Bernard to disclaim Joanne's interest in the POD assets. Finally, the Order states that "[a]ll funds disclaimed pursuant to this Order shall be immediately returned and placed into the Registry of the Denver Probate Court pending further proceedings regarding disposition of said funds." That includes the assets currently in the IT and SNT accounts held at Chase Bank and JPMS LLC. A copy of the DPC's opinion is attached as Exhibit 1.

**ANSWER:** Defendants admit that Exhibit 1 to the Complaint is a copy of the DPC's opinion and order. That opinion and order speaks for itself. Defendants deny the allegations of paragraph 34 to the extent inconsistent therewith.

35.     In September 2017, Litvak filed a complaint in the Circuit Court of Cook County, Illinois, Case No. 2017L-9743, naming Bernard and Samuel as co-trustees of the IT and SNT as defendants.  Litvak alleged that Bernard and Samuel as trustees were indebted to her in the amount of $408,566.93, as a result of funds allegedly advanced pursuant to a promissory note executed by the co-trustees on behalf of the IT and SNT that had not been repaid.

**ANSWER:**     Defendants admit the allegations of the first sentence of paragraph 35.  Defendants

state that Litvak's complaint speaks for itself and deny the allegations of paragraph 35 to the extent

inconsistent therewith.

36.     Litvak contends that Bernard and Samuel as co-trustees executed an agreed judgment in the amount of $415,433.77, which was entered by the Circuit Court on October 25, 2017.  A copy of the Judgment is attached as Exhibit 8.

**ANSWER:**     Defendants admit that Exhibit 8 to the Complaint is a copy of a judgment, which

was entered on October 25, 2017 and which speaks for itself.  Defendants deny the allegations of

paragraph 36 to the extent inconsistent therewith.

37.     On November 10, 2017, Litvak served Citations to Discover Assets to Bernard and Samuel as co-trustees on Chase Bank and JPMS LLC, pursuant to 735 5/2-1402 and Ill. S. Ct. Rule 277.  As a result, statutory liens in the amount of $803,867.54 were imposed on the IT's JPMS LLC and Chase Bank accounts, and liens in the same amount were imposed on the SNT's JPMS LLC and Chase Bank accounts.  Copies of those Citations are attached as Exhibit 3.

**ANSWER:**     Defendants admit that Litvak served citations on Chase Bank and JPMS LLC,

copies of which are attached to the Complaint as Exhibit 3.  The citations speak for themselves.

Defendants deny the allegations of paragraph 37 to the extent inconsistent therewith.  Defendants

state that paragraph 37 also contains legal conclusions to which no answer is required.

38.     On November 27, 2017, Dain moved to vacate the agreed judgments and quash the Citations.  Goodwin filed motions to intervene and to join Dain's motions, which were granted.

**ANSWER:**     Defendants admit that, on November 27, 2017, Dain moved to vacate the agreed

judgment and quash the Citations.  Defendants further admit that Goodwin filed motions to

intervene and to join Dain's motions.  Defendants deny that the motions were granted in that some

aspects of the motions were granted and some were denied.

39.     On December 6, 2017, the Circuit Court entered an order that "all pending citations are stayed pending ruling on the motion to vacate."

**ANSWER:**     Defendants admit that the Circuit Court of Cook County, Illinois  entered an order on December 6, 2017.  That order speaks for itself.  Defendants deny the allegations of paragraph 39 to the extent inconsistent therewith and further state that this order has been superseded by later court orders.

40.     On February 16, 2018, the Circuit Court vacated the agreed judgment against the SNT but not against the IT.  The liens on the IT's accounts remain in force.  A jury trial on the motion to vacate the judgment against the IT is set for July 23, 2018.

**ANSWER:**     Defendants admit that, on February 16, 2018, the Circuit Court entered an order with regard to loans from Litvak to the trusts, which speaks for itself.  Defendants deny the allegations of paragraph 40 to the extent inconsistent therewith.  The second sentence of paragraph 40 is a legal conclusion to which no answer is required.  Defendants admit that there is a jury trial set in the Circuit Court of Cook County, Illinois on July 23, 2018.

41.     On March 21, 2018, Bernard and Samuel appeared in that action through their attorneys.

**ANSWER:**     Admitted.

42.     In September 2017, Dal filed a complaint in the Circuit Court of Cook County, Illinois, Case No. 2017-L-9744, naming Bernard and Samuel as co-trustees of the IT and SNT as defendants.  Dal alleged that Bernard and Samuel as co-trustees of the IT and SNT as defendants. Dal alleged that Bernard and Samuel as trustees were indebted to her in the amount of $342,538.81, as a result of funds allegedly advanced pursuant to a promissory note executed by the co-trustees on behalf of the IT and SNT that had not been repaid.

**ANSWER:**     Defendants admit that, in September 2017, Dal filed a complaint in the Circuit Court of Cook County, Illinois as Case No. 2017-L-9744.  The complaint speaks for itself. Defendants deny the allegations of paragraph 42 to the extent inconsistent therewith.

43.     Dal contends that Bernard and Samuel as co-trustees executed an agreed judgment in the amount of $348,936.93, which was entered by the Circuit Court on October 12, 2017.  A copy of the Judgment is attached as **Exhibit 9**.

**ANSWER:**    Defendants admit that Exhibit 9 is a copy of a judgment entered by the Circuit Court of Cook County on October 12, 2017.    The judgment speaks for itself.    Defendants lack information sufficient to form a belief as to what Dal "contends" with respect to Defendants.

44.    On November 2017, Dal served Citations to Discover Assets of Bernard and Samuel as co-trustees on Chase Bank and JPMS LLC, pursuant to 735 ILCS 5/2-1402 and Ill. S. Ct. Rule 277.  As a result, statutory liens in the amount of $697,873.86 were imposed on the IT's JMPS LLC and Chase Bank account, and lien in the same amount were imposed on the SNT's JPMS LLC and Chase Bank accounts.  These statutory liens are still effective.  Copies of those Citations are attached as **Exhibit 3**.

**ANSWER:**    Defendants admit that, in November 2017, Dal served the Citations attached as Exhibit 3 on Chase Bank and JPMS LLC, which speak for themselves.  The remaining allegations are legal conclusions to which no answer is required.

45.    On November 30, 2017, Dain filed a petition to vacate the agreed judgments and quash the Citations in this action.  Goodwin filed motions to intervene and to join Dain's motions, which were granted.  The case is set for status hearing on May 8, 2018.

**ANSWER:**    Admitted, except Defendants affirmatively state that there was only one judgment order, not multiple judgments, and that May 8 has passed.

46.    On February 21, 2018, the Circuit Court entered an order that "the third party citations and the liens arising therefrom shall remain pending further order of Court."  A copy of this Order is attached as **Exhibit 10**.

**ANSWER:**    Admitted.

47.    On March 26, 2018, Bernard and Samuel have appeared in that action through their attorneys.

**ANSWER:**    Admitted.

48.    In September 2017, Goodwin, as conservator for Joanne Black, filed a petition to register a foreign judgment against Bernard Black in the Circuit Court of Cook County, Illinois, Case No. 2017-L-063055.  Goodwin states that she is a judgment creditor arising from the Joanne Black conservatorship proceeding before the Probate Court in which Bernard was surcharged $4,305,819.69.

**ANSWER:**    Defendants admit the allegations of the first sentence of paragraph 48 other than the case number of the case, which Defendants affirmatively state is 2017-L-062055.  Defendants admit that Goodwin claims that she is a judgment creditor arising from the Joanne Black conservatorship proceeding before the Denver Probate Court in which that court entered an order surcharging Bernard $4,305,819.60, but Defendants deny that the order of the Denver Probate Court was proper and deny that Goodwin can properly represent Joanne.

49.     On February 22, 2018, Goodwin served a Citation to Discover Assets of Bernard on Chase Bank and JPMS LLC, pursuant to 735 ILCs 5/2-1402 and Ill. S. Ct. Rule 277.  As a result, statutory liens in the amount of $8,611,639.38 were imposed on KPMS LLC and Chase Bank accounts associated with Bernard.  These statutory liens are still effective.  A copy of the Citation is attached as Exhibit 11.

**ANSWER:**    Defendants admit that Goodwin served Citations to Discover Assets on Chase Bank and JPMS LLC, copies of which are attached as Exhibit 11.  The remaining allegations are legal conclusions to which no response is required.

50.     Bernard has appeared in that action and filed a motion to vacate registration of the Colorado judgment.  The motion is set for argument on May 3, 2018.

**ANSWER:**    Defendants admit that Bernard appeared in that action and filed a motion to vacate registration of the judgment and that the motion was set for argument on May 3, 2018, which has since passed.

51.     Bernard is associated with accounts at JPMS LLC and Chase Bank as an individual owner, as a joint owner, as trustee, and as custodian for minors.  On February 28, 2018, JPMS LLC and Chase Bank filed an application for instruction with the Circuit Court to determine on which accounts the liens attach.

**ANSWER:**    Admitted.

52.     On March 8,2018, the Circuit Court entered an Agreed Order, to which Bernard consented, that "all accounts with which Bernard S. Black is associated shall remain frozen until further order of Court."  A copy of this Agreed Order is attached as Exhibit 12.

**ANSWER:**    Admitted.

53.     On September 23, 2016, Bernard and Samuel filed a demand for arbitration with the Financial Industry Regulatory Authority office of Dispute Resolution ("FINRA") alleging conversion, breach of fiduciary duty and breach of contract against JPMS LLC as to the IT, FINRA Case No. 16-02822.

**ANSWER:**     Defendants admit that, on September 23, 2016, they, as IT trustees, filed a FINRA demand for arbitration against JPMS LLC that became FINRA Case No. 16-02822.  Defendants state that the demand for arbitration speaks for itself and deny the allegations to the extent that they are inconsistent therewith.

54.     On October 26, 2016, Bernard and Samuel filed a similar demand for arbitration with FINRA against JPMS LLC as to the SNT, FINRA Case No. 16-03146.  The two arbitrations were consolidated.

**ANSWER:**     Defendants admit that, on October 26, 2016, they, as SNT trustees, filed a FINRA demand for arbitration against JPMS LLC that became FINRA Case No. 16-03146.  Defendants state that the demand for arbitration speaks for itself and deny the allegations to the extent that they are inconsistent therewith.  Defendants admit that the two arbitrations were consolidated.

55.     A four-day evidentiary hearing was held in Chicago, Illinois, on February 12-15, 2018, before a Panel of three arbitrators.  On March 23, 2018, the parties were served with the Arbitration Award.  A copy of the Arbitration Award is attached as Exhibit 2.  The Panel made 13 express Findings and issued 6 Orders.  Finding #5 determined that all allegations of wrongdoing against JPMS LLC "are without merit."  Order #6 "dismissed" these claims and "denied" Bernard and Samuel's request for attorneys' fees.

**ANSWER:**     Defendants admit the allegations of the first three sentence of paragraph 55. Defendants state that the Arbitration Award and the panel's findings speak for themselves. Defendants deny the remaining allegations of paragraph 55 to the extent inconsistent therewith.

56.     Finding #7, d) reflects that JPMS LLC "requested that the freeze on [the IT's and SNT's JPMS LLC accounts] continued until final order of the Colorado courts on jurisdictional matters, final turn-over orders from Illinois courts, or until the Trustees otherwise agree in writing."

**ANSWER:**     Defendants state that Finding #7 speaks for itself.  Defendants deny the allegations of paragraph 56 to the extent inconsistent therewith.

57.     Order #3 "direct[s] and order[s JMPS LLC] upon request by SNT Trustee(s) … to expend SNT assets for the benefit of Joanne Black, including her personal needs, clothing food, living arrangements, travel and entertainment."

**ANSWER:**     Defendants state that Order #3 speaks for itself.  Defendants deny the allegations of paragraph 57 to the extent inconsistent therewith.

58.     Order #4 "direct[s] and order[s JMPS LLC] upon request by IT Trustee(s) … to expend IT assets for the benefit of Bernard S. Black's trust beneficiary children, for purposes of the beneficiary children's educational expenses."

**ANSWER:**     Defendants state that Order #4 speaks for itself.  Defendants deny the allegations of paragraph 58 to the extent inconsistent therewith.

59.     On April 25, 2018, counsel for Bernard and Samuel Black sent counsel for JPMS LLC and Chase Bank a letter stating that "we will hold Chase Bank responsible for any actions it takes or implements regarding the SNT's accounts, including an order from the Denver Probate Court authorizing or directing a transfer, spending or any other account activity from the SNT account."  A copy of the letter is attached as Exhibit 13.

**ANSWER:**     Defendants admit that, on April 25, 2018, their counsel sent counsel for JPMS and Chase Bank a letter, a copy of which is attached hereto as Exhibit 13 to the Complaint.  That letter speaks for itself.  Defendants deny the allegations of paragraph 59 to the extent inconsistent therewith.

60.     The instruction in the April 25 letter from Bernard and Samuel Black are adverse to the April 27, 2018 DPC Order.

**ANSWER:**     The April 25 letter speaks for itself.  Defendants deny the allegations of paragraph 59 to the extent inconsistent therewith.

61.     On May 1, 2018, counsel for JPMS LLC and Chase Bank sent a letter to counsel for all parties (Goodwin, Dain, Bernard Black, Samuel Black, Joanne Black, Litvak and Dal) asking them to a joint instruction to JPMS LC and Chase Bank regarding how to proceed given the numerous conflicting Court Orders that exist.  A copy of the JMPS LLC and Chase Bank letter is attached as Exhibit 4.

**ANSWER:**     Defendants admit that, on or about May 1, 2018, counsel for JPMS LLC and Chase Bank sent the letter, a copy of which is attached to the Complaint as Exhibit 4, to counsel for Goodwin, Dain, Bernard, Samuel, Joanne, Litvak and Dal.  That letter speaks for itself.

62.     As a result of the foregoing, there are multiple adverse claims to the Property in Plaintiffs' custody and held in the IT's and SNT's accounts.

**ANSWER:**     Paragraph 62 is a legal conclusion to which no answer is required.  Defendants, however, admit that there are competing claims of various parties to the Property in Plaintiffs' custody that is held in the IT and SNT accounts.

    A.  Goodwin's Claim as judgment creditor:  Conservator Goodwin claims all Property in the IT's and SNT's accounts based on the Colorado judgment and her Illinois liens.

**ANSWER:**     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 62.A.

        i.  Goodwin's claims are adverse to Bernard's and Samuel's claim as co-trustees and beneficiaries of the IT.  Bernard and Samuel oppose Goodwin's claim because they allege Joanne has no relationship to the IT.  Bernard and Samuel have moved to vacate registration in Illinois of the Colorado judgment and Goodwin's liens.

**ANSWER:**     Defendants admit the allegations of the first sentence of paragraph 62.A.i. Defendants admit the allegations of the second sentence, but answering further, state that this is not the only reason that they oppose Goodwin's claim.  Defendants admit that Bernard moved to vacate the registration of the Colorado judgment and the citations related thereto.  Defendants deny that Samuel moved to vacate the registration of the Colorado judgment or any liens Goodwin may claim to have.

        ii.  Goodwin's claims are adverse to Dal's and Litvak's claims as judgment creditors based on the Illinois judgments and their Illinois liens.

**ANSWER:**     Admitted.

     B.  Litvak's Claims as judgment creditor: Litvak claims some of the Property in the IT's and SNT's accounts based on the Illinois judgments agreed to by Bernard and Samuel, and her Illinois liens.

**ANSWER:**    Admitted, but answering further state that Bernard and Samuel agreed to the judgments in their capacity as trustees of the SNT and the IT, and not in their personal capacities.

     i.  Litvak's claims/liens based on the Illinois judgments are adverse to Goodwin's claims/liens based on the Colorado judgment.

**ANSWER:**    Denied.  Answering further, Defendants state that Litvak's claims are against the assets of the IT and SNT, while Defendants are informed and believe that Goodwin's claims are against Bernard's personal assets only.

     ii.  Litvak's claims/liens based on the Illinois judgements are adverse to Dain's claim as co-trustee of the SNT.  Goodwin and Dain have moved to vacate the agreed judgments and to void Litvak's Illinois judgments alleging they are fraudulent.

**ANSWER:**    The first sentence is admitted.  The second sentence is denied except to state that (i) the motions by Goodwin and Dain speak for themselves; (ii) the motion by Dain was denied; and (iii) the motion by Goodwin was approved in part and denied in part by the Illinois Circuit Court.

     C.  Dal's Claims as judgment creditor:  Dal claims some of the Property in the IT's and SNT's accounts based on the Illinois judgments agreed to by Bernard and Samuel, and her Illinois liens.

**ANSWER:**    Admitted, but answering further state that Bernard and Samuel agreed to the judgments in their capacity as trustees of the SNT and the IT, and not in their personal capacities.

     i.  Dal's claims/liens based on the Illinois judgments are adverse to Goodwin's claims/lien based on the Colorado judgments.

**ANSWER:**    Admitted.

     ii.  Dal's claims/liens based on the Illinois judgments are adverse to Dain's claim as co-trustee of the SNT.  Goodwin and Dain have moved to vacate the agreed judgments and to void Dal's liens alleging they are fraudulent.

**ANSWER:**    Admitted.

D. Dain's Claims to the IT as co-trustee of the SNT:  Dain claims all Property in the IT's accounts because the Colorado courts found the Property was intended for Joanne's benefit and should have been deposited in the SNT's accounts.

**ANSWER:**  The Trustees lack information sufficient to admit or deny statements about Dain's claims and the bases that he may have for making such claims.

i. Dain's claim based on the Colorado judgment is adverse to Bernard's and Samuel's claim as co-trustees and beneficiaries of the IT.  Bernard and Samuel oppose to Dain's claim because they allege he is not a co-trustee of the IT and Joanne is not a beneficiary of the IT.

**ANSWER:**   Admitted.  Answering further, Defendants do not believe that Dain has a valid basis for any claim based on the Colorado judgment to the assets of the IT.

ii. Dain's claim based on the Colorado judgment is adverse to Dal's and Litvak's claims based on their Illinois judgments and Illinois liens.

**ANSWER:**   Defendants admit that any claim that Dain may assert to any assets of the IT or SNT would be adverse to Dal's and Litvak's claims to those same assets.

E. Dain's Claims to the SNT as co-trustee of the SNT:  Dain claims he is authorized to deposit the SNT's Property with the registry of the Denver Probate Court.

**ANSWER:**  The Trustees lack information sufficient to admit or deny the allegations of paragraph 62.E.

i. Dain's claim based on the April 27, 2018 order of the Denver Probate Court is adverse to Bernard's and Samuel's claim as co-trustees based on the Arbitration Award that prohibits the Property from being removed from the JPMS and Chase accounts until all appeals from the Denver Probate Court's order are exhausted.

**ANSWER:**   Defendants admit that Dain's claims are adverse to those of Bernard and Samuel, in their capacity as co-trustees.   Defendants deny that the allegations of this paragraph provide a complete or accurate statement of the reasons for this.

ii. Dain's claim based on the April 27, 2018 order of the Denver Probate Court is adverse to the Dal's and Litvak's claims based on their Illinois judgments and their Illinois liens.

**ANSWER:**    Defendants admit that any claim that Dain may assert to any assets of the IT or SNT would be adverse to Dal's and Litvak's claims to those same assets.

      F.   Bernard and Samuel's Claims as co-trustees of the IT:  Bernard and Samuel claim all Property in the IT's accounts because they are the only co-trustees and beneficiaries of the IT.  Bernard and Samuel also claim the immediate right to withdraw some Property in the IT's account because the arbitration Award authorizes them to make withdrawals from the IT for educational expenses.

**ANSWER:**    The allegations of the first sentence of paragraph 62.F are denied.  The remaining allegations are admitted, except to state tat the FINRA arbitration award speaks for itself, as to permitted distributions from the IT.

      i.   Bernard's and Samuel's claims are adverse to Goodwin's claim based on the Colorado judgment and Illinois liens.

**ANSWER:**    Defendants admit that Bernard's claims, individually and as trustee of the IT and the SNT, are adverse to Goodwin's claims, and that Samuel's claims as trustee of the IT and the SNT are adverse to Goodwin's claim.

      ii.   Bernard's and Samuel's claim is adverse to Dain's claim that he is authorized to deposit the Property in the registry of the Denver Probate Court based on the April 27, 2018 order.

**ANSWER:**    Defendants admit that their claims as trustees are adverse to Dain's claim, and lack information sufficient to admit or deny the allegation as to the nature of Dain's claim.

      63.   Each Defendant has made and continues to make demands on Plaintiff that some or all of the Property in the IT's and SNT's accounts be distributed to him or her.  Each Defendant has objected and continues to object to distributing some or all of the Property in the IT's and SNT's accounts to one or more of the other Defendants.

**ANSWER:**    Defendants lack information sufficient to form a belief as to the truth or falsity of the first sentence of paragraph 63.  Defendants admit the allegations of the second sentence of paragraph 63.

      64.   Any withdrawals from the IT's and SNT's accounts by Bernard, Samuel and/or Dain as authorized by the Arbitration Award may be inconsistent with (1) the Illinois statutory

liens of Litvak, Dal and Goodwin, (2) the Denver Probate Court's April 27, 2018 Order, (3) and/or other orders.

**ANSWER:**    Admitted.

65.    Plaintiffs Chase Bank and JPMS LLC have no claim to the Property and have no stake or interest as to which Defendant receives the Property and/or in what amounts. Plaintiffs have engaged in significant and reasonable efforts tin encouraging Defendants to each agreement and submit joint written instructions concerning distribution of the Property, but such agreement has not occurred. Thus, despite Plaintiffs' efforts, there are multiple, actual and potential conflicting court orders, judgments, and claims regarding ownership and control of the Property.

**ANSWER:**    Admitted.

66.    As a result, Plaintiffs Chase Bank and JPMS LLC are in great doubt as to which Defendant is legally entitled to the Property.

**ANSWER:**    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 66.

67.    Further, if JPMS LLC does not comply with the Arbitration Award, it may be exposed to sanctions, discipline and/or claims by its regulator FINRA.

**ANSWER:**    Admitted.

68.    For all these reasons, Plaintiffs cannot determine which claims are valid without exposing themselves no further duplicative litigation and/or liability.

**ANSWER:**    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 68.

## COUNTERCLAIM

Counter-plaintiffs, Bernard Black ("Bernard"), individually and as trustee of the IT and the SNT, and Samuel Black ("Samuel"), as trustee of the IT and the SNT, for their Counterclaim against JP Morgan Chase Bank, N.A. ("Chase Bank"), JP Morgan Securities LLC ("JPM Securities"), Anthony Dain ("Dain"), Joanne Black ("Joanne"), Jeanette Goodwin ("Goodwin") as Successor Conservator of Joanne Black, Katherine Litvak ("Litvak") and Olga Dal ("Dal"), allege as follows:

1.      Bernard is an individual who is a trustee of the IT and the SNT.

2.      Samuel is an individual and a trustee of the SNT and the IT.

3.      Chase Bank is a national banking association where IT and SNT accounts and funds are held.

4.      JPM Securities is an investment firm where IT and SNT accounts and funds are held.

5.      Dain is an individual who is a trustee of the SNT.  Dain resigned as a trustee of the Issue Trust.

6.      Joanne is an individual who resides in New York.

7.      Goodwin is an individual who was appointed by the Denver Probate Court ("DPC") in Colorado in 2017 to be a successor conservator for Joanne.

8.      Litvak is Bernard's wife and is an individual who resides in Illinois.

9.      Litvak loaned money to the IT and the SNT.  Litvak loaned the money to those trusts to enable Bernard and Samuel to pay legal fees to defend the trusts in litigation and to defend themselves as trustees in litigation.

10.     The money that Litvak loaned to the trusts was not repaid.  Therefore, Litvak commenced litigation in the Circuit Court of Cook County, Illinois, as Case No. 2017 L 9743, to recover what was due and owing on the unpaid loans.

11.     Dal is an individual who resides in Oregon.

12.     Dal loaned money to the IT and the SNT.  Dal loaned the money to those trusts to enable Bernard and Samuel to pay legal fees to defend the trusts in litigation and to defend themselves as trustees in litigation.

13.     The money that Dal loaned to the trusts was not repaid.  Therefore, Dal commenced litigation in the Circuit Court of Cook County, Illinois, as Case No. 2017 L 9744, to recover what was due and owing on the unpaid loans.

14.     At the time the DPC appointed Goodwin as successor conservator for Joanne, Joanne no longer lived in Colorado.

15.     At the time the DPC appointed Goodwin as successor conservator for Joanne, Joanne was living in New York.

16.     When the DPC appointed Goodwin as successor conservator for Joanne in 2017, a New York court already had adjudicated in 2016 a petition for guardianship filed with respect to Joanne and determined that Joanne did not need either a personal needs or a property guardian.  At the time of that 2016 ruling by the New York court, Joanne was living in New York.

17.     A property guardian in New York is the equivalent to a conservator in Colorado. Thus, the New York court determined that Joanne did not need a conservator.

18.     The DPC did not hold a hearing concerning Joanne's need for a conservator or guardian when it appointed Goodwin as a successor conservator for Joanne.  The DPC did not take evidence concerning Joanne's competence and ability to live on her own and manage her own financial affairs when it appointed Goodwin as a successor conservator for Joanne, nor did it have jurisdiction to do so.  The DPC appointed Goodwin as a successor conservator for Joanne in 2017 even though Joanne did not reside in Colorado at that time.  Joanne had moved out of Colorado in 2013.  On information and belief, Joanne has not returned to Colorado to live after 2013.  On information and belief, Joanne does not own any property in Colorado or have any assets there.

19.     Goodwin is not a proper representative of Joanne because Joanne does not live in Colorado.  Goodwin is also not a proper representative of Joanne because a court in New York,

the state in which she resides, determined in 2016 after an evidentiary hearing that Joanne did not need a property guardian. The DPC has not subsequently found Joanne to be in need of a conservator in Colorado. The DPC had no proper basis for appointing Goodwin as a conservator for Joanne in 2017 in that Joanne no longer resided in Colorado, had no assets there, had no need for a conservator in 2017, had not lived in Colorado since 2013, and was found in New York in 2016 not to need a property guardian.

20. The DPC entered a judgment on March 17, 2016, which included an award in favor of Joanne of treble damages for civil theft against Bernard in the amount of $4,305,819.69. However, no complaint ever was filed against Bernard in the DPC asserting any claim against him for civil theft prior to the time the DPC entered judgment against him.

21. The DPC's judgment against Bernard for civil theft is void for lack of subject matter jurisdiction.

22. More recently, the DPC has entered an order suspending Bernard and Samuel from acting as trustees for the SNT. Bernard and Samuel have never been served with process in any proceeding in the DPC in their capacities as trustees of the SNT. Samuel never has appeared, or been served with process in any capacity, in any proceeding in the DPC.

23. In all proceedings before the DPC involving the SNT, Bernard has objected to personal jurisdiction over himself as SNT trustee, and to the DPC's jurisdiction over the SNT.

24. The DPC did not have any proper basis for acquiring or asserting jurisdiction over Samuel to make any ruling against him or to affect any of his legal rights.

25. The IT and its trustees were never served with process in any proceeding in the DPC, nor was any action or motion filed before the DPC against the Issue Trust or its trustees.

26.     The Issue Trust and its trustees have never filed an appearance, nor did they have an appearance filed on their behalf, in any proceeding in the DPC.

27.     The DPC did not acquire subject matter jurisdiction over the SNT, or personal jurisdiction over its trustees.

28.     The DPC did not acquire subject matter jurisdiction over the Issue Trust, or personal jurisdiction over its trustees.

29.     Bernard and Samuel are two of the three trustees of the SNT.

30.     Dain resigned in 2015 as a trustee of the Issue Trust.

31.     Bernard and Samuel are the only trustees of the Issue Trust.

32.     Joanne is not a beneficiary of the Issue Trust and has no interest of any kind in the Issue Trust.

33.     Chase Bank and JPM Securities are holding funds in accounts for the IT and the SNT.

34.     Dain does not have the authority to access to the funds in the SNT accounts because he is only one of three trustees of the SNT, and does not have the power to direct the use of any SNT account funds without the consent and approval of at least one of the other trustees of the SNT.

35.     Dain does not have any authority over the funds in the IT accounts because he is not a trustee of the IT.

36.     Decisions with respect to the use of funds held in accounts for the SNT and the IT must be approved by a majority of the trustees of each of those trusts.

37. There is a dispute between the parties as to ownership and control of the assets and funds in the IT accounts that are the subject of this action and whether the funds in those accounts are available to pay the Judgment entered by the DPC against Bernard.

38. There is a dispute between the parties as to whether the disclaimer should be reversed, and whether the assets in the IT and the SNT are available to Joanne or to Goodwin to satisfy the Judgment that the DPC entered against Bernard.

39. These funds are assets of the trust, are not assets of its beneficiaries, and are not available to pay the Judgment that the DPC entered against Bernard.

WHEREFORE, Counter-Plaintiffs Bernard Black, individually and as trustee of the SNT and the IT, as trustee of the SNT and the IT, pray that this Court enter the following relief:

A. A declaratory judgment that funds held in SNT and IT accounts are subject to the decisions and control of a majority of the trustees of such trusts;

B. A declaratory judgment that Dain alone does not have the right to access or control over the funds in any of the Subject Trust Accounts;

C. A declaratory judgment that the funds in the IT are not available to pay the judgment that the DPC entered against Bernard because the funds in those accounts are not Bernard's funds and not available to pay any judgment, even if valid, against Bernard;

D. A declaratory judgment that Joanne does not have any interest in the Issue Trust or in any account held in the name of the Issue Trust;

E. A declaratory judgment that Goodwin is not a proper representative of Joanne and that Goodwin does not have the authority to act on behalf of Joanne;

F. A declaratory judgment that the DPC's orders with respect to the SNT and the Issue Trust are void and unenforceable, and in particular with respect to the IT and SNT accounts,

because the DPC does not have jurisdiction over these trusts or personal jurisdiction over their trustees; and

G.     Awarding Bernard, individually and as Trustee of the SNT and Issue Trust, and Samuel, as Trustee of the SNT and Issue Trust, such other and further relief as may be just and appropriate.

> BERNARD S. BLACK, individually and as Trustee of the 2013 Trust, the SNT and the Issue Trust, and SAMUEL BLACK, as Trustee of the 2013 Trust, the SNT and the Issue Trust

> By: /s/Brad S. Grayson
>       One of Their Attorneys

Benjamin N. Feder (ARDC# 6277452)
Brad S. Grayson (ARDC# 6196336)
Samantha E. Weissbluth (ARDC# 6244095)
STRAUSS & MALK LLP
135 Revere Drive
Northbrook, IL 60062
(847) 562-1400 (Tel.)
(847) 562-1422 (Fax)
bfeder@straussmalk.com
bgrayson@straussmalk.com