IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, and J.P. MORGAN SECURITIES LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> BERNARD S. BLACK, individually and as trustee, SAMUEL BLACK, individually and as trustee, ANTHONY DAIN, individually and as trustee, KATHERINE LITVAK, OLGA DAL, and JEANNETTE GOODWIN, as court appointed conservator, and JOANNE BLACK, <br><br> Defendants. | Case No. 18-cv-03447 |

**ANSWER TO COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF**

Defendant, KATHERINE LITVAK, by and through her counsel, Murphy Law Group, LLC hereby answers Plaintiffs' Complaint for Interpleader and Declaratory Relief, as follows:

**Introduction**

1. This case involves competing claims, and conflicting court orders and arbitration awards, relating to ownership and/or control over approximately $4 million in bank and brokerage accounts maintained at Chase Bank and JPMS LLC by two trusts (the "Property").

**ANSWER:** **This is a statement of the case to which no answer is required, to the extent an answer is required, Admit.**

2. The assets in these accounts originated from Renata Black, mother of Bernard Black and Joanne Black, who established two trusts before she passed away in 2012: one for the benefit of Bernard Black and his children ("Issue Trust" or "IT"), and one for the benefit of Joanne Black ("Supplemental Needs Trust" or "SNT"). The Supplemental Needs Trust was intended to provide for Joanne's supplemental needs because she is disabled. Each Trust maintains bank and brokerage accounts at JPMS LLC and Chase Bank.

**ANSWER:** **Denied in part. The two trusts were established by Renata Black, not Bernard Black, in 1997. The assets originated from the Estate of Renata Black after her death in 2012.**

3. Ownership and control of the Trusts' accounts has been and continues to be bitterly contested, litigated and arbitrated by Defendants in Colorado, New York and Illinois, with claims being asserted by three groups.

**ANSWER:    Admit.**

4. The three competing groups are as follows:

| GROUP I | GROUP II | GROUP III |
|---|---|---|
| Joanne Black | Bernard Black | Kate Litvak |
| Anthony Dain | Samuel Black | Olga Dal |
| Jeannette Goodwin | | |

**ANSWER:    Admit that this is a non-exclusive list of some of the parties involved in a multi-state, multi-jurisdictional dispute grouped unilaterally by Chase.**

5. In one group are Joanne Black (disabled beneficiary), Jeannette Goodwin (Joanne's conservator), and Anthony Dain (Joanne's first cousin and co-trustee of the Supplemental Needs Trust). They claim an interest in the Property owned by both Trusts because it consists of assets that were intended for Joanne's benefit and were misdirected from the Colorado conservatorship.

**ANSWER:    Admit that this is a group that was delineated by Plaintiff. Defendant denies that Goodwin is Joanne's conservator, denies that the funds were misdirected, and denies that Joanne Black has any interest in the Issue Trust. Otherwise the claims made by Dain and Goodwin, to the extent that they are in writing and alleged herein, speak for themselves.**

6. In the second group are Bernard and Samuel Black (co-trustees of both Trusts). They claim an interest in the Property owned by both Trusts because they are a majority of the co-trustees of both Trusts and beneficiaries of the Issue Trust.

**ANSWER:    Denied that Bernard and Samuel Black claim an interest in the trusts based on their status as trustees. The trusts have an interest in their own property. Denied that Bernard and Samuel Black are majority of trustees in the Issue Trust; they are the sole trustees of the Issue Trust. Denied that they are only beneficiaries of the Issue Trust; they are beneficiaries of the Issue Trust which is the residual beneficiary of the Supplemental Needs Trust. Defendant admits that this is a group delineated by Plaintiff. The claims referenced in this paragraph speak for themselves.**

7. In the third group are Kate Litvak (Bernard's wife and judgment creditor of both Trusts) and Olga Dal (Litvak's cousin and judgment creditor of both Trusts). They assert an interest in the Property owned by both Trusts because they are judgment creditors of both Trusts.

**ANSWER:    Admit that Litvak is Bernard's wife, and that Dal is Litvak's cousin. Admit that each of Litvak and Dal have claims against the Trusts, and that those claims are set**

forth in case nos. 17 L 9743 and 17 L 9744, each pending in the Circuit Court of Cook County.

8. Each group has obtained one or more various orders and awards in its favor issued by different courts and/or arbitration panels. These three orders directly conflict with each other. JPMS LLC's and Chase's compliance with one order – either directly, secondarily, or otherwise – puts them at risk of disobeying one of the other orders.

**ANSWER:** **The first sentence is vague and cannot be answered as to the meaning of obtained. The second sentence is similarly vague as to the identity of the referenced orders. Defendant admits that orders have been entered by various courts and by an arbitration panel. Defendant admits that some of the orders entered by the various tribunal may be or may be considered to be in conflict.**

9. Group I's Order: **April 27, 2018 Order by the Denver Probate Court.** The DPC Order states that the Property "shall be immediately returned and placed into the Registry of the Denver Probate Court pending further proceedings regarding disposition of said funds." (*In re Joanne Black*, Denver Probate Court Case No. 12 PR 1772). (Attached as **Exhibit 1**).

**ANSWER:** **The order speaks for itself. Admit that the order contains the quoted language. On information and belief, this order has been or will be appealed by the Defendants Bernard and Samuel Black, in their capacities as trustees.**

10. Group II's Order: **March 23, 2018 FINRA Arbitration Award.** The FINRA award states that "JPMS LLC is directed and ordered to freeze assets in the IT or the SNT … until final order of pending litigation in the Colorado Courts, or unless and until Trustees of the [Trusts] in writing to JPMS LLC mutually agree to withdrawals from the [Trusts], which agreement(s) shall be honored by JPMS LLC." (*Bernard S. Black and Samuel H. Black, as Trustees* v. *J.P. Morgan Securities LLC*, FINRA Cases Nos. 16-02822 and 16-03146). (Attached as **Exhibit 2**).

**ANSWER:** **Admit that the order attached as Exhibit 2 was entered by FINRA, and that it speaks for itself. Defendant denies this paragraph to the extent the quote is inaccurate, incomplete, and out of context.**

11. Group III's Order: **Illinois Citations to Discover Assets to Third Party Respondents.** The Citations state that JPMS LLC and Chase are "prohibited from making or allowing any transfer … of any property … belonging to the [Trusts] …. WARNING: [JPMS LLC's and Chase's] failure to comply with the citation proceeding may result in a judgment being entered against [JPMS LLC and Chase] for the unsatisfied amount of this judgment." (*Dal v. Bernard and Samuel Black*, Circuit Court of Cook County Case No. 2017-L-9744; *Litvak v. Bernard and Samuel Black*, Circuit Court of Cook County Case No. 2017-L-9743). (Attached as **Exhibit 3**).

**ANSWER:** **The citations attached as Exhibit 3 speak for themselves. Defendant admits that they contain the quoted language.**

12. JPMS LLC and Chase Bank have no stake or interest in the Property, but they have been and continue to be placed in the middle of conflicting claims and instructions with regard to the Property and have been made a party to various court and arbitration proceedings. JPMS LLC and Chase have not been found to have engaged in any wrongdoing by any court or tribunal in any of these proceedings. JPMS LLC and Chase have expended significant ongoing efforts to encourage all interested parties to resolve these differences and submit a single joint written instruction concerning the Property, but the interested parties have not been able to reach agreement. A copy of JPMS LLC and Chase Bank's most recent letter, dated May 2, 2018, to the Parties asking them to submit unified, joint instructions is attached as **Exhibit 4**.

**ANSWER:** **Admit that JPMS LLC and Chase Bank face conflicting claims and instructions with regard to the Property. Admit that JPMS LLC and Chase Bank have not yet been found to have engaged in any wrongdoing. Lack information to admit or deny any specific actions that Plaintiffs may have taken to encourage the resolution of the conflict.**

### Citizenship of Parties

13. Plaintiff JPMORGAN CHASE BANK, NATIONAL ASSOCIATION ("Chase Bank") is a national banking association with its main office located in Columbus, Ohio. For purposes of determining diversity jurisdiction, Chase Bank is a citizen of the State of Ohio.

**ANSWER:** **Admit.**

14. Plaintiff J.P. MORGAN SECURITIES LLC ("JPMS LLC") is a limited liability company formed under the laws of the State of Delaware, whose sole member is J.P. Morgan Broker-Dealer Holdings Inc. J.P. Morgan Broker Dealer Holdings Inc. is incorporated in the State of Delaware and its principal place of business is at 383 Madison Avenue, New York, N.Y. For purposes of determining diversity jurisdiction, JPMS LLC is a citizen of the States of Delaware and New York.

**ANSWER:** **Admit.**

15. On information and belief, Defendant BERNARD BLACK ("Bernard") is a citizen of the State of Illinois. He is a co-trustee of the Irrevocable Trust for the benefit of the Issue of Renata Black ("IT") and a co-trustee of the Supplemental Needs Trust for the benefit of Joanne Black ("SNT"). The settlor of the IT and SNT, Renata Black, is deceased. The primary beneficiaries of the IT are Bernard and his children. The primary beneficiary of the SNT is Joanne Black ("Joanne"), the sister of Bernard.

**ANSWER:** **Admit.**

16. On information and belief, Defendant SAMUEL BLACK ("Samuel") is a citizen of the State of Maryland. He is a co-trustee of the IT. Samuel contends he is also a co-trustee of the SNT.

**ANSWER:** **Admit.**

17. On information and belief, Defendant ANTHONY DAIN ("Dain") is a citizen of the State of California. He is a co-trustee of the SNT. He may also be a co-trustee of the IT.

**ANSWER: Admit except that Dain is not a co-trustee of the IT.**

18. On information and belief, Defendant KATHERINE LITVAK ("Litvak") is a citizen of the State of Illinois.

**ANSWER: Admit.**

19. On information and belief, Defendant OLGA DAL ("Dal") is a citizen of the State of Washington.

**ANSWER: Deny. Dal is a citizen of the state of Oregon.**

20. On information and belief, Defendant JEANNETTE GOODWIN ("Goodwin") is a citizen of the State of Colorado. She was appointed successor conservator for Joanne Black by the probate court for Denver County, Colorado.

**ANSWER: Admit only that Goodwin is a citizen of Colorado. Denied in part because Goodwin is not a properly appointed conservator for Joanne Black.**

21. On information and belief, Defendant JOANNE BLACK ("Joanne") is a citizen of the State of New York.

**ANSWER: Admit.**

### Basis for Jurisdiction and Venue

22. This Court has subject matter jurisdiction because this is an interpleader action brought under 28 U.S.C. § 1335. Plaintiffs Chase Bank and JPMS LLC have in their possession or custody money and/or property of a value in excess of $500, consisting of cash and marketable securities valued in excess of $4 million as of April 2018. The value of the Property changes daily. There are more than two Defendants of diverse citizenship claiming, or that may claim, to be entitled to the Property that is the subject matter of this action.

**ANSWER: Admit.**

23. Simultaneous with the filing of this Complaint for Interpleader and Declaratory Relief, Plaintiffs Chase Bank and JPMS LLC have filed a Motion to Post Bond in Lieu of Depositing Interpleader Assets, which requests leave to post a bond payable to the Clerk of the Court in an amount deemed proper by this Court in lieu of depositing the Property in the Court registry.

**ANSWER: Admit.**

5

24. Venue is proper under 28 U.S.C. § 1397 because at least one Defendant (claimant) resides in Cook County, Illinois, which is located in this Court's judicial district.

**ANSWER:** **Admit.**

25. The IT's and SNT's JPMS accounts are serviced by Plaintiffs' representatives in their Wilmette, Illinois, branch office. The IT and SNT are administered in this Court's judicial district because Bernard resides therein and is a co-trustee of both trusts.

**ANSWER:** **Admit.**

### Background Allegations

26. Renata Black ("Renata") was the mother of Bernard and Joanne. Bernard has five children from his first marriage that ended in a divorce, and two children from his second marriage to his current wife, Litvak. On information and belief, Joanne has suffered from mental illness throughout her life. She has never been married nor has she had any children.

**ANSWER:** **Admit.**

27. While living, Renata established two trusts. The beneficiaries of the IT are Bernard Black and his children. The current trustees of the IT are Bernard and Samuel Black. Dain may also be a co-trustee of the IT. The beneficiaries of the SNT are Joanne Black for her life and the IT is the remainder beneficiary. The current trustees of the SNT are Bernard and Dain. Samuel also contends he is a co-trustee of the SNT.

**ANSWER:** **Denied in part. Dain is not a co-trustee of the IT. Samuel Black is co-trustee of the SNT. Admit to the rest.**

28. Renata passed away on May 1, 2012. Bernard was appointed the executor of Renata's estate. Renata's last will and testament provided that one-third of her estate would go to the IT and two-thirds of her estate would go to the SNT.

**ANSWER:** **Admit.**

29. When she passed away, Renata owned brokerage accounts at Vanguard and Fidelity Investments worth approximately $3.5 million. Unbeknownst to Defendants, Renata had executed payable-on-death ("POD") beneficiary designations for the Vanguard and Fidelity accounts directing that almost all of the proceeds of the accounts pass outside her estate directly to Joanne, not in trust.

**ANSWER:** **Defendant admits the first sentence, except that on information and belief the balance of the Vanguard and Fidelity accounts was less than $3.5 million. Defendant denies the second sentence: it is not known whether Renata Black instructed Vanguard to make any change in the POD designation in March 2012.**

### The Denver Probate Court Action

30. On information and belief, at or about the time of Renata's death in 2012, Joanne was living in Colorado. Accordingly, on October 16, 2012, after Bernard learned of the POD designations, he petitioned the Denver Probate Court for an order to appoint himself as his sister's conservator, the equivalent of a guardian of her property. The Denver Probate Court granted the Bernard's petition and appointed him conservator for Joanne with the authority to disclaim the POD proceeds on her behalf. Shortly thereafter, by disclaiming receipt of the POD assets on Joanne's behalf, Bernard directed the deposit of approximately $1.5 million of the POD proceeds into accounts at Chase Bank and JPMS LLC that were owned by the IT. Bernard also directed the deposit of approximately $2 million of the POD proceeds into accounts at Chase Bank and JPMS LLC owned by the SNT. The $3.5 million in proceeds of the POD accounts that were deposited to the IT's and SNT's accounts at Chase Bank and JPMS LLC are the Property that is the subject of this action.

**ANSWER: Admit, except that, as noted above, the amount was less than $3.5 million.**

31. Subsequently, in 2015, proceedings were initiated in the Denver Probate Court to determine whether Bernard had committed civil theft and breached his fiduciary duties by depositing the $1.5 million of the POD proceeds to the IT's accounts at Chase Bank and JPMS LLC, instead of to the SNT's accounts. On September 28, 2015, the Denver Probate Court found that Bernard had committed civil theft and breached a fiduciary duty. The Denver Probate Court expressly found that the Property deposited in the IT's accounts at Chase Bank and JPMS LLC was intended for the benefit of Joanne. The Denver Probate Court surcharged Bernard in the amount of $1,511,356 and assessed treble damages against him in the amount of $4,534,068. The disclaimer transaction was not reversed and the $1.5 million remains in the Chase Bank and JPMS LLC accounts owned by the IT. A copy of the Denver Probate Court's findings is attached as **Exhibit 5**.

**ANSWER: Defendant denies the first sentence. Defendant admits the second sentence. Defendant denies the third and fourth sentences. Defendant admits that Exhibit 5 is a copy of the referenced decision. Defendant admits that the Denver Probate Court did not reverse the Disclaimer, but otherwise denies that sentence.**

32. In subsequent orders, the Denver Probate Court appointed Goodwin as a successor conservator for Joanne. The Denver Probate Court also authorized Dain to act as a sole trustee on behalf of the SNT and to make withdrawals for litigation expenses arising from services rendered by various professionals who had represented or acted on behalf of Joanne in litigation in Colorado, Illinois and New York. From September 2015 to January 4, 2017, $413,424 was withdrawn by Dain, as Trustee, from the SNT. A copy of the Probate Court's Orders is attached as **Exhibit 6**.

**ANSWER: The first sentence is vague as to the meaning of "subsequent orders" and cannot be answered. Defendant admits that Exhibit 6 are orders entered by the Denver Probate Court, and to the extent that the remainder of this paragraph is consistent with those orders, Admit, otherwise, Denied.**

33. On January 25, 2018, the Colorado Court of Appeals ("CCA") issued a published decision affirming the Probate Court's surcharge and assessment of treble damages. It also affirmed the election of the Denver Probate Court not to reverse the disclaimer transaction. In a separate unpublished decision the CCA vacated orders of the Probate Court relating to the SNT, including the orders authorizing Dain to withdraw part of the Property for litigation expenses, and remanded for the Probate Court to make express findings as to its jurisdiction over the SNT and over conservatorship assets including the Property now in the custody of Chase Bank and JPMS LLC. A copy of the CCA's published opinion is attached as **Exhibit 7**.

**ANSWER: Admit only to the extent that this paragraph is consistent with the decision of the CCA, which speaks for itself. Otherwise, denied.**

34. On April 27, 2018, the Denver Probate Court entered an Order finding that it had jurisdiction of Bernard Black, Anthony Dain, and the assets held in the SNT and Issue Trust accounts at Chase Bank and JPMS LLC. The Order further vacated its prior order authorizing Bernard to disclaim Joanne's interest in the POD assets. Finally, the Order states that "[a]ll funds disclaimed pursuant to this Order shall be immediately returned and placed into the Registry of the Denver Probate Court pending further proceedings regarding disposition of said funds." That includes the assets currently in the IT and SNT accounts held at Chase Bank and JPMS LLC. A copy of the DPC's opinion is attached as **Exhibit 1**.

**ANSWER: Admit only to the extent that this paragraph is consistent with the order of the DPC, which speaks for itself. Otherwise, denied. The second sentence is denied.**

### The Illinois Actions

**A.    Litvak's Claim**

35. In September 2017, Litvak filed a complaint in the Circuit Court of Cook County, Illinois, Case No. 2017-L-9743, naming Bernard and Samuel as co-trustees of the IT and SNT as defendants. Litvak alleged that Bernard and Samuel as trustees were indebted to her in the amount of $408,566.93, as a result of funds allegedly advanced pursuant to a promissory note executed by the co-trustees on behalf of the IT and SNT that had not been repaid.

**ANSWER:    Admit to the extent that this paragraph is consistent with the allegations in that complaint, denied to the extent that it is inconsistent. The complaint in 17 L 9743 speaks for itself.**

36. Litvak contends that Bernard and Samuel as co-trustees executed an agreed judgment in the amount of $415,433.77, which was entered by the Circuit Court on October 25, 2017. A copy of the Judgment is attached as **Exhibit 8**.

**ANSWER:    Admit.**

37. On November 10, 2017, Litvak served Citations to Discover Assets of Bernard and Samuel as co-trustees on Chase Bank and JPMS LLC, pursuant to 735 ILCS 5/2-1402 and

Ill. S. Ct. Rule 277. As a result, statutory liens in the amount of $803,867.54 were imposed on the IT's JPMS LLC and Chase Bank accounts, and liens in the same amount were imposed on the SNT's JPMS LLC and Chase Bank accounts. Copies of those Citations are attached as **Exhibit 3**.

**ANSWER:    Admit.**

38. On November 27, 2017, Dain moved to vacate the agreed judgments and quash the Citations. Goodwin filed motions to intervene and to join Dain's motions, which were granted.

**ANSWER:    Admit to the extent that this paragraph is consistent with the pleadings and orders entered in the Circuit Court of Cook County, otherwise denied.**

39. On December 6, 2017, the Circuit Court entered an order that "all pending citations are stayed pending ruling on the motion to vacate."

**ANSWER:    Admit to the extent that this paragraph is consistent with the pleadings and orders entered in the Circuit Court of Cook County, otherwise denied.**

40. On February 16, 2018, the Circuit Court vacated the agreed judgment against the SNT but not against the IT. The liens on the IT's accounts remain in force. A jury trial on the motion to vacate the judgment against the IT is set for July 23, 2018.

**ANSWER:    Admit to the extent that this paragraph is consistent with the pleadings and orders entered in the Circuit Court of Cook County, otherwise denied.**

41. On March 21, 2018, Bernard and Samuel appeared in that action through their attorneys.

**ANSWER:    Admit.**

    **B.    Dal's Claim**

42. In September 2017, Dal filed a complaint in the Circuit Court of Cook County, Illinois, Case No. 2017-L-9744, naming Bernard and Samuel as co-trustees of the IT and SNT as defendants. Dal alleged that Bernard and Samuel as trustees were indebted to her in the amount of $342,538,81, as a result of funds allegedly advanced pursuant to a promissory note executed by the co-trustees on behalf of the IT and SNT that had not been repaid.

**ANSWER:    Admit to the extent that this paragraph is consistent with the pleadings and orders entered in the Circuit Court of Cook County, otherwise denied.**

43. Dal contends that Bernard and Samuel as co-trustees executed an agreed judgment in the amount of $348,936.93, which was entered by the Circuit Court on October 12, 2017. A copy of the Judgment is attached as **Exhibit 9**.

**ANSWER: Admit to the extent that this paragraph is consistent with the pleadings and orders entered in the Circuit Court of Cook County, otherwise denied.**

44. On November 10, 2017, Dal served Citations to Discover Assets of Bernard and Samuel as co-trustees on Chase Bank and JPMS LLC, pursuant to 735 ILCS 5/2-1402 and Ill. S. Ct. Rule 277. As a result, statutory liens in the amount of $697,873.86 were imposed on the IT's JPMS LLC and Chase Bank accounts, and liens in the same amount were imposed on the SNT's JPMS LLC and Chase Bank accounts. These statutory liens are still effective. Copies of those Citations are attached as **Exhibit 3.**

**ANSWER: Admit to the extent that this paragraph is consistent with the pleadings and orders entered in the Circuit Court of Cook County, otherwise denied.**

45. On November 30, 2017, Dain filed a petition to vacate the agreed judgments and quash the Citations in this action. Goodwin filed motions to intervene and to join Dain's motions, which were granted. The case is set for status hearing on May 8, 2018.

**ANSWER: Admit to the extent that this paragraph is consistent with the pleadings and orders entered in the Circuit Court of Cook County, otherwise denied.**

46. On February 21, 2018, the Circuit Court entered an order that "the third party citations and the liens arising therefrom shall remain pending further order of Court." A copy of this Order is attached as **Exhibit 10**.

**ANSWER: Admit.**

47. On March 26, 2018, Bernard and Samuel have appeared in that action through their attorneys.

**ANSWER: Admit.**

  C. **Goodwin and Joanne's Claim**

48. In September 2017, Goodwin, as conservator for Joanne Black, filed a petition to register a foreign judgment against Bernard Black in the Circuit Court of Cook County, Illinois, Case No. 2017-L-063055. Goodwin states that she is a judgment creditor arising from the Joanne Black conservatorship proceeding before the Probate Court in which Bernard was surcharged $4,305,819.69.

**ANSWER: Admit to the extent that this paragraph is consistent with the pleadings and orders entered in the Circuit Court of Cook County, otherwise denied. Denied that Goodwin is a properly appointed conservator for Joanne Black.**

49. On February 22, 2018, Goodwin served a Citation to Discover Assets of Bernard on Chase Bank and JPMS LLC, pursuant to 735 ILCS 5/2-1402 and Ill. S. Ct. Rule 277. As a

result, statutory liens in the amount of $8,611,639.38 were imposed on JPMS LLC and Chase Bank accounts associated with Bernard. These statutory liens are still effective. A copy of the Citation is attached as **Exhibit 11**.

**ANSWER:** **Admit to the extent that this paragraph is consistent with the pleadings and orders entered in the Circuit Court of Cook County, otherwise denied.**

50. Bernard has appeared in that action and filed a motion to vacate registration of the Colorado judgment. The motion is set for argument on May 3, 2018.

**ANSWER:** **Admit to the extent that this paragraph is consistent with the pleadings and orders entered in the Circuit Court of Cook County, otherwise denied.**

51. Bernard is associated with accounts at JPMS LLC and Chase Bank as an individual owner, as a joint owner, as trustee, and as custodian for minors. On February 28, 2018, JPMS LLC and Chase Bank filed an application for instructions with the Circuit Court to determine on which accounts the liens attach.

**ANSWER:** **Admit to the extent that this paragraph is consistent with the pleadings and orders entered in the Circuit Court of Cook County, otherwise denied.**

52. On March 8, 2018, the Circuit Court entered an Agreed Order, to which Bernard consented, that "all accounts with which Bernard S. Black is associated shall remain frozen until further order of Court." A copy of this Agreed Order is attached as **Exhibit 12**.

**ANSWER:** **Admit to the extent that this paragraph is consistent with the pleadings and orders entered in the Circuit Court of Cook County, otherwise denied.**

### The FINRA Arbitrations

53. On September 23, 2016, Bernard and Samuel filed a demand for arbitration with the Financial Industry Regulatory Authority office of Dispute Resolution ("FINRA") alleging conversion, breach of fiduciary duty and breach of contract against JPMS LLC as to the IT, FINRA Case No. 16-02822.

**ANSWER:** **Defendant lacks sufficient knowledge to admit or deny this allegation.**

54. On October 26, 2016, Bernard and Samuel filed a similar demand for arbitration with FINRA against JPMS LLC as to the SNT, FINRA Case No. 16-03146. The two arbitrations were consolidated.

**ANSWER:** **Defendant lacks sufficient knowledge to admit or deny this allegation.**

55. A four-day evidentiary hearing was held in Chicago, Illinois, on February 12-15, 2018, before a Panel of three arbitrators. On March 23, 2018, the parties were served with the Arbitration Award. A copy of the Arbitration Award is attached as **Exhibit 2**. The Panel made

13 express Findings and issued 6 Orders. Finding #5 determined that all allegations of wrongdoing against JPMS LLC "are without merit." Order #6 "dismissed" these claims and "denied" Bernard and Samuel's request for attorneys' fees.

**ANSWER:** **Defendant lacks sufficient knowledge to admit or deny this allegation.**

56. Finding #7. d) reflects that JPMS LLC "requested that the freeze on [the IT's and SNT's JPMS LLC accounts] continue until final order of the Colorado courts on jurisdictional matters, final turn-over orders from Illinois courts, or until the Trustees otherwise agree in writing."

**ANSWER:** **Defendant lacks sufficient knowledge to admit or deny this allegation.**

57. Order #3 "direct[s] and order[s JPMS LLC] upon request by SNT Trustee(s) … to expend SNT assets for the benefit of Joanne Black, including her personal needs, clothing food, living arrangements, travel, and entertainment."

**ANSWER:** **Defendant lacks sufficient knowledge to admit or deny this allegation.**

58. Order #4 "direct[s] and order[s JPMS LLC] upon request by IT Trustee(s) … to expend IT assets for the benefit of Bernard S. Black's trust beneficiary children, for purposes of the beneficiary children's educational expenses."

**ANSWER:** **Defendant lacks sufficient knowledge to admit or deny this allegation.**

### Recent Communications

59. On April 25, 2018, counsel for Bernard and Samuel Black sent counsel for JPMS LLC and Chase Bank a letter stating that "we will hold Chase Bank responsible for any actions it takes or implements regarding the SNT's accounts, including an order from the Denver Probate Court authorizing or directing a transfer, spending or any other account activity from the SNT account." A copy of the letter is attached as **Exhibit 13**.

**ANSWER:** **Admit.**

60. The instructions in the April 25 letter from Bernard and Samuel Black are adverse to the April 27, 2018 DPC Order.

**ANSWER:** **The April 25 letter speaks for itself, and Defendant denies this allegation to the extent it is inconsistent with that letter.**

61. On May 1, 2018, counsel for JPMS LLC and Chase Bank sent a letter to counsel for all parties (Goodwin, Dain, Bernard Black, Samuel Black, Joanne Black, Litvak and Dal) asking them to tender a joint instruction to JPMS LLC and Chase Bank regarding how to proceed

given the numerous conflicting Court Orders that exist. A copy of the JPMS LLC and Chase Bank letter is attached as Exhibit 4.

**ANSWER:** **Admit.**

### Interpleader Allegations

62. As a result of the foregoing, there are multiple adverse claims to the Property in Plaintiffs' custody and held in the IT's and SNT's accounts.

    A. **Goodwin's Claim as judgment creditor:** Conservator Goodwin claims all Property in the IT's and SNT's accounts based on the Colorado judgment and her Illinois liens.

**ANSWER:** **Defendant lacks sufficient knowledge to admit or deny this allegation. Denied that Goodwin is a properly appointed conservator for Joanne Black.**

        i. Goodwin's claims are adverse to **Bernard's** and **Samuel's** claim as co-trustees and beneficiaries of the IT. Bernard and Samuel oppose Goodwin's claim because they allege Joanne has no relationship to the IT. Bernard and Samuel have moved to vacate registration in Illinois of the Colorado judgment and Goodwin's liens.

**ANSWER:** **Defendant lacks sufficient knowledge to admit or deny this allegation.**

        ii. Goodwin's claims are adverse to **Dal's** and **Litvak's** claims as judgment creditors based on the Illinois judgments and their Illinois liens.

**ANSWER:** **Admit.**

    B. **Litvak's Claims as judgment creditor:** Litvak claims some of the Property in the IT's and SNT's accounts based on the Illinois judgments agreed to by Bernard and Samuel, and her Illinois liens.

**ANSWER:** **Admit to the extent that this paragraph is consistent with the pleadings and orders entered in the Circuit Court of Cook County, otherwise Defendant lacks sufficient knowledge to admit or deny this allegation.**

        i. Litvak's claims/liens based on the Illinois judgments are adverse to **Goodwin's** claims/liens based on the Colorado judgment.

**ANSWER:** Admit to the extent that this paragraph is consistent with the pleadings and orders entered in the Circuit Court of Cook County, otherwise Defendant lacks sufficient knowledge to admit or deny this allegation.

    ii.    Litvak's claims/liens based on the Illinois judgments are adverse to **Dain's** claim as co-trustee of the SNT. Goodwin and Dain have moved to vacate the agreed judgments and to void Litvak's Illinois judgments alleging they are fraudulent.

**ANSWER:** As to the first sentence, admit to the extent that this paragraph is consistent with the pleadings and orders entered in the Circuit Court of Cook County, otherwise Defendant lacks sufficient knowledge to admit or deny this allegation.

    C.    **Dal's Claims as judgment creditor:** Dal claims some of the Property in the IT's and SNT's accounts based on the Illinois judgments agreed to by Bernard and Samuel, and her Illinois liens.

    i.    Dal's claims/liens based on the Illinois judgments are adverse to **Goodwin's** claims/lien based on the Colorado judgments.

**ANSWER:** Admit.

    ii.    Dal's claims/liens based on the Illinois judgments are adverse to **Dain's** claim as co-trustee of the SNT. Goodwin and Dain have moved to vacate the agreed judgments and to void Dal's liens alleging they are fraudulent.

**ANSWER:** Admit to the extent that this allegation is consistent with the pleadings and order in the Circuit Court of Cook County, otherwise Defendant lacks sufficient knowledge to admit or deny this allegation.

    D.    **Dain's Claims to the IT as co-trustee of the SNT:** Dain claims all Property in the IT's accounts because the Colorado courts found the Property was intended for Joanne's benefit and should have been deposited in the SNT's accounts.

    i.    Dain's claim based on the Colorado judgment is adverse to **Bernard's** and **Samuel's** claim as co-trustees and beneficiaries of the IT. Bernard and Samuel oppose Dain's claim because they allege he is not a cotrustee of the IT and Joanne is not a beneficiary of the IT.

**ANSWER:** Defendant lacks sufficient knowledge to admit or deny this allegation.

ii.    Dain's claim based on the Colorado judgment is adverse to **Dal's** and **Litvak's** claims based on their Illinois judgments and their Illinois

liens.

> **ANSWER:** **Defendant lacks sufficient knowledge to admit or deny this allegation.**

E. **Dain's Claims to the SNT as co-trustee of the SNT:** Dain claims he is authorized to deposit the SNT's Property with the registry of the Denver Probate Court.

  i. Dain's claim based on the April 27, 2018 order of the Denver Probate Court is adverse to **Bernard's** and **Samuel's** claim as co-trustees based on the Arbitration Award that prohibits the Property from being removed from the JPMS and Chase accounts until all appeals from the Denver Probate Court's order are exhausted.

> **ANSWER:** **Defendant lacks sufficient knowledge to admit or deny this allegation.**

  ii. Dain's claim based on the April 27, 2018 order of the Denver Probate Court is adverse to **Dal's** and **Litvak's** claims based on their Illinois judgments and their Illinois liens.

> **ANSWER:** **Defendant lacks sufficient knowledge to admit or deny this allegation.**

F. **Bernard and Samuel's Claims as co-trustees of the IT**: Bernard and Samuel claim all Property in the IT's accounts because they are the only co-trustees and beneficiaries of the IT. Bernard and Samuel also claim the immediate right to withdraw some Property in the IT's account because the Arbitration Award authorizes them to make withdrawals from the IT for educational expenses.

  i. Bernard's and Samuel's claims are adverse to **Goodwin's** claim based on the Colorado judgment and Illinois liens.

**ANSWER:** **Defendant lacks sufficient knowledge to admit or deny this allegation.**

  ii. Bernard's and Samuel's claim is adverse to **Dain's** claim that he is authorized to deposit the Property in the registry of the Denver Probate Court based on the April 27, 2018 order.

**ANSWER:** **Defendant lacks sufficient knowledge to admit or deny this allegation.**

63. Each Defendant has made and continues to make demands on Plaintiffs that some or all of the Property in the IT's and SNT's accounts be distributed to him or her. Each Defendant has objected and continues to object to distributing some or all of the Property in the IT's and SNT's accounts to one or more of the other Defendants.

**ANSWER:** **Defendant lacks sufficient information to admit or deny the first sentence, except that Defendant admits as to herself personally. Otherwise admit.**

64. Any withdrawals from the IT's and SNT's accounts by Bernard, Samuel and/or Dain as authorized by the Arbitration Award may be inconsistent with (1) the Illinois statutory liens of Litvak, Dal and Goodwin, (2) the Denver Probate Court's April 27, 2018 Order, (3) and/or other orders.

**ANSWER:** **Admit.**

65. Plaintiffs Chase Bank and JPMS LLC have no claim to the Property and have no stake or interest as to which Defendant receives the Property and/or in what amounts. Plaintiffs have engaged in significant and reasonable efforts in encouraging Defendants to reach agreement and submit joint written instructions concerning distribution of the Property, but such agreement has not occurred. Thus, despite Plaintiffs' efforts, there are multiple, actual and potential conflicting court orders, judgments, and claims regarding ownership and control of the Property.

**ANSWER:** **Admit as to the first sentence. Denied that Plaintiffs engaged in reasonable effort to reach agreement. Admit that there are multiple, actual and potential conflicting court orders and claims regarding ownership and control of the Property.**

66. As a result, Plaintiffs Chase Bank and JPMS LLC are in great doubt as to which Defendant is legally entitled to the Property.

**ANSWER:** **Admit to the extent that the filing of the instant complaint is evidence of that doubt, otherwise Defendant lacks sufficient information to admit or deny.**

67. Further, if JPMS LLC does not comply with the Arbitration Award, it may be exposed to sanctions, discipline and/or claims by its regulator FINRA.

**ANSWER:** **Admit.**

68. For all these reasons, Plaintiffs cannot determine which claims are valid without exposing themselves to further duplicative litigation and/or liability.

**ANSWER:** **Defendant lacks sufficient knowledge to admit or deny this allegation.**

Date: August 17, 2018

Respectfully submitted:
KATHERINE LITVAK

By: /s// Eugene E. Murphy, Jr.
      One of Her Attorneys

Eugene E. Murphy, Jr. (ARDC # 6198863)
David Feller Hyde (ARDC 6289799)

MURPHY LAW GROUP, LLC
161 N. Clark St., Suite 2550
Chicago, Illinois 60601
Tel: (312) 202-3200

**Certification**

The undersigned hereby certifies that on August 17, 2018, I filed the foregoing document electronically, via Electronic Case Filing (ECF), which shall send notice to all counsel of record.

//s// Eugene E. Murphy, Jr.