**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, and J.P. MORGAN SECURITIES LLC, | ) ) ) | |
| | ) | Case No. 18-cv-03447 |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BERNARD S. BLACK, individually and as trustee, | ) | |
| SAMUEL BLACK, individually and as trustee, | ) | |
| ANTHONY DAIN, individually and as trustee, | ) | |
| KATHERINE LITVAK, OLGA DAL, and | ) | |
| JEANNETTE GOODWIN, as court appointed | ) | |
| conservator, and JOANNE BLACK, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER TO DEFENDANTS BERNARD S. BLACK AND SAMUEL
BLACK'S ANSWER AND COUNTERCLAIM TO COMPLAINT
FOR INTERPLEADER AND DECLARATORY RELIEF**

Defendant, KATHERINE LITVAK ("Defendant"), by and through her counsel, Murphy

Law Group, LLC, hereby answers Defendants Bernard S. Black and Samuel Black's Counterclaim

To Complaint for Interpleader and Declaratory Relief, as follows:

**COUNTERCLAIM**

1.    Bernard is an individual who is a trustee of the IT and the SNT.

**ANSWER:    No relief is requested against Defendant, therefore, Defendant does not need
to answer this allegation. To the extent an answer is required, Admit.**

2.    Samuel is an individual and a trustee of the SNT and the IT.

**ANSWER:    No relief is requested against Defendant, therefore, Defendant does not need
to answer this allegation. To the extent an answer is required, Admit.**

3.    Chase Bank is a national banking association where IT and SNT accounts and
funds are held.

**ANSWER:    No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

4.    JPM Securities is an investment firm where IT and SNT accounts and funds are held.

**ANSWER:    No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit..**

5.    Dain is an individual who is a trustee of the SNT.  Dain resigned as a trustee of the Issue Trust.

**ANSWER:    No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

6.    Joanne is an individual who resides in New York.

**ANSWER:    No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

7.    Goodwin is an individual who was appointed by the Denver Probate Court ("DPC") in Colorado in 2017 to be a successor conservator for Joanne.

**ANSWER:    No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

8.    Litvak is Bernard's wife and is an individual who resides in Illinois.

**ANSWER:    No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

9.    Litvak loaned money to the IT and the SNT. Litvak loaned the money to those trusts to enable Bernard and Samuel to pay legal fees to defend the trusts in litigation and to defend themselves as trustees in litigation.

**ANSWER:    No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

10.    The money that Litvak loaned to the trusts was not repaid. Therefore, Litvak commenced litigation in the Circuit Court of Cook County, Illinois, as Case No. 2017 L 9743, to recover what was due and owing on the unpaid loans.

**ANSWER:    No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

11.    Dal is an individual who resides in Oregon.

**ANSWER:    No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

12.    Dal loaned money to the IT and the SNT. Dal loaned the money to those trusts to enable Bernard and Samuel to pay legal fees to defend the trusts in litigation and to defend themselves as trustees in litigation.

**ANSWER:    No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

13.    The money that Dal loaned to the trusts was not repaid. Therefore, Dal commenced litigation in the Circuit Court of Cook County, Illinois, as Case No. 2017 L 9744, to recover what was due and owing on the unpaid loans.

**ANSWER:    No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

14.    At the time the DPC appointed Goodwin as successor conservator for Joanne, Joanne no longer lived in Colorado.

**ANSWER:    No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

15.    At the time the DPC appointed Goodwin as successor conservator for Joanne, Joanne was living in New York.

**ANSWER:    No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

16.    When the DPC appointed Goodwin as successor conservator for Joanne in 2017, a New York court already had adjudicated in 2016 a petition for guardianship filed with respect to Joanne and determined that Joanne did not need either a personal needs or a property guardian. At the time of that 2016 ruling by the New York court, Joanne was living in New York.

**ANSWER:    No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

17.    A property guardian in New York is the equivalent to a conservator in Colorado. Thus, the New York court determined that Joanne did not need a conservator.

**ANSWER:    No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

18.    The DPC did not hold a hearing concerning Joanne's need for a conservator or guardian when it appointed Goodwin as a successor conservator for Joanne. The DPC did not take evidence concerning Joanne's competence and ability to live on her own and manage her

own financial affairs when it appointed Goodwin as a successor conservator for Joanne, nor did it have jurisdiction to do so. The DPC appointed Goodwin as a successor conservator for Joanne in 2017 even though Joanne did not reside in Colorado at that time. Joanne had moved out of Colorado in 2013. On information and belief, Joanne has not returned to Colorado to live after 2013. On information and belief, Joanne does not own any property in Colorado or have any assets there.

**ANSWER:    No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

19.    Goodwin is not a proper representative of Joanne because Joanne does not live in Colorado. Goodwin is also not a proper representative of Joanne because a court in New York, the state in which she resides, determined in 2016 after an evidentiary hearing that Joanne did not need a property guardian. The DPC has not subsequently found Joanne to be in need of a conservator in Colorado. The DPC had no proper basis for appointing Goodwin as a conservator for Joanne in 2017 in that Joanne no longer resided in Colorado, had no assets there, had no need for a conservator in 2017, had not lived in Colorado since 2013, and was found in New York in 2016 not to need a property guardian.

**ANSWER:    No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

20.    The DPC entered a judgment on March 17, 2016, which included an award in favor of Joanne of treble damages for civil theft against Bernard in the amount of $4,305,819.69. However, no complaint ever was filed against Bernard in the DPC asserting any claim against him for civil theft prior to the time the DPC entered judgment against him.

**ANSWER:    No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

21.    The DPC's judgment against Bernard for civil theft is void for lack of subject matter jurisdiction.

**ANSWER:    No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

22.    More recently, the DPC has entered an order suspending Bernard and Samuel from acting as trustees for the SNT. Bernard and Samuel have never been served with process in any proceeding in the DPC in their capacities as trustees of the SNT. Samuel never has appeared, or been served with process in any capacity, in any proceeding in the DPC.

**ANSWER:    No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

23.    In all proceedings before the DPC involving the SNT, Bernard has objected to personal jurisdiction over himself as SNT trustee, and to the DPC's jurisdiction over the SNT.

**ANSWER:    No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

24.    The DPC did not have any proper basis for acquiring or asserting jurisdiction over Samuel to make any ruling against him or to affect any of his legal rights.

**ANSWER:    No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

25.    The IT and its trustees were never served with process in any proceeding in the DPC, nor was any action or motion filed before the DPC against the Issue Trust or its trustees.

**ANSWER:    No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

26.    The Issue Trust and its trustees have never filed an appearance, nor did they have an appearance filed on their behalf, in any proceeding in the DPC.

**ANSWER:    No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

27.    The DPC did not acquire subject matter jurisdiction over the SNT, or personal jurisdiction over its trustees.

**ANSWER:    No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

28.    The DPC did not acquire subject matter jurisdiction over the Issue Trust, or personal jurisdiction over its trustees.

**ANSWER:    No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

29.    Bernard and Samuel are two of the three trustees of the SNT.

**ANSWER:    No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

30.    Dain resigned in 2015 as a trustee of the Issue Trust.

**ANSWER:    No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

31.    Bernard and Samuel are the only trustees of the Issue Trust.

**ANSWER:     No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

32.     Joanne is not a beneficiary of the Issue Trust and has no interest of any kind in the Issue Trust.

**ANSWER:     No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

33.     Chase Bank and JPM Securities are holding funds in accounts for the IT and the SNT.

**ANSWER:     No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

34.     Dain does not have the authority to access to the funds in the SNT accounts because he is only one of three trustees of the SNT, and does not have the power to direct the use of any SNT account funds without the consent and approval of at least one of the other trustees of the SNT.

**ANSWER:     No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

35.     Dain does not have any authority over the funds in the IT accounts because he is not a trustee of the IT.

**ANSWER:     No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

36.     Decisions with respect to the use of funds held in accounts for the SNT and the IT must be approved by a majority of the trustees of each of those trusts.

**ANSWER:     No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

37.     There is a dispute between the parties as to ownership and control of the assets and funds in the IT accounts that are the subject of this action and whether the funds in those accounts are available to pay the Judgment entered by the DPC against Bernard.

**ANSWER:     No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

38.     There is a dispute between the parties as to whether the disclaimer should be reversed, and whether the assets in the IT and the SNT are available to Joanne or to Goodwin to satisfy the Judgment that the DPC entered against Bernard.

**ANSWER:    No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

     39.    These funds are assets of the trust, are not assets of its beneficiaries, and are not available to pay the Judgment that the DPC entered against Bernard.

**ANSWER:    No relief is requested against Defendant, therefore, Defendant does not need to answer this allegation. To the extent an answer is required, Admit.**

     **Wherefore, there is no prayer for any relief against Defendant, thus no judgment can issue as to Defendant.**

Date: August 17, 2018               Respectfully submitted:
                                    KATHERINE LITVAK

                               By: //s// Eugene E. Murphy, Jr.
                                    One of Her Attorneys

Eugene E. Murphy, Jr. (ARDC # 6198863)
David Feller Hyde (ARDC 6289799)
MURPHY LAW GROUP, LLC
161 N. Clark St., Suite 2550
Chicago, Illinois 60601
Tel: (312) 202-3200

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 17, 2018, I filed the foregoing document electronically, via Electronic Case Filing (ECF), which shall send notice to all counsel of record.

/s/ Eugene E. Murphy, Jr._____