IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A. et al, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 18-cv-03447 ) ) Hon. Andrea R. Wood |
| BERNARD S. BLACK, et al, | ) ) ) |
| Defendants. | ) |

### DEFENDANTS BERNARD S. BLACK AND SAMUEL BLACK'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY DEFENDANTS ANTHONY DAIN AND JEANETTE GOODWIN

Defendants, Bernard S. Black ("Bernard") and Samuel Black ("Samuel") (collectively, "Movants"), individually and as trustees of certain trusts, by their undersigned attorneys, move this Court to compel defendants Anthony Dain ("Dain") and Jeanette Goodwin to produce certain documents as more specifically described below. In support, Movants state:

1. On November 20, 2018, Movants served a First Request for Production of Documents to Dain and Goodwin. A copy of that First Request for Production is attached hereto as Exhibit A.

2. Because the parties then were involved in settlement discussion and considering a settlement conference or private mediation, Movants' counsel, Brad Grayson, advised counsel for Dain and Goodwin, Peter Stasiewicz, that, pending efforts to settle, Movants merely were seeking to have Dain and Goodwin timely produce documents responsive to Request numbers 13 and 14 so that Movants would have information relating to attorneys' fees that were charged to, or incurred by, the trusts at issue in this case, or other parties to the litigation, prior to any mediation or settlement conference as that would be a key issue in settlement discussions.

3. Dain and Goodwin subsequently produced a limited number of documents responsive to Request numbers 13 and 14 over time, but Mr. Stasiewicz has conceded in communications with Mr. Grayson that all responsive documents have not been produced.

4. Movants' counsel, Brad Grayson, and counsel for Dain and Goodwin, Peter Stasiewicz, have exchanged emails, and had several conversations both in-person and over the telephone pursuant to Local Rule 37.2, including most recently in-person at the March 7, 2019 and April 10, 2019 court hearings in this case to attempt to resolve in good faith the issue of Dain and Goodwin's failure to produce all documents responsive to Request numbers 13 and 14. On several occasions, Mr. Stasiewicz has assured Mr. Grayson that production of the remaining responsive documents would be forthcoming in the immediate future. Notwithstanding those assurances, through no fault of Movants, Dain and Goodwin still have not produced all responsive documents and their production of documents is now several months past due.

WHEREFORE, Defendants Bernard S. Black and Samuel Black, individually and as trustees, respectfully request that this Court order defendants Anthony Dain and Jeanette Goodwin to produce all documents responsive to Request numbers 13 and 14 on or before May 15, 2019 and that this Court enter such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

BERNARD S. BLACK, individually and as Trustee of the 2013 Trust, the SNT and the Issue Trust, and SAMUEL BLACK, as Trustee of the 2013 Trust, the SNT and the Issue Trust

By: /s/Brad S. Grayson
     One of Their Attorneys

Benjamin N. Feder
Brad S. Grayson
Samantha E. Weissbluth
Strauss Malk & Feder LLP
135 Revere Drive
Northbrook, IL 60062
(847) 562-1400 (Tel.)
(847) 562-1422 (Fax)
bfeder@straussmalk.com
bgrayson@straussmalk.com

# EXHIBIT A

IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, and J.P. MORGAN SECURITIES LLC<br><br>Plaintiffs,<br><br>v.<br><br>BERNARD S. BLACK, individually and as trustee, SAMUEL BLACK, individually and as trustee, ANTHONY DAIN, individually and as trustee, KATHERINE LITVAK, OLGA DAL, and JEANNETTE GOODWIN, as court appointed Conservator, and JOANNE BLACK,<br><br>Defendants. | Case No. 18-cv-03447 |

### BERNARD S. BLACK AND SAMUEL BLACK'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO ANTHONY DAIN AND JEANETTE GOODWIN

Bernard S. Black ("Bernard") and Samuel Black ("Samuel"), individually and as trustees, through their undersigned counsel, request that Anthony Dain ("Dain") and Jeanette Goodwin ("Goodwin"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, produce the following documents to Bernard and Samuel's counsel within 30 days:

1. All documents Dain or Goodwin expects or intends to use at any trial or evidentiary hearing in this case.

2. All documents showing, or tending to show that Joanne has an interest of any kind in the Issue Trust.

3. All documents reflecting, referring to, or relating to the facts and matters at issue in this case, including any and all documents that support, refute, or that may tend to support or refute, any of the allegations, claims and defenses at issue in this case.

4. All documents constituting, reflecting, referring to, or relating to any and all communications, whether oral or in writing, between Dain or anyone acting on Dain's behalf, and any other party or anyone acting on that party's behalf, concerning the facts and matters at issue in this case.

5. All documents constituting, reflecting, referring to, or relating to any and all communications, whether oral or in writing, between Goodwin or anyone acting on Goodwin's behalf, and any other party or anyone acting on that party's behalf, concerning the facts and matters at issue in this case, including without limitation, facts and matters relevant to any lawsuit, case, action or legal proceeding of any kind, including any arbitration proceeding, which involved or involves any of the parties to this case and in which the Issue Trust or SNT is at issue in, or the subject of, any aspect of such lawsuit, case, action or legal proceeding (the "Relevant Proceedings").

6. All documents constituting, reflecting, referring to, or relating to any and all communications, whether oral or in writing, between Dain or anyone acting on Dain's behalf, and any other party or anyone acting on that party's behalf, concerning the facts and matters at issue in this case, including without limitation, the Relevant Proceedings.

7. All communications and other documents constituting, reflecting, referring to, or relating to any contract or agreement, oral or written, between Dain and any other party concerning the facts and matters at issue in this case, including without limitation, any loan to the Black family trusts that is at issue in this case and any alleged oral or written common interest agreement to which Dain is a party.

8. All documents constituting, reflecting, referring to, or relating to any contract or agreement, oral or written, between Goodwin and any other party concerning the facts and matters

at issue in this case, including without limitation, any loan to the Black family trusts that is at issue in this case and any alleged oral or written common interest agreement to which Dain is a party.

9. All documents supporting, or tending to support, Dain's claims and/or defenses in this case.

10. All documents supporting, or tending to support, Goodwin's claims and/or defenses in this case.

11. All documents reflecting, referring to, or relating to, any benefit of any kind, financial or otherwise, received by, or which may be received by, Joanne or the Conservatorship Estate as the result of Dain's actions, in any case, proceeding or litigation matter.

12. All documents reflecting, referring to, or relating to, any benefit of any kind, financial or otherwise, received by, or which may be received by, Joanne or the Conservatorship Estate as the result of Goodwin's or Joanne's actions in any case, proceeding or litigation matter.

13. All legal and accounting bills, communications, and other documents reflecting, referring to, or relating to, money paid by, charged to or which may be charged to, or costs imposed against or which may be imposed against, Joanne, the Conservatorship Estate, or the Black family trusts, arising from Dain's actions in any case, proceeding or litigation matter, whether paid or unpaid.

14. All legal and accounting bills, communications, and other documents reflecting, referring to, or relating to, money paid by, charged to or which may be charged to, or costs imposed against or which may be imposed against, Joanne, the Conservatorship Estate, or the Black family trusts, arising from Goodwin's or Joanne's actions in any case, proceeding or litigation matter, whether paid or unpaid.

15. All communications and other documents relating to Goodwin's reporting to the Denver Probate Court on her actions as Conservator.

16. All documents supporting any claim or contention by Dain and/or Goodwin that any assets in the 2013 Trust, SNT or Issue Trust are the property of Joanne, or that Bernard or Kate converted certain of those assets for their own use and benefit.

17. All documents supporting any claim or contention by Dain and/or Goodwin that Bernard has breached his fiduciary duties as trustee of the SNT, Issue Trust and/or 2013 Trust.

18. All documents constituting, reflecting, referring to, or relating to, any communication, written or oral, between Dain and Goodwin concerning this case or the allegations, claims, defenses, subjects and/or matters at issue in this case.

19. All documents constituting, reflecting, referring to, or relating to, any communication, written or oral, between or including Dain and any other person, or between or including Goodwin and any other person, concerning this case or the allegations, claims, defenses, subjects and/or matters at issue in this case, including without limitation (i) any person named in the Common Interest and Joint Defense Agreement dated in or about May 2018, among Dain, Goodwin, Cherie Wrigley, and the other parties named therein ("Joint Defense Agreement"), whether or not those parties or their counsel are signatories to this agreement.

20. All documents constituting, reflecting, referring to, or relating to, any communication, written or oral, between Dain and Melissa Schwartz, or anyone acting or purporting to act on her behalf, concerning this case or the allegations, claims, defenses, subjects and/or matters at issue in this case.

21. All documents constituting, reflecting, referring to, or relating to, any communication, written or oral, between or including Dain or anyone acting on his behalf and

Chase or anyone acting on Chase's behalf concerning this case or the allegations, claims, defenses, subjects and/or matters at issue in this case.

22. All documents constituting, reflecting, referring to, or relating to, any agreement, written or oral, between Dain or Goodwin, on the one hand, and Chase on the other hand, concerning this case or the allegations, claims, defenses, subjects and/or matters at issue in this case.

23. All documents constituting, reflecting, referring to, or relating to, any agreement, written or oral, between or including Dain and Goodwin concerning this case or the allegations, claims, defenses, subjects and/or matters at issue in this case, including but not limited to the Joint Defense Agreement and any engagement agreements between either of them and counsel involving this case or any Related Proceeding.

24. All documents constituting, reflecting, referring to, or relating to, any agreement, written or oral, between Dain and Cherie Wrigley, or anyone acting or purporting to act on her behalf, concerning this case or the allegations, claims, defenses, subjects and/or matters at issue in this case, including but not limited to the Joint Defense Agreement, and any engagement agreements between either of them and counsel involving this case or any Related Proceeding.

25. All documents constituting, reflecting, referring to, or relating to, any legal or professional bills or invoices issued to, or paid by, Dain, Goodwin or Cherie Wrigley from funds or assets of Joanne, the Conservatorship Estate, or any of the Black family trusts.

26. All documents constituting, reflecting, referring to, or relating to, any legal and professional bills or invoices issued to, or paid by, Dain, Goodwin or Cherie Wrigley arising from, or related to, any case, claim, matter, litigation or legal proceeding of any kind between or involving any two or more of the following parties, Dain, Goodwin, Cherie Wrigley, Samuel,

Bernard, Katherine, Olga, the Conservatorship Estate, the Estate of Renata Black, any of the Black family trusts.

## Definitions and Instructions

1.  For purposes of these discovery requests, the term "Bernard" shall mean Bernard and anyone acting or purporting to act on his behalf.

2.  For purposes of these discovery requests, the term "Samuel" shall mean Samuel and anyone acting or purporting to act on his behalf.

3.  For purposes of these discovery requests, the term "Katherine" shall mean Katherine Litvak and anyone acting or purporting to act on her behalf.

4.  For purposes of these discovery requests, the term "Olga" shall mean Olga Dal and anyone acting or purporting to act on her behalf.

5.  For purposes of these discovery requests, the term "Goodwin" shall include intervenor, Jeanette Goodwin, her predecessor as conservator for Joanne, Melissa Schwartz, and anyone acting of purporting to act on behalf of either one of them.

6.  For purposes of these discovery requests, the term "Dain" shall mean Anthony Dain, in his individual capacity and as trustee of the SNT, the Issue Trust and the 2013 Trust, and anyone acting or purporting to act on his behalf.

7.  For purposes of these discovery requests, the term "Conservatorship Estate" means the conservatorship estate for Joan, established in Colorado, for which Intervenor is the current conservator.

8.  For purposes of these discovery requests, the term "Chase" shall mean JP Morgan Chase Bank, N.A., J.P. Morgan Securities, LLC and anyone acting or purporting to act on behalf of either or both of those entities.

9. For purposes of these discovery requests, the term "identify" as used with respect to individuals shall mean and include the individual's name, address or last known address, telephone number or last known telephone number, and email address or last known email address.

10. For purposes of these discovery requests, "document" means any document or thing discoverable under Rule 34 of the Federal Rules of Civil Procedure, including information whether written, recorded, or electronically stored, including images and sound recordings, whether recorded, produced, or reproduced, and stored in any form, regardless of who authored or prepared the documents, or any portions thereof. "Document" includes both records and summaries of records, and includes original versions, drafts, and copies that differ in any respect from the original versions. The term "document" as used herein is intended to encompass all recorded information whatsoever that is responsive to these discovery requests.

11. For purposes of these discovery requests, "communications" means all exchanges of information in any medium whether oral, written, or electronic. Each Request that seeks information relating in any way to communications to, from, or within a business or corporate entity is hereby designed to mean, and shall be construed to include, all communications by and between employees, agents, servants, or anyone else representing or acting on behalf of the business or corporate entity.

12. "Reflecting," "referring to," "relating to," "constituting," "regarding," or "referencing" (whether capitalized or lowercase) means a statement about, referring to, discussing, describing, reflecting, dealing with, evidencing, consisting of, citing, comprising, summarizing, analyzing, recording, or in any other way pertaining to the matter discussed, in whole or in part, and directly or indirectly.

13. Unless otherwise stated, these discovery requests seek information from January 1, 2013 through the present.

14. In these discovery requests, the singular form of a word includes the plural and vice versa; "and" includes "or" and vice versa; all pronouns apply equally to all genders; the word "any" includes the word "all" and vice versa; and the use of any tense of any verb includes within its meaning all other tenses of the verb used.

15. Documents, including Electronically Stored Information, shall be produced in the format in which they were created and are kept in the ordinary course of business.

16. Provide a privilege log listing for each and every document withheld on grounds of privilege a description of the nature of the document and the exact privilege being asserted to justify withholding the document from production.

BERNARD S. BLACK and SAMUEL BLACK, as Trustees of the SNT, 2013 Trust and Issue Trust

By: /s/Brad S. Grayson
One of Their Attorneys

Benjamin N. Feder
Brad S. Grayson
Samantha E. Weissbluth
STRAUSS & MALK LLP
135 Revere Drive
Northbrook, IL 60062
(847) 562-1400 (Tel.)
(847) 562-1499 (Fax)
brayson@straussmalk.com
bfeder@straussmalk.com
sweissbluth@straussmalk.com