IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A. et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 18-cv-03447 |
| v. | ) | |
| | ) | Hon. Andrea R. Wood |
| BERNARD S. BLACK, et al, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS BERNARD S. BLACK AND SAMUEL BLACK'S MOTION FOR RULE TO SHOW CAUSE AGAINST DEFENDANTS ANTHONY DAIN AND JEANETTE GOODWIN

Defendants, Bernard S. Black ("Bernard") and Samuel Black ("Samuel") (collectively, "Movants"), individually and as trustees of certain trusts, by their undersigned attorneys, move this Court for the entry of a Rule to Show Cause as to why Defendants Anthony Dain ("Dain") and Jeanette Goodwin ("Goodwin") should not be held in civil contempt for their failure to produce documents in compliance with this Court's order. In support, Movants state:

1.      On November 20, 2018, Movants served a First Request for Production of Documents to Dain and Goodwin. A copy of that First Request for Production is attached hereto as Exhibit A.

2.      Because the parties then were involved in settlement discussion and considering a settlement conference or private mediation, Movants' counsel, Brad Grayson, advised counsel for Dain and Goodwin, Peter Stasiewicz, that, pending efforts to settle, Movants merely were seeking to have Dain and Goodwin timely produce documents responsive to Request numbers 13 and 14 so that Movants would have information relating to attorneys' fees that were charged to,

or incurred by, the trusts at issue in this case, or other parties to the litigation, prior to any mediation or settlement conference as that would be a key issue in settlement discussions.

3.     Dain and Goodwin subsequently produced a limited number of documents responsive to Request numbers 13 and 14 over time, but they failed to produce all responsive documents.

4.     Consequently, on April 22, 2019, Movants filed a Motion to Compel Production of Documents by Defendants Anthony Dain and Jeanette Goodwin (the "Motion to Compel").

5.     After a hearing on the Motion to Compel, this Court entered an Order on April 30, 2019  requiring Dain and Goodwin to produce all documents responsive to Request numbers 13 and 14.  A copy of this Order is attached hereto as Exhibit B.

6.     Dain and Goodwin did produce supplemental documents (the "Supplemental Production") - though not by the deadline imposed by this Court.[1]

7.     The Supplemental Production is woefully incomplete.  Specifically, it does not include engagement letters and invoices for multiple attorneys who have charged fees to the trusts at issue in this proceeding.  Movants are aware of the involvement of these additional attorneys and some of their charges from other related litigation.  Indeed, Movants' counsel sent an email to Mr. Stasiewicz, the attorney for Dain and Goodwin, requesting such records several months ago and identifying what records are missing from Dain's and Goodwin's production. (*See* email dated March 19, 2019, a copy of which is attached hereto as Exhibit C).

8.     Mr. Grayson has requested on multiple occasions, both in person at the status hearing in this case on June 12, 2019 and in emails, that Mr. Stasiewicz have his clients, Goodwin and Dain, produce the missing documents, but they have refused to do so.

---

[1] Dain and Goodwin produced three sets of supplemental documents.  One set was produced on May 14, 2019 in accordance with this Court's Order.  The other two sets were produced on May 15 and May 16, 2019.

9.      A court has inherent powers to enforce its orders by way of contempt. *Shilitani v. United States*, 384 U.S. 364, 370 (1966); *Buffington v. United States*, 2016 WL 316880 (N.D. Ill. 2016). Contempt sanctions can be coercive, inducing a party's future compliance with a court order, or remedial, compensating an injured party for past non-compliance. *Bailey v. Roob*, 575 F.3d 930, 933 (7th Cir. 2009). A court may find a litigant in civil contempt if he or she has not been "reasonably diligent and energetic in attempting to accomplish what was ordered." *American Fletcher Mortg. Co. v. Bass*, 688 F.2d 513, 517 (7th Cir. 1982).

10.     Because Dain and Goodwin have failed to comply with this Court's April 30, 2019 Order and provide a complete set of discovery responses, Movants respectfully request that a Rule to Show Cause issue as to why Dain and Goodwin should not be held in civil contempt of court.

WHEREFORE, Movants respectfully request that this Court rule as follows:

A. That a rule to show cause issue, returnable *instanter*, and that Dain and Goodwin be ordered to appear and show cause as to why they should not be held in civil contempt of court;

B. That Dain and Goodwin be ordered by a date certain to produce to Movants all documents encompassed by this Court's April 30, 2019 Order;

C. That this matter be set for hearing on the penalties to be assessed against Dain and Goodwin for their contempt;

D. That Movants be awarded their attorneys' fees incurred as a result of Dain and Goodwin's act of contempt;

E. That Dain and Goodwin be barred from paying fees and costs associated with discovery in these proceedings from any of the trusts at issue; and,

F.  For any other and further relief as equity and justice require.

Respectfully submitted,

BERNARD S. BLACK, individually and as Trustee of the 2013 Trust, the SNT and the Issue Trust, and SAMUEL BLACK, as Trustee of the 2013 Trust, the SNT and the Issue Trust

By: /s/Brad S. Grayson
      One of Their Attorneys

Benjamin N. Feder (ARDC# 6277452)
Brad S. Grayson (ARDC# 6196336)
Samantha E. Weissbluth (ARDC# 6244095)
Strauss Malk & Feder LLP
135 Revere Drive
Northbrook, IL 60062
(847) 562-1400 (Tel.)
(847) 562-1422 (Fax)
bfeder@straussmalk.com
bgrayson@straussmalk.com

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, and J.P. MORGAN SECURITIES LLC | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 18-cv-03447 |
| v. | ) ) ) | |
| BERNARD S. BLACK, individually and as trustee, SAMUEL BLACK, individually and as trustee, ANTHONY DAIN, individually and as trustee, KATHERINE LITVAK, OLGA DAL, and JEANNETTE GOODWIN, as court appointed Conservator, and JOANNE BLACK, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## BERNARD S. BLACK AND SAMUEL BLACK'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO ANTHONY DAIN AND JEANETTE GOODWIN

Bernard S. Black ("Bernard") and Samuel Black ("Samuel"), individually and as trustees, through their undersigned counsel, request that Anthony Dain ("Dain") and Jeanette Goodwin ("Goodwin"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, produce the following documents to Bernard and Samuel's counsel within 30 days:

1. All documents Dain or Goodwin expects or intends to use at any trial or evidentiary hearing in this case.

2. All documents showing, or tending to show that Joanne has an interest of any kind in the Issue Trust.

3. All documents reflecting, referring to, or relating to the facts and matters at issue in this case, including any and all documents that support, refute, or that may tend to support or refute, any of the allegations, claims and defenses at issue in this case.

{5094/00005/00583890.DOCX/2 }

4. All documents constituting, reflecting, referring to, or relating to any and all communications, whether oral or in writing, between Dain or anyone acting on Dain's behalf, and any other party or anyone acting on that party's behalf, concerning the facts and matters at issue in this case.

5. All documents constituting, reflecting, referring to, or relating to any and all communications, whether oral or in writing, between Goodwin or anyone acting on Goodwin's behalf, and any other party or anyone acting on that party's behalf, concerning the facts and matters at issue in this case, including without limitation, facts and matters relevant to any lawsuit, case, action or legal proceeding of any kind, including any arbitration proceeding, which involved or involves any of the parties to this case and in which the Issue Trust or SNT is at issue in, or the subject of, any aspect of such lawsuit, case, action or legal proceeding (the "Relevant Proceedings").

6. All documents constituting, reflecting, referring to, or relating to any and all communications, whether oral or in writing, between Dain or anyone acting on Dain's behalf, and any other party or anyone acting on that party's behalf, concerning the facts and matters at issue in this case, including without limitation, the Relevant Proceedings.

7. All communications and other documents constituting, reflecting, referring to, or relating to any contract or agreement, oral or written, between Dain and any other party concerning the facts and matters at issue in this case, including without limitation, any loan to the Black family trusts that is at issue in this case and any alleged oral or written common interest agreement to which Dain is a party.

8. All documents constituting, reflecting, referring to, or relating to any contract or agreement, oral or written, between Goodwin and any other party concerning the facts and matters

at issue in this case, including without limitation, any loan to the Black family trusts that is at issue in this case and any alleged oral or written common interest agreement to which Dain is a party.

9.      All documents supporting, or tending to support, Dain's claims and/or defenses in this case.

10.      All documents supporting, or tending to support, Goodwin's claims and/or defenses in this case.

11.      All documents reflecting, referring to, or relating to, any benefit of any kind, financial or otherwise, received by, or which may be received by, Joanne or the Conservatorship Estate as the result of Dain's actions, in any case, proceeding or litigation matter.

12.      All documents reflecting, referring to, or relating to, any benefit of any kind, financial or otherwise, received by, or which may be received by, Joanne or the Conservatorship Estate as the result of Goodwin's or Joanne's actions in any case, proceeding or litigation matter.

13.      All legal and accounting bills, communications, and other documents reflecting, referring to, or relating to, money paid by, charged to or which may be charged to, or costs imposed against or which may be imposed against, Joanne, the Conservatorship Estate, or the Black family trusts, arising from Dain's actions in any case, proceeding or litigation matter, whether paid or unpaid.

14.      All legal and accounting bills, communications, and other documents reflecting, referring to, or relating to, money paid by, charged to or which may be charged to, or costs imposed against or which may be imposed against, Joanne, the Conservatorship Estate, or the Black family trusts, arising from Goodwin's or Joanne's actions in any case, proceeding or litigation matter, whether paid or unpaid.

15.     All communications and other documents relating to Goodwin's reporting to the Denver Probate Court on her actions as Conservator.

16.     All documents supporting any claim or contention by Dain and/or Goodwin that any assets in the 2013 Trust, SNT or Issue Trust are the property of Joanne, or that Bernard or Kate converted certain of those assets for their own use and benefit.

17.     All documents supporting any claim or contention by Dain and/or Goodwin that Bernard has breached his fiduciary duties as trustee of the SNT, Issue Trust and/or 2013 Trust.

18.     All documents constituting, reflecting, referring to, or relating to, any communication, written or oral, between Dain and Goodwin concerning this case or the allegations, claims, defenses, subjects and/or matters at issue in this case.

19.     All documents constituting, reflecting, referring to, or relating to, any communication, written or oral, between or including Dain and any other person, or between or including Goodwin and any other person, concerning this case or the allegations, claims, defenses, subjects and/or matters at issue in this case, including without limitation (i) any person named in the Common Interest and Joint Defense Agreement dated in or about May 2018, among Dain, Goodwin, Cherie Wrigley, and the other parties named therein ("Joint Defense Agreement"), whether or not those parties or their counsel are signatories to this agreement.

20.     All documents constituting, reflecting, referring to, or relating to, any communication, written or oral, between Dain and Melissa Schwartz, or anyone acting or purporting to act on her behalf, concerning this case or the allegations, claims, defenses, subjects and/or matters at issue in this case.

21.     All documents constituting, reflecting, referring to, or relating to, any communication, written or oral, between or including Dain or anyone acting on his behalf and

Chase or anyone acting on Chase's behalf concerning this case or the allegations, claims, defenses, subjects and/or matters at issue in this case.

22.     All documents constituting, reflecting, referring to, or relating to, any agreement, written or oral, between Dain or Goodwin, on the one hand, and Chase on the other hand, concerning this case or the allegations, claims, defenses, subjects and/or matters at issue in this case.

23.     All documents constituting, reflecting, referring to, or relating to, any agreement, written or oral, between or including Dain and Goodwin concerning this case or the allegations, claims, defenses, subjects and/or matters at issue in this case, including but not limited to the Joint Defense Agreement and any engagement agreements between either of them and counsel involving this case or any Related Proceeding.

24.     All documents constituting, reflecting, referring to, or relating to, any agreement, written or oral, between Dain and Cherie Wrigley, or anyone acting or purporting to act on her behalf, concerning this case or the allegations, claims, defenses, subjects and/or matters at issue in this case, including but not limited to the Joint Defense Agreement, and any engagement agreements between either of them and counsel involving this case or any Related Proceeding.

25.     All documents constituting, reflecting, referring to, or relating to, any legal or professional bills or invoices issued to, or paid by, Dain, Goodwin or Cherie Wrigley from funds or assets of Joanne, the Conservatorship Estate, or any of the Black family trusts.

26.     All documents constituting, reflecting, referring to, or relating to, any legal and professional bills or invoices issued to, or paid by, Dain, Goodwin or Cherie Wrigley arising from, or related to, any case, claim, matter, litigation or legal proceeding of any kind between or involving any two or more of the following parties, Dain, Goodwin, Cherie Wrigley, Samuel,

Bernard, Katherine, Olga, the Conservatorship Estate, the Estate of Renata Black, any of the Black family trusts.

## Definitions and Instructions

1.      For purposes of these discovery requests, the term "Bernard" shall mean Bernard and anyone acting or purporting to act on his behalf.

2.      For purposes of these discovery requests, the term "Samuel" shall mean Samuel and anyone acting or purporting to act on his behalf.

3.      For purposes of these discovery requests, the term "Katherine" shall mean Katherine Litvak and anyone acting or purporting to act on her behalf.

4.      For purposes of these discovery requests, the term "Olga" shall mean Olga Dal and anyone acting or purporting to act on her behalf.

5.      For purposes of these discovery requests, the term "Goodwin" shall include intervenor, Jeanette Goodwin, her predecessor as conservator for Joanne, Melissa Schwartz, and anyone acting of purporting to act on behalf of either one of them.

6.      For purposes of these discovery requests, the term "Dain" shall mean Anthony Dain, in his individual capacity and as trustee of the SNT, the Issue Trust and the 2013 Trust, and anyone acting or purporting to act on his behalf.

7.      For purposes of these discovery requests, the term "Conservatorship Estate" means the conservatorship estate for Joan, established in Colorado, for which Intervenor is the current conservator.

8.      For purposes of these discovery requests, the term "Chase" shall mean JP Morgan Chase Bank, N.A., J.P. Morgan Securities, LLC and anyone acting or purporting to act on behalf of either or both of those entities.

9.      For purposes of these discovery requests, the term "identify" as used with respect to individuals shall mean and include the individual's name, address or last known address, telephone number or last known telephone number, and email address or last known email address.

10.      For purposes of these discovery requests, "document" means any document or thing discoverable under Rule 34 of the Federal Rules of Civil Procedure, including information whether written, recorded, or electronically stored, including images and sound recordings, whether recorded, produced, or reproduced, and stored in any form, regardless of who authored or prepared the documents, or any portions thereof.  "Document" includes both records and summaries of records, and includes original versions, drafts, and copies that differ in any respect from the original versions.  The term "document" as used herein is intended to encompass all recorded information whatsoever that is responsive to these discovery requests.

11.      For purposes of these discovery requests, "communications" means all exchanges of information in any medium whether oral, written, or electronic.  Each Request that seeks information relating in any way to communications to, from, or within a business or corporate entity is hereby designed to mean, and shall be construed to include, all communications by and between employees, agents, servants, or anyone else representing or acting on behalf of the business or corporate entity.

12.      "Reflecting," "referring to," "relating to," "constituting," "regarding," or "referencing" (whether capitalized or lowercase) means a statement about, referring to, discussing, describing, reflecting, dealing with, evidencing, consisting of, citing, comprising, summarizing, analyzing, recording, or in any other way pertaining to the matter discussed, in whole or in part, and directly or indirectly.

13.     Unless otherwise stated, these discovery requests seek information from January 1, 2013 through the present.

14.     In these discovery requests, the singular form of a word includes the plural and vice versa; "and" includes "or" and vice versa; all pronouns apply equally to all genders; the word "any" includes the word "all" and vice versa; and the use of any tense of any verb includes within its meaning all other tenses of the verb used.

15.     Documents, including Electronically Stored Information, shall be produced in the format in which they were created and are kept in the ordinary course of business.

16.     Provide a privilege log listing for each and every document withheld on grounds of privilege a description of the nature of the document and the exact privilege being asserted to justify withholding the document from production.

BERNARD S. BLACK and SAMUEL BLACK, as
Trustees of the SNT, 2013 Trust and Issue Trust


By:  /s/Brad S. Grayson
     One of Their Attorneys

Benjamin N. Feder
Brad S. Grayson
Samantha E. Weissbluth
STRAUSS & MALK LLP
135 Revere Drive
Northbrook, IL 60062
(847) 562-1400 (Tel.)
(847) 562-1499 (Fax)
brayson@straussmalk.com
bfeder@straussmalk.com
sweissbluth@straussmalk.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, and J.P. MORGAN SECURITIES LLC | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 18-cv-03447 |
| v. | ) ) ) | |
| BERNARD S. BLACK, individually and as trustee, SAMUEL BLACK, individually and as trustee, ANTHONY DAIN, individually and as trustee, KATHERINE LITVAK, OLGA DAL, and JEANNETTE GOODWIN, as court appointed Conservator, and JOANNE BLACK, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2018, I electronically filed the foregoing Certificate of Service pertaining to Bernard S. Black and Samuel Black's First Request for Production of Documents to Anthony Dain and Jeanette Goodwin the Clerk of Court using the CM/ECF system. A copy of said Request was served via email on all counsel of record and identified in the Service List attached hereto.

> BERNARD S. BLACK and
> SAMUEL BLACK
>
> By: /s/Brad S. Grayson
>   One of Their Attorneys

Benjamin N. Feder (ARDC# 6277452)
Brad S. Grayson (ARDC# 6196336)
Samantha E. Weissbluth (ARDC# 6244095)
STRAUSS & MALK LLP
135 Revere Drive
Northbrook, IL 60062
(847) 562-1400 (Tel.)
(847) 562-1422 (Fax)
bfeder@straussmalk.com
bgrayson@straussmalk.com

{5094/00005/00586113.DOCX/ }

## SERVICE LIST

Kenneth Berg
Ulmer & Berne LLP
500 W. Madison St., Suite 3600
Chicago, IL 60661
kberg@ulmer.com

Peter Stasiewicz
Arcturus Law Firm
211 W. Wacker, Suite 318
Chicago, IL 60606
pete.stasiewicz@arcturuslaw.com

Michael Ungar
Ulmer & Berne LLP
1660 W. 2nd Street, Suite 1100
Cleveland, OH 44113
mungar@ulmer.com

Eugene Murphy
David Hyde
Murphy Law Group, LLC
161 N. Clark Street, Suite 2550
Chicago, IL 60601
gmurphy@murphylitigation.com
dhyde@murphylitigation.com

Benjamin N. Feder (ARDC# 6277452)
Brad S. Grayson (ARDC# 6196336)
Samantha E. Weissbluth (ARDC# 6244095)
STRAUSS & MALK LLP
135 Revere Drive
Northbrook, IL 60062
(847) 562-1400 (Tel.)
(847) 562-1422 (Fax)
bfeder@straussmalk.com
bgrayson@straussmalk.com

# EXHIBIT B

Case: 1:18-cv-03447 Document #: 63 Filed: 04/30/19 Page 1 of 1 PageID #:736

## UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.2.2
### Eastern Division


J.P. Morgan Securities LLC, et al.

Plaintiff,

v.

Case No.: 1:18−cv−03447<br>Honorable Andrea R. Wood

Bernard S. Black, et al.

Defendant.

---

## NOTIFICATION OF DOCKET ENTRY


This docket entry was made by the Clerk on Tuesday, April 30, 2019:


      MINUTE entry before the Honorable Andrea R. Wood: Motion hearing held. Pursuant to the discussion held in open court and for the reasons stated on the record, Defendants' motion to compel [61] is granted. Defendant Dain and Defendant Goodwin shall produce the documents discussed on the record by 5/14/2019. Status hearing set for 6/12/2019 [60] remains firm. Mailed notice(ef, )


**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

# EXHIBIT C

## Brad S. Grayson

**From:** Brad S. Grayson
**Sent:** Tuesday, March 19, 2019 10:13 AM
**To:** 'Pete Stasiewicz'
**Subject:** RE: Invoices

Peter,

One more thing concerning the legal invoices:  We are not merely seeking invoices issued to Anthony Dain.  We need any invoices that either of your clients have concerning charges to the SNT or the Conservatorship Estate, so those may involve invoices from the following lawyers or law firms:

Goldfarb Abrandt Salzman and Kutzin
Holland and Hart
Gayle Young
Lisa DiPonio
Pamela Kerr
Weltman Weinberg (replaced by Gould and Ratner)

To the extent that those lawyers issued invoices that were paid by, or to be paid by, the SNT or the Conservatorship Estate, we would assume that one of either Anthony Dain or Jeanette Goodwin (or both) should have them.  And they were the subject of our requests.

Thanks

Brad S. Grayson
Strauss Malk & Feder LLP
135 Revere Drive
Northbrook, Illinois  60062
(847) 562-1400 (telephone)
(847) 770-6970 (facsimile)


-----Original Message-----
From: Pete Stasiewicz [mailto:pete.stasiewicz@arcturuslaw.com]
Sent: Tuesday, March 19, 2019 8:55 AM
To: Brad S. Grayson
Subject: Invoices

Brad,

Wanted to touch base to see if you had looked at the invoices produced so far and had objections to the redaction on those before I redact all these Colorado invoices. I'll be in court this morning but can discuss this afternoon if your available.

Sent from my iPhone

1