IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, and J.P. MORGAN SECURITIES LLC | ) ) ) |
| Plaintiffs, | ) ) Case No. 18-cv-03447 |
| v. | ) ) ) |
| BERNARD S. BLACK, individually and as trustee, SAMUEL BLACK, individually and as trustee, ANTHONY DAIN, individually and as trustee, KATHERINE LITVAK, OLGA DAL, and JEANNETTE GOODWIN, as court appointed Conservator, and JOANNE BLACK, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS ANTHONY DAIN AND JEANETTE GOODWIN'S
RESPONSE TO BERNARD S. BLACK'S AND SAMUEL BLACK'S
MOTION FOR RULE TO SHOW CAUSE**

Defendants Bernard Black and Samuel Black's (together, "Movants") Motion for Rule to Show Cause should be denied because Defendants Anthony Dain ("Dain") and Jeanette Goodwin ("Goodwin", together, "Respondents") have in good faith searched for and produced all documents within their possession relating to the relevant discovery requests, and subsequent to this Court's order of June 12, 2019 reached out to third-parties for documents not necessarily in Respondents' control.

As Movants note, the documents at issue on this Motion are engagement letters and bills, in Movants' Requests for Production Number 13 and 14. Prior to the private mediation in this matter, Respondents provided attorney bills in their possession which related to those actions contemplated by the Interpleader complaint. Respondents however took the position that the engagement letters were not relevant to the issue of the amount of attorneys' fees incurred on behalf of the trusts or Joanne's estate. Movants moved to compel production of those letters, and this Court agreed that the engagement letters should be produced in redacted form. Respondents complied by producing

engagement letters within their possession by May 16, 2019. At that time, Respondents believed they had produced all responsive documents within their possession or control.

Following the filing of the instant Motion, Respondents took additional measures to locate responsive documents.

By way of background, the requests at issue here seek, in essence invoices and engagement letters related to "arising from" the actions of Dain, Goodwin, *or Joanne Black*. While Goodwin acts on behalf of Joanne as her court-appointed successor conservator, to the extent Joanne has taken any actions outside those that Goodwin has taken on her behalf, any bills related to such actions would not be in the possession of Respondents.

Most of the parties referred to in Mr. Grayson's email (Mot., Ex. C), are either court-appointed, or were engaged by court-appointed personnel, for Joanne's benefit. Those parties are:

- Gayle Young: Denver Probate Court appointed guardian *ad litem* for Joanne in Colorado.
- Lisa DiPonio: Denver Probate Court appointed attorney for Joanne Black in Colorado.
- Goldfarb Abrandt Salzman and Kutzin ("Goldfarb"): attorneys retained by Joanne Black in New York.[1]
- Holland and Hart: Denver appellate law firm hired by Lisa DiPonio on behalf of Joanne.
- Pamela Kerr: forensic accountant retained by court-appointed guardian *ad litem* Gayle Young in the Colorado conservatorship action.
- Weltman Weinberg (replaced by Gould and Ratner): Illinois law firm hired by Melissa Schwartz, who was a court-appointed conservator for Joanne prior to Goodwin. (*See* Ex. A, Dain Dec. ¶¶ 4-10; Ex. B, Goodwin Decl., ¶¶ 4-10)

Although not on the list in Mr. Grayson's email, Motschenbacher and Blattner is also a law firm retained by Melissa Schwartz.

Following the filing of the Motion, Respondents reached out to the various attorneys listed

---

[1] Though Anthony Dain as Trustee for the Supplemental Needs Trust paid the initial retainer for the benefit of Joanne Black, Goldfarb represented only Joanne Black and its invoices were addressed to Joanne Black, c/o her Denver Probate Court appointed counsel, Lisa DiPonio.

above and requested any responsive documents that those entities were willing to produce. Mr. Dain requested all bills from Goldfarb to ensure all were produced; Ms. Goodwin requested bills from Holland & Hart, Kerr, and DiPonio. (Dain Decl. ¶ 2, Goodwin Dec. ¶ 2) Additionally, Mr. Dain asked his employer to search its email archives for any further documents that might be responsive – several draft engagement letters were found and produced in this matter as well. (Dain Decl. ¶ 2). Respondents took these steps even though they were not necessarily in attorney-client relationships with some of these entities. For example, the (produced) retention letter of Holland & Hart is addressed to Joanne, not either of the Respondents, and states in pertinent part: "We have provided a copy of this engagement letter to your conservator, Melissa Schwartz. Although Ms. Schwartz is signing on your behalf, we represent you only and not Ms. Schwartz as your conservator."[2]

These actions by Respondents are sufficient to fulfill their obligations under Rule 34. *See Breuder v. Bd. of Trustees of Cmty. Coll. Dist. No. 502, DuPage Cty., Ill*, No. 15-cv-9323, 2019 WL 3386966, *4 (N.D. Ill., July 26, 2019); (party does not have "control" over files of its own law firms in general, and requests of law firms were sufficient to fulfill obligations under Fed. R. Civ. P. 34); *Chaveriat v. Williams Pipe Line Co.*,11 F.3d 1420 (7th Cir. 1993)(fact that party could obtain document if it tried hard enough does not mean that document is in its "possession, custody or control" within meaning of Rule of Civil Procedure on production of documents.) Here, Respondents made similar requests as did the producing party in *Breuder* even though for many of the documents, Respondents in this case were not the actual clients of the law firms of whom the requests were in essence being made.

In short, Respondents had produced all the bills and engagement letters in their possession at

---

[2] These parties do have a common interest agreement. The agreement protects voluntary sharing of attorney-client protected documents and information. It does not, however, operate to imbue each party with control or possession over other parties' privileged information. Thus, Respondents can only make reasonable requests for documents controlled or possessed by these parties, and if the requests are granted, honor any request for redaction or limitation.

the time Bernard and Samuel Black filed their Motion, have taken reasonable measures to obtain any other responsive documents, and have now produced over 500 pages of engagement letters and bills[3].

| Date of production | Start Bates | End Bates | Pages |
|---|---|---|---|
| Mar. 15, 2019, 5:15pm | D/G INT 000001 | D/G INT 000095 | 95 |
| Apr. 4, 2019, 8:25 pm | D/G INT 000096 | D/G INT 000129 | 34 |
| May 15, 2019, 1:27 a.m. | D/G INT 000130 | D/G INT 000166 | 37 |
| May 16, 2019, 3:08 pm | D/G INT 000167 | D/G INT 000270 | 104 |
| Aug. 2, 2019, 12:25 am | D/G INT 000271 | D/G INT 000489 | 219 |
| Aug. 6, 2019, 11:36 pm | D/G INT 000490 | D/G INT 000522 | 32 |

However, to the extent Movants believe any other responsive documents may exist, Respondents are happy to meet and confer and promptly assist with any further searches or requests that are reasonably within their control to assure that the requests are completely fulfilled.

## **CONCLUSION**

For the foregoing reasons, Defendants Anthony Dain and Jeanette Goodwin respectfully request that Defendants Bernard S. Black and Samuel Black's Motion for Rule to Show Cause be denied in its entirety.

Dated: August 16, 2019

ANTHONY DAIN, individually and as trustee, and JEANETTE GOODWIN as court-appointed Conservator for Joanne Black.

By: /s/Peter Stasiewicz
One of Their Attorneys

Peter Stasiewicz (ARDC # 6290832)
ARCTURUS LAW FIRM
211 West Wacker Drive Suite 323
Chicago, IL 60606
(312) 957-6194 (tel)
(312) 489-8307 (fax)
pete@arcturuslaw.com

---

[3] While it is not germane to the instant motion, Respondents note that Respondents served similar requests on Movants for *their* attorney bills and engagement letters on May 6, 2019, and have received no responsive documents in return.

## CERTIFICATE OF SERVICE

      I, Peter Stasiewicz, an attorney, hereby certify that on August 16, 2019, I served the foregoing Defendants Anthony Dain and Jeanette Goodwin's Response to Motion for Rule to Show Cause with the Clerk of the Northern District of Illinois, Eastern Division by electronic filing.

Michael N. Ungar
ULMER & BERNE LLP
1660 W. 2nd Street
Suite 1100
Cleveland, OH 44113
mungar@ulmer.com

Kenneth F. Berg
ULMER & BERNE LLP
500 W. Madison St.
Suite 3600
Chicago, IL 60661-4587
kberg@ulmer.com

Benjamin N. Feder
Brad S. Grayson
STRAUSS & MALK LLP
135 Revere Drive
Northbrook, IL 60062
bfeder@straussmalk.com
bgrayson@straussmalk.com

Eugene E. Murphy, Jr.
David F. Hyde
MURPHY LAW GROUP, LLC
161 N. Clark Street, Suite 2550
Chicago, IL 60601
dhyde@murphylitigation.com
gmurphy@murphylitigation.com

                                            By: /s/ Peter Stasiewicz