**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A. et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 18-cv-03447 |
| v. | ) | |
| | ) | Hon. Andrea R. Wood |
| BERNARD S. BLACK, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS AND COUNTER-PLAINTIFFS BERNARD S. BLACK
AND SAMUEL BLACK'S MOTION FOR PRELIMINARY INJUNCTION**

Defendants and Counter-Plaintiffs, Bernard S. Black ("Bernard") and Samuel Black ("Samuel"), individually and as trustees of certain trusts, by their undersigned attorneys, move this Court for the entry of a preliminary injunction against defendants Anthony Dain ("Dain"), Jeanette Goodwin ("Goodwin"), and Joanne Black ("Joanne"), directing Joanne to withdraw her contempt motion against Bernard in the Denver Probate Court in Colorado, and enjoining Dain, Goodwin and Joanne from taking or supporting actions or litigation activity in other forums to seek a turnover of the funds that are the subject of this interpleader action, including actions or litigation activity in other forums to punish, or seek to hold in contempt, Bernard or Samuel for not turning over such funds while this case remains pending. In support, Bernard and Samuel state:

1.      On May 15, 2018, JP Morgan Chase Bank, National Association and J.P. Morgan Securities, LLC (collectively, "Chase") commenced these proceedings by filing a Complaint for Interpleader and Declaratory Relief. The "property" that is the subject of this interpleader action is the approximately $4 million held in bank and brokerage accounts at Chase for two trusts that Renata Black created prior to her death. One of those trusts, which the parties refer to by shorthand as the "Issue Trust", is for the benefit of Bernard and his children. The second trust, often referred

to by the parties as the "SNT", is a supplemental needs trust that was established for the benefit of Joanne during her lifetime. Then, upon Joanne's death, the assets of the SNT are directed to the Issue Trust for the benefit of Bernard and his children.

2.      As set out in the Complaint, the funds in the Issue Trust and SNT accounts at Chase are the subject of litigation in many forums around the country, including in two federal court cases in New York, multiple state court cases in Illinois, a case pending in the Denver Probate Court in Colorado, estate litigation in New York, and a Financial Industry Regulatory Authority (FINRA) arbitration between some of the parties.

3.      Chase filed this interpleader action because it was subject to contradictory court orders and an arbitration award in multiple forums, as well as future potentially contradictory orders, concerning the disposition of the funds held in the subject trust accounts. In its prayer for relief, therefore, Chase requested that this Court "[r]estrain Defendants from instituting or prosecuting any proceeding in any State or United States court, or other forum, affecting the Property involved in this interpleader action until further order of Court." (Complaint at p. 19).

4.      Although this Court initially ordered Chase to post a surety bond in lieu of depositing the assets in the trust accounts into this Court's registry, this Court later waived renewal of that surety bond on Chase's motion, subject to the expressed condition that: "[Chase] shall not allow any withdrawals of the interpleader assets from the accounts or execute any instructions with respect to the interpleader assets, without prior approval from the Court. Such approval shall be sought by written motion with due notice provided to all Defendants." (Minute Entry dated May 15, 2019).

5.      This Court then, after discussion with and between the parties in open court at a subsequent hearing, supplemented that order "to preclude any party from seeking to enforce any

court order requiring, or otherwise seek to effectuate, any turnover or withdrawal of the interpleader assets from the accounts held by [Chase] without first filing a motion with this Court seeking approval for such withdrawal." (Minute Entry dated June 12, 2019).

6. The parties to this case include Katherine Litvak ("Litvak") and Olga Dal ("Dal"), who are judgment creditors of the two trusts. Since the inception of this case, they have not taken any actions to seek to enforce their judgments against the funds in the trust accounts held by Chase, and have confirmed to Bernard and Samuel that they intend to comply with this court's primacy and its orders of May 19 and June 12, 2019 and not take any actions with respect to the trust account funds while this case remains pending.

7. The remaining defendants – Dain, Goodwin and Joanne - have ignored this Court's orders and have each taken or supported action in the Denver Probate Court seeking to hold Bernard in contempt for not turning over the trust assets to that Court. More specifically, on April 27, 2018, the Denver Probate Court had ordered that the trust assets at issue in this proceeding "shall be *immediately* returned and placed into the Registry of the Denver Probate Court pending further proceedings regarding disposition of said funds." (Complaint, Exhibit 1, emphasis added). This was one of the competing claims to the trust account assets that led to the filing of this interpleader case.

8. Notably, Bernard and Samuel have appealed the Denver Probate Court's order to the Colorado Court of Appeals. The bases for the appeal include lack of subject matter and personal jurisdiction. The Colorado Court of Appeals has already vacated and remanded a prior order of the Denver Probate Court for failure to make jurisdictional findings. Bernard and Samuel believe that the April 27, 2018 order will be reversed as well. Their appeal has been fully briefed, and oral argument is expected in the first half of 2020, although no date has yet been set.

9.     In the meantime, prior the filing of this case, Litvak and Dal, as judgment creditors, had served Chase with citations to discover assets in two Circuit Court of Cook County, Illinois cases.  Those citations contain injunctive prohibitions against any transfer of those funds. Consequently, Chase cannot transfer funds in violation of those citations.

10.     Moreover, a freeze on the vast majority of the trust assets at issue in this proceeding was imposed by a March 23, 2018 award in a FINRA arbitration proceeding that involved some of the parties to this case.  Bernard and Samuel had sought to allow time for their challenge to the actions of the Denver Probate Court, including their challenges to the Denver Probate Court's jurisdiction.  The FINRA order applies until "final order of pending litigation in the Colorado Courts." (FINRA order ¶5, a copy of which is attached as Exhibit A).

11.     The funds in the trust accounts that are the subject of this interpleader action also are the subject of other litigation around the country which potentially could lead to further inconsistent orders with respect to the disposition of the trust assets held in the Chase accounts.

12.     On May 10, 2019, however, despite the pendency of this action, the effect of the Citations to Discover Assets in the Illinois state court proceedings and the FINRA arbitration award referenced above, each of which effectively has frozen the assets in the Chase trust accounts, Joanne's Colorado counsel filed a Motion and Affidavit for Citation for Contempt of Court (the "Contempt Motion", a copy of which is attached hereto as Exhibit B) against Bernard in the Denver Probate Court, seeking to hold Bernard in contempt for "willfully, intentionally, and in bad faith violat[ing] th[at] Court's April 27, 2018 Order by refusing to return, or even make any effort to return, the funds …." (Contempt Motion at ¶2).

13.     The Contempt Motion further states, "[a]s to the accounts on which [Bernard] is a holder and a signor, he has the immediate ability to effect transfer to the Court's Registry, directly

and/or through cooperation with other account holders, such as his son Samuel Black and Trustee Anthony Dain." (*Id.* at ¶3). That, however, was not true.[1]

14.     Dain and Goodwin have supported the Contempt Motion. Movants are informed and believe that Joanne's counsel in Colorado is accepting advice from them and that Dain and Goodwin have supported her efforts in seeking to have the Denver Probate Court hold Bernard in contempt for not transferring the trust account funds held at Chase to the Denver Probate Court registry.

15.     Joanne, through counsel, as advised by Dain and Goodwin, renewed the Contempt Motion on July 23, 2019, without informing the Denver Probate Court of this Court's May 15, 2019 and June 12, 2019 orders.

16.     The renewed Contempt Motion is in direct violation of this Court's orders. Yet, at a mediation conference held on May 21, 2019, Goodwin stated to Bernard that he would be served with the contempt citation if he appeared at the mediation in person. Dain then caused Bernard to be served with the renewed Contempt Citation on August 7, 2019, following a deposition at a location in New York City known to Dain, but not known to any other party to this case. The renewed Contempt Motion is now set to be presented to the Denver Probate Court on October 3, 2019. (A copy of that contempt citation is attached hereto as Exhibit C.)

17.     Bernard cannot comply, and has not been able to comply at all relevant times, with the Denver Probate Court's April 27, 2018 Order because of the restrictions against transfer of the funds imposed in this case, by the aforementioned March 23, 2018 FINRA arbitration award, and

---

[1] Indeed, the Denver Probate Court has entered orders to the effect that only Dain may act for the SNT, not Bernard or Samuel. Thus, Dain, not Bernard, is the one who, under the Denver Probate Court orders, would have to cause a transfer of any funds held in SNT accounts to the Denver Probate Court registry.

because of the injunctive prohibitions of pending Citations to Discover Assets served on Chase in two Illinois state court proceedings. (See Complaint at ¶¶10-11).

18.     However, all of those orders, awards and processes, including the orders entered by this Court, have not stopped Joanne from continuing to seek to hold Bernard in contempt in the Denver Probate Court for not turning over the funds held by Chase that are the subject of this interpleader action. Indeed, in August, 2019,

19.     While Joanne has not appeared in this action, she is a defendant and was served with process by Chase. (See Affidavit of Service attached as Exhibit D hereto.) More recently, Joanne was served with a copy of Bernard and Samuel's counterclaim in this action, as well as with this Court's May 15, 2019 and June 12, 2019 orders. (See Affidavit of Service attached as Exhibit E hereto.) Therefore, Joanne has been joined to these proceedings as a party, has been served with process in this case, and has been served with the relevant orders entered by this Court which both restrict the transfer of the trust assets held by Chase and restrict the parties from taking actions seeking to transfer or otherwise dispose of those assets.

20.     28 U.S.C.A. §2361 grants this Court the ability to "enter its order restraining [all claimants to these proceedings] from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court." *See also, Executive Risk Indem. Inc. v. Speltz & Weis, LLC*, 2009 WL 3380972 (N.D. Ill.); *Construction Industry Retirement Fund of Rockford v. Kasper Trucking, Inc.*, 1991 WL 544259 (N.D. Ill.).

21.     The policy rationale behind §2361 is to recognize a federal court's power to enter an order whenever there are pending or threatened court proceedings that will destroy the effectiveness of the interpleader suit or the enforceability of the interpleader judgment. Section

2361 reduces the possibility of inconsistent determinations or the inequitable distribution of the fund. *New York Life Ins. Co. v. Apostolidis*, 841 F.Supp.2d 711 (E.D.N.Y. 2012); *U.S. v. Major Oil Corp.*, 583 F.2d 1152 (10th Cir. 1978); 4 Moore's Federal Practice, § 22.04[5][a] (Matthew Bender 3d Ed.) ("The utility of interpleader as a device for efficient, consistent resolution of a multi-sided dispute would be threatened if several courts could litigate the issues underlying the interpleader case simultaneously. Absent self-restraint of the parties, the only way to ensure that there will not be overlapping litigation is to have the interpleader court issue an injunction against other proceedings. In response, Congress empowered courts hearing statutory interpleader cases to enjoin other proceedings—in state courts or federal district courts—relating to the stake.")

22.     An injunction is necessary in this case because Joanne, Dain, and Goodwin, far from exercising self-restraint, have continued to pursue litigation in Colorado in direct violation of this court's orders, and in a manner inconsistent with the purpose of this case. Under these circumstances, issuance of an injunction under §2361 is entirely consistent with this Court's proper exercise of discretion. *Shell Pipe Line Corp. v. West Texas Marketing Corp.*, 540 F.Supp. 1155 (S.D.Texas 1982).

23.     To further the purpose of this proceeding and the express powers granted to it under applicable law, this Court should order Joanne to withdraw her Contempt Motion. This Court further should enjoin Dain, Goodwin and Joanne, and any of their agents or attorneys, from initiating or prosecuting any action in any court proceeding, including in the Denver Probate Court in Colorado, to seek a transfer of the trust funds held by Chase that are the subject of this action or to hold Bernard and/or Samuel in contempt of court or otherwise liable for any action or inaction regarding the assets at issue in this case, except after first seeking and obtaining leave of this court in compliance with this Court's orders of May 15 and June 12, 2019.

WHEREFORE, Bernard and Samuel respectfully request that this Court enter an order directing Joanne to withdraw the Contempt Motion that she filed in the Denver Probate Court, enjoining Dain, Goodwin and Joanne, and any of their agents or attorneys, from initiating or prosecuting any action in any court proceeding, including in the Denver Probate Court, to seek recovery of, or a transfer of the funds held in the trust accounts at Chase that are the subject of this action and further from initiating or prosecuting any action in any other court to hold Bernard and/or Samuel in contempt of court or otherwise liable for any action or inaction regarding the assets at issue in these proceedings while this case remains pending, and to enter such any other and further relief as equity and justice require.

Respectfully submitted,

BERNARD S. BLACK, individually and as Trustee of the 2013 Trust, the SNT and the Issue Trust, and SAMUEL BLACK, as Trustee of the 2013 Trust, the SNT and the Issue Trust

By: /s/Brad S. Grayson
       One of Their Attorneys

Benjamin N. Feder (ARDC# 6277452)
Brad S. Grayson (ARDC# 6196336)
Samantha E. Weissbluth (ARDC# 6244095)
Strauss Malk & Feder LLP
135 Revere Drive
Northbrook, IL 60062
(847) 562-1400 (Tel.)
(847) 562-1422 (Fax)
bfeder@straussmalk.com
bgrayson@straussmalk.com

# EXHIBIT A

**Award**
**FINRA Office of Dispute Resolution**

In the Matter of the Arbitration Between:

<u>Claimants</u>                                          <u>Case Number</u>: 16-02822
Bernard S. Black and Samuel H. Black,
as Trustees of the Irrevocable Trust
for the Benefit of the Issue of Renata Black

        vs.

<u>Respondents</u>                                        <u>Hearing Site</u>: Chicago, Illinois
JPMorgan Chase Bank, N.A. and
J.P. Morgan Securities, LLC

Consolidated with:
                                              <u>Case Number</u>: 16-03146

<u>Claimants</u>
Bernard S. Black and Samuel H. Black,
as Trustees of the Supplemental Needs Trust
for the Benefit of Joanne Black

        vs.

<u>Respondents</u>
JPMorgan Chase Bank, N.A. and
J.P. Morgan Securities, LLC

Nature of the Dispute: Customers vs. Member and Non-Member

This case was decided by an all-public panel.

### REPRESENTATION OF PARTIES

For Claimants Bernard S. Black and Samuel H. Black, as Trustees of both the
Irrevocable Trust for the Benefit of the Issue of Renata Black and the Supplemental
Needs Trust for the Benefit of Joanne Black ("Claimants"): Michael H. Schaalman, Esq.,
Halling & Cayo, S.C., Milwaukee, Wisconsin.

For Respondent J.P. Morgan Securities, LLC ("JPMS" or "Respondent"): Kenneth Berg,
Esq., Ulmer & Berne, LLP, Chicago, Illinois.

Respondent JPMorgan Chase Bank, N.A. ("Chase Bank") did not submit to FINRA
jurisdiction.

FINRA Office of Dispute Resolution
Arbitration No. 16-02822 (consol. w/ 16-03146)
Award Page 2 of 9

## CASE INFORMATION

**FINRA Case No. 16-02822:**
Statement of Claim filed jointly by Bernard S. Black and Samuel H. Black, as Trustees of the Irrevocable Trust for the Benefit of the Issue of Renata Black on or about: September 23, 2016.
Bernard S. Black signed the Submission Agreement: September 23, 2016.
Samuel H. Black signed the Submission Agreement: September 23, 2016.

Statement of Answer filed by JPMS on or about: December 19, 2016.
JPMS signed the Submission Agreement: December 13, 2016.

**FINRA Case No. 16-03146:**
Statement of Claim filed jointly by Bernard S. Black and Samuel H. Black, as Trustees of the Supplemental Needs Trust for the Benefit of Joanne Black on or about: October 26, 2016.
Bernard S. Black signed the Submission Agreement: October 26, 2016.
Samuel H. Black signed the Submission Agreement: October 26, 2016.

Statement of Answer filed by JPMS on or about: December 19, 2016.
JPMS signed the Submission Agreement: December 13, 2016.

## CASE SUMMARY

**FINRA Case No. 16-02822:**
Bernard S. Black and Samuel H. Black, as Trustees of the Irrevocable Trust for the Benefit of the Issue of Renata Black ("Issue Trust" or "IT") asserted the following causes of action: conversion, breach of contract, and breach of fiduciary duty. Bernard S. Black and Samuel H. Black, as Trustees of the Issue Trust alleged that JPMS impermissibly froze accounts of the Issue Trust and prevented the trustees from making necessary and proper disbursements of Issue Trust funds.

Unless specifically admitted in the Statement of Answer, JPMS denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

**FINRA Case No. 16-03146:**
Bernard S. Black and Samuel H. Black, as Trustees of the Supplemental Needs Trust for the Benefit of Joanne Black ("SNT") asserted the following causes of action: conversion, breach of contract, and breach of fiduciary duty. Bernard S. Black and Samuel H. Black, as Trustees of the SNT alleged that JPMS impermissibly froze accounts of the SNT, removed Bernard S. Black's access to the trust account statements for a period of five months, and prevented a majority of trustees from acting on behalf of the trust, including making necessary and proper disbursements of the SNT funds. Bernard S. Black and Samuel H. Black, as Trustees of the SNT further alleged JPMS knowingly permitted a single trustee to make withdrawals from the accounts without agreement or consent from his co-trustees, permitted this trustee to make withdrawals for purposes not authorized by the trust instruments, and permitted this

trustee to make withdrawals for purposes not authorized by an improperly obtained court order that this trustee purported to rely on.

Unless specifically admitted in the Statement of Answer, JPMS denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

## RELIEF REQUESTED

FINRA Case No. 16-02822:
In the Statement of Claim, Bernard S. Black and Samuel H. Black, as Trustees of the Issue Trust requested that the Panel:

1) require Respondents to unfreeze the Issue Trust accounts and restore Bernard S. Black's authority to make disbursements from the Issue Trust accounts;
2) award Claimants damages equal to the additional interest payments and other expenses incurred by the Issue Trust beneficiaries due to JPMS restricting disbursements from the Issue Trust accounts;
3) award Claimants costs and fees of this action, including reasonable attorneys' fees and costs of this action; and
4) grant such other and further relief as deemed just and proper.

In the Statement of Answer, JPMS requested that the Panel not adjudicate these claims because FINRA is an inappropriate forum. Alternatively, the Panel should dismiss these claims on the merits.

FINRA Case No. 16-03146:
In the Statement of Claim, Bernard S. Black and Samuel H. Black, as Trustees of the SNT requested that the Panel:

1) require Respondents to unfreeze the SNT accounts and restore Bernard S. Black's authority to manage and make disbursements from the SNT accounts;
2) bar Respondents from seeking or following Court Orders concerning the SNT from the Denver Probate Court or other courts that lack jurisdiction over the SNT and its assets;
3) award Claimants damages, in the amount of funds that JPMS allowed the alleged co-trustee A.D. to withdraw from the SNT accounts, plus interest thereon;
4) award Claimants costs and fees of this action, including reasonable attorneys' fees and costs of this action; and
5) grant such other and further relief as deemed necessary, just, and proper.

In the Statement of Answer, JPMS requested that the Panel not adjudicate these claims because FINRA is an inappropriate forum. Alternatively, the Panel should dismiss these claims on the merits.

At the close of the hearing, Claimants requested that the freeze on the Issue Trust and SNT Trust be modified to prohibit the withdrawal of any funds to pay litigation related expenses, but to allow withdrawals for the needs of the respective beneficiaries.

FINRA Office of Dispute Resolution
Arbitration No. 16-02822 (consol. w/ 16-03146)
<u>Award Page 4 of 9</u>

## <u>OTHER ISSUES CONSIDERED AND DECIDED</u>

The Arbitrators acknowledge that they have each read the pleadings and all other materials filed by the parties.

On or about November 17, 2016, Respondent JPMorgan Chase Bank, N.A. notified FINRA that it is not a member or associated person of FINRA and did not voluntarily submit to arbitration. Therefore, the Panel made no determination with respect to Claimants' claims against Respondent JPMorgan Chase Bank, N.A.

On or about December 20, 2016, JPMS filed a Motion to Decline Arbitration, or in the alternative, Motion to Consolidate. On or about January 6, 2017, Claimants filed a Response to Motion to Decline Arbitration, or in the alternative, Motion to Consolidate. On or about February 14, 2017, the Director of FINRA Office of Dispute Resolution denied JPMS' Motion to Decline Arbitration and referred JPMS' Motion to Consolidate to the Panel appointed in this matter. On or about April 19, 2017, a pre-hearing call was held with the Panel for oral arguments on JPMS' Motion to Consolidate. In its Order dated April 19, 2017, the Panel granted JPMS' Motion to Consolidate FINRA Case No. 16-02822 and FINRA Case No. 16-03146. FINRA Case No. 16-02822 was designated as the master case.

On or about July 25, 2017, Claimants filed a Motion for Preliminary Injunction. On or about August 1, 2017, JPMS filed its Objection to Claimants' Motion for Preliminary Injunction and a Motion to Stay. On or about August 28, 2017, Claimants filed a Reply in Support of their Motion for Preliminary Injunction. On or about August 31, 2017, JPMS filed a Reply in Support of its Motion to Stay. In its Order dated August 31, 2017, the Panel denied both parties' motions.

Prior to closing arguments on February 15, 2018, counsel for Claimants moved that the pleadings be amended to conform to the proof. Counsel for JPMS concurred. The Panel granted the request. For FINRA Case No. 16-02822: Claimants seek an Order requiring Respondents to unfreeze the Issue Trust to allow Claimants access to withdraw funds to pay graduate school-related costs for his issue. For FINRA Case No. 16-03146: Claimants waive any claim to damages and seek specific performance to prevent the withdrawal of funds from the SNT to pay litigation-related expenses until there is a final ruling on whether the Denver Probate Court has jurisdiction over the SNT.

The parties present at the hearing have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## <u>AWARD</u>

After considering the pleadings, the testimony and evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

FINRA Office of Dispute Resolution
Arbitration No. 16-02822 (consol. w/ 16-03146)
Award Page 5 of 9

## FINDINGS

1. On December 19, 1997, Renata Black set up two (2) trusts, a SNT for the benefit of her daughter Joanne Black into which two-thirds of her assets were to go, and an IT for the benefit of her son Bernard S. Black and his children into which one-third of her assets were to go. She named Bernard S. Black as Executor of her Estate. Renata Black died on May 1, 2012.

2. These Trusts are held at JPMS, pursuant to arrangements with Trustees of both Trusts.

3. Currently, Trustees of the SNT are: A.D., Bernard S. Black and Samuel H. Black; Trustees of the IT are: Bernard S. Black and Samuel H. Black.

4. Because of conflicting claims, instructions and directions to JPMS from Trustees of the SNT and Trustees of the IT, including but not limited to assets, the distribution of assets, the expenditures of assets and the ownership of assets, Respondent, pursuant to its account agreements with Trustees of the IT and the SNT, has frozen assets in both Trusts and seeks to continue this freeze pending court orders or mutual agreement of the Trustees of the SNT and the IT.

5. In the pleadings, Claimants allege Respondent has engaged in conversion, breach of fiduciary duty, and breach of contract; each of which allegations Respondent has denied, and which allegations are without merit.

6. At the hearing, the parties' motion to conform the pleadings to the proof was granted.

7. a) Claimants withdrew their request for monetary damages.

   b) Claimants requested that the freeze imposed upon the SNT be lifted, except continue for litigation matters.

   c) Claimants requested that the freeze imposed upon the IT be lifted, especially with regard to education expenses for the Bernard Black children beneficiaries, except continue to be imposed for litigation matters.

   d) Respondent requested that the freeze on both Trusts continue until final order of Colorado courts on jurisdictional matters, final turn-over orders from Illinois courts, or until the Trustees otherwise agree in writing.

8. Each party urged the Panel to exercise its equitable powers in resolution of the dispute between the parties.

9. Litigation matters involving the Trusts, the Trustees and persons involved in the Trusts are pending in various courts, including, inter alia:

*Black, et al. vs. Dain, et al.,* Civil Action No. 1238 (ED NY);
*Black, et al. v. Wrigley, et al.,* Case No. 16-cv-430 (ED NY);
*Litvak v. Wrigley, et al.,* Case No. 17-cv-101 (ND Ill.);
*In the matter of Joanne Black,* Case No. 12 PR 1772 (Denver);
*Renata Black Estate,* (Surrogate's Court) (NY); and
*Goodwin, as Conservator v. Black, et al.,* (Circuit Court, Cook County).

10. Thus far, approximately $1,000,000.00 has been expended in the SNT for purposes of litigation, and approximately the same amount has been expended in the IT for purposes of litigation, including approximately $200,000.00 owed in loans to the IT.

11. At the current time there remains approximately $1,500,000.00 in assets in the IT and $3,200,000.00 in assets in the SNT.

12. The use of assets in both Trusts to fund litigation against or involving Trustees, administrators, family members and individuals in connection with the Trusts has dissipated assets in each Trust and unless curtailed, will continue to do so to the detriment of the beneficiaries of the Trusts.

13. The freeze imposed by JPMS in both Trusts, prevents the use of trust assets for the benefit of the respective beneficiaries, i.e., Joanne Black in the SNT and Bernard S. Black and his children in the IT.

## <u>ORDER</u>

1. JPMS is directed and ordered to freeze and continue to freeze assets in both the IT and the SNT for use of and in connection with litigation expenses, costs or attorneys' fees in matters of any sort, including but not limited to matters involving or relating to each Trust, Trustee, administrator, conservator or family member.

2. JPMS is directed and ordered to freeze assets in the IT or the SNT for use or for purposes of paying for any monetary damages assessed against Bernard S. Black in other proceedings and for use or for purposes of repaying loans to Bernard S. Black and/or the IT or SNT.

3. JPMS specifically is authorized, directed and ordered upon request by SNT Trustee(s), except for litigation matters as referenced above, to expend SNT assets for the benefit of Joanne Black, including <u>her</u> personal needs, clothing, food, living arrangements, travel, and entertainment.

4. JPMS specifically is authorized, directed and ordered upon request by IT Trustee(s), except as referenced above, to expend IT assets for the benefit of Bernard S. Black's trust beneficiary children, for purposes of the beneficiary children's educational expenses.

FINRA Office of Dispute Resolution
Arbitration No. 16-02822 (consol. w/ 16-03146)
<u>Award Page 7 of 9</u>

5.  Paragraphs 1, 2, 3 and 4 of this Order shall remain in effect until final order of pending litigation in the Colorado Courts, or unless and until Trustees of the IT and Trustees of the SNT in writing to JPMS mutually agree to withdrawals from the SNT or the IT, or both, which agreement(s) shall be honored by JPMS.

6.  Claims against JPMS for conversion, breach of fiduciary duty and breach of contract are dismissed, and Claimants' request for attorneys' fees is denied.

**<u>FEES</u>**

Pursuant to the Code of Arbitration Procedure, the following fees are assessed:

**<u>Filing Fees</u>**
FINRA Office of Dispute Resolution assessed a filing fee* for each claim:

| | |
|---|---|
| Initial Claim Filing Fee | =$ 1,575.00 |

*The filing fee is made up of a non-refundable and a refundable portion.*

**<u>Member Fees</u>**
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the time of the events giving rise to the dispute. Accordingly, as a party, JPMS is assessed the following:

| | |
|---|---|
| Member Surcharge | =$ 1,900.00 |
| Member Process Fee | =$ 3,750.00 |

**<u>Postponement Fees</u>**
Postponements granted during these proceedings for which fees were assessed or waived:

| | |
|---|---|
| November 13-17 and 20-21, 2017, postponement requested by JPMS | =$ 1,125.00 |
| Total Postponement Fees | =$ 1,125.00 |

The Panel has assessed $1,125.00 of the adjournment fees to Respondent JPMS.

**<u>Discovery-Related Motion Fee</u>**
Fees apply for each decision rendered on a discovery-related motion.

| | |
|---|---|
| Two (2) decisions on discovery-related motions on the papers with one (1) arbitrator @ $200.00/decision | =$ 400.00 |
| JPMS submitted two (2) discovery-related motions | |
| Total Discovery-Related Motion Fees | =$ 400.00 |

The Panel has assessed $200.00 of the discovery-related motion fees jointly and severally to Claimants.

FINRA Office of Dispute Resolution
Arbitration No. 16-02822 (consol. w/ 16-03146)
Award Page 8 of 9

The Panel has assessed $200.00 of the discovery-related motion fees to Respondent JPMS.

## Hearing Session Fees and Assessments

The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the arbitrator(s), including a pre-hearing conference with the arbitrator(s), that lasts four (4) hours or less. Fees associated with these proceedings are:

| | | | |
|---|---|---|---|
| Three (3) pre-hearing sessions with the Panel @ $1,125.00/session | | | =$ 3,375.00 |
| Pre-hearing conferences: | March 7, 2017 | 1 session | |
| | April 19, 2017 | 1 session | |
| | January 10, 2018 | 1 session | |
| | | | |
| Eight (8) hearing sessions @ $1,125.00/session | | | =$ 9,000.00 |
| Hearing Dates: | February 12, 2018 | 2 sessions | |
| | February 13, 2018 | 2 sessions | |
| | February 14, 2018 | 2 sessions | |
| | February 15, 2018 | 2 sessions | |
| Total Hearing Session Fees | | | =$12,375.00 |

The Panel has assessed $4,387.50 of the hearing session fees jointly and severally to Claimants.

The Panel has assessed $7,987.50 of the hearing session fees to Respondent JPMS.

All balances are payable to FINRA Office of Dispute Resolution and are due upon receipt.

FINRA Office of Dispute Resolution
Arbitration No. 16-02822 (consol. w/ 16-03146)
<u>Award Page 9 of 9</u>

## ARBITRATION PANEL

| | | |
|---|---|---|
| Robert S. Sugarman | - | Public Arbitrator, Presiding Chairperson |
| Pamela A. Kentra | - | Public Arbitrator |
| Elizabeth C. Simon | - | Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

## Concurring Arbitrators' Signatures

/s/ Robert S. Sugarman
_____
Robert S. Sugarman
Public Arbitrator, Presiding Chairperson

March 22, 2018
_____
Signature Date

/s/ Pamela A. Kentra
_____
Pamela A. Kentra
Public Arbitrator

March 23, 2018
_____
Signature Date

/s/ Elizabeth C. Simon
_____
Elizabeth C. Simon
Public Arbitrator

March 22, 2018
_____
Signature Date

March 23, 2018
_____
Date of Service (For FINRA Office of Dispute Resolution office use only)

FINRA Office of Dispute Resolution
Arbitration No. 16-02822 (consol. w/ 16-03146)
<u>Award Page 9 of 9</u>

## **ARBITRATION PANEL**

| | | |
|---|---|---|
| Robert S. Sugarman | - | Public Arbitrator, Presiding Chairperson |
| Pamela A. Kentra | - | Public Arbitrator |
| Elizabeth C. Simon | - | Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

<u>**Concurring Arbitrators' Signatures**</u>

_____          03/22/2018
Robert S. Sugarman                                    Signature/Date
Public Arbitrator, Presiding Chairperson


_____          _____
Pamela A. Kentra                                        Signature Date
Public Arbitrator


_____          _____
Elizabeth C. Simon                                     Signature Date
Public Arbitrator



_____
Date of Service (For FINRA Office of Dispute Resolution office use only)

FINRA Office of Dispute Resolution
Arbitration No. 16-02822 (consol. w/ 16-03146)
<u>Award Page 9 of 9</u>

## ARBITRATION PANEL

| | | |
|---|---|---|
| Robert S. Sugarman | - | Public Arbitrator, Presiding Chairperson |
| Pamela A. Kentra | - | Public Arbitrator |
| Elizabeth C. Simon | - | Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

**<u>Concurring Arbitrators' Signatures</u>**


_____          _____
Robert S. Sugarman                        Signature Date
Public Arbitrator, Presiding Chairperson


_____          _____
Pamela A. Kentra                          3/23/18
Public Arbitrator                         Signature Date


_____          _____
Elizabeth C. Simon                        Signature Date
Public Arbitrator


_____
Date of Service (For FINRA Office of Dispute Resolution office use only)

FINRA Office of Dispute Resolution
Arbitration No. 16-02822 (consol. w/ 16-03146)
Award Page 9 of 9

## ARBITRATION PANEL

| | | |
|---|---|---|
| Robert S. Sugarman | - | Public Arbitrator, Presiding Chairperson |
| Pamela A. Kentra | - | Public Arbitrator |
| Elizabeth C. Simon | - | Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

## Concurring Arbitrators' Signatures

_____

Robert S. Sugarman
Public Arbitrator, Presiding Chairperson

_____

Pamela A. Kentra
Public Arbitrator

_____

Elizabeth C. Simon
Public Arbitrator

_____

Signature Date

_____

Signature Date

22 March 2018

Signature Date

_____

Date of Service (For FINRA Office of Dispute Resolution office use only)

# EXHIBIT B

| Probate Court<br>Denver County, Colorado<br>Court Address:<br>1437 Bannock Street<br>Denver, CO 80202 | FILED IN PROBATE COURT<br>CITY & COUNTY OF DENVER, CO<br><br>MAY 10 2019 |
|---|---|
| IN THE INTEREST OF:<br><br>JOANNE BLACK,<br><br>Protected Person. | ▲ **COURT USE ONLY** ▲ |
| Lisa DiPonio, Esq., #22707<br>Court Appointed Counsel for Joanne Black<br>7931 S. Broadway, #348<br>Littleton, CO 80122<br>DiPoniolawfirm@comcast.net<br>(303) 955-2080*<br>Fax (303) 734-1088 | Case Number:<br><br>12PR1772<br><br>Division          Courtroom 230 |

## VERIFIED MOTION AND AFFIDAVIT FOR CITATION FOR CONTEMPT OF COURT

Lisa DiPonio, Esq. ("Counsel") on behalf of her client, Joanne Black, states Bernard Black has failed to comply with orders of this court as follows:

1. On April 27, 2018 this Court issued its Order Re: COA Remand, ordering Bernard Black to do the following: (Briefly describe what the Order says and attach a copy of the signed Order.)

   Immediately return all funds that he disclaimed pursuant to the Amended Order issued March 5, 2013, and place them into the Registry of the Denver Probate Court. In that April 27,2018 Order, the Court affirmed, among other things, that via his disclaimer Bernard Black misappropriated Conservatorship assets and transferred them into the 1997 Supplemental Needs Trust for the benefit of Joanne Black, the 2013 SNT, the 1997 Issue Trust and elsewhere. Mr. Black filed a motion in the Colorado Court of Appeals to stay this Court's Order; on June 29, 2018, the Court of Appeals issued an Order denying Mr. Black's motion to stay. Thus, the April 27, 2018 Order remains in effect and Mr. Black remains obligated to comply. _____

   _____

   _____

   _____

2. As of this date, the other party owes me a total of $ _____, for _____ (number of payments) payment(s) in the amount(s) of $ _____ that were ordered to have been made by the following date(s):_____.

   ☐and ☒or

   Other: (Identify exactly what the other party has done, or failed to do, in violation of the Order.)

Bernard Black has willfully, intentionally and in bad faith violated this Court's April 27, 2018 Order by refusing to return, or even make any effort to return, the funds he disclaimed and place them in the Court Registry. Mr. Black has ignored repeated requests that he comply with the Court's Order.

3. Describe any circumstances which may show that the other party has the present ability to comply with the Order: As the Court may recall from the evidence presented in the Conservatorship evidentiary hearings, including testimony from witnesses including Mr. Black, and the expert forensic report and attached exhibits of Pamela Kerr, Bernard Black is an account holder and signor of all accounts holding disclaimed funds, with the exception of the Roth IRA funds he disclaimed and transferred directly to accounts in the names of his seven children. As to the accounts on which he is a holder and signor, he has the immediate ability to effect transfer to the Court's Registry, directly and/or through cooperation with other account holders, such as his son Samuel Black and Trustee Anthony Dain. As to the accounts he set up holding the disclaimed Roth IRA funds, he can at a minimum seek the cooperation of his children in effecting return to the registry, and at a maximum, he can seek court assistance in ordering the return of the funds.

4. Describe any circumstances which may show that the other party willfully refused to comply with the Order: On May 15 and July 6, 2018, Anthony Dain e-mailed Bernard Black imploring him to comply with the Court's April 27, 2018 Order. These e-mails are attached. Mr. Black ignored both requests. Moreover, as recently as November 19, 2018, during his deposition in a Federal District Court case brought by his wife against Ms. Wrigley, Ms. Cohenson and Ms. Kerr, Mr. Black demonstrated his literal contempt for this Court's various orders including the April 27, 2019 order. During his testimony, Mr. Black was describing his October 2017 surreptitious electronic transfer of funds out of the Supplemental Needs Trust account at Chase Bank. As the Court may recall, it had authorized Mr. Dain to sell assets held in an SNT brokerage account at Chase to pay attorney's and professional's fees needed to protect Joanne Black from Mr. Black's depredations; the Court ordered Mr. Dain to hold the funds received from sale in a Chase SNT checking account pending the Court's resolution of Mr. Black's objections to reasonableness. However, just after the October 2017 hearing on his objections, when it was clear the Court was going to overrule them, Mr. Black surreptitiously went online and removed these funds. He first transferred the funds into a home equity line of credit account held by him and his wife, also at Chase. This paid off his line of credit. He then later drew on that home equity line of credit and transferred those funds out of Chase into an account he set up at Northview Bank. As the Court may recall it issued an emergency Order re: Motion for Injunction on November 3, 2017 ordering Mr. Black to return the funds to the Chase SNT account. In that Order, the Court stated unequivocally that it "Finds that this Court has continuing jurisdiction over this conservatorship matter and Bernard Black, who served as the former conservator as appointed by this Court."

However, continuing to thumb his nose at this and other orders of the Court, Mr. Black testified on November 19, 2018, "Mr. Dain has gone repeatedly to the Denver probate Court to seek approval to spend SNT money. ¶ ¶ I believe that the S - - - Denver probate Court has no jurisdiction over the SNT and has acted improperly in this and other ways. And it was available for me to move the money from Chase to Northview, and by doing that I was trying to slow down the depletion of the SNT accounts." A copy of the relevant portion of Mr. Black's November 19, 2018 Transcript, with the December 5, 2018 Reporter's Certification is attached hereto. This testimony is exemplary of Mr. Black's intent to defy this Court's orders, including the April 27, 2018 Order, and of Mr. Black's unwillingness to accept this Court's jurisdiction to enforce his compliance with its orders, including the April 27, 2018 Order.

5.  There has not been a stay of execution or modification of the Order.

6.  The actions of the other party are contrary to the Order of this court.

7.  I request this court to issue an order to the other party to appear before the court at a specific date and time for a hearing to show cause why there has been a failure and/or refusal to comply with the Order of this court.

8.  I hereby request:

    ◆☒Remedial Contempt. I request that the Court find that the other party is in remedial contempt of this Court's Order. As described above, I attest that the responding party (1) did not comply with the Order; (2) knew of the Order; and (3) has the present ability to comply with the Order.

    As a result, I request this court impose the following sanctions:
    ☒payment of my costs and reasonable attorney's fees in connection with this contempt proceeding;
    ☒payment of a fine and/or imprisonment until the other party, who has the present ability to comply, performs the act(s) ordered;
    ☐other (be very specific) _____

    _____

    _____

    and/or

    ☒Punitive Contempt. I request that the Court find that the other party is in punitive contempt of this Court's Order. As described above, I attest that, beyond a reasonable doubt, the responding party (1) had knowledge of the Order; (2) had the ability to comply with the Order; and (3) willfully refused to comply with the Order.

    I request this court find that the conduct of the other party to be offensive to the authority and dignity of the Court, and, to vindicate the dignity of this court, to impose a fine or fixed sentence of imprisonment, or both.

Date: May 10, 2019 _____          Tina DiRaio

                                            7931 S. Broadway #348
                                            **Address**

Littleton CO 80122
**City, State, Zip Code**

_____
**(Area Code) Home Telephone Number**

(303) 955-2080
**Area Code) Work Telephone Number**

> SCOT BROOKS
> NOTARY PUBLIC - STATE OF COLORADO
> NOTARY ID 20184024177
> MY COMMISSION EXPIRES JUN 11, 2022

Subscribed and affirmed, or sworn to before me in the County of _Arapahoe_, State of _Colorado_, this _10_ day of _May_, 20 _19_.

My Commission Expires: _June 11 2022_

_____
**Notary Public/Deputy Clerk**

---

### It is important that the party accused of contempt read the following information.

**A party accused of remedial contempt has the following rights:**

1. The right to be represented by a lawyer.
2. The right to a hearing before a judicial officer where the court must find that you were subject to a court order, that you had knowledge of that Order, that you did not comply with the Order, that you had the ability to comply with that Order, and that you have the present ability to comply with that Order.

If you are found to be in remedial contempt of court, the court may require you to pay the other party's court costs and attorney's fees connected with the contempt hearing, to pay a fine, and/or to serve an indefinite jail sentence until you comply with the original order.

**A party accused of punitive contempt has the following rights:**

1. The right to be represented by a lawyer. If you cannot afford a lawyer and if a jail sentence is contemplated, you may apply for a court-appointed lawyer.
2. The right to a jury if a jail sentence in excess of 180 days is contemplated.
3. If the judge initiated the proceedings, the right to have the contempt matter heard by a different judge.
4. The right to plead guilty or not guilty to the charge of contempt.
5. The right to be presumed innocent unless and until the allegation(s) in the motion for contempt is/are proven beyond a reasonable doubt.
6. The right to confront and cross-examine all witnesses against you.
7. The right to present relevant witnesses and evidence at the hearing.
8. The right to request the court to issue subpoenas to compel witnesses to appear and give testimony.
9. The right to remain silent.
10. The right to testify on your own behalf. If you testify, you waive your right to remain silent and the other party may cross-examine you.
11. The right to make a statement on your own behalf prior to the imposition of sanctions, if you are found in contempt of court.

If the court finds beyond a reasonable doubt that you were subject to a lawful court Order, that you had knowledge of that Order, that you had the ability to comply with that Order, that you willfully failed or refused to obey that Order, and that such conduct was offensive to the authority and dignity of the court, you may be sentenced to pay a fine or serve a jail sentence.

# EXHIBIT C

Denver County Probate Court, Denver County, Colorado
Court Address:
1437 Bannock, Room 230
Denver, CO 80202

IN THE INTEREST OF:

JOANNE BLACK,

Protected Person.

▲ COURT USE ONLY ▲

Case Number:
12PR1772

Division      Courtroom

## ORDER TO ISSUE CITATION AND CITATION TO SHOW CAUSE

To: Bernard Black

The Court, having reviewed the Verified Motion and Affidavit for Citation for Contempt of Court filed on May 10, 2019, orders that the clerk issue a Citation to Show Cause to the party named to appear before the Court at a date and time certain.

Date: _5/10/2019_          _Elizabeth D. Leith_

☑ Judge ☐ Magistrate

## ALIAS CITATION TO SHOW CAUSE

You are ordered to appear before this Court at the place, date and time listed below to show cause, if any, for the failure and refusal to comply with the Orders of this Court entered on _3/5/13 and 4/27/18_ and to show cause why sanctions and/or imprisonment should not be imposed.

You Bernard Black are hereby ordered to appear at:

     Court Location: _1437 Bannock, Room ___ Denver, CO 80202_

     Date: _October 3, 2019_    Time: _1:30 pm_

If you fail to appear in Court at the time, date and place specified, a bench warrant will be issued for your arrest without further notice and you may be further sanctioned according to the law for your failure to appear.

Date: _7/23/19_        By: _____

Clerk/Deputy Clerk

## RETURN OF SERVICE

I hereby certify that I am over the age of 18 years, and am not an interested party herein, and that I personally served a copy of the *Verified Motion and Affidavit for Citation for Contempt of Court and Order to Issue Citation and Citation to Show Cause* upon _____ (name) identified to me as the party in contempt herein, at _____ (location) on _____ (date) _____ (time) by _____ (method of service).

_____
Signature

Subscribed and affirmed, or sworn to before me by _____ in the County of _____, State of _____, this _____ day of _____, 20 ____.

My Commission Expires: _____

_____
Notary Public/Clerk

JDF 1817  R7/13  ORDER TO ISSUE CITATION AND CITATION TO SHOW CAUSE © 2013 Colorado Judicial Department for use in the Courts of Colorado

# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

JP Morgan Chase Bank, National Association and J.P. Morgan Securities LLC,

     Plaintiff(s),

vs.

Bernard S. Black, individually and as trustee, Samuel Black, individually and as trustee, Anthony Dain, individually and as trustee, Katherine Litvak, Olga Dal, and Jeannette Goodwin, as court appointed conservator and Joanne Black,

     Defendant(s).

**Case No.: 18 CV 3447**

**AFFIDAVIT OF SERVICE**

_Ricardo Delpratt_ , being first duly sworn on oath, deposes and states the following:

I am over the age of 18 and not a party to this action. I am an agent of ATG LegalServe, Inc., Illinois Department of Financial and Professional Regulation number 117.001494. I attempted service of the within **Summons in a Civil Case; Complaint for Interpleader and Declaratory Relief with Exhibits 1-13; Notice of Mandatory Initial Discovery with Standing Order** to **Joanne Black** , located at **805 East New York Ave., #5-M, Brooklyn, NY11203** resulting in the following:

☑ **PERSONAL SERVICE:** By leaving a copy of the Summons in a Civil Case; Complaint for Interpleader and Declaratory Relief with Exhibits 1-13; Notice of Mandatory Initial Discovery with Standing Order with **Joanne Black** personally. the _28_ day of _July_ , 20 _18_ at _9:05_ _P_ M

☐ **SUBSTITUTE SERVICE:** By leaving a copy of the Summons in a Civil Case; Complaint for Interpleader and Declaratory Relief with Exhibits 1-13; Notice of Mandatory Initial Discovery with Standing Order at the above address which is **Joanne Black 's** usual place of abode, with:
Name_____, Relationship_____, a person of his/her family, or other person residing there, over the age of 13 years who was informed of the contents of the Summons in a Civil Case; Complaint for Interpleader and Declaratory Relief with Exhibits 1-13; Notice of Mandatory Initial Discovery with Standing Order on the_____day of_____, 20___ at _____M
After substitute service, I mailed a copy of the listed documents via regular mail to the subject on the _____ day of _____, 20__

☐ **NON-SERVICE** for the following reasons with the **DATE** and **TIME** of each attempt listed along with a description of the attempt (**attach a separate sheet if needed**):

_/__/____@_____

_/__/____@_____

_/__/____@_____

A description of person with whom the documents were left is as follows:

Sex:_F_ Race:_White_ Approx. Age:_62_Height:_5'5"_ Weight:_150_ Hair:_Brwn_

Noticeable Features/Notes _Glasses_

The undersigned verifies that the statements set forth in this Affidavit of Service are true and correct.

Signed and sworn to before me on
this _28_ day of _July_
20_18_

_RDelpratt_

X _Ricardo Delpratt_
(Print Name)

EVAN COHAN
NOTARY PUBLIC & ATTORNEY AT LAW
NO. 02CO4998577
QUALIFIED IN ROCKLAND COUNTY
CERTIFICATE FILED IN NEW YORK COUNTY
COMMISSION EXPIRES JUNE 29, 2022

# EXHIBIT E

Job #: 1439187

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**
Attorney: Sharan Abraham
Address: 37 South Street Roslyn Heights, NY 11577

| | |
|---|---|
| JP MORGAN CHASE BANK, NATIONAL ASSOCIATION and J.P. MORGAN SECURITIES LLC, *Plaintiff* | Case Number: 1:18-CV-03447 |
| **vs** | Client's File No.: |
| BERNARD S. BLACK, et al., | Court Date: |
| *Defendant* | Date Filed: |

STATE OF NEW YORK, COUNTY OF NASSAU, SS.:

**AFFIDAVIT OF SERVICE**

Dainon O. Ward, being sworn says:
Deponent is not a party herein; is over the age of 18 years and resides in the State of New Jersey.

On 8/2/2019, at 6:05 PM at: **805 EAST NEW YORK AVENUE, #5-M, BROOKLYN, NY 11203** Deponent served the within **Notice of Docket Entry for May 15, 2019, Notice of Docket Entry for June 12, 2019 and Answer and Counterclaim to Complaint For Complaint For Interpleader and Declaratory Relief Filed on 07/05/18**
On: **JOANNE BLACK**,  therein named.

☒ **#1 SUITABLE AGE PERSON**
By delivering thereat a true copy of each to D. Long (Doorman) a person of suitable age and discretion who stated that he/she is authorized to accept service.  Said premises is recipient's :[] actual place of business / employment [X] dwelling house (usual place of abode) within the state.

☒ **#2 DESCRIPTION**
Sex: Male          Color of skin: Black          Color of hair: Bald      Glasses: No
Age: 36-50       Height: 5ft 4inch - 5ft 8inch                  Weight: 161-200 Lbs.                Other Features:

☒ **#3 MILITARY SERVICE**
I asked the person spoken to whether defendant was in active military service of the United States or the State of New York in any capacity whatsoever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.

☐ **#4 WITNESS FEES**
Subpoena Fee Tendered in the amount of

☒ **#5 OTHER**
The doorman called the Subject on the phone.  She REFUSED/DENIED me entry up to Apt. 5-M to serve the documents and asked me to leave them with the doorman.

☒ **#6 MAILING**
Dainon O. Ward being duly sworn, deposes and says:  that deponent completed service by depositing a copy of the said documents in a postpaid properly addressed envelope, bearing the words "Personal and Confidential" by first class priority mail on:  **08/08/2019 to JOANNE BLACK at 805 EAST NEW YORK AVENUE, #5-M, BROOKLYN, NY 11203** in an official depository of the United States Postal Service in the State of New York. The envelope did not indicate on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served.
:

Sworn to before me on 08/13/2019

Adriana Bartolotta
Notary Public, State of New York
Registration No. 01BA6377720
Qualified in Nassau County
Commission Expires 07/16/2022

Dainon O. Ward
DCA License # 2079049

*COURT SUPPORT, INC., 181 HILLSIDE AVENUE, WILLISTON PARK, NY 11596 LICENSE #1382542*