**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A. et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 18-cv-03447 |
| v. | ) | |
| | ) | Hon. Andrea R. Wood |
| BERNARD S. BLACK, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS BERNARD S. BLACK AND SAMUEL BLACK'S REPLY
MEMORANDUM IN SUPPORT OF THEIR MOTION FOR RULE TO SHOW
CAUSE AGAINST DEFENDANTS ANTHONY DAIN AND JEANETTE GOODWIN**

This Court should enter a Rule to Show Cause as to why Defendants Anthony Dain ("Dain") and Jeanette Goodwin ("Goodwin") should not be held in civil contempt for failing to produce documents in compliance with this Court's April 30, 2019 order and this Court's subsequent July 11, 2019 order. As explained below, despite representing to this Court that all responsive documents have been produced, Dain and Goodwin have failed to do so. Moreover, the documents they did produce are so heavily redacted, without justification, that they conceal much of the information being sought. At bottom, Dain and Goodwin have violated this Court's orders and not acted in good faith in responding to discovery.

## I.     Summary of Relevant Facts

On November 20, 2018, Movants, Bernard and Samuel Black, served a First Request for Production of Documents on Dain and Goodwin. Because the parties then were planning a settlement conference to try to resolve their disputes, Movants' counsel advised counsel for Dain and Goodwin's counsel that, pending efforts to settle, Movants merely were seeking to have Dain and Goodwin timely produce documents responsive to Request numbers 13 and 14, which sought

documents containing information concerning the attorneys' fees that they had charged to, and which had been incurred by, the trusts at issue in this case, including the amount of those legal fees, the identity of the lawyers and law firms charging those fees, the identity of the individuals who retained those attorneys and the particular work that the attorneys were doing for which the trusts were being charged or for which Dain and Goodwin were seeking to have the trusts pay. That information would be relevant both for the underlying dispute in this case, and also to settlement discussions because it would identify what amount truly was in dispute.

Dain and Goodwin subsequently produced a very limited number of documents responsive to Request numbers 13 and 14 over time. By their counsel's admissions in the March and April 2019 time period, Dain and Goodwin had not produced all responsive documents as of that time. After continued promises by Dain and Goodwin's counsel to Movants' counsel to produce all responsive documents were not met, on April 22, 2019, Movants finally filed a motion to compel production of these documents. Following a hearing on that motion, this Court entered an Order on April 30, 2019 which required Dain and Goodwin to produce all documents responsive to Request numbers 13 and 14.

Dain and Goodwin then did make supplemental productions of documents. That supplemental production also was woefully incomplete; it did not include engagement letters and invoices for multiple individuals and law firms who have, through Dain's efforts, charged fees to one of the trusts at issue in this proceeding – the Supplemental Needs Trust for the benefit of Joanne Black or "SNT". Movants knew this from documents and court proceedings in related litigation.

Indeed, on March 19, 2019, Movants' counsel had sent an email to Dain and Goodwin's counsel, identifying the specific attorney billing records and related engagement letters that were

missing from the production. Yet, Dain and Goodwin still failed to comply with this Court's order to produce all responsive documents, which led Movants to file this motion.

On July 11, 2019, at the hearing on Movants' Motion for a Rule to Show Cause, among other things, this Court ordered Dain and Goodwin to complete their production of responsive documents by August 1, 2019. (See July 11, 2019 Minute Entry, attached as Exhibit A.) Dain and Goodwin did produce some additional documents in accordance with that order. But, as explained below, Dain and Goodwin's document production remains materially incomplete, and the production that was made was absurdly redacted to the point of almost being useless, such that their conduct cannot be seen as in good faith.

## II. Dain and Goodwin's Production Remains Incomplete and Hides Pertinent Information Without Any Justification

Dain and Goodwin, despite specific request in Movants' counsel's email to their counsel more than five months ago, on March 19, 2019, still have not produced complete billing records from the Goldman Abrandt Salzman and Kutzin law firm (the "Salzman Firm"), Lisa DiPonio ("DiPonio"), Gayle Young ("Young") and Pamela Kerr ("Kerr"), all of who have been paid from SNT funds. Some very limited billing records from these firms and individuals were produced, but none from after July 2017. Yet it is known from various sources that these firms and individuals have continued to work on related matters, for which the SNT is the presumed source of repayment.

With respect to the limited production of the foregoing billing records, almost every single time entry from every invoice[1] was completely redacted so nothing can be seen except the time billed and the amount of the charges. (See Exhibit B hereto for examples of how heavily redacted

---

[1] The three Pamela Kerr invoices that were produced are less heavily redacted, perhaps because she is not a lawyer, but rather an accountant.

the produced invoices were.)  In one especially egregious instance, even the name of the billing attorney was removed.

There can be no justification for redacting every single word of the time entry descriptions, even from attorney billing records.  There is no way that all of those entries contain attorney-client privilege communications or information covered by some other privilege against disclosure that would warrant full redaction of every time description.  The blanket redaction of all descriptive information reveals that no good faith effort was made with respect to redacting these invoices to remove only information covered by a recognized privilege.  Dain and Goodwin also did not provide a privilege log or other explanation of the basis of the redactions.

### III.    Dain and Goodwin Have Had Access to the Requested Records that They have Refused to Produce

Dain and Goodwin assert that they have no access to additional invoices from the Salzman Firm, DiPonio, Young or Kerr.  Their assertions that these invoices somehow are not within their possession, custody or control, ring hollow at best.  Otherwise, they effectively are admitting that they sought to have a court approve payment of invoices that they had not seen and to which they have no access.

For example, the transcript from a January 4, 2018 hearing before the Denver Probate Court, a copy of the cited portions of which is attached as Exhibit C, reveals that Dain has been seeking to have the invoices of the Salzman Firm, DiPonio, Young, Kerr and others paid from the assets of the SNT that are the subject of this case.  (See Exhibit C at pp. 4-5, 12-13, 29-30.)  In addition, a motion DiPonio filed in the Denver Probate Court proceeding on December 5, 2017, a copy of which is attached as Exhibit D, shows that DiPonio has been seeking on Dain's behalf to obtain authorization for him to pay these individuals' and firm's fees from SNT assets.  (See Exhibit D at ¶ 4.)

Thus, from the attached transcript and order, which were from hearings that took place well after the time period for which Dain and Goodwin have produced invoices, it is plain that Dain has continued to seek payment of fees from the assets of the SNT for which he refuses to produce records in this case despite request, and despite having been ordered to do so by this Court. And, to the limited extent that Dain has produced responsive documents, he and his counsel have redacted them to a point of being nearly useless, without justification for concealing information relevant to this proceeding which he and Goodwin have been ordered to produce.

For the Salzman firm, Dain is personally liable for any bills which are not paid from other sources. It is inconceivable that he does not know, or have access to, billing records from this firm, since July 2017. For all four (Salzman, Young, DiPonio, and Kerr), there is no representation by Dain and Goodwin that they have requested these bills, nor a representation that Dain will not seek to pay these bills from the SNT assets that are the subject of this case. For each, Dain has previously obtained, submitted to the Denver Probate Court, and paid, prior bills.

## IV.    Conclusion

Bernard and Samuel Black have been trying for nine months to obtain the full set of legal bills relevant to this case. Dain and Goodwin have provided some bills, a bit at a time, scattered over many partial productions and many months, but have egregiously failed to provide all bills, and have completely redacted all descriptions from most of the bills they have produced. They have not complied with this Court's April 30, 2019 Order, nor made a good faith effort to do so. Movants respectfully request that a Rule to Show Cause issue as to why Dain and Goodwin should not be held in civil contempt of court.

Respectfully submitted,

BERNARD S. BLACK, individually and as Trustee of the 2013 Trust, the SNT and the Issue Trust, and SAMUEL BLACK, as Trustee of the 2013 Trust, the SNT and the Issue Trust

By: /s/Brad S. Grayson
        One of Their Attorneys

Benjamin N. Feder (ARDC# 6277452)
Brad S. Grayson (ARDC# 6196336)
Samantha E. Weissbluth (ARDC# 6244095)
Strauss Malk & Feder LLP
135 Revere Drive
Northbrook, IL 60062
(847) 562-1400 (Tel.)
(847) 562-1422 (Fax)
bfeder@straussmalk.com
bgrayson@straussmalk.com

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.3.1
### Eastern Division

J.P. Morgan Securities LLC, et al.

                                        Plaintiff,

v.                                                      Case No.: 1:18−cv−03447
                                                        Honorable Andrea R. Wood

Bernard S. Black, et al.

                                        Defendant.
_____

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, July 11, 2019:

        MINUTE entry before the Honorable Andrea R. Wood: Motion and Status hearing held. Pursuant to the discussion held in open court, Defendants Dain and Goodwin shall produce the remaining documents in response to the Court's April 30, 2019 order [63], by 8/1/2019. Defendants Dain and Goodwin shall then respond to Defendants Black and Black's motion for rule to show cause [70] by 8/15/2019 and Defendants Black and Black shall reply thereto by 8/29/2019. The Court adopts the discovery schedule proposed in the parties' Joint Status Report [72]. Written discovery shall be completed by 10/11/2019; deposition and fact discovery shall be completed by 1/13/2020; initial expert disclosures shall be due by 2/13/2020; expert depositions and all expert discovery shall be completed by 4/13/2020; and any dispositive motions shall be filed by 5/29/2020. Status hearing set for 10/10/2019 at 9:00 AM. Mailed notice(ef, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

# EXHIBIT B





Worksheet Sheet1

INVOICE FROM 4/1/2015 - 9/30/15
Description of Work to be Completed

| Date | Hours Total | @ $229/hr. |
|---|---|---|
| 1-4-16 | 5.5 | 112.50 |
| 5-11-16 | 0.1 | 22.50 |
| 5-17-16 | 3.2 | 45.00 |
| 5-18-16 | 3.1 | 22.50 |
| 5-22-16 | 0.6 | 135.00 |
| 5-28-16 | 3.5 | 112.50 |
| 5-28-16 | 3.9 | 180.00 |
| 5-31-16 | 3.3 | 67.50 |
| 6-4-16 | 3.3 | 67.50 |
| 6-2-16 | 3.1 | 22.50 |
| 6-6-16 | 1.0 | 225.00 |
| 6-10-16 | 0.1 | 22.50 |
| 6-12-16 | 3.1 | 70.50 |
| 6-14-16 | 2.2 | 45.00 |
| 6-16-16 | 0.9 | 135.00 |
| 6-17-16 | 3.5 | 112.50 |
| 6-22-16 | 2.3 | 45.00 |
| 6-23-16 | 3.3 | 67.50 |
| 6-27-16 | 1.2 | 270.00 |
| 6-28-16 | 1.4 | 315.00 |
| 6-30-16 | 2.1 | 472.50 |
| 7-1-16 | 3.5 | 112.50 |
| 7-5-16 | 2.4 | 90.00 |
| 7-8-16 | 3.3 | 180.00 |
| 7-12-16 | 0.7 | 157.50 |
| 7-13-16 | 3.7 | 157.50 |
| 7-14-16 | 2.2 | 495.00 |
| 7-18-16 | 3.7 | 157.50 |
| 7-20-16 | 3.5 | 112.50 |
| 7-21-16 | 4.2 | 945.00 |
| 7-22-16 | 3.6 | 810.00 |
| 7-24-16 | 3.7 | 45.00 |
| 7-25-16 | 3.5 | 112.50 |
| 7-28-16 | 2.7 | 607.50 |
| 7-28-16 | 3.3 | 67.50 |
| 7-29-16 | 3.3 | 45.00 |
| 7-31-16 | 2.2 | 45.00 |
| 8-1-16 | 1.3 | 292.50 |
| 8-1-16 | 1.2 | 270.00 |
| 8-5-16 | 2.6 | 585.00 |
| 8-7-16 | 3.3 | 67.50 |
| 9-8-16 | 0.7 | 45.00 |
| 9-9-16 | 1.0 | 225.00 |



September 23, 2015

INVOICE BY GAYLE YOUNG OF YOUNG & ZEN, LLC FOR PROFESSIONAL LEGAL
SERVICES RENDERED IN 12PR1772 AS GUARDIAN AD LITEM FOR JOANNE BLACK

@ $200/hr.



| Date | | |
|------|---|---|
| 1/29/13 | | 1 |
| | | 2 |
| 1/30/13 | | 1 |
| 2/6/13 | | 2 |
| 2/13/13 | | |
| | | 1 |
| 2/25/13 | | 1 |
| 3/2/13 | | 1 |
| 3/5/13 | | .1 |
| 3/6/13 | | .1 |
| 3/7/13 | | .1 |
| 3/11/13 | | .2 |
| 3/13/13 | | .1 |
| 4/26/13 | | .1 |
| 3/5/13 | | |
| | | .1 |
| 3/11/13 | | .1 |
| 3/13/13 | | .1 |
| 4/26/13 | | .1 |
| 5/29/13 | | .1 |

1

D/G INT000319



| Date | Value |
|---|---|
| 7/1/13 | |
| | .2 |
| 7/13/13 | .3 |
| 7/14/13 | .5 |
| 7/16/13 | .1 |
| 7/17/13 | |
| | .1 |
| 8/25/13 | .2 |
| 11/13/13 | .3 |
| 11/14/13 | .1 |
| 12/4/13 | .2 |
| | .1 |
| 3/10/14 | |
| | .1 |
| 3/25/14 | .1 |
| 4/7/14 | |
| | .2 |
| 4/10/14 | .1 |
| 5/7/14 | .1 |
| 6/24/14 | .2 |
| | .1 |

2

D/G INT000320

| | | |
|---|---|---|
| 7/2/14 | | .1 |
| 7/14/14 | | .4 |
| 7/17/14 | | .1 |
| 7/18/14 | | |
| | | .3 |
| 7/23/14 | | .3 |
| 8/3/14 | | .2 |
| 8/5/14 | | .5 |
| 8/8/14 | | .4 |
| | | .1 |
| 9/3/14 | | .4 |
| | | .3 |
| 9/4/14 | | .4 |
| | | .5 |
| | | .5 |
| | | .5 |
| 9/5/14 | | .1 |
| 9/8/14 | | .1 |
| | | .1 |
| 9/9/14 | | |
| | | .4 |
| 9/10/14 | | .3 |
| 9/14/14 | | .9 |
| 9/15/14 | | .2 |
| | | .5 |
| 9/16/14 | | .1 |
| 9/17/14 | | .1 |
| 9/18/14 | | |



3

D/G INT000321



|  |  |
|---|---|
|  | .5 |
|  | .2 |
|  | .6 |
| 9/19/14 | .2 |
|  | .2 |
| 9/22/14 | 1.0 |
| 9/24/14 | .5 |
|  | .3 |
|  | .1 |
|  | .3 |
|  | .1 |
| 9/25/14 | .2 |
|  | .3 |
| 10/1/14 | .1 |
| 10/2/14 | .5 |
| 10/3/14 | 1.0 |
| 10/4/14 | 2.0 |
| 10/5/14 | 1.7 |
| 10/6/14 |  |
|  | .7 |
| 10/8/14 | .1 |
| 10/22/14 | .4 |
|  | .2 |
| 10/23/14 | .1 |
| 10/24/14 | .5 |
| 10/27/14 | .1 |
| 10/30/14 | .1 |
| 11/3/14 | .3 |

4

D/G INT000322



| Date | Value |
|------|-------|
| 11/17/14 | .6 |
| | .5 |
| | .5 |
| 11/18/14 | |
| | 1.0 |
| 11/19/14 | .5 |
| 11/22/14 | .9 |
| 11/24/14 | |
| | .5 |
| 11/26/14 | .2 |
| 12/1/14 | .1 |
| 12/17/14 | .4 |
| 12/18/14 | .5 |
| 12/19/14 | 6.0 |
| 12/20/14 | 2.0 |
| 12/21/14 | .2 |
| | .4 |
| 12/22/14 | .2 |
| | .2 |
| | .4 |
| | .2 |
| | .5 |
| | .5 |
| 12/23/14 | .1 |
| 1/7/15 | .4 |
| | .4 |
| 1/8/15 | 1.0 |

5

D/G INT000323



| Date | Value |
|---|---|
| | .2 |
| 1/11/15 | .1 |
| 1/12/15 | .2 |
| 1/16/15 | .4 |
| | .4 |
| 1/17/15 | .9 |
| 1/18/15 | .3 |
| 1/19/15 | .2 |
| 1/20/15 | |
| | 1.0 |
| | .4 |
| 1/21/15 | .4 |
| 1/22/15 | |
| | .8 |
| 1/23/15 | |
| | .7 |
| 1/25/15 | |
| | .5 |
| 1/26/15 | |
| | 1.2 |
| | 2.9 |
| | .2 |
| 1/27/15 | .9 |
| | .3 |
| | .9 |
| 1/28/15 | |
| | .9 |
| 1/29/15 | .5 |
| | .9 |

6

D/G INT000324



| Date | | Value |
|---|---|---|
| 1/30/15 | | .1 |
| 2/2/15 | | .2 |
| | | 1.0 |
| | | .2 |
| | | .4 |
| 2/3/15 | | .2 |
| | | .5 |
| | | .4 |
| 2/4/15 | | .1 |
| 2/5/15 | | .2 |
| 2/6/15 | | 4 |
| | | 3 |
| 2/7/15 | | 2 |
| 2/8/15 | | 1 |
| 2/9/15 | | 6 |
| 2/10/15 | | 9 |
| | | 9 |
| 2/11/15 | | .8 |
| | | .8 |
| 2/12/15 | | .9 |
| 2/13/15 | | .2 |
| 2/16/15 | | .2 |
| | | .1 |

7

D/G INT000325

| | | |
|---|---|---|
| |  | .1 |
| 2/17/15 | | |
| | | 1.0 |
| | | .3 |
| 2/18/15 | | .1 |
| 2/19/15 | | |
| | | .4 |
| 2/20/15 | | .3 |
| | | .5 |
| 2/22/15 | | |
| | | .5 |
| 2/23/15 | | |
| | | .5 |
| | | .5 |
| 2/24/15 | | .2 |
| | | .4 |
| | | .7 |
| | | .3 |
| 2/25/15 | | .1 |
| | | .1 |
| | | .2 |
| 2/27/15 | | .1 |
| 3/2/15 | | .1 |
| 3/5/15 | | .2 |
| 3/6/15 | | .2 |
| 3/8/15 | | .2 |
| 3/9/15 | | .2 |
| 3/10/15 | | .2 |

8

D/G INT000326

3/12/15  .4

3/13/15 .2

3/14/15 .1

3/15/15 .2

3/16/15 .2

3/17/15 .6

.3

3/18/15 .7
.5
.4
.3

3/19/15 1.0
1.2

3/20/15 .9
.9

3/21/15 .4

3/22/15 1.0

3/23/15 .2

3/24/15 1.0

3/25/15 .5
.4
.8

3/26/15 .3
.9
.3
.4
.8

9

D/G INT000327



3/27/15     3.3

3/28/15

    1.4
    .3

3/29/15

    2.7
    .9

3/30/15     .7

    .5
    .4
    1.0

3/31/15

    3.0
    1.2
    .3

4/1/15

    3.0
    1.5
    1.0     10
    .5

4/2/15     1.5
    1.0
    1.6     26

    .8

4/4/15

    1.0
    .4

4/5/15     .1

10

D/G INT000328

4/6/15  1.5

4/7/15 .5

4/8/15 1.4

4/9/15 1.2
.6

4/10/15 .3

4/11/15 .6

4/13/15 .6
1.0

4/14/15 .5

4/15/15 1.1
.2
.6
.4
.2
.1

4/16/15 .2

4/17/15 .5

4/21/15 .3

4/23/15

1.2

4/24/15 .2

4/26/15 .2

11

D/G INT000329

| | | |
|---|---|---|
| 4/27/15 | | .2 |
| 4/28/15 | | .2 |
| 4/29/15 | | .2 |
| 4/30/15 | | .5 |
| 5/1/15 | | .1 |
| 5/4/15 | | .5 |
| 5/5/15 | | .5 |
| 5/6/15 | | 1.9 |
| 5/7/15 | | 2.8 |
| | | 2.0 |
| 5/8/15 | | .4 |
| | | 2.0 |
| 5/9/15 | | .2 |
| 5/10/15 | | .2 |
| 5/11/15 | | .2 |
| | | .9 |
| 5/12/15 | | .5 |
| 5/13/15 | | .4 |
| 5/14/15 | | .3 |



12

D/G INT000330



5/15/15    1.0

5/16/15    2.0

5/17/15    .1

5/18/15    .8

5/19/15    2.0

5/20/15    1.1
   1.0

5/21/15    .3
   1.0

5/22/15    .5

5/23/15    .1

5/25/15    .1

5/26/15    .3

5/27/15    .9

5/28/15    .7

5/29/15    .4

5/31/15    .4

6/1/15    .8

13

D/G INT000331



6/2/15 — 1.0 2.0 1.5 3.0

6/3/15 — .9 5.0 1.8 — 52

6/4/15 — 2.1 .8

6/5/15 — 2.8 1.0 .1 — 22

6/6/15 — .2

6/6/15 — 2.0

6/8/15 — .1

6/9/15 — 1.3 2.0 1.0

6/10/15 — .1 1.9 1.0 1.0

6/12/15 — 1.0

6/15/15 — .1

14

D/G INT000332



| | |
|---|---|
| | .3 |
| | .1 |
| | 1.0 |
| 6/16/15 | .1 |
| | 7.0 |
| | 1.0 |
| | 1.8 |
| | 26 |
| 6/17/15 | 4.5 |
| | 1.8 |
| | 26 |
| 6/19/15 | |
| | .6 |
| 6/22/15 | .2 |
| 6/24/15 | .2 |
| 6/25/15 | |
| | .5 |
| | .2 |
| | .2 |
| 6/26/15 | .1 |
| 6/29/15 | .4 |
| | .3 |
| | .4 |
| | .1 |
| 6/30/15 | .2 |
| 7/1/15 | .1 |
| 7/2/15 | .1 |
| 7/3/15 | .1 |
| 7/6/15 | .1 |

15

D/G INT000333

7/7/15                      .2
.6
1.0

1.0

1.0

7/8/15                      1.9
.4

.3



7/9/15                      .4
.2

7/10/15                    .5
.4

7/13/15                    .5
.2
.2
.1

7/14/15                    2.0
.6
.8

7/15/15                    .4
2.0
.3

7/16/15                    .2

7/17/15                    2.0

7/19/15                    .1

7/27/15                    .5

7/28/15                    .1

D/G INT000334

| Date | Value |
|---|---|
| 7/29/15 | .2 |
| 7/30/15 | .4 |
| 7/31/15 | .5 |
| | .2 |
| | .5 |
| | .1 |
| 8/1/15 | .2 |
| 8/3/15 | .3 |
| | .6 |
| | .7 |
| | 1.0 |
| 8/4/15 | .4 |
| | 1.0 |
| 8/5/15 | 8.0 |
| | 1.5 |
| | 1.6 |
| 8/6/15 | .3 |
| 8/7/15 | .9 |
| 8/10/15 | .1 |
| 8/13/15 | .1 |
| | .1 |
| 8/17/15 | .5 |
| | .4 |
| | .9 |
| 8/18/15 | .2 |
| 8/19/15 | .2 |



26

17

D/G INT000335



| | |
|---|---|
| 8/22/15 | .2 |
| 8/25/15 | |
| | .1 |
| 8/26/15 | .4 |
| 8/29/15 | .2 |
| 8/31/15 | 1.5 |
| | .4 |
| 9/1/15 | .2 |
| 9/2/15 | |
| | .9 |
| 9/3/15 | .3 |
| 9/4/15 | .2 |
| | .4 |
| | .3 |
| 9/5/15 | .1 |
| 9/7/15 | |
| | .9 |
| 9/8/15 | 7.0 |
| | 1.0 |
| | 1.6 |
| 9/9/15 | .2 |
| 9/11/15 | .7 |
| | .1 |
| | .1 |

26

18

D/G INT000336

9/16/15  .3

9/17/15 .1

9/18/15

.9

9/19/15 .1

271.7 hrs. 214

$271.70 x $200.00/hr. = 54,340.00

Mileage of 214 x .56/mile 119.84

Previous Balance 0

BALANCE DUE **$54,459.84**

Please note that payment is due upon receipt of invoice. Please review this statement. All charges are deemed accurate and approved by you unless you contact us within thirty (30)
days of the statement date with any questions or concerns.

19

D/G INT000337

# EXHIBIT C

PROBATE COURT, CITY AND COUNTY OF DENVER, COLORADO

-----------------------------------------------------------

TRANSCRIBER'S TRANSCRIPT

-----------------------------------------------------------

CASE NO. 2012 PR 1772

-----------------------------------------------------------

IN THE MATTER OF:

JOANNE BLACK, Respondent

-----------------------------------------------------------

        This matter came on for hearing before

THE HONORABLE ELIZABETH D. LEITH, Judge of the Denver

Probate Court, on Thursday, January 4, 2018.  The

following is a transcript of the audible portions of that

hearing as requested by the ordering party.


APPEARANCES:    LISA DIPONIO, Esq., Reg. No. 27707, for
                 Respondent

                 GAYLE YOUNG, Esq., Reg. No. 17107, Guardian
                 Ad Litem for Respondent

                 SHANNON WELLS STEVENSON, Esq., Reg. No.
                 35542, for Bernard Black

                 PAUL SWANSON, Esq., Reg. No. 50923, for
                 Bernard Black

4

1   time between when this Court approved the fees that Mr. Dain

2   had petitioned to pay from the SNT until after this Court's

3   order enjoining him from taking any more money and replacing

4   the money that he took.

5        THE COURT:  Okay.

6        MS. DIPONIO:  So, Your Honor, back in June of 2017,

7   this Court granted Mr. Dain second accounting for partial

8   fees and costs, and Mr. Black scheduled a hearing on the

9   reasonableness of those fees.

10       THE COURT:  Right.

11       MS. DIPONIO:  On October 3rd, Mr. Dain with input

12  from those who are helping Ms. Black, contacted a law firm in

13  Illinois called Gould & Ratner about pursuing an action to

14  remove Mr. Black and Samuel Black as trustees of the

15  supplemental needs trust and any other trusts that he's

16  involved in that contain Joanne's assets.

17       On October 4th we had a hearing before Your Honor

18  on the reasonableness of the fees at issue.  And if the Court

19  will recall, there were no objections to my fees as Ms.

20  Black's counsel.  There were some objections with respect to

21  Ms. Young's fees as guardian ad litem.  But those were

22  resolved at the time of the hearing.  There were also

23  questions about Ms. Kerr's fees and I believe Holland &

24  Hart's fees.

25       On October 12th, following that hearing, a court in

5

1    Illinois entered an agreed judgment against Joanne's SNT and

2    the 2013 trust in the amount of approximately 348,000.

3              THE COURT:  I'm sorry, what was the date?

4              MS. DIPONIO:  October 12th.

5              THE COURT:  And did you say it was agreed?

6              MS. DIPONIO:  It was an agreed judgment against the

7    SNT.  And the agreement was between Olga Dahl (phonetic) who

8    is--Kate Litvak who is the wife of Bernard Black.  She

9    purportedly loaned money to Mr. Black to pay attorneys' fees

10   or whatever it was.  So Mr. Black who defaulted on that loan

11   agreed to a judgment.  And the judgment he agreed to--and

12   mind you all this was happening without Mr. Dain being

13   notified as the trustee of these trusts.  She obtained a

14   judgment in the amount of approximately 348--349,000 in favor

15   of Olga Dahl against the trust.  So that judgment was issued

16   on October 12th.

17             On October 23rd this Court issued an order

18   approving all the fees that were contained in Mr. Dain's

19   request back in June.

20             On October 20th, Mr. Black withdrew--oh, let me

21   back up for a minute.  Mr. Dain, consistent with this Court's

22   orders, issued checks to the professionals to pay their fees.

23   On October 20th, Mr. Black withdrew 258,000 we think

24   he--well, we think, we know he did it online--from Chase bank

25   account, the SNT, again, unbeknownst to Mr. Dain.  And we're

12

1   I--

2            MR. DAIN:  Just to answer--if I could answer the

3   question.  I, Your Honor, I transferred the entire amount

4   that you ordered into the checking account.

5            THE COURT:  Yeah.

6            MR. DAIN:  That entire amount less maybe a dollar

7   or two to keep the account open was what was transferred out.

8   I think almost all of it has been returned.  But because of

9   Bernard's collusive actions with his wife and Ms. Dahl in

10  obtaining these fraudulent judgments, those amounts were all

11  frozen.  The Illinois court has a procedure called a

12  citation.  And by initiating that, Mr. Black, his wife, and

13  his wife's cousin have caused those amounts to be frozen.  So

14  Chase can't allocate those.  And I can't write new checks to

15  cover the checks that bounced.

16            I'm trying to work with Chase and with Illinois

17  counsel for the conservatorship to get those funds released.

18  But right now they're frozen until there is a February

19  hearing in which the conservatorship's Illinois counsel is

20  going to argue to the Court that the judgments are fraudulent

21  and should be vacated.

22            THE COURT:  And are you hiring counsel for the

23  trust in Chicago?

24            MR. DAIN:  The conservatorship has hired the

25  counsel because the conservatorship has an interest in the

1    fees.  And I may be joined in that, but that counsel has

2    prepared a complaint to be filed.  The part of the issue is

3    they need confirmation of a retainer.  So they are moving

4    forward, but they need approval of a retainer.

5           And I think they're understanding that at some

6    point as soon as they can get the judgments vacated, they can

7    get the amounts unfrozen, and the retainer can be paid.  At

8    that point I may be joined as a trustee.  Right now the

9    plaintiff will be the conservatorship as his interest has

10   clearly been impacted by what Mr. Black and his wife and her

11   cousin have done.

12          THE COURT:  But the beneficiary in this trust also

13   has standing.

14          MR. DAIN:  And that is being handled--

15          THE COURT:  And you have standing, Mr. Dain, as a

16   co-trustee.

17          MR. DAIN:  I do have standing.  I do have standing.

18   The--so at some point I will be joined.  But Joanne Black's

19   interest is being handled through the conservatorship.  So

20   Ms. Goodwin would be, I believe, the plaintiff on Joanne

21   Black's behalf.

22          THE COURT:  But I guess I'm not clear as to why as

23   a co-trustee you're not seeking to--

24          MR. DAIN:  Well--it's--

25          THE COURT:  --request release as well.

1    be--there undoubtedly will be a surcharge in that case as

2    well.

3            THE COURT:  And is that a removal petition?

4            MR. DAIN:  There was initially a removal petition,

5    but the only removal petition that remains is for him as

6    executor because the New York Court or I guess it was

7    determined that the--there are no trust assets in New York.

8    There are no trustees in New York.  So the Court wasn't going

9    to address the removal of the trustee.

10           THE COURT:  Right.

11           MR. DAIN:  So for jurisdiction the only place to

12    remove the trustees was either here in San Diego because I

13    have access to the accounts here in San Diego, or in

14    Illinois.  And just to make sure there was no issue as to

15    personal jurisdiction we chose Illinois.

16           THE COURT:  Right.  So the removal action in New

17    York is him as executor for the probate estate.

18           MR. DAIN:  That's correct.

19           THE COURT:  All right.  And is there a proposal for

20    a successor there?

21           MR. DAIN:  I think under the terms of the will and

22    depending as Your Honor may recall, there were--actually,

23    there's a will he probated.

24           THE COURT:  Right.

25           MR. DAIN:  And there's a will he didn't.

```
 1              THE COURT:  And there was probably more than one.
 2              MR. DAIN:  But given the circumstances, it would be
 3    likely that it would be a state-appointed executor.
 4              THE COURT:  I know they have public administrators
 5    in New York.
 6              MR. DAIN:  And that's probably--you articulated it
 7    better.  That's probably the term.
 8              THE COURT:  Okay.  All right.  All right.  Well,
 9    that will be this Court's orders.  Is there anything else?
10              MR. DAIN:  Just a request since I'm the one that
11    would be doing this.  As soon as the--would it be the Court's
12    order that as soon as the freezes are released by the
13    Illinois court based on these judgments, that I don't need
14    any further authorization from this Court then to issue
15    checks?
16              THE COURT:  Correct.
17              MR. DAIN:  Or issue payments?
18              THE COURT:  Correct.
19              MR. DAIN:  Okay.  Thank you.
20              MS. DIPONIO:  Your Honor, does that include all
21    payments?  Or just--
22              THE COURT:  All payments.
23              MS. YOUNG:  Okay.  And, Your Honor, I have one
24    request that in the future that Mr. Black, if we have any
25    further hearings be present in person.
```

# EXHIBIT D

| | |
|---|---|
| PROBATE COURT<br>CITY AND COUNTY OF DENVER, COLORADO<br>City and County Building, Room 230<br>1437 Bannock Street<br>Denver, CO 80202 | |
| IN THE INTERESTS OF:<br><br>**JOANNE BLACK,**<br><br>**Protected Person.** | **▲COURT USE ONLY▲** |
| Lisa DiPonio, #27707<br>Court Appointed Counsel for Protected Person<br>DiPonio & DiPonio, LLC<br>7931 S. Broadway, #348<br>Littleton, CO 80122<br>(303) 955-2080<br>diponiolawfirm@comcast.net | Case Number:<br><br>**12PR1772** |
| **FORTHWITH MOTION FOR AN ORDER AUTHORIZING WITHDRAWAL OF FUNDS FROM THE SUPPLEMENTAL NEEDS TRUST TO RETAIN COUNSEL IN ILLINOIS TO SET ASIDE FRAUDULENT JUDGMENTS, REMOVE BERNARD BLACK AND SAUMEL BLACK AS TRUSTEES AND TO PURSUE COLLECTION ACTIONS ON BEHALF OF JOANNE BLACK'S CONSERVATORSHIP ESTATE, SUPPLEMENTAL NEEDS TRUST AND THE 2013 TRUST** ||

NOW COMES Lisa DiPonio, Esq. #27707, Court Appointed Counsel ("Counsel") for the Protected Person, Joanne Black, and files this Forthwith Motion for an Order Authorizing Withdrawal of Funds from Joanne Black's Supplemental Needs Trust ("SNT") to Retain Counsel in Illinois to Set Aside Fraudulent Judgments, Remove Bernard Black and Samuel Black as Trustees and to Pursue Collection Actions on Behalf of Joanne Black's Conservatorship Estate, the SNT and 2013 Trust. In support thereof, Counsel states as follows:

1.     On November 3, 2017, following a Forthwith Motion for Injunction filed by the Guardian Ad Litem for Joanne Black in response to becoming aware Bernard Black had, without a prior Court Order nor notice to Anthony Dain, a Trustee of the SNT, removed money from the SNT and transferred it to his own Home Equity Line of Credit account owned by he and his wife, Kate Livtak, this Court issued an Order enjoining Mr. Black from removing any additional funds from the SNT and mandating he replace the money he illegally took back into the SNT. Additionally, this Court Ordered, *"The Court further ORDERS it shall be advised regarding all actions that are pending regarding removal of Bernard Black as trustee and if none are pending, an explanation as to why no such actions have been initiated."*

2.     Counsel, as well as those working on behalf of Ms. Black including Anthony Dain as Trustee of the SNT and Jeanette Goodwin, Conservator, has been in contact with attorneys at the firm Gould and Ratner[1] in Chicago, Illinois who the parties

---

[1] Gould and Ratner successfully represented and defended Joanne Black in a previous action wherein Ms. Black was being sued by Bernard Black and Samuel Black in the District Court for the Northern District of Illinois claiming Ms. Black was attempting to prohibit Misters Black from exercising their duties and rights as Trustees of the Issue Trust.

representing Ms. Black would like to formally retain[2] to pursue various legal actions in Illinois. These will include, but not be limited to, initiation of an action to remove Bernard Black and Samuel Black as Trustees of the SNT, which is of this Court's concern as referenced in the Order of November 3, 2017. Moreover, Gould and Ratner will pursue setting aside fraudulent judgments against the SNT and 2013 Trust; and, assert and litigate other claims and defenses on behalf of the Conservatorship, the SNT and 2013 Trust against Bernard Black, Samuel Black, Kate Livtak and Olga Dal (whom is believed to be Kate Livtak's cousin).

The aforementioned individuals engaged in activity and/or obtained judgments which were purposefully executed in an effort to prevent Ms. Black from collecting on the judgment rendered by this Court in September, 2015. Moreover, these individuals executed a plan, in opposition to this Court's Orders, to pay Mr. Black's attorneys' fees from Ms. Black's assets. Following failed attempts to obtain Orders from this Court to withdraw funds from the Trusts to pay his legal professionals[3], promissory notes were issued by Bernard Black to Kate Livtak and Olga Dal for loans purportedly given to him to pay his various attorneys. Mr. Black defaulted on these promissory notes which resulted in fraudulent judgments obtained in favor of Ms. Litvak and Ms. Dal against the SNT and 2013 Trust.[4] These judgments were part of a scheme to divert money from the Trusts in order to pay for Bernard Black's attorneys; and, consequently, the judgments must be vacated.

3. Mr. Black is a resident of Illinois. The tactics outlined above were carried out in the State of Illinois. Mr. Black is an employed faculty member of the Northwestern University Pritzker School of Law located in Illinois from which he is paid his salary. He also owns his home and property in Illinois. His wages, property and bank accounts located in Illinois are assets from which Ms. Black may be recompensed for Bernard Black's breaches of fiduciary duties acting as Conservator and Trustee.

4. Mr. Dain requires an Order from this Court to withdraw funds from the SNT to pay the retainer fee, in addition to paying legal fees and costs on an ongoing basis. Currently, Bernard Black and Samuel Black are acting as controlling Trustees of the SNT. Obviously, they will not agree to use SNT funds to protect Ms. Black's interests from their continuous attempts and actions derogating the legal process, including Orders from this Court and elsewhere. Consequently, Counsel believes conferral with Mr. Black's attorneys in Colorado will be futile as they have consistently objected to any requests made on behalf of Ms. Black to withdraw funds from the SNT to pay for her legal representation.

5. Moreover, Ms. Black has no other resources apart from the funds in the SNT to pay for her needed representation in Illinois. Ms. Black is in need of SNT funds immediately so her interests may be protected.

WHEREFORE, for the reasons stated herein, Counsel respectfully requests the Court grant this Forthwith Motion, and issue an Order allowing Anthony Dain, as Trusted

---

[2] In anticipation of the Court granting this Motion, attorneys Robert Carson and Stephanie Petersmarck at Gould and Ratner have commenced work in these matters due to filing deadlines associated with having the judgments outlined herein vacated.

[3] Chase Bank placed a freeze on the funds in the SNT and 2013 Trust thereby preventing Mr. Black or any of the Trustees from withdrawing funds absent a Court Order.

[4] All this had occurred without any notice given to Anthony Dain as Trustee.

of the SNT, to withdraw funds in order to retain counsel in Illinois, and to pay ongoing fees and costs for their representation of Ms. Black's Conservatorship, SNT and 2013 Trust.

Respectfully submitted this 5th day of December, 2017.

/s/ Lisa DiPonio, #27707
Court Appointed Counsel for Joanne Black

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of December, 2017, I have electronically mailed, emailed or placed a true and correct copy of this **FORTHWITH MOTION FOR AN ORDER AUTHORIZING WITHDRAWAL OF FUNDS FROM THE SUPPLEMENTAL NEEDS TRUST TO RETAIN COUNSEL IN ILLINOIS TO SET ASIDE FRAUDULENT JUDGMENTS, REMOVE BERNARD BLACK AND SAUMEL BLACK AS TRUSTEES AND TO PURSUE COLLECTION ACTIONS ON BEHALF OF JOANNE BLACK'S CONSERVATORSHIP ESTATE, SUPPLEMENTAL NEEDS TRUST AND THE 2013 TRUST** in the U.S. mail, first-class postage pre-paid, and properly addressed or by email to the following:

Jeanette Goodwin
P.O. Box 200850
Denver, CO 80220
Anthony Dain, Esq.
13272 Capstone Drive
San Diego, CA 92130

Anthony Dain, Esq.
13272 Capstone Drive
San Diego, CA 92130

Bernard Black
c/o Shannon Wells Stevenson, Esq.
Paul D. Swanson, Esq.
Davis Graham & Stubbs, LLP
1550 17th Street, Suite 500
Denver, CO 80202

Rebecca Klock Schroer, Esq.
Christina Gomez, Esq.
Matthew S. Skotak, Esq.
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
Denver, Colorado 80202

Gail Y. Young, Esq.
Guardian ad Litem
Young and Zen, LLC
P.O. Box 307
Littleton, CO 80160

Cherie Wrigley
1946 Roadrunner Ave.
Thousand Oaks, CA 91320

Ira W. Salzman, Esq.
Goldfarb, Abrandt, Salzman & Kutzin, LLP
350 Fifth Avenue, Ste 4310
New York, NY 10118

Robert A. Carson, Esq.
Stephanie A. Petersmarck, Esq.
Gould and Ratner
222 North Lasalle Street
Suite 800
Chicago, IL 60601

/s/ Lisa DiPonio, E