IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, and J.P. MORGAN SECURITIES LLC, ) ) ) Plaintiffs-in-Interpleader, ) ) vs. ) ) BERNARD S. BLACK, et. al, ) ) Defendants-in-Interpleader. ) | Case No. 1:18-cv-03447 Honorable Andrea R. Wood |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR AN ORDER REGARDING INTERPLEADER
ASSETS, FOR A PERMANENT INJUNCTION AND DISCHARGE**

This is Plaintiff JPMORGAN CHASE BANK, NATIONAL ASSOCIATION's ("Chase Bank") and J.P. MORGAN SECURITIES LLC's ("JPMS LLC") reply in support of their motion for an order regarding interpleader assets, for a permanent injunction and discharge.

Only Anthony Dain and Jeannette Goodwin filed a response to Plaintiffs' motion. The Defendants assert only two objections: 1) the court should not order the sale of marketable securities; and 2) the scope of the injunction should be limited.

REPLY

The first objection has no basis in law. Statutory interpleader under § 1335 is a simple "two stage" process. *Aaron v. Mahl*, 550 F.3d 659, 663-64 (7th Cir. 2008). In the first stage, a court determines if the requirements of § 1335 are satisfied. If so, an interpleader plaintiff is "entitled" to the relief in § 2361, including a permanent injunction and discharge. *Executive Risk Indem. Inc. v. Speltz & Weis*, 2008 WL 3380972, Case No. 09 C 2750, at *2 (N.D. Ill. Oct. 16, 2009). Moreover, interpleader defendants are not permitted "to add an additional requirement that simply is not present in the Interpleader Act …." *Id.* at *1.

Here, the Defendants filed an answer that admits the statutory requirements for interpleader. (Dkt #32, ¶¶ 12, 22, 62.) The objection they assert is not found in the Interpleader Act. They object because they are "concerned" about the consequences of a sale of the marketable securities, which they only vaguely articulate as "transaction costs or other potential adverse effects …." (Dkt #89 at 2.) The most significant consequences of a sale will be the realization of capital gains because the securities have increased in value. But, taxes and transaction costs will have to be paid whenever the securities are sold. This additional requirement not in the Interpleader Act cannot defeat the Plaintiffs' statutory right to the relief provided in § 2361.

The second objection should also be disregarded. This objection does not oppose discharging the Plaintiffs or issuing an injunction. The Defendants ask that the scope of the injunction exclude the Denver Probate Court ("DPC") proceeding because the Plaintiffs are not "named or otherwise before the court as a party and thus [are not] at risk of being directed to take action …." (Dkt #89 at 2.) This objection misunderstands the nature of interpleader. As the cases cited in the Plaintiffs' opening memorandum state (Dkt #80 at 7-8), interpleader prevents claimants "from attaching the *res*" and confines to a single forum all proceedings where "the fund itself is the target of the claimants." Whether or not the Plaintiffs are parties to the DPC proceeding is not relevant. Clearly, the target of the DPC proceeding is to return the Interpleader Fund to the Colorado conservatorship—contrary to the citation proceedings in Cook County that seek to transfer much of the Interpleader Fund to the Defendants Dal and Litvak as third party creditors of the Trusts, and contrary to the claims to legal ownership of the Interpleader Fund of Defendants Bernard and Samuel Black as co-trustees of the Trusts.

Moreover, even though the Plaintiffs are not parties to the DPC proceeding, there is a risk that they may be directed to take actions contrary to existing court orders. Defendants Bernard and Sam Black are co-trustees of the Issue Trust and a majority of the co-trustees of the SNT. Even without court order, they have a contractual right as legal owners of the Interpleader Fund to direct the Plaintiffs to turn-over the Interpleader Fund. Indeed, if the DPC holds Mr. Black in contempt for not returning the funds and assets in the Chase and JPMS LLC accounts to the Colorado conservatorship, the most obvious way to cure the contempt would be for Mr. Black to make such a demand on the Plaintiffs, thereby exacerbating the vexatious and multiple demands on the Plaintiffs to turn-over the Interpleader Fund. Accordingly, it is contrary to the goal of interpleader to limit the scope of the injunction as the Defendants propose.

CONCLUSION

For the reasons in the Plaintiffs' opening memorandum (Dkt #80) and in this reply, the Court should grant the relief requested in Plaintiffs' motion (Dkt #79), in the form of the proposed Order attached hereto as **Exhibit A**.

DATED: September 11, 2019

Respectfully submitted,

**ULMER & BERNE LLP**

By: /s/ Kenneth F. Berg
Kenneth F. Berg
(Ill. Bar #3124027)
Ulmer & Berne LLP
500 W. Madison St, Ste 3600
Chicago, IL 60661
(312) 658-6506
kberg@ulmer.com

*Attorneys for the Plaintiffs*

**EXHIBIT A**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, and J.P. MORGAN SECURITIES LLC, ) ) ) | |
| Plaintiffs-in-Interpleader, ) | Case No. 1:18-cv-03447 |
| ) | |
| vs. ) | Honorable Andrea R. Wood |
| ) | |
| BERNARD S. BLACK, et. al, ) | |
| ) | |
| Defendants-in-Interpleader. ) | |

**ORDER**

This matter coming on to be heard on the Plaintiffs JPMORGAN CHASE BANK, NATIONAL ASSOCIATION ("Chase Bank") and J.P. MORGAN SECURITIES LLC ("JPMS LLC")'s motion for an order regarding interpleader assets, for a permanent injunction and discharge, the Court having read the legal arguments submitted by the parties and heard oral argument on the motion, and otherwise being advised in the premises:

THE COURT HEREBY FINDS:

1. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1335;

2. There are at least two Defendants (claimants) that are citizens of diverse States from each other;

3. The money or property in dispute has a value in excess of $500;

4. The Plaintiffs are holders of the money or property and they are neutral stakeholders;

5. There are multiple Defendants (claimants) with adverse claims to the money or property at issue;

6. The money or property in dispute is deposited in Chase Bank accounts #X5625 and #X5641, and in the JPMS LLC accounts #X1036, #X7859, #X7860, #X7862, #X7863, #X7864, #X7865, #X7866, and #X1116 (collectively "Interpleader Fund"); and

7. The Plaintiffs are willing and desirous to deposit the Interpleader Fund to the Clerk of the Court but have not done so because:

4

    a. Most of the Interpleader Fund is marketable securities; and

    b. There are citation liens on the Interpleader Fund issued by the Circuit Court of Cook County in Cases 2017-L-9743, 2017-L-9744 and 2017-L-62055.

Having found that the requirements of 28 U.S.C. § 1335 are satisfied, pursuant to 28 U.S.C. § 2361, the Court hereby:

1. Issues a permanent injunction enjoining the Defendants or anyone acting on behalf of one or more of them or with respect to any interest any Defendant may have from commencing or prosecuting any action in a State or United States court or other forum against the Plaintiffs or affecting the Interpleader Fund except in this interpleader action;

2. Authorizes and directs the Plaintiffs to sell the non-cash assets in the Interpleader Fund and deposit the Interpleader Fund proceeds with the Clerk of the Court;

3. Discharges the Plaintiffs from liability to each and all the Defendants, or any person acting on behalf of one or more of them or acting with respect to any interest one or more of them may have that affects or arises out of or relates to the Interpleader Fund; and

4. Orders Defendants Dal, Litvak, Goodwin and Dain to petition the Circuit Court of Cook County to vacate the citation liens on the Interpleader Fund.

5. Paragraphs 2 and 3 of this Order shall become effective after the citation liens are vacated and the Plaintiffs deposit the Interpleader Fund with the Clerk of the Court.

DATED:

    ENTERED:

    _____
    Andrea R. Wood,
    District Judge

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on the 11th day of September, 2019, a true and correct copy of the foregoing **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER REGARDING INTERPLEADER ASSETS, FOR A PERMANENT INJUNCTION AND DISCHARGE**, was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, using the Court's CM/ECF System, which will send notification of such filing to all parties registered to use ECF or are represented by a registered E-filer. Parties may access this filing through the Court's CM/ECF System.

A true and correct copy was sent by regular and certified mail to Joanne Black at her last known address, 805 East New York Avenue, Brooklyn, NY 11203.

A true and correct copy was sent by regular mail and email to Lisa DiPonio, DiPonio & DiPonio LLC, 7931 S. Broadway #348, Littleton, CO 80122, Diponiolawfirm@comcast.net.

/s/ Kenneth F. Berg

Kenneth F. Berg
ULMER & BERNE LLP
500 W. Madison St., Suite 3600
Chicago, IL 60661
Tel. 312-658-6506
kberg@ulmer.com

*Attorney for the Plaintiffs*

CHI2009:1983205v1
21328.01005