**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A. et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 18-cv-03447 |
| v. ) | |
| ) | Hon. Andrea R. Wood |
| BERNARD S. BLACK, et al, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS AND COUNTER-PLAINTIFFS BERNARD S. BLACK**
**AND SAMUEL BLACK'S REPLY MEMORANDUM IN**
**FURTHER SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION**

This Court should grant the motion of Bernard Black ("Bernard") and Samuel Black (collectively, "Trustees") to restrain the parties in this case from seeking, through legal proceedings in other courts, a turnover of the assets of two Black family trusts[1] held in accounts at plaintiffs JPMorgan Chase Bank, N.A. and J.P. Morgan Securities LLC (collectively, "Chase") (the "Trust Assets"). Chase instituted this interpleader action because of competing claims to the Trust Assets and is seeking similar injunctive relief by motion, which the Trustees support. As part of the relief that this Court should grant in response to both the Trustees' and Chase's motions, this Court should direct Joanne Black ("Joanne") to withdraw her pending contempt motion against Bernard in the Denver Probate Court in Colorado as that contempt motion seeks to require Bernard to turn over the Trust Assets to that court and to punish him for not having already done so, which he has no power to do in any event.[2]

---

[1] The trusts are the Supplemental Needs Trust for the Benefit of Joanne Black ("SNT") and the Irrevocable Trust for the Benefit of the Issue of Renata Black ("Issue Trust"). The Trustees are the only trustees of the Issue Trust and are two of the three trustees of the SNT.

[2] The Trust Assets effectively are frozen by orders in this Court, by citations to discover assets obtained by lenders to the trusts in two state court proceedings in Illinois, and by a FINRA arbitration award.

Jeanette Goodwin ("Goodwin") and Anthony Dain ("Dain") are the only parties who object to the injunctive relief sought by Chase and by the Trustees in their separate injunction motions. Joanne, whose effort to seek both remedial and punitive contempt sanctions against Bernard for failing to turn over the Trust Assets to the Denver Probate Court prompted these motions, has not appeared in this case to contest any of the relief being sought in this case with respect to the Trust Assets.[3] Dain and Goodwin, however, fail to provide any justifiable reason why this Court should not restrain all party claimants, including Joanne, from instituting or prosecuting actions in other courts concerning the Trust Assets while this case is pending. They admit that the Trust Assets are subject to a "web of conflicting court orders." (Dain and Goodwin's Response to Trustees Motion for Preliminary Injunction at p. 7.) The contempt sanction that Joanne seeks will only expand that web, and complicate this court's resolution of the conflicts. Dain and Goodwin also fail to explain how they have standing to object to relief being sought against Joanne.[4]

Contrary to Goodwin and Dain's portrayal of the relief being sought in the pending motions, the Trustees and Chase are not seeking to enjoin any court, including the Denver Probate Court, from taking action. They merely are seeking to enjoin the *party claimants in this case* from instituting and prosecuting actions in other courts which directly affect or relate to the Trust Assets. Such an injunction is expressly authorized under the interpleader statute. 28 U.S.C. § 2361.

---

[3] Pursuant to this court's request, the Trustees notified Joanne's individual Colorado counsel, Lisa DiPonio, of the current motions. Despite this notice, Joanne has chosen not to respond. Joanne's counsel has also not responded to a request to postpone the contempt hearing, scheduled for October 3, to allow this court time to issue a written decision on the injunction motions.

[4] While Goodwin serves as a Conservator for Joanne in Colorado for certain purposes, the actions of Joanne in seeking contempt against Bernard which are, in part, the subject of the present motions, are not being taken through Goodwin, but rather by Joanne, individually, through her own counsel, Lisa DiPonio.

Finally, Dain and Goodwin, in their response to Trustees' motion and Chase's motion, effectively ask this Court to ignore the purpose of this interpleader proceeding and to have this Court defer to the Denver Probate Court with respect to matters the Trust Assets, notwithstanding the competing claims of other parties to this case which led Chase to institute this action. Although you would not know it from Dain and Goodwin's misleading presentation of the facts, Chase filed this action, not Bernard or the Trustees. Chase did so because it faced competing claims with respect to the Trust Assets, including claims by lenders to the trusts who hold judgments against the trusts, obtained in Illinois state court proceedings. Thus, there are directly conflicting court orders with respect to the disposition of the Trust Assets. There also is an arbitration award entered in a FINRA arbitration which prevents Chase from allowing dissipation of Trust Assets until final resolution of Bernard's challenges to the Denver Probate Court's jurisdiction over the trusts. Moreover, contrary to the picture Dain and Goodwin paint in their response, the Trustees did not initiate all of the other legal proceedings. The FINRA arbitration is the only proceeding the Trustees initiated concerning the Trust Assets. The arbitration panel granted the relief sought by the Trustees, which preserves the Trust Assets pending a resolution in Colorado of the Trustees' challenge to the Denver Probate Court's assertion of jurisdiction over the trusts and the Trustees.

With respect to the "web of conflicting court orders" concerning the Trust Assets, which Dain and Goodwin acknowledge exists, Chase, the Trustees, and the Lenders all are willing to let this Court resolve the competing claims to the Trust Assets, which is the entire purpose of an interpleader proceeding such as this, and to refrain from seeking a turnover of the Trust Assets in other courts. Dain and Goodwin, however, want this Court, instead of taking the time to resolve the claimants' competing claims to the Trust Assets, to allow another court, the Denver Probate

Court, to jump ahead of all others, even though the Denver Probate Court does not have all claimants and claims to the Trust Assets before it such that it could resolve the competing claims. An injunction is appropriate to ensure that this Court can decide which of these conflicting claims and orders take priority.[5]

This Court also should not be misdirected by Dain and Goodwin's efforts to demonize Bernard from the relevant inquiry, which involves only the Trust Assets, and how to protect them from dissipation while this Court decides on the competing claims to those assets. Bernard strongly disputes Dain and Goodwin's characterization of him and his conduct, and looks forward to addressing the merits of the underlying disputes in this action at the appropriate time.[6]

## I.      The Relief Being Sought is Consistent with 28 U.S.C. § 2361

The Trustees, and Chase in separate motions, are seeking relief specifically authorized under 28 U.S.C. § 2361. That statute provides in pertinent part that:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property ... involved in the interpleader action until further order of the court.

---

[5] Dain and Goodwin baldly assert that Bernard "manufactured" these orders. That is not true. Notably, the FINRA arbitration panel heard from not only the Trustees, but Chase and Dain as well, and granted the Trustees' requested relief – a freeze on the Trust Assets until challenges to the Denver Probate Court's jurisdiction over the SNT and the Issue Trust are finally resolved in Colorado. In addition, an Illinois state court recently held an evidentiary hearing on a challenge by Dain and Goodwin to the validity of a judgment entered in favor of claimant Olga Dal ("Dal") on loans she made to the trusts, and rejected the Dain and Goodwin's challenge. A second Illinois state court similarly rejected Dain and Goodwin's challenge to a judgment claimant Katherine Litvak ("Litvak") obtained with respect to loans to the trusts, insofar as they concerned the Issue Trust. Their challenge to the judgment Litvak obtained against the SNT remains undecided in that Illinois court case.

[6] As Dain and Goodwin recognize and point out, the Trustees are challenging on appeal the Denver Probate Court's orders concerning the relevant trusts, both on jurisdiction and substantive law grounds. They have strong grounds for expecting success in that appeal. Joanne, Dain, and Goodwin, however, would like to preempt not only this Court's jurisdiction, but also the appeal process in Colorado, the Lenders' claims to the Trust Assets by virtue of their state court judgments, and the FINRA arbitration award barring disposition of the Trust Assets until the Colorado appellate proceedings have run their course.

The Trustees, and Chase, are seeking precisely that relief in their motions. They are asking this court to restrain the party claimants in this case, including Joanne, from instituting or prosecuting any proceeding in any other court, including the Denver Probate Court, to affect the property – the Trust Assets - which is the subject of this interpleader action.

Dain and Goodwin argue, in effect, that this Court should allow the Denver Probate Court proceedings to continue, even though the Trust Assets are subject to competing claims in other courts and are the subject of this interpleader action, because they believe they will get favorable treatment in that court. But that court has no ability to consider, among other claims, the claims of Litvak and Dal, as judgment creditors of the trusts. Consequently, Dain and Goodwin fail to explain why the injunctive relief expressly authorized under Section 2361 is not appropriate.

While Dain and Goodwin might prefer that this Court simply ignore those claims based upon their one-sided and misleading presentation of some of the underlying litigation, there are legitimate competing claims to the Trust Assets. The Lenders' claims have been reduced to judgment and have withstood Dain and Goodwin's challenges. There is the potential from pending litigation in other states for further competing and inconsistent orders concerning the Trust Assets. The counterclaims filed by the claimants in this case (other than Joanne, who has ignored these proceedings and been defaulted) spell out the parties' respective competing claims to the Trust Assets. The disputed nature of those claims calls out the need for the injunctive relief that Chase and the Trustees now are seeking. Indeed, those competing claims are precisely why Chase instituted this proceeding in the first place and why Chase now is seeking an injunction against any of the claimants pursuing actions in other courts affecting the Trust Assets. Injunctive relief is needed now because Joanne, Dain and Goodwin are seeking to make an end run around this Court's primary role in resolving the conflicting claims.

As explained by the Trustees in their motion, the policy reasons behind the enactment of Section 2361 are consistent with the relief requested by both the Trustees and Chase. As courts have explained, relief under Section 2361 reduces the possibility of inconsistent determinations with respect to the property at issue or the inequitable distribution of the assets in question. *New York Life Ins. Co. v. Apostolidis*, 841 F.Supp.2d 711 (E.D.N.Y. 2012); *U.S. v. Major Oil Corp.*, 583 F.2d 1152 (10th Cir. 1978).

In short, based upon the interpleader statute, this Court has clear authority to restrain the party claimants from instituting or prosecuting proceedings in other courts with respect to the Trust Assets. Based upon the competing claims to the Trust Assets as set forth in parties' counterclaims, the pendency of numerous court proceedings around the country directly related to the Trust Assets, and the risk of inconsistent orders from various courts as to the validity of those claims to the Trust Assets, this Court should grant relief on both Chase's and the Trustees' motions and enjoin the parties from instituting or prosecuting proceedings in other courts, state or federal, with respect to the Trust Assets.

## II. There is No Motion Asking This Court to Enjoin Other State Court Proceedings.

Dain and Goodwin mischaracterize the nature of the relief being sought. The Trustees, as well as Chase, are not asking this court to enjoin actions by state courts or to restrain actions that are unrelated to the Trust Assets. Instead, they merely are asking this Court, as it is expressly empowered to do by 28 U.S.C. § 2361, to enjoin the parties to this case from instituting and prosecuting actions that affect the Trust Assets. Therefore, Dain and Goodwin's arguments about overbroad injunctive relief are inapposite to the relief being sought.

The cases Dain and Goodwin cite do not support their opposition to the relief being sought. In fact, those cases support the entry of the requested relief. In *State Farm Fire & Cas.*

*Co. v. Tashire*, 386 U.S. 523 (1967), the Supreme Court addressed an insurance company's request for a broad injunction which would compel "dozens of tort plaintiffs ... to press their claims – even those claims which are not against the [insurance company's] insured and which in no event could be satisfied out of the meager insurance fund [the subject of the interpleader action] in a single forum of the insurance company's choosing." *Id.* at 535. As the Supreme Court explained, that case involved a mere $20,000 policy issued to one defendant in multiparty litigation concerning an accident involving 35 passengers in which there could be claims by numerous parties against a variety of defendants, who were unconnected to the insurance policy at issue in the interpleader action. *Id.* at 534-35. Not surprisingly, the Supreme Court held that a blanket injunction against litigation in various forums was inappropriate, particularly insofar as that litigation was unrelated to the insurance policy fund in question. *Id.* at 534-37. The Supreme Court, however, held that a narrower injunction should be issued. *Id.* 537. That same logic was applied and followed in the other two cases that Dain and Goodwin cite in their response, *Buckeye State Mut. Ins. Co. v. Moens*, 944 F. Supp. 678 (N.D. Iowa 2013) and *Mid-Am Indem. Co. v. McMahan*, 666 F. Supp. 926 (S.D. Miss. 1987). In both, the courts held that narrow injunctions were appropriate, but not broad injunctions that would prohibit litigation and claims unrelated to the property at issue in the interpleader case. See, *Buckeye State Mut. Ins. Co.*, 944 F. Supp. at 702 ("movants are entitled ... to an order restraining the claimants ... from seeking to enforce any judgment ... except in the interpleader proceeding itself."); *Mid-Am Indem. Co.*, 666 F. Supp. at 929 ("it is ordered that the defendant claimants are hereby enjoined from instituting or prosecuting any proceeding in any court, state or federal, affecting the proceeds of [the insurance policy at issue] until such time as the proceedings ... by all claimants are finalized.")

The circumstances in the cases upon which Dain and Goodwin rely are very different from those here. Even so, the decisions in those cases support the relief sought here. The courts in those cases held that injunctions limited to precluding actions by parties affecting the funds that were the subject of the interpleader case were appropriate. That is the limited relief that the Trustees (and Chase) are seeking here.

The Trustees are asking this Court to restrain the parties only from instituting or prosecuting actions in other forums that affect the Trust Assets. The injunctive relief includes prohibiting Joanne from continuing to prosecute a contempt motion in Colorado, the direct purpose of which is to both compel Bernard to turn over the Trust Assets to the Denver Probate Court, and to punish him for having not already done so. In fact, the injunction requested here is necessary and appropriate because, as explained above, such relief, if entered by the Denver Probate Court, would conflict with the claims of other parties to the Trust Assets, including the Lenders' efforts to pursue collection of the judgments they obtained against the trusts in Illinois through the citations to discover assets that they have served on Chase. Bernard also respectfully suggests that this Court should protect Bernard from such action as a matter of equity because Bernard is unable to comply with the Denver Probate Court's order to turn over the Trust Assets. He is unable to do so in part because of this Court's prior orders in this case. Bernard also cannot turn over those Trust Assets to the Denver Probate Court because of the freezes imposed on those assets by the aforementioned citations to discover assets, as well as by the FINRA arbitration award described above and in the parties' pleadings.[7]

---

[7] As Dain and Goodwin note, the FINRA order allows Chase to release Trust Assets based on mutual agreement of the Trustees and Dain. FINRA Order ¶ 5. This refers to voluntary agreement, not compulsion under threat of contempt. The Trustees have attempted without success to settle their disputes with Dain and Goodwin, including making multiple settlement offers, both during and following the FINRA proceedings.

It is the existence of these multiple competing claims to the Trust Assets that led Chase to file this interpleader action. And, contrary to the impression that Dain and Goodwin would like to create about who is behind all of this litigation, Bernard did not file this case or direct Chase to file this case. Chase initiated this interpleader action to resolve competing claims to the Trust Assets in one forum with all competing claimants before one court. It is disingenuous for Dain and Goodwin to suggest otherwise.

To reiterate, the Trustees are not asking to have this Court shut down litigation around the country between the parties to this case and other parties, as in the cases upon which Dain and Goodwin rely in opposing an injunction. Instead, the Trustees merely are asking this Court for narrow relief which restrains solely the parties to this case from taking actions in other courts that will directly affect the disposition of the property at issue in this interpleader action, conflict with this court's prior orders, conflict with orders by other courts, and interfere with this Court's power to determine how the Trust Assets should be allocated given the claimants' various competing claims. As such, the requested relief expressly is a proper subject of a restraint order from this Court, under 28 U.S.C. § 2361 (quoted in fully above) ("[A] district court may ... enter its order restraining [claimants] from instituting or prosecuting any proceeding in any State or United States court affecting the property ... involved in the interpleader action until further order of the court.")

For the relief specifically directed against Joanne, she is both a party to this case and a claimant to the Trust Assets that are the subject of this action. She is a named defendant in Chase's complaint. She is a named counter-defendant in the Trustees' counterclaim. As proof of her position as a claimant, she is seeking in the Denver Probate Court to require Bernard to turn over the Trust Assets to that court for her own benefit. It is those very actions that led

*Chase*, not Bernard, to name her as a defendant in this interpleader action. And it is because of those actions that this Court should restrain Joanne from using her contempt motion to compel turnover of the Trust Assets.

### III.    Dain and Goodwin Lack Standing to Object to the Relief Sought Against Joanne

Dain and Goodwin devote much of their response to arguing that the Trustees are not entitled to the relief they are seeking against Joanne. Dain and Goodwin, however, lack standing to object to that relief. Dain does not represent, or claim to represent, Joanne in any capacity. Goodwin, as Joanne's conservator, arguably has the power to act on Joanne's behalf in financial matters,[8] but has chosen not to do so with regard to Joanne's contempt motion, and has instead asserted that she is not responsible for that motion.[9] Goodwin cannot have it both ways – she cannot both claim independence from Joanne (so as not to violate this court's June 19, 2019 order),[10] yet seek relief in this court on Joanne's behalf. As the court explained in *In re Estate of Burgeson*, 125 Ill.2d 477, 485 (1988), standing "is not simply a procedural technicality" but rather is a component of justiciability. The essence of a judicial inquiry regarding standing is whether the litigant is entitled to have the court decide the merits of a dispute on a particular

---

[8] The Trustees have challenged in their Counterclaim and in other court proceedings in Illinois the propriety of Goodwin's appointment by the Denver Probate Court as a conservator for Joanne in that Joanne has not lived in Colorado in years and more recently was found by a New York court, where she does reside, to not need a guardian, financial or otherwise. That New York ruling was made after an evidentiary hearing concerning Joanne's competence and was made more recently than any ruling by the Denver Probate Court concerning Joanne's need for a conservator.

[9] This Court may recall that Dain and Goodwin's attorney, Peter Stasiewicz, explained at a recent hearing in this case that Goodwin, despite being Joanne's conservator in Colorado, does not stand in Joanne's shoes for purposes of this litigation. That is presumably also his position with respect to the contempt motion against Bernard in the Denver Probate Court, which was brought by Joanne's personal Colorado counsel, Lisa Diponio, rather by Goodwin as Joanne's conservator.

[10] The June 19, 2019 order states: "The Court's prior order dated 5/15/2019 [68] is amended to preclude any party from seeking to enforce any court order requiring, or otherwise seek to effectuate, any turnover or withdrawal of the interpleader assets from the accounts held by Plaintiff, *without first filing* a motion with this Court seeking approval for such withdrawal." (Emphasis added.) Joanne's actions in violation of that order, through her contempt motion, led to the current motions by the Trustees and by Chase.

issue. *Helmig v. John F. Kennedy Community Consolidated School Dist. No. 129*, 241 Ill.App.3d 653, 658 (3rd Dist. 1993). Therefore, this Court should ignore Dain and Goodwin's arguments insofar as they pertain to the Trustees' motion for relief against Joanne.

Joanne is the only party with standing to defend her effort to pursue her contempt motion in Colorado. She is a party to this case, made so both by Chase and as a counter-defendant to the Trustees' Counterclaim concerning the Trust Assets. She has been served with this Court's orders of May 15 and June 19, 2019, restricting the parties' actions with respect to the Trust Assets. Her Colorado counsel, Lisa Diponio, was provided with copies of the pending motions and related pleadings, at this Court's direction. Yet, Joanne has not appeared in this case and has not objected to the relief against her being sought by the Trustees or by Chase. Dain and Goodwin have no standing to argue that issue in her place.

## IV. Conclusion

For all of the foregoing reasons, this Court should grant the Trustees' motion, restraining Joanne, Goodwin and Dain, from instituting or prosecuting actions in other courts, including in the Denver Probate Court that affect the Trust Assets, and in particular, restraining Joanne from prosecuting her contempt motion against Bernard in the Denver Probate Court. The Trustees do not object to Chase's broader motion for an injunction restraining all parties from this conduct.

Respectfully submitted,

BERNARD S. BLACK, individually and as Trustee of the 2013 Trust, the SNT and the Issue Trust, and SAMUEL BLACK, as Trustee of the 2013 Trust, the SNT and the Issue Trust

By: /s/Brad S. Grayson
     One of Their Attorneys

Benjamin N. Feder (ARDC# 6277452)
Brad S. Grayson (ARDC# 6196336)
Samantha E. Weissbluth (ARDC# 6244095)
Strauss Malk & Feder LLP
135 Revere Drive
Northbrook, IL 60062
(847) 562-1400 (Tel.)
(847) 562-1422 (Fax)
bfeder@straussmalk.com
bgrayson@straussmalk.com