**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A. et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 18-cv-03447 |
| v. ) | |
| ) | Hon. Andrea R. Wood |
| BERNARD S. BLACK, et al, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS AND COUNTER-PLAINTIFFS BERNARD S. BLACK
AND SAMUEL BLACK'S RESPONSE TO PLAINTIFFS'
MOTION FOR AN ORDER REGARDING INTERPLEADER
ASSETS, FOR A PERMANENT INJUNCTION AND DISCHARGE**

This Court should grant Plaintiffs' Motion for an Order Regarding Interpleader Assets, for a Permanent Injunction and Discharge with limited exceptions. Defendants and Counter-Plaintiffs Bernard S. Black ("Bernard") and Samuel Black (collectively, the "Trustees") support Plaintiffs' motion for an injunction against all parties restraining them from taking actions in other courts affecting interpleader assets. The Trustees also do not object to discharging the Plaintiffs from further participation in this case, subject to Plaintiffs continuing to be treated as parties for purposes of responding to discovery, and for purposes of holding the trust assets in their current form, as set forth below.

The one area in which the Trustees object to Plaintiffs' motion is with respect to the disposition of the interpleader assets while this case remains pending. The Trustees respectfully suggest that Plaintiffs should continue to hold the interpleader assets in the accounts in which they currently are being held and in the form those assets currently are being held. To sell the securities in the subject trust accounts now would impose hundreds of thousands of dollars in capital gains taxes on the trusts, which otherwise could be deferred until the assets are sold, and likely avoided

{5094/00005/00641823.DOCX/2 }

entirely by offsetting them against trust expenses. That very large cost to the trusts, and effectively to the beneficiaries of the trusts, should be balanced against the minimal cost to Plaintiffs of simply holding the assets in their current form pending the resolution of this case. Reducing the assets to cash would also deprive the beneficiaries of the expected return if the assets remain invested. For example, assuming a five percent (5%) rate of return would mean a loss to the beneficiaries of an additional $200,000 per year.

For the foregoing reasons, the Trustees respectfully request that this Court grant Plaintiffs' motion for injunctive relief as to the interpleader assets with the exceptions noted above, and request that Plaintiffs continue to hold the assets in their current form, but be discharged from liability for doing so.

Respectfully submitted,

BERNARD S. BLACK, individually and as Trustee of the 2013 Trust, the SNT and the Issue Trust, and SAMUEL BLACK, as Trustee of the 2013 Trust, the SNT and the Issue Trust

By: /s/Brad S. Grayson
      One of Their Attorneys

Benjamin N. Feder (ARDC# 6277452)
Brad S. Grayson (ARDC# 6196336)
Samantha E. Weissbluth (ARDC# 6244095)
Strauss Malk & Feder LLP
135 Revere Drive
Northbrook, IL 60062
(847) 562-1400 (Tel.)
(847) 562-1422 (Fax)
bfeder@straussmalk.com
bgrayson@straussmalk.com