IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A. et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 18-cv-03447 |
| v. | ) | |
| | ) | Hon. Andrea R. Wood |
| BERNARD S. BLACK, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS AND COUNTER-PLAINTIFFS BERNARD S. BLACK
AND SAMUEL BLACK'S MOTION FOR ENTRY OF A
RULE TO SHOW CAUSE AGAINST DEFENDANT JOANNE BLACK**

Defendants and Counter-Plaintiffs, Bernard S. Black ("Bernard") and Samuel Black ("Samuel") (collectively, "Movants"), individually and as trustees of certain trusts, by their undersigned attorneys, move this Court for the entry of a Rule to Show Cause as to why Defendant and Counter-Defendant Joanne Black ("Joanne") should not be held in civil contempt for her failure to comply with this Court's June 12, 2019 order. In support, Movants state:

1.     On May 15, 2018, JP Morgan Chase Bank, National Association and J.P. Morgan Securities, LLC (collectively, "Chase") commenced these proceedings by filing a Complaint for Interpleader and Declaratory Relief. The "property" that is the subject of this interpleader action is the approximately $4 million held in bank and brokerage accounts at Chase for two family trusts that Renata Black created prior to her death (the "Interpleader Assets").

2.     As set out in Chase's Complaint, the Interpleader Assets are the subject of litigation in many forums around the country, including in two federal court cases in New York, multiple state court cases in Illinois, a case pending in the Denver Probate Court in Colorado,

estate litigation in New York, and a Financial Industry Regulatory Authority (FINRA) arbitration between some of the parties.

3.      Chase filed this interpleader action because it was subject to contradictory court orders, citations to discover assets and an arbitration award in multiple forums, as well as future potentially contradictory orders, concerning the disposition of the Interpleader Assets.  In its prayer for relief, Chase requested that this Court "[r]estrain Defendants from instituting or prosecuting any proceeding in any State or United States court, or other forum, affecting the Property involved in this interpleader action until further order of Court." (Complaint at p. 19).

4.      Although this Court initially ordered Chase to post a surety bond in lieu of depositing the Interpleader Assets into this Court's registry, this Court later waived renewal of that surety bond subject to the express condition that: "[Chase] shall not allow any withdrawals of the interpleader assets from the accounts or execute any instructions with respect to the interpleader assets, without prior approval from the Court.  Such approval shall be sought by written motion with due notice provided to all Defendants." (May 15, 2019 Minute Order.)

5.      On June 12, 2019, this Court entered a further order "to preclude any party from seeking to enforce any court order requiring, or otherwise seek to effectuate, any turnover or withdrawal of the interpleader assets from the accounts held by Plaintiffs without first filing a motion with this Court seeking approval for such withdrawal." (June 12, 2019 Minute Order.)

6.      Despite the pendency of this action, the effect of the Citations to Discover Assets in the Illinois state court proceedings and the FINRA arbitration award referenced above, each of which effectively has frozen the Interpleader Assets, Joanne, through her Colorado counsel, Lisa DiPonio, filed on May 10, 2019, and amended and renewed on July 23, 2019 a Motion and Affidavit for Citation for Contempt of Court (the "Contempt Motion", a copy of which is

attached hereto as Exhibit A) against Bernard in the Denver Probate Court, seeking to hold Bernard in contempt for "willfully, intentionally, and in bad faith violat[ing] th[at] Court's April 27, 2018 Order by refusing to return, or even make any effort to return, the funds ...." (Contempt Motion at ¶2).

7.      The Contempt Motion further states, "[a]s to the accounts on which [Bernard] is a holder and a signor, he has the immediate ability to effect transfer to the Court's Registry, directly and/or through cooperation with other account holders, such as his son Samuel Black and Trustee Anthony Dain." (*Id.* at ¶3). That, however, was not true, for multiple reasons.[1]

8.      Joanne, through counsel, amended and renewed the Contempt Motion on July 23, 2019, without informing the Denver Probate Court of this Court's May 15, 2019 and June 12, 2019 orders.

9.      While Joanne has not appeared in this action, she is a defendant and was served with process by Chase. (See Affidavit of Service attached as Exhibit B hereto.) More recently, Joanne was served with a copy of Bernard and Samuel's counterclaim in this action, as well as with this Court's May 15, 2019 and June 12, 2019 orders. (See Affidavit of Service attached as Exhibit C hereto.) Therefore, Joanne has been joined to these proceedings as a party, has been served with process in this case, and has been served with the relevant orders entered by this Court, which both restrict the transfer of the trust assets held by Chase and restrict the parties from taking actions seeking to transfer or otherwise dispose of those assets. Moreover, Joanne's Colorado counsel, Lisa Diponio, was provided with copies of the recently-filed injunction motions in this case and the related pleadings at this Court's direction. Joanne's counsel was also

---

[1] Indeed, in addition to this Court's orders, and the other freezes on the trust assets, the Denver Probate Court has entered orders to the effect that only defendant Anthony Dain ("Dain") may act for one of the trusts at issue, not Bernard or Samuel. Thus, Dain, not Bernard, is the one who, under the Denver Probate Court orders, would have to cause a transfer of any funds held in that trust's accounts to the Denver Probate Court registry. And, of course, Chase would be bound by this Court's orders not honor any checks that might be written on the trust accounts.

informed of this Court's views that proceeding with the Contempt Motion would violate this Court's orders, expressed at a hearing on Sept. 27, 2019.[2]

10.     Nonetheless, Joanne, through Ms. DiPonio, continues to pursue contempt against Bernard in the Denver Probate Court solely based upon Bernard not having turned over the Interpleader Assets to the Denver Probate Court in accordance with a prior order of that court. There are no other grounds asserted in Joanne's contempt motion against Bernard for seeking to have him held in contempt.  Therefore, it is plain that Joanne's actions in the Denver Probate Court are intended to force Bernard to turn over the Interpleader Assets to the Denver Probate Court.  As such, Joanne's actions in prosecuting the contempt motion against Bernard in the Denver Probate Court constitute a direct and intentional violation of this Court's June 12, 2019 order.

11.     Notably, on October 3, 2019, Joanne's counsel appeared at a hearing before the Denver Probate Court to pursue the Contempt Motion, in knowing and direct violation of this Court's June 12, 2019 order, and the Denver Probate Court entered an order granting the request of Joanne, through Ms. DiPonio, as follows:

> FOR THE ISSUANCE OF A BENCH WARRANT FOR MR. BLACK'S FAILURE TO APPEAR IS GRANTED. ORDERED: A BENCH WARRANT SHALL ISSUE FOR THE ARREST OF BERNARD BLACK DUE TO HIS FAILURE TO APPEAR TO ANSWER THE CONTEMPT CITATION. CASH BOND IS ORDERED IN THE SUM OF $4,500,000.00, THE AMOUNT OF THE JUDGMENTS ENTERED AGAINST MR. BLACK. THE MOTION TO [DISMISS] IS DENIED.

A copy of the Denver Probate Court's order is attached hereto as Exhibit E.

---

[2] See Bernard Black's Motion to Dismiss the Contempt Citation, a copy of which is attached hereto as Exhibit D, which quoted the transcript of that hearing, and was served on Joanne's Colorado counsel.

12.     Joanne thus has deliberately violated this Court's June 12, 2019 order by seeking to effectuate a turnover of the Interpleader Assets without first filing a motion with this Court seeking approval for such a turnover of the Interpleader Assets.

WHEREFORE, Movants respectfully request that this Court enter a rule to show cause, returnable *instanter*, and that Joanne be ordered to appear and show cause as to why she should not be held in civil contempt of court for violating this Court's June 12, 2019 order "to preclude any party from seeking to enforce any court order requiring, or otherwise seek to effectuate, any turnover or withdrawal of the interpleader assets from the accounts held by [Chase] without first filing a motion with this Court seeking approval for such withdrawal" and that this Court enter any other and further relief as equity and justice require.

Respectfully submitted,

BERNARD S. BLACK, individually and as Trustee of the 2013 Trust, the SNT and the Issue Trust, and SAMUEL BLACK, as Trustee of the 2013 Trust, the SNT and the Issue Trust

By: /s/Brad S. Grayson
     One of Their Attorneys

Benjamin N. Feder (ARDC# 6277452)
Brad S. Grayson (ARDC# 6196336)
Samantha E. Weissbluth (ARDC# 6244095)
Strauss Malk & Feder LLP
135 Revere Drive
Northbrook, IL 60062
(847) 562-1400 (Tel.)
bgrayson@straussmalk.com

# Exhibit A

| | |
|---|---|
| Probate Court<br>Denver County, Colorado<br>Court Address:<br>1437 Bannock Street<br>Denver, CO 80202 | FILED IN PROBATE COURT<br>CITY & COUNTY OF DENVER, CO<br><br>**MAY 10 2019** |
| IN THE INTEREST OF:<br><br>**JOANNE BLACK,**<br><br>Protected Person. | ▲   **COURT USE ONLY**   ▲ |
| Lisa DiPonio, Esq., #22707<br>Court Appointed Counsel for Joanne Black<br>7931 S. Broadway, #348<br>Littleton, CO 80122<br>DiPoniolawfifirm@comcast.net<br>(303) 955-2080"<br>Fax (303) 734-1068 | Case Number:<br><br>12PR1772<br><br>Division          Courtroom 230 |

### VERIFIED MOTION AND AFFIDAVIT FOR CITATION FOR CONTEMPT OF COURT

Lisa DiPonio, Esq. ("Counsel") on behalf of her client, Joanne Black, states Bernard Black has failed to comply with orders of this court as follows:

1. On April 27, 2018 this Court issued its Order Re: COA Remand, ordering Bernard Black to do the following: (Briefly describe what the Order says and attach a copy of the signed Order.)

   Immediately return all funds that he disclaimed pursuant to the Amended Order issued March 5, 2013, and place them into the Registry of the Denver Probate Court. In that April 27,2018 Order, the Court affirmed, among other things, that via his disclaimer Bernard Black misappropriated Conservatorship assets and transferred them into the 1997 Supplemental Needs Trust for the benefit of Joanne Black, the 2013 SNT, the 1997 Issue Trust and elsewhere. Mr. Black filed a motion in the Colorado Court of Appeals to stay this Court's Order; on June 29, 2018, the Court of Appeals issued an Order denying Mr. Black's motion to stay. Thus, the April 27, 2018 Order remains in effect and Mr. Black remains obligated to comply.

   _____

   _____

   _____

   _____

   _____

2. As of this date, the other party owes me a total of $ _____, for _____ (number of payments) payment(s) in the amount(s) of $ _____ that were ordered to have been made by the following date(s):_____.

   ☐ and ☒ or

   Other: (Identify exactly what the other party has done, or failed to do, in violation of the Order.)

Bernard Black has willfully, intentionally and in bad faith violated this Court's April 27,2018 Order by refusing to return, or even make any effort to return, the funds he disclaimed and place them in the Court Registry. Mr. Black has ignored repeated requests that he comply with the Court's Order.

3. Describe any circumstances which may show that the other party has the present ability to comply with the Order: As the Court may recall from the evidence presented in the Conservatorship evidentiary hearings, including testimony from witnesses including Mr. Black, and the expert forensic report and attached exhibits of Pamela Kerr, Bernard Black is an account holder and signor of all accounts holding disclaimed funds, with the exception of the Roth IRA funds he disclaimed and transferred directly to accounts in the names of his seven children. As to the accounts on which he is a holder and signor, he has the immediate ability to effect transfer to the Court's Registry, directly and/or through cooperation with other account holders, such as his son Samuel Black and Trustee Anthony Dain. As to the accounts he set up holding the disclaimed Roth IRA funds, he can at a minimum seek the cooperation of his children in effecting return to the registry, and at a maximum, he can seek court assistance in ordering the return of the funds.

4. Describe any circumstances which may show that the other party willfully refused to comply with the Order: On May 15 and July 6, 2018, Anthony Dain e-mailed Bernard Black imploring him to comply with the Court's April 27, 2018 Order. These e-mails are attached. Mr. Black ignored both requests. Moreover, as recently as November 19, 2018, during his deposition in a Federal District Court case brought by his wife against Ms. Wrigley, Ms. Cohenson and Ms. Kerr, Mr. Black demonstrated his literal contempt for this Court's various orders including the April 27, 2019 order. During his testimony, Mr. Black was describing his October 2017 surreptitious electronic transfer of funds out of the Supplemental Needs Trust account at Chase Bank. As the Court may recall, it had authorized Mr. Dain to sell assets held in an SNT brokerage account at Chase to pay attorney's and professional's fees needed to protect Joanne Black from Mr. Black's depredations; the Court ordered Mr. Dain to hold the funds received from sale in a Chase SNT checking account pending the Court's resolution of Mr. Black's objections to reasonableness. However, just after the October 2017 hearing on his objections, when it was clear the Court was going to overrule them, Mr. Black surreptitiously went online and removed these funds. He first transferred the funds into a home equity line of credit account held by him and his wife, also at Chase. This paid off his line of credit. He then later drew on that home equity line of credit and transferred those funds out of Chase into an account he set up at Northview Bank. As the Court may recall it issued an emergency Order re: Motion for injunction on November 3, 2017 ordering Mr. Black to return the funds to the Chase SNT account. In that Order, the Court stated unequivocally that it "Finds that this Court has continuing jurisdiction over this conservatorship matter and Bernard Black, who served as the former conservator as appointed by this Court."

However, continuing to thumb his nose at this and other orders of the Court, Mr. Black testified on November 19, 2018, "Mr. Dain has gone repeatedly to the Denver probate Court to seek approval to spend SNT money. ¶¶ I believe that the S - - - Denver probate Court has no jurisdiction over the SNT and has acted improperly in this and other ways.  And it was available for me to move the money from Chase to Northview, and by doing that I was trying to slow down the depletion of the SNT accounts."   A copy of the relevant portion of Mr. Black's November 19, 2018 Transcript, with the December 5, 2018 Reporter's Certification is attached hereto.  This testimony is exemplary of Mr. Black's intent to defy this Court's orders, including the April 27, 2018 Order, and of Mr. Black's unwillingness to accept this Court's jurisdiction to enforce his compliance with its orders, including the April 27, 2018 Order.

5.  There has not been a stay of execution or modification of the Order.

6.  The actions of the other party are contrary to the Order of this court.

7.  I request this court to issue an order to the other party to appear before the court at a specific date and time for a hearing to show cause why there has been a failure and/or refusal to comply with the Order of this court.

8.  I hereby request:
   ◆ ☒ Remedial Contempt. I request that the Court find that the other party is in remedial contempt of this Court's Order. As described above, I attest that the responding party (1) did not comply with the Order; (2) knew of the Order; and (3) has the present ability to comply with the Order.

   As a result, I request this court impose the following sanctions:
   ☒ payment of my costs and reasonable attorney's fees in connection with this contempt proceeding;
   ☒ payment of a fine and/or imprisonment until the other party, who has the present ability to comply, performs the act(s) ordered;
   ☐ other (be very specific) _____

   _____

   _____

   and/or

   ☒ Punitive Contempt. I request that the Court find that the other party is in punitive contempt of this Court's Order. As described above, I attest that, beyond a reasonable doubt, the responding party (1) had knowledge of the Order; (2) had the ability to comply with the Order; and (3) willfully refused to comply with the Order.

   I request this court find that the conduct of the other party to be offensive to the authority and dignity of the Court, and, to vindicate the dignity of this court, to impose a fine or fixed sentence of imprisonment, or both.

Date: _____                   _____

                                                 _____
                                                 Address

Littleton  CO  80122
**City, State, Zip Code**

_____
**(Area Code) Home Telephone Number**

( 303 ) 955 - 2080
**Area Code) Work Telephone Number**

```
SCOT BROOKS
NOTARY PUBLIC - STATE OF COLORADO
NOTARY ID 20184024177
MY COMMISSION EXPIRES JUN 11, 2022
```

Subscribed and affirmed, or sworn to before me in the County of _Arapahoe_____, State of
_Colorado_____, this ___10___ day of __May____ 20_19_.

My Commission Expires: _June 11 2022_____          _T. Brooks_____
                                                      Notary Public/Deputy Clerk

---

**It is important that the party accused of contempt read the following information.**

**A party accused of remedial contempt has the following rights:**

1. The right to be represented by a lawyer.
2. The right to a hearing before a judicial officer where the court must find that you were subject to a court order, that you had knowledge of that Order, that you did not comply with the Order, that you had the ability to comply with that Order, and that you have the present ability to comply with that Order.

If you are found to be in remedial contempt of court, the court may require you to pay the other party's court costs and attorney's fees connected with the contempt hearing, to pay a fine, and/or to serve an indefinite jail sentence until you comply with the original order.

**A party accused of punitive contempt has the following rights:**

1. The right to be represented by a lawyer. If you cannot afford a lawyer and if a jail sentence is contemplated, you may apply for a court-appointed lawyer.
2. The right to a jury if a jail sentence in excess of 180 days is contemplated.
3. If the judge initiated the proceedings, the right to have the contempt matter heard by a different judge.
4. The right to plead guilty or not guilty to the charge of contempt.
5. The right to be presumed innocent unless and until the allegation(s) in the motion for contempt is/are proven beyond a reasonable doubt.
6. The right to confront and cross-examine all witnesses against you.
7. The right to present relevant witnesses and evidence at the hearing.
8. The right to request the court to issue subpoenas to compel witnesses to appear and give testimony.
9. The right to remain silent.
10. The right to testify on your own behalf. If you testify, you waive your right to remain silent and the other party may cross-examine you.
11. The right to make a statement on your own behalf prior to the imposition of sanctions, if you are found in contempt of court.

If the court finds beyond a reasonable doubt that you were subject to a lawful court Order, that you had knowledge of that Order, that you had the ability to comply with that Order, that you willfully failed or refused to obey that Order, and that such conduct was offensive to the authority and dignity of the court, you may be sentenced to pay a fine or serve a jail sentence.

# Exhibit B

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

JP Morgan Chase Bank, National Association and J.P. Morgan Securities LLC,

    Plaintiff(s),

vs.

Bernard S. Black, individually and as trustee, Samuel Black, individually and as trustee, Anthony Dain, individually and as trustee, Katherine Litvak, Olga Dal, and Jeannette Goodwin, as court appointed conservator and Joanne Black,

    Defendant(s).

Case No.: 18 CV 3447

**AFFIDAVIT OF SERVICE**

_Ricardo Delpratt_ , being first duly sworn on oath, deposes and states the following:

I am over the age of 18 and not a party to this action. I am an agent of ATG LegalServe, Inc., Illinois Department of Financial and Professional Regulation number 117.001494. I attempted service of the within **Summons in a Civil Case; Complaint for Interpleader and Declaratory Relief with Exhibits 1-13; Notice of Mandatory Initial Discovery with Standing Order** to **Joanne Black** , located at **805 East New York Ave., #5-M, Brooklyn, NY 11203** resulting in the following:

[X] **PERSONAL SERVICE:** By leaving a copy of the Summons in a Civil Case; Complaint for Interpleader and Declaratory Relief with Exhibits 1-13; Notice of Mandatory Initial Discovery with Standing Order with **Joanne Black** personally. the _23_ day of _July_ , 20 _18_ at _9:05_ _P_ M

[ ] **SUBSTITUTE SERVICE:** By leaving a copy of the Summons in a Civil Case; Complaint for Interpleader and Declaratory Relief with Exhibits 1-13; Notice of Mandatory Initial Discovery with Standing Order at the above address which is **Joanne Black** 's usual place of abode, with: Name_____, Relationship_____, a person of his/her family, or other person residing there, over the age of 13 years who was informed of the contents of the Summons in a Civil Case; Complaint for Interpleader and Declaratory Relief with Exhibits 1-13; Notice of Mandatory Initial Discovery with Standing Order on the_____day of_____, 20___ at _____M

After substitute service, I mailed a copy of the listed documents via regular mail to the subject on the ____ day of _____, 20__

[ ] **NON-SERVICE** for the following reasons with the **DATE** and **TIME** of each attempt listed along with a description of the attempt **(attach a separate sheet if needed):**

__/__/____ @ _____

__/__/____ @ _____

__/__/____ @ _____

A description of person with whom the documents were left is as follows:

Sex: _F_ Race: _White_ Approx. Age: _62_ Height: _5'5"_ Weight: _150_ Hair: _Brwn_

Noticeable Features/Notes _Glasses_

The undersigned verifies that the statements set forth in this Affidavit of Service are true and correct.

Signed and sworn to before me on this _21_ day of _____ 20 _18_

_Ricardo Delpratt_
(printed name)
_Ricardo Delpratt_

EVAN COHAN
NOTARY PUBLIC & ATTORNEY AT LAW
NO. 02CO4998577
QUALIFIED IN ROCKLAND COUNTY
CERTIFICATE FILED IN NEW YORK COUNTY
COMMISSION EXPIRES JUNE 29, 2022

# Exhibit C

**UNITED STATES DISTRICT COURT FOR THE**        **Job #:** 1439187
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**
Attorney: Sharan Abraham
Address: 37 South Street Roslyn Heights, NY 11577

| | |
|---|---|
| JP MORGAN CHASE BANK, NATIONAL ASSOCIATION and J.P. MORGAN SECURITIES LLC, | |
| *vs*         *Plaintiff* | **Case Number:** 1:18-CV-03447 |
| BERNARD S. BLACK, et al., | **Client's File No.:** |
| | **Court Date:** |
| *Defendant* | **Date Filed:** |

STATE OF NEW YORK, COUNTY OF NASSAU, SS.:

# AFFIDAVIT OF SERVICE

**Dainon O. Ward**, being sworn says:
Deponent is not a party herein; is over the age of 18 years and resides in the State of New Jersey.

On 8/2/2019, at 6:05 PM at: **805 EAST NEW YORK AVENUE, #5-M, BROOKLYN, NY 11203** Deponent served the within **Notice of Docket Entry for May 15, 2019, Notice of Docket Entry for June 12, 2019 and Answer and Counterclaim to Complaint For Complaint For Interpleader and Declaratory Relief Filed on 07/05/18**
On: **JOANNE BLACK,** therein named.

☒ **#1 SUITABLE AGE PERSON**
By delivering thereat a true copy of each to D. Long (Doorman) a person of suitable age and discretion who stated that he/she is authorized to accept service. Said premises is recipient's :[] actual place of business / employment [X] dwelling house (usual place of abode) within the state.

☒ **#2 DESCRIPTION**
Sex: Male      Color of skin: Black      Color of hair: Bald    Glasses: No
Age: 36-50      Height: 5ft 4inch - 5ft 8inch       Weight: 161-200 Lbs.      Other Features:

☒ **#3 MILITARY SERVICE**
I asked the person spoken to whether defendant was in active military service of the United States or the State of New York in any capacity whatsoever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.

☐ **#4 WITNESS FEES**
Subpoena Fee Tendered in the amount of

☒ **#5 OTHER**
The doorman called the Subject on the phone. She REFUSED/DENIED me entry up to Apt. 5-M to serve the documents and asked me to leave them with the doorman.

☒ **#6 MAILING**
Dainon O. Ward being duly sworn, deposes and says: that deponent completed service by depositing a copy of the said documents in a postpaid properly addressed envelope, bearing the words "Personal and Confidential" by first class priority mail on: **08/08/2019** to **JOANNE BLACK** at **805 EAST NEW YORK AVENUE, #5-M, BROOKLYN, NY 11203** in an official depository of the United States Postal Service in the State of New York. The envelope did not indicate on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served.
:

Sworn to before me on 08/13/2019

Adriana Bartolotta
Notary Public, State of New York
Registration No. 01BA6377720
Qualified in Nassau County
Commission Expires 07/16/2022

Dainon O. Ward
DCA License # 2079049

*Court Support, Inc., 181 Hillside Avenue, Williston Park, NY 11596 License #1382542*

# Exhibit D

<table>
<tr><td>
DENVER PROBATE COURT<br>
CITY AND COUNTY OF DENVER<br>
STATE OF COLORADO<br>
1437 Bannock Street, Room 230<br>
Denver, Colorado 80202
</td><td></td></tr>
</table>

| | |
|---|---|
| **In the Interest of:**<br><br>**JOANNE BLACK,**<br><br>**Protected Person** | ^ COURT USE ONLY ^<br><br>Case No.: 2012 PR 1772 |
| Jane G. Ebisch<br>The Ebisch Law Firm<br>12600 W. Colfax Ave., Suite C-400<br>Lakewood, CO 80215<br>Phone (303) 233-1232 Fax (303) 672-9998<br>Atty. #15029        Email jebisch@ebischlaw.com | |

**RESPONDENT BLACK'S MOTION TO DISMISS MOTION FOR CONTEMPT AND TO QUASH JULY 23, 2019 ORDER TO ISSUE CITATION AND CITATION TO SHOW CAUSE**

Respondent Bernard Black, in his capacity as former Conservator for Joanne Black (in that capacity, "Conservator Black"), as a co-trustee of the Supplemental Needs Trust ("SNT") for the Benefit of Joanne Black (in that capacity, "SNT Trustee Black") and as co-trustee of the Irrevocable Trust for the Benefit of the Issue of Renata Black (in that capacity, "Issue Trustee Black"), by and through his counsel, Jane G. Ebisch of The Ebisch Law Firm, submits the following Motion to Dismiss the Order to Issue Citation and Citation to Show Cause ("Citation"), issued on July 23, 2019. SNT Trustee Black maintains his prior objection to this court's jurisdiction over him as SNT Trustee and over the SNT. Issue Trust Trustee Black has not previously appeared in this matter, and appears solely to object to this court's jurisdiction over himself as Issue Trust trustee and over the Issue Trust.

As grounds therefor, Conservator Black states the following:

## I.    INTRODUCTION

On March 5, 2013, the probate court authorized Conservator Black to disclaim POD designations at Vanguard on Petitioner's Joanne Black's behalf.   Two years later, Joanne Black challenged the disclaimer, and the probate court concluded in its Hearing Order dated September 28, 2015 ("2015 Order") that Conservator Black provided inadequate notice to the court that the disclaimer would result in the disclaimed funds being included in the Estate of Renata Black, and that under her will, 2/3rds of the Estate would go to a Supplemental Needs Trust ("SNT") for the benefit of Joanne Black, and 1/3rd would go to a trust set up to benefit Renata Black's issue ("the Issue Trust). Rather than unwinding the disclaimer, however, the probate court held that "the appropriate remedy [was] surcharge."

The probate court surcharged Conservator Black in the amount of $1.5 million, the value of the allegedly improperly diverted assets, including a Roth IRA. Then, under the civil theft statute, it trebled the damages and entered judgment in the amount of $4.5 million against Bernard Black personally.

None of the proceedings before the probate court leading up to the 2015 Order concerned the SNT.  Neither the SNT nor SNT Trustee Black was a party to those proceedings.  The first action by the probate court directly implicating the SNT took place following a motion by SNT co-trustee Anthony Dain made in February 2016.  SNT Trustee Black objected based on lack of jurisdiction, appealed that decision on those grounds, among others, and the Colorado Court of Appeals issued a limited mandate to the probate court to address the issue of jurisdiction, which it had not previously done. The probate court did so in its Order: Re. Colorado Court of Appeals on April 27, 2018

2 ·

("April 2018 Order"). The SNT trustees have appealed that decision, on jurisdiction and other grounds. That appeal is now pending in the Colorado Court of Appeals.

None of the proceedings before the probate court, including the remand leading to the April 2018 Order, concerned the Issue Trust or its trustees. There is not, and never been, any motion before this court to which the Issue Trust and its trustees was a party, was sought be named as a party, or received notice.[1]

None of the proceedings before the probate court has concerned Samuel Black, in his capacity as SNT trustee, or Samuel Black, in his capacity as Issue Trust trustee. There is not, and has never been, any motion before this court to which the Issue Trust and its trustees was a party, was sought to be named as a party, or received notice.

The motion for contempt should be dismissed for multiple reasons.

First, the April 2018 Order went beyond the Court of Appeals' mandate in a number of respects, as discussed below, and therefore exceeded this court's jurisdiction. Petitioner's motion for contempt should be dismissed, at the least until the Court of Appeals has ruled on the pending appeals.

Second, the SNT and Issue Trust are the subject of an interpleader action in Illinois federal court, filed by JPMorgan Chase Bank and its securities affiliate, J.P. Morgan Securities (together, "Chase").[2] In this "Interpleader Action," the court has directed that no action can be taken to move the SNT and Issue Trust assets from Chase without a prior motion being made to and approved by the federal court hearing this

---

[1] Bernard Black, in his capacity as former Conservator, is considered a separate legal person from Bernard Black in his capacity as SNT Trustee, and from Bernard Black, in his capacity as Issue Trust trustee.

[2] *JPMorgan Chase Bank and J.P. Morgan Securities v. Bernard Black, Samuel Black, Anthony Dain, Katherine Litvak, Olga Dal, Jeanette Goodwin, and Joanne Black*, No. 18-cv-03347 (N.D. Ill.)

action. Neither Joanne Black, Anthony Dain, nor Jeanette Goodwin has brought such a motion, likely because they recognize that doing so would be futile at this point in the interpleader proceedings. The Interpleader Action is the proper forum in which to resolve the multiple, conflicting claims, in multiple jurisdictions, to the SNT and Issue Trust assets. The contempt motion should be dismissed both as a matter of comity with the interpleader court, and because it violates that interpleader court's explicit orders, as set forth more fully below.

Third, the April 2018 Order, to the extent it addressed the Issue Trust and its trustees, was made without regard to nonparties to the entire proceedings before the probate court, would improperly impact a trust and trustees as to which this court lacks jurisdiction, was made without any motion being filed that would have sought to include the Issue Trust or its trustees as parties, without notice to the Issue Trust trustees or beneficiaries, and without any determination of the basis for this court to exercise personal jurisdiction over the Issue Trust trustees. The contempt motion improperly implicates the same nonparties.

Fourth, the January and April 2018 orders, to the extent they addressed Samuel Black in his capacity as SNT trustee and in his capacity as Issue Trust trustee, were directed to a person over which this court lacks jurisdiction, were made without any motion being filed that sought to include Samuel Black, in either of these capacities, as a party, and were made without notice to Samuel Black.[3] Any action which would effect assets in the Issue Trust, including that directed by the April 2018 Order, requires joint

---

[3] Samuel Black has appealed the January 2018 order, and Joanne Black's appellate counsel has declined to defend the propriety of this court's order directed at him. *See* Reply Brief, in Nos. 2016CA2157, 2017CA2242, 2018346, and 2018CA1094 (May 16, 2019). at 49 (heading: "The Probate Court Didn't Attempt to Exercise Personal Jurisdiction Over Samuel in its Order on Remand.")

4

action by both trustees. It is improper to enter a contempt order against Conservator

Black for failing to obey an Order involving funds over which he does not have sole

control.

## II.    LEGAL ARGUMENT

### A. CONSERVATOR BLACK CANNOT BE HELD IN CONTEMPT FOR VIOLATION OF A VOID ORDER.

#### 1. The Trial Court Was Without Jurisdiction to Enter the April 2018 Order Because the Portion of The April 2018 Order Reversing the Disclaimer Exceeded the Relevant Mandate from The Court of Appeals.

The basis for the contempt motion is the portion of the April 2018 Order that *sua*

*sponte* invoked C.R.C.P. 60 and reversed this court's prior decision in 2015 not to

unwind the disclaimer. That order, tellingly, is titled "RE: COA Remand." Its only

proper subject was a decision on the specific issued contained in the remand.

Conservator Black appealed the 2015 Order and Joanne Black cross-appealed the

probate court's denial of her request that the disclaimer be unwound. The Colorado

Court of Appeals affirmed the 2015 Order, *Black v. Black*, 422 P.3d 592 (Colo.App.

2018) ("Damages Decision"). In its decision, the Court of Appeals specifically denied

Joanne Black's request to unwind the disclaimer. *Black v. Black, supra* at 612. In doing

so, the Court of Appeals determined that the probate court's "decision to [elect a remedy

and] impose a surcharge rather than to order that the disclaimer transaction be unwound"

was a proper exercise of the probate court's discretion.

Conservator Black continued his appeal of the Damages Decision. He filed a

petition for writ of *certiorari* with the Colorado Supreme Court. The filing of this

petition continued the jurisdiction of the matter in the appellate courts. Jurisdiction

5

remained in the appellate courts while this petition was pending. The Colorado Supreme Court considered the matter until it issued a decision on May 20, 2019 denying Respondent Black's petition for writ of *certiorari*.

The timeline establishes that all matters relating to the appeal of the 2015 Order, including unwinding of the disclaimer, were pending on appeal when the probate court issued its April 2018 Order. The probate court therefore had no jurisdiction to modify the 2015 Order. "Courts universally recognize the general principle that once an appeal is perfected, jurisdiction over the case is transferred from the trial court to the appellate court for all essential purposes with regard to the substantive issues that are the subject of the appeal." *Molitor v. Anderson*, 795 P.2d 266, 268 (Colo. 1990).

This transfer of authority is "essential to the efficient administration of appellate processes and is an important adjunct to the concept of the finality of judgments." *Id.* Thus, a trial court lacks jurisdiction to consider a Rule 60(b) motion, absent a timely order from the Court of Appeals remanding the case "for that purpose." *Id.* at 269-70; *see also State for Use of Dep't of Corr. v. Pena*, 837 P.2d 214, 215 (Colo. App. 1992) (no jurisdiction to hear Rule 60(b)(5) motion because "no remand was issued"). "Such policy emphasizes the central responsibility of appellate courts to control the course of an appeal." *Molitor*, 795 P.2d at 269.

In April, 2018, the probate court had before it only a "limited remand" by Bernard Black, in his capacity as SNT trustee, concerning SNT jurisdiction, in a *separate* unpublished case concerning this court's orders concerning the SNT, *Black v. Black*, (Colo. App. Case No. 2016CA625, January 25, 2018) ("SNT Decision"). That limited remand conferred no jurisdiction on the probate court to revisit the disclaimer, which was

6

the subject of the separate appeal by Bernard Black, in his personal capacity, of the damages award and Joanne Black's cross-appeal of this court's determination not to reverse the disclaimer, in the Damages Decision. The remand was solely in Case No. 2016CA625, and addressed only this court's jurisdiction over the SNT and its trustees. This remand was made only in the SNT Decision and had nothing to do with the Damages Decision or the disclaimer. The probate court did not have discretion to go beyond the plain language of the mandate in the SNT Decision. *See People v. Wise*, 348 P.3d 482, 487 (Colo. App. 2014) (*citing Briggs v. Penn. R. Co.*, 334 U.S. 304, 306 (1948) (A lower court "has no power or authority to deviate from the mandate of an appellate court").

### 2. A Party Cannot Be Held in Contempt of Disobeying A Void Order.

Because the 2015 Order remained on appeal as of April 2018, the probate court lacked jurisdiction on April 27, 2018 to enter Rule 60 relief. The Colorado courts have consistently held that a party who ignores or refuses to follow the directions of a void order or decree cannot be found guilty of contempt. "One cannot be convicted of contempt for respectfully declining to comply with an order which is beyond the court's authority." *See Thrap v. People*, 192 Colo. 341, 558 P.2d 576, 578-79 (1977), *citing Arkansas Valley Sugar Beet & Irrigated Land Co. v. Lubers*, 72 Colo. 513, 212 P. 848 (1923)(a party who ignores or refuses to follow the directions of a void decree is not guilty of contempt). *Also see Newman v. Bullock*, 23 Colo. 217, 47 P. 379 (Colo. 1896)(a refusal to obey a void writ does not constitute a contempt of court); *White v. Adamek*, 907 P.2d 735, 737 (Colo. App. 1995)(an order that exceeds the trial court's jurisdiction is void and cannot support a finding of contempt).

7

Though the Colorado appellate courts have not directly addressed the question in this procedural posture, at least two other state courts have held, given these circumstances, that a party is not guilty of contempt of court for disobeying an order made by a lower court after it had lost jurisdiction by appeal to a higher court. In *Arnal v. Fraser*, 371 S.C. 512, 522 (2007), the South Carolina Supreme Court held that an initial order in a divorce case which required Father to videotape the giving of medicine was void for lack of jurisdiction because the order modified the terms of Father's visitation, an issue which was being appealed. The Father could not be held in contempt for violating an order which was void *ab initio* for a lack of jurisdiction. Similarly, in an original proceeding, *State Ex Rel. O'Grady*, 61 Mont. 346, 202 P. 575, 576 (1921), the Montana Supreme Court ruled that an order of contempt against members of a board of county commissioners was annulled because the trial court lost jurisdiction after an appeal was perfected by the affected parties. The court held that the order of the trial court amending its original order, which original order was on appeal, was void since jurisdiction had been transferred to the appellate court. The parties ". . . could not be held in contempt for violation of or interference with that order . . .," since the court had no authority of law to issue the order. *O'Grady, supra* at 577.

The probate court's April 2018 Order was issued when it was without jurisdiction to reconsider the 2015 Order, while Respondent Black's appeal was pending. A challenge to the trial court's subject matter jurisdiction cannot be waived. A party may raise the issue at any stage of the proceedings. *Town of Carbondale v. GSS Properties, LLC*, 169 P.3d 675, 681 (Colo. 2007), *citing Triebelhorn v. Turzanski*, 149 Colo. 558,

8

561, 370 P.2d 757, 759 (1962) ("[T]he defense of lack of jurisdiction over the subject matter can be raised at any time, even for the first time in this court.").

### B. THE CONTEMPT MOTION IMPROPERLY ATTEMPTS TO INTERFERE WITH THE JURISDICTION OF THE ILLINOIS COURT OVER FUNDS IN THAT COURT'S CUSTODY AND CONTROL.

A contempt motion is both improper at this time, and unnecessary to protect the assets at issue. The assets in the SNT and the Issue Trust are subject to the Interpleader Action, and are protected by court orders in that action. The conflict between the Citation and the interpleader court's orders was addressed in a hearing in the Interpleader Action held on September 27, 2019. The interpleader court expressed the view that once this court was informed about the Interpleader Action (as this motion does), this court would realize that there is no basis for the contempt motion (even apart from the jurisdictional concerns raised above). *See* Interpleader Tr. at 5, Exh. A:

> THE COURT: So has the issue of -- has the probate court been apprised of this [interpleader] action, and has, I guess Mr. Black, raised with the probate judge one of the reasons I can't comply with your order is because the assets are subject to an interpleader, frozen because of a citation -- I guess I'm a little confused as to why . . . any reasonable probate judge wouldn't say, okay, I understand, you shouldn't be held in contempt because there are other court orders out there that are preventing you from --

> MR. GRAYSON (counsel to the SNT and Issue Trust trustees): That will be a defense. It has been raised in the past. It hasn't stopped Joanne Black's counsel from still seeking to hold Bernard in contempt for not turning over the trust accounts, which, as you know, are frozen many different ways.

In the Interpleader Action, both Chase and the SNT and Issue Trust trustees are seeking an injunction that would bar Joanne Black's counsel from proceeding with a contempt motion in this court. The interpleader court is aware of the October 3, 2019 return date for the contempt motion, and is expected to issue a decision on the injunction

9

motion before then. Pending that decision, the interpleader court expressed the clear

view that for Joanne Black to proceed with the contempt motion would violate that

court's prior orders, and expose her to contempt proceedings in the Interpleader Action:

Interpleader Tr. at 12-13.

> THE COURT: Why isn't Joanne Black in violation of my order for any of the
> claimants in this case not to take any steps to seek turnover of these assets without filing
> a motion here with notice so that could be resolved here? . . .
> My order that I entered here covers all of the claimants. It was entered without
> any opposition or objection and indicates that none of the claimants were are to try to
> effect a turnover of these assets without first providing notice by means of motion,
> written notice, or it says by means of motion in this case, which she did not do.
> . . .
>
> THE COURT: But somebody, somebody could come forward and say not -- that
> I want to increase the litigation on this issue -- but somebody could be filing a motion for
> her to find her in contempt of my order for trying to do this without first coming here,
> and filing written notice, and giving people an opportunity to be heard.

In the interests of not further escalating litigation costs, and of not seeking a

remedy against Joanne Black for improper conduct by her counsel, the SNT and Issue

Trust trustees have chosen not to bring contempt proceedings against Joanne Black in the

Interpleader Action, based on the filing of the contempt motion in this court. Bernard

Black represents to this court that the trustees will not do so if the contempt motion is

dismissed, either by this court or voluntarily by Joanne Black's counsel.

The interpleader court refers to two orders previously issued confirming that the

trust assets cannot move without its consent. On May 15, 2019, in response to a motion

by Chase Bank, the interpleader court ruled:

> The Court previously ordered Plaintiffs [Chase] to post a bond of $4.2 million,
> which would be satisfied by a bond issued by Plaintiff's surety, Travelers Casualty
> and Surety Company of America (Dkt. No. [26]). Plaintiffs have now filed an
> unopposed motion to waive renewal of the surety bond (Dkt. No. [66]). Plaintiffs'
> motion (Dkt. No. [66]) is granted. IT IS FURTHER ORDERED that Plaintiffs
> shall not allow any withdrawals of the interpleader assets from the accounts or

10

execute any instructions with respect to the interpleader assets, without prior approval from the Court. Such approval shall be sought by written motion with due notice provided to all Defendants.

Under this order, attached as Exhibit "B," Chase "shall not" allow any transfer of the SNT and Issue Trust assets, without following these steps: (i) Chase must make a written motion to the interpleader court seeking authority to do so; (ii) all Defendants have an opportunity to respond; and (iii) the court rules on the motion. Chase has made no such motion.

The interpleader court issued a second clarifying order, attached as Exhibit "C," on June 19, 2019 (emphasis added):

> The Court's prior order dated 5/15/2019 [68] is amended to preclude *any party* from seeking to enforce any court order requiring, or otherwise seek to effectuate, any turnover or withdrawal of the interpleader assets from the accounts held by [Chase], *without first filing* a motion with this Court seeking approval for such withdrawal.

Under the clear language of this order, if "any party," including Joanne Black, wishes to obtain or enforce any court order "seek[ing] to effectuate, any turnover or withdrawal of the interpleader assets," the first, *mandatory* step is for that party to file a motion with the interpleader court, seeking approval for that action. Instead, Joanne Black (through her counsel, Lisa DiPonio) ignored this express ruling by filing a motion in this Court, seeking remedial and punitive contempt against Conservator Black. Because Joanne Black has not alleged and could not prove one of the elements of punitive contempt – namely, that the alleged contemnor had the ability to comply with the April 2018 order given the status of the Interpleader Action -- any action seeking punitive contempt motion would fail. Additionally, any court order otherwise would

11

simply create conflicting results in separate states. *See In re. Marriage of Nussbeck*, 974
P.2d 493, 497 (Colo. 1999)(elements of punitive contempt).[4]

Moreover, as noted above, if Joanne Black continues to pursue the contempt
motion in this court, the interpleader court has already stated that this will expose her to a
contempt motion in the Interpleader Action.

Chase brought the Interpleader Action so that the interpleader court could resolve
a web of conflicting court orders concerning the SNT and Issue Trust assets. The probate
court's April 2018 Order is only one of those conflicting orders. The interpleader court
has the power to decide among the competing claims. The purpose of the interpleader
statute is to resolve conflicting claims over the same assets. It serves important state and
private interests by efficiently resolving potential multiple actions in the same lawsuit,
thereby conserving judicial and party resources. Interpleader provides a forum for
resolution where there are competing claims to avoid the risk of double or multiple
liability that could result from adverse determinations in different courts. *Benton v.
Adams*, 56 P.3d 81, 86 (Colo. 2002).

The probate court, in contrast, cannot resolve those conflicts and cannot punish
Conservator Black for being unable to abide by the probate court's April 2018 Order. A
contempt order would improperly attempt to override outstanding Illinois court orders
freezing the trust assets and determining that lenders to the trusts (Katherine Litvak and

---

[4] Petitioner's Motion further fails to meet the elements of contempt because it is not verified by an affidavit nor by any party to the case, C.R.C.P. 107(c). Although it references exhibits which supposedly support the argument, no exhibits were filed and none were served on Conservator Black, denying the Court and Conservator Black the ability to be informed of the basis for Petitioner's argument.

Olga Dal) hold valid claims to the funds held in the trusts.[5] This court must honor the "citation" orders freezing the trust assets based on these lender claims, under the full faith and credit clause of the U.S. constitution. The Full Faith and Credit Clause protects the final judgments of one state from collateral attack in another state. *See Marworth, Inc. v. McGuire*, 810 P.2d 653, 655–56 (Colo. 1991), *McClure v. JP Morgan Chase Bank NA*, 2015 COA 117, ¶ 26, *aff'd sub nom. JPMorgan Chase Bank, N.A. v. McClure*, 2017 CO 22, ¶ 26. The interpleader court has the power to resolve priority between competing claims, including deciding whether Joanne Black's claims should take precedence over the lenders' claims. This court does not have that power. Chase is also bound to honor both the orders of the interpleader court, and the citations freezing the trust assets. Thus, for multiple reasons, the trust assets cannot and will not move anywhere, until the Interpleader Action is decided. Neither Conservator Black nor anyone else has the power to move them.

As a matter of prudence, and of comity with other courts, the probate court should respect the primacy of the interpleader court and dismiss the contempt motion, which will only add yet more complexity, conflicting orders, and legal cost to an already complex, costly situation.

## C. THE COURT HAS NO JURISDICTION OVER THIRD-PARTY FIDUCIARIES AFFECTED BY APRIL 2018 ORDER.

Besides ordering an unwinding of the disclaimer, the April 2018 Order purports to impact both the SNT and the Issue Trust. The Issue Trust, its trustees and beneficiaries,

---

5 Katherine Litvak's loans have been found valid as to the Issue Trust; no decision has been made with regard to her loans as to the SNT. Olga Dal's loans have been found valid as to both trusts. *See* Cook County Circuit Court Orders, attached as Exhibits "D" and "E."

received no notice of the proceedings on remand, particularly the court's April 2018 Order, were not represented by counsel, and did not appear.

The April 2018 Order purports to require that Samuel Black, in his capacity as SNT trustee and in his capacity as Issue Trust trustee, take action which would fulfill the court's April 2018 Order directed at Conservator Black. However, this court lacks personal jurisdiction over Samuel Black in any capacity. No motion was filed that sought to include Samuel Black as a party in the proceedings leading to this order as either SNT trustee or Issue Trust trustee. No notice was given to Samuel Black, and no evidence was presented as to any actions he might have taken that would support jurisdiction.[6] Indeed, in the appeal of the April 2018 order by Samuel Black, currently pending in the Colorado Court of Appeals, appellate counsel for Joanne Black has not defended this court's power to issue orders directed to Samuel Black.

Bernard Black does not have unilateral control over the Issue Trust. Any action concerning the Issue Trust, including that directed in the April 2018 Order, requires joint action by both trustees – by both Bernard and Samuel Black. Samuel Black continues to owe a fiduciary duty solely to the beneficiaries of the Issue Trust.

## III. CONCLUSION

The issuance of the citation for contempt, and the possibility of litigating whether Conservator Black was in contempt of the April 2018 Order hinges first on a legal determination on the scope of the probate court's jurisdiction, and whether the probate

---

[6] Samuel Black has appealed the January 2018 order, and Joanne Black's appellate counsel has declined to defend the propriety of this court's order directed at him. See Reply Brief, in Nos. 2016CA2157, 2017CA2242, 2018346, and 2018CA1094 (May 16, 2019). at 49 (heading: "The Probate Court Didn't Attempt to Exercise Personal Jurisdiction Over Samuel in its Order on Remand.")

14

court had authority to revisit its 2015 decision on the disclaimer when the Colorado appellate courts held, at the same time, exclusive jurisdiction over an appeal which had addressed the same subject matter. Since the probate court's jurisdiction was absent, the Citation was void must be quashed.[7] Further, Conservator Black cannot be held in contempt of a void order.

Additionally, the Motion and Contempt Citation should be dismissed since any action on this motion could result in further conflict with court orders in the Interpleader Action. Indeed, Joanne Black is expressly barred by orders from the interpleader court from pursuing the relief she seeks here, and risks facing a contempt motion there, if she does not desist here.

Further, to the extent the April 2018 Order concerns either the Issue Trust or Samuel Black, as trustee of either the SNT or the Issue Trust, this court has no jurisdiction over either.

WHEREFORE, Respondent Black requests this Court quash or dismiss the Motion and quash the Order to Issue Citation and Citation to Show Cause issued on July 23, 2019.

Respectfully submitted on October 1, 2019

> *Signed Original on file at*
> *The Ebisch Law Firm /s/ Jane G. Ebisch*
>
> _____
>
> Jane G. Ebisch, #15029

---

7 Respondent Black reserves his right, if the Court denies this Motion to Quash to Dismiss Order to Issue Citation and Citation to Show Cause Based on Trial Court's Lack of Jurisdiction, to assert other substantive defenses to the Verified Motion and Affidavit for Citation for Contempt.

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2019, I served true and correct copies of the foregoing RESPONDENT BLACK'S MOTION TO DISMISS MOTION FOR CONTEMPT AND TO QUASH JULY 23, 2019 ORDER TO ISSUE CITATION AND CITATION TO SHOW CAUSE and proposed ORDER by E-service and first-class mail as indicated below and addressed as follows:

VIA E-SERVICE
Joanne Black
c/o Lisa DiPonio, Esq.
DiPonio & DiPonio, LLC
79 S. Broadway, Suite 348
Littleton, Colorado 80122

VIA E-SERVICE
Terry Ehrlich
Arnold & Arnold, LLP
7691 Shaffer Parkway, Suite A
Littleton, Colorado 80127
terryehrlich@arnoldarnold.com

VIA E-SERVICE
Steven W. Suflas, Esq.
J. Matt Thornton, Esq.
Ballard Spahr, LLP
1225 17th Street, Suite 2300
Denver, CO 80202
suflas@ballardspahr.com
thorntonj@ballardspahr.com

VIA U.S. MAIL
Anthony Dain, Esq.
13272 Capstone Drive
San Diego, CA 92130

VIA U.S. MAIL
Cherie Wrigley
1946 Roadrunner Ave
Thousand Oaks, CA 91320

VIA E-SERVICE
Gayle Y. Young, Esq.
Guardian ad Litem
Young and Zen, LLC
P.O. Box 307
Littleton, CO 80160

VIA E-SERVICE
Rebecca Klock Schroer
Matthew Steven Skotak
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, Colorado 80202
rkschroer@hollandhart.com
msskotak@hollandhart.com

Steven P. Mandell, Esq.
Mandell Menkes LLC
One North Franklin St., Suite 3600
Chicago, IL 60606
smandell@mandellmenkes.com

VIA U.S. MAIL
Ira W. Salzman, Esq.
Goldfarb, Abrandt, Salzman & Kutzin, LLP
350 Fifth Avenue, Ste 4310
New York, NY 10118

VIA E-SERVICE
Marco Chayet, Esq.
Tamara Trujillo, Esq.
Chayet & Danzo, LLC
650 South Cherry Street, Suite 710
Denver, CO 80246

*Signed Original on file at*
*The Ebisch Law Firm /s/ JoAnn Greff*

_____

JoAnn Greff, Legal Assistant

16

# Exhibit E

JUDGE: LEITH *REPORTER: FTR *CONTEMPT CITATION APPEARANCES: CAC
LISA DIPONIO. BOTH BERNARD BLACK AND HIS CNSL JANE EBISCH FTA. THE
COURT FINDS BERNARD BLACK WAS PERSONALLY SERVED WITH THE
CONTEMPT CITATION FOR TODAY'S DATE. MS. DIPONIO'S REQUEST FOR THE
ISSUANCE OF A BENCH WARRANT FOR MR. BLACK'S FAILURE TO APPEAR IS
GRANTED. ORDERED: A BENCH WARRANT SHALL ISSUE FOR THE ARREST OF
BERNARD BLACK DUE TO HIS FAILURE TO APPEAR TO ANSWER THE
CONTEMPT CITATION. CASH BOND IS ORDERED IN THE SUM OF $4,500,000.00,
THE AMOUNT OF THE JUDGMENTS ENTERED AGAINST MR. BLACK. THE
MOTION TO QUASH IS DENIED. /EDL