IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK N.A., et al., | ) |
| Plaintiffs, | ) Case No. 18-cv-03447 |
| v. | ) |
| BERNARD S. BLACK, et al., | ) Hon. Andrea R. Wood |
| Defendants | ) |

### DEFENDANTS ANTHONY DAIN AND JEANETTE GOODWIN'S RESPONSE TO BERNARD S. BLACK'S AND SAMUEL BLACK'S MOTION FOR EMERGENCY PRELIMINARY INJUNCTION

Bernard Black failed to appear at the October 3, 2019 contempt hearing before the Denver Probate Court. Bernard Black's attorney also failed to appear. The Denver Probate Court issued a bench warrant for Bernard due to that failure to appear.

Bernard and Samuel's assertions that "bench warrant was issued against him, solely because Bernard has not turned over the Interpleader Assets to the Denver Probate Court" and that "[n]o other grounds are asserted for seeking contempt" against Bernard are simply false. (Mot. ¶ 14).

It is plain from the face of the DPC's Oct. 3, 2019 Order itself that the bench warrant was issued for Bernard's ***failure to appear***, *not* for his failure to turn over assets. "A BENCH WARRANT SHALL ISSUE FOR THE ARREST OF BERNARD BLACK DUE TO HIS FAILURE TO APPEAR TO ANSWER THE CONTEMPT CITATION. (Ex. G to Mot.).

Even though Bernard's counsel refused to appear, counsel for Joanne Black informed the Denver Probate Court of the relevant orders of this Court pertaining to turnover of the Interpleader Funds, and Bernard's position that he cannot comply because of those orders:

> But the Court in the interpleader action did issue an order which states that a party--the assets of the interpleader action, which are the supplemental needs trust assets, cannot be withdrawn or transferred without a court order.
> So Ms. Ebisch, if she were here today, would argue that Mr. Black cannot possibly comply with this Court's various orders, because those assets are, for all intents and purposes, frozen for now. But the Court in the interpleader action did issue an order, which is contained in her filing, Ms. Ebisch's filing, which said that any party can file the motion with the Court, requesting that a transfer (inaudible) be effectuated, and the Court would entertain that motion.

(**Exhibit A**, DPC 10/3/19 Tr. 3:16-4:4)

Joanne's counsel further explained Mr. Black's history of non-compliance with the DPC's orders, and requested that the Court order a hearing:

> So what we'd like to do, Your Honor … is have the Court order or schedule an evidentiary hearing where we can have Mr. Black come in as well as Samuel Black to answer questions as to why they have acted or inacted [phonetic] in way which would comply with this Court's various orders to make Ms. Black whole.

(Ex. A, 7:5-7:11). Joanne's counsel again reiterated to the DPC that she was not seeking to hold Mr. Black in contempt for failure to turn over the Interpleader Funds:

> Again, this is not what I am here requesting today. I am simply requesting that an evidentiary hearing be held where we can have Mr. Black, Samuel Black, other interested parties and witnesses face this Court and testify as to their actions or inactions where they attempted to deprive or otherwise compromise Ms. Black's rightful assets.

(Ex. A, 8:23-8:25). The Denver Probate Court indicated it was fine with that course of action, and asked Joanne's counsel what she wanted to do about Bernard's failure to appear. Counsel indicated she agreed with the issuance of a bench warrant for Bernard, and went on to note:

> But, for the record, I'd like to have that requested and put in the transcript that a bench warrant may be requested and issued for his failure to appear today, despite your order of January that says he shall be physically present in the Court for any hearings.

(Ex. A, 10:3-10:7).

The Denver Probate Court had issued an order on January 4, 2018, referenced by Joanne's counsel, which ordered Bernard Black to personally appear before the Denver Probate Court for

any subsequent proceedings : "Bernard Black is ordered to personally appear before this Court for any further proceedings which may be scheduled." (**Exhibit B** at 3).

Bernard's motion to dismiss the contempt proceeding and quash the order to issue citation and citation to show cause was dismissed by the Denver Probate Court because Bernard's counsel failed to appear to defend the motion. (Ex A. 14:25-25:4, Ex. G to Mot.)

None of Bernard's other arguments in his renewed motion change the fact that Bernard is simply trying to fortuitously use interpleader injunction power as a shield for his own actions. There is no basis for him to be permitted to do so.

## CONCLUSION

For the foregoing reasons, Defendants Anthony Dain and Jeanette Goodwin respectfully request that Defendants Bernard S. Black and Samuel Black's Emergency Motion for Preliminary Injunction be denied in its entirety.

Dated: October 8, 2019

ANTHONY DAIN, individually and as trustee, and JEANETTE GOODWIN as court-appointed Conservator for Joanne Black.

By: /s/Peter Stasiewicz
One of Their Attorneys

Peter Stasiewicz (ARDC # 6290832)
ARCTURUS LAW FIRM
211 West Wacker Drive Suite 323
Chicago, IL 60606
(312) 957-6194 (tel)
(312) 489-8307 (fax)
pete@arcturuslaw.com

## CERTIFICATE OF SERVICE

I, Peter Stasiewicz, an attorney, hereby certify that on October 8, 2019, I served the foregoing Defendants Anthony Dain and Jeanette Goodwin's Response to Bernard and Samuel Black's Emergency Motion for Preliminary Injunction with the Clerk of the Northern District of Illinois, Eastern Division by electronic filing.

Michael N. Ungar
ULMER & BERNE LLP
1660 W. 2nd Street
Suite 1100
Cleveland, OH 44113
mungar@ulmer.com

Kenneth F. Berg
ULMER & BERNE LLP
500 W. Madison St.
Suite 3600
Chicago, IL 60661-4587
kberg@ulmer.com

Benjamin N. Feder
Brad S. Grayson
STRAUSS & MALK LLP
135 Revere Drive
Northbrook, IL 60062
bfeder@straussmalk.com
bgrayson@straussmalk.com

Eugene E. Murphy, Jr.
David F. Hyde
MURPHY LAW GROUP, LLC
161 N. Clark Street, Suite 2550
Chicago, IL 60601
dhyde@murphylitigation.com
gmurphy@murphylitigation.com

By: /s/ Peter Stasiewicz