IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, and J.P. MORGAN SECURITIES LLC </br></br>Plaintiffs,</br></br>v.</br></br>BERNARD S. BLACK, individually and as trustee, SAMUEL BLACK, individually and as trustee, ANTHONY DAIN, individually and as trustee, KATHERINE LITVAK, OLGA DAL, and JEANNETTE GOODWIN, as court appointed Conservator, and JOANNE BLACK,</br></br>Defendants. | Case No. 18-cv-03447</br></br>Hon. Andrea A. Wood |

**DEFENDANTS ANTHONY DAIN AND JEANETTE GOODWIN'S
RESPONSE TO BERNARD S. BLACK AND SAMUEL BLACK'S
<u>MOTION TO COMPEL PRODUCTION OF DOCUMENTS</u>**

Bernard and Samuel's ("Bernard's") motion to compel attempts to mislead the court regarding the facts of Anthony Dain's productions to date in this case, and Bernard's legal arguments regarding the common interest doctrine are simply wrong. This court should deny Bernard's motion.

<u>**RELEVANT BACKGROUND**</u>

**I. Procopio Privilege Logs**

The majority of Bernard's motion is devoted to claims of privilege on a privilege log provided by the law firm where Anthony Dain is a partner, Procopio, Cory, Hargreaves & Savitch, LLP.

Virtually all of the issues cited by Bernard from the Procopio log were resolved in the summer of 2019. The privilege log attached to Bernard's motion as Exhibit A is actually the second of three versions of the Procopio privilege log. The Procopio privilege logs were created without

Dain's involvement, by another attorney at Procopio. (**Exhibit A**, Duran Dec. ¶¶ 2-4). The first iteration of the log was produced in March 2019. (Duran Dec. ¶ 7). Following the production of that first log, Procopio's attorney conferred with Bernard's counsel on numerous times regarding various designations in the log. (Duran Dec. ¶ 9) The second iteration of the log – the one attached as Exhibit A to Bernard's motion – was produced on April 10, 2019. (Duran Dec. ¶ 8). Following these conferences with Bernard's counsel, Procopio produced an additional 29,000 pages of documents to Bernard's counsel in response to the subpoena. (Duran Dec. ¶ 10). Other documents in the log initially deemed privileged were later deemed not privileged, but non-responsive. The results of these efforts were documented in the third and most recent version of the privilege log, produced to Bernard's counsel in July of 2019. (Duran Dec. ¶¶ 10-11). Bernard's counsel raised no further objections with Procopio following the production of the third log. Of the approximately fifteen documents that Bernard complains about from the Procopio log in his motion to compel, only one remains on the final Procopio privilege log. All the others were either produced or deemed unresponsive:

| Line No. | Disputed because | Control ID | Outcome |
|---:|---|---|---|
| 44 | Conference call | PCHS_TDAIN0000000215.0003 | produced |
| 45 | Conference call | PCHS_TDAIN0000000219 | unresponsive |
| 80 | Bernard's counsel | PCHS_TDAIN0000000264.0001 | produced |
| 81 | Bernard's counsel | PCHS_TDAIN0000000264.0002 | produced |
| 257 | Privilege Log | PCHS_TDAIN0000000476.0001 | produced |
| 1184 | cseps@ulmer.com | PCHS_TDAIN0000001422 | privileged |
| 1417 | Chase (voicemail) | PCHS_TDAIN0000001687 | unresponsive |
| 1661 | Chase (voicemail) | PCHS_TDAIN0000001936 | produced |
| 4531 | Fundraising | PCHS_TDAIN0000004989 | unresponsive |
| 4988 | Bernard's counsel | PCHS_TDAIN0000005444 | produced |
| 5365 | Court personnel | PCHS_TDAIN0000005866 | produced |
| 6228 | Court personnel | PCHS_TDAIN0000006857 | produced |
| 6876 | Bernard | PCHS_TDAIN0000007932.0015 | produced |

| 7029 | Bernard | PCHS_TDAIN0000007744 | unresponsive |
|------|---------|----------------------|--------------|
| 7033 | Bernard | PCHS_TDAIN0000007736 | produced     |

(Duran Dec. ¶ 13).

## II. Common Interest Doctrine

In a related case before Judge Kennelly in this District, Bernard's wife (and co-defendant in this case) Kate Litvak sued Pam Kerr, Cherie Wrigley, and Wrigley's attorneys for defamation and intentional infliction of emotional distress stemming from statements made to third-parties about Bernard and Kate's conduct relating to most of the same facts that underlie this case. *Litvak v. Wrigley*, 17-cv-101 (N.D. Ill.)("Litvak Defamation Case") (The attorney defendants prevailed on summary judgment, a jury trial in August 2019 found in favor of Kerr and Wrigley on all remaining counts).

During discovery in the Litvak Defamation Case, Litvak filed a motion to compel attacking the assertion of the common interest doctrine as to communications involving Dain and many of the other entities referenced in the instant motion, including Ira Salzman, Lisa DiPonio, and Gayle Young. Judge Kennelly denied that motion. (**Exhibit B**, 17-cv-101 Judge Kennelly Order of Nov. 15, 2018). In denying Litvak's motion to compel, Judge Kennelly wrote:

> [T]he Court sees no viable basis for a claim of waiver. The non-lawyers involved all had a common interest in connection with all sorts of pending an anticipated litigation, even if they did not have a written agreement to this at the time. Dain was not a party to the litigation, but it is clear from the contents and context of the e-mails that he was participating not just as Wrigley's brother but also because he was providing input as an attorney.

(Ex. B at 3).

## **ARGUMENT**

I. **Common Interest Doctrine Dispute.**

Bernard states that because diversity is based on jurisdiction, this court must apply Illinois conflicts of law principles, citing *Aurora Gasoline Co. v. Coyle,* 174 F. Supp. 331, 336 (E.D. Ill. 1959) However, *Aurora Gasoline* applied conflicts of law principles to the underlying substantive claims. To the extent work product doctrine production is implicated, federal common law governs those documents. *Abbott Labs. v. Alpha Therapeutic Corp.*, 200 F.R.D. 401, 408 (N.D. Ill. 2001).

Moreover, even to the extent Illinois conflict of laws principles are implicated, it is not a foregone conclusion that Illinois law should apply to this motion, because other states have more substantial relationships to the parties and communications in this action. *See Equity Residential v. Kendall Risk Mgmt.*, 245 F.R.D. 557, 564 (N.D. Ill. 2007) (applying Rest. (Second) Conflict of Laws § 139 (2)). Dain lives in California, and Goodwin lives in Colorado. Joanne Black's conservatorship is in Colorado.

That said, courts in the Seventh Circuit, as well as the state courts of Illinois, Colorado, and California, all recognize the common-interest doctrine. *See Dexia Credit Local v. Rogan*, 231 F.R.D. 268, 273 (N.D. Ill. 2004); *Ross v. Illinois Central Railroad Co.* 2019 IL App (1st) 181579, ¶ 44; *Black v. Sw. Water Conservation Dist.*, 74 P.3d 462, 469-70 (Colo. App. 2003); *Citizens for Ceres v. Superior Court*, 217 Cal. App. 4th 889, 914 (2013).

The common interest rule "is not limited to parties who are perfectly aligned on the same side of a single litigation." *Cadillac Ins. Co. v. American Nat. Bank of Schiller Pk.*, 89 C 3267, 1992 WL 58786, at *5 (N.D. Ill. Mar. 12, 1992). Rather, the parties who assert a common interest as the basis for their assertion of privilege (where otherwise it would not exist due to the shared communications), must simply demonstrate "actual cooperation toward a common legal goal" with

respect to the documents they seek to withhold. *See Strougo v. BEA Assoc.*, 199 F.R.D. 515, 520 (S.D.N.Y.2001).

None of Bernard's arguments defeat Dain or Goodwin's assertion of common interest privilege.

### A. A Written Agreement is Not Required for the Common Interest Defense to Apply

Bernard makes the unsupported claim that because no one signed the Joint Defense Agreement until May 1, 2018, any relevant communications prior to that date must be produced. But Bernard cites no case law stating that a *written* agreement be in place for the common-interest doctrine to apply. In fact, in *Ross v. Illinois Central Railroad Co.* 2019 IL App (1st) 181579, ¶ 44, cited by Bernard, the court found that there was no agreement between the parties, "written *or otherwise*" *Id.* at ¶ 45 (emphasis added), necessarily implying the possibility of an unwritten agreement.

Another case cited by Bernard, *Black v. Sw. Water Conservation Dist.*, 74 P.3d 462, 469-70 (Colo. App. 2003), held that a written agreement was not dispositive of the issue of what parties had a common interest with each other. *See also Marianist Province of U.S., Inc. v. Century Indem. Co.*, No. 08-CV-01760-WYD-MEH, 2010 WL 3938355, at *2 (D. Colo. Oct. 5, 2010)(finding common interest doctrine applied based on oral agreements and "tacit understandings"). And in the Litvak Defamation Case involving many of the same facts and parties as this matter, Judge Kennelly specifically found that the common-interest doctrine applied even with regard to parties that had not signed the written agreement. *Litvak v. Wrigley*, 17-cv-101, Judge Kennelly Order of Nov. 15, 2018 (Ex. B at 3).

### B. *Even Where a Written Agreement Exists, the Common Interest Exception Can Extend to Non-Signatories.*

Bernard next complains that Dain asserted the common interest doctrine with regard to people like Cherie Wrigley and Pamela Kerr, who were not signatories to the Joint Defense Agreement.

Consistent with the principle that a written agreement is not a requirement for the common interest doctrine to apply, the existence of a written agreement does not preclude non-signatories to that written agreement from asserting common interest doctrine. For example, a case cited by Bernard in his Motion, *Black v. Sw. Water Conservation Dist.*, 74 P.3d 462, 469-70 (Colo. App. 2003), held that the presence of a written agreement was not dispositive of the issue of which parties had a common interest with each other, and found that a non-signatory to the written agreement had a common interest with the signatories, regardless of the fact that it had not signed the written agreement.

With regard to Bernard's assertion that Melissa Cohenson and Brian Raphan testified under oath that they were not aware of the joint defense agreement, the exhibits attached to Bernard's motion do not support that assertion. It is not at all evident from the single page of the Cohenson transcript that she testified regarding the common interest agreement at all, let alone denying knowing its existence. With regard to Raphan, there is no transcript of Raphan's testimony nor any other factual material that supports that assertion. Regardless, even if Bernard could establish that somebody did not know about the existence of the *written* joint defense agreement, that would not remove the protections of the common interest doctrine with regard to those entities. Bernard does not dispute that Cohenson and Raphan otherwise had a requisite common interest with Dain or Goodwin.

6

### C. Dain and Goodwin Are Not Claiming Privilege for Non-Priviliged Communications

Bernard misleadingly asserts that Dain and Goodwin are claiming privilege for communications with parties where no privilege would attach, such as Bernard or his counsel. These assertions are flat wrong. As addressed in the background section above, Bernard's arguments are based solely on a superseded version of the Procopio logs. The documents referenced by Bernard in Part IV.C of his motion were almost all been produced or deemed unresponsive in July 2019. Taking each of the examples provided by Bernard in his motion in turn:

- Lines 80, 81, and 257 – communications with Bernard's counsel. Procopio has already produced these documents, and they were removed from the final Procopio log issued in July 2019. (Duran Dec. ¶ 13).

- Lines 1184, 1417, and 1661 – communications with Chase's counsel. Lines 1417 and 1661. Line 1184 was an inadvertent forward of otherwise privileged information to Chase's counsel. *Id.*

- Lines 6876, 7029, and 7033 – communications with Bernard. Lines 6876 and 7033 were produced, line 7029 was deemed unresponsive. *Id.*

- Lines 4988, 5365, and 6228 – communications with court personnel. All produced in July 2019. *Id.*

The only remaining entry where privilege is asserted is a communication that was deemed to contain privileged information that was forwarded to counsel for Chase erroneously. (Duran Dec. ¶ 13). Accordingly, Bernard's argument that Dain and Goodwin are claiming privilege with parties who have no common interest is unsupported by the facts. Not only have Dain and Goodwin cooperated in good faith, Dain's law firm has independently handled the review of his documents without his involvement. (Duran Dec. ¶ 13).

### D. *The Common Interest Doctrine Protects Against Waiver Between Parties As Well As Attorneys.*

Communications need not include attorneys to fall under the common-interest doctrine. *Dexia*, 231 F.R.D at 275 (finding that one party did not waive attorney-client privilege by sharing documents with another party that fell within the common interest).

The common interest or joint defense doctrine protects against waiver in this case even with respect to the emails that Kerr, Goodwin and Wrigley were included on as recipients. Kerr, as forensic was part of the legal strategy team working on behalf of Joanne Black and therefore shared a common interest with the team. Goodwin shares a common interest as Joanne's conservator in Colorado and co-Defendant in this litigation, Wrigley has been sued by Kate Litvak and has pending litigation in New York against Bernard. Accordingly, disclosure from one of these parties to another would not in itself waive attorney-client privilege.

The purpose of the common interest doctrine is to "'foster communication' between parties that share a common interest and to 'protect the confidentiality of communications . . . where a joint . . . effort or strategy has been decided upon or undertaken by the parties and their respective counsel.'" *Dexia Credit Local v. Rogan*, 231 F.R.D. 268, 272

"While often arising in the context of a joint defense, the common interest doctrine more generally applies to any parties who have a 'common interest' in current or potential litigation, either as actual or potential plaintiffs or defendants." *Id*. (citing *Beneficial Franchise Co. v. Bank One, N.A.*, 205 F.R.D. 212, 216 (N.D. Ill. 2001)). "[T]he common interest rule covers communications between non-lawyers of multiple parties with a common interest, but only if (1) one party is seeking confidential information from the other on behalf of an attorney; (2) one party is relaying confidential information to the other on behalf of an attorney; and (3) the parties are

8

communicating work-product that is related to the litigation." *Beneficial Franchise*, 205 F.R.D at 220).

Moreover, as Bernard notes, Dain is a practicing attorney in California. In the *Litvak* defamation case, Judge Kennelly wrote that it was "clear from the contents and context of the e-mails that [Dain] was participating not just as Wrigley's brother but also because he was providing input as an attorney." Here, many of the communications made by Dain were made in the same capacity, and provide an additional reason why there is no basis for waiver.

### E. Dain and Goodwin Are Not Asserting Privilege Over Non-Privileged Subject Matter

As in Part IV.C of his motion, Bernard again relies on an outdated version of the privilege log to suggest that Dain and Goodwin are asserting claims of privilege for communications not related to legal advice in Part IV.E. Much like the communications to parties without common interests in Part II.C above, all the documents referenced by Bernard have been removed from the final Procopio privilege log and either produced or deemed unresponsive.

- Lines 44-45 – conference call invitations – line 44 was produced, line 45 was deemed unresponsive. (Duran Dec. ¶ 13).

- Line 4531 – fundraising email – deemed unresponsive. (Duran Dec. ¶ 13).

Again, these changes were known to Bernard's counsel in July 2019 when they received the final Procopio log. It is thus Bernard and Sam, not Dain and Goodwin, who are not participating in good-faith discovery efforts, by their efforts to mislead the court regarding the true status of discovery between the parties. Dain and Goodwin have and will continue to produce documents consistent with well-settled principles of privilege.

## II. Outstanding Discovery Issues.

To the extent Bernard references other outstanding discovery issues, they already have been resolved or will be resolved concurrently with this filing.

Bernard contends no emails have been produced from dorothydain@yahoo.com or jeanettegoodwin1223@msn.com. The latter claim is simply false, as Goodwin produced numerous emails from that address on September 19, 2019. (See examples at **Exhibit C**). Additionally, while Bernard's counsel held meet-and-confer communications with Dain and Goodwin relating to the common-interest issue, Bernard's did not meet-and-confer regarding the issue of the dorothydain@yahoo.com email in this case. In any case, emails to and copying that address have been produced to Bernard by Procopio.

Bernard also contends that there must be other attorney's bills. While a handful of attorney invoices have issued to Dain and Goodwin since Bernard's last motion to compel (Dkt# 70) Not every attorney for Dain and Goodwin is issuing monthly bills - for example, undersigned counsel has only issued four bills since the last production of bills in July 2019 (also being produced concurrently). Bernard's repeated insistence that Dain and Goodwin have other bills that they are not producing has been previously briefed (Dkt #70, 75, 85).

More broadly, Dain and Goodwin contest Bernard's insinuations that they are not participating in discovery in good faith. Dain and Goodwin made their first production on March 15, 2019. Bernard's first and only production came on January 3, 2020. Undersigned acknowledges that it did not meet its January deadline for producing certain additional documents; those documents are being produced concurrently with this filing. Also concurrent with this filing, undersigned counsel is producing the remainder of the less-redacted versions of the previously produced bills.

## **CONCLUSION**

For the foregoing reasons, Defendants Jeanette Goodwin and Anthony Dain respectfully ask that this Court deny the Motion to Compel in its entirety, and for such other relief as may be just and proper.

Dated: March 2, 2020.                                          ANTHONY DAIN and JEANETTE GOODWIN

/s/ Peter Stasiewicz

Peter M. Stasiewicz
ARCTURUS LAW FIRM
211 W. Wacker Drive #323
Chicago, Illinois 60606
(312) 957-6194
pete.stasiewicz@arcturuslaw.com

11

## CERTIFICATE OF SERVICE

I, Peter Stasiewicz, an attorney, hereby certify that on Mar. 2, 2020, I served the foregoing Defendants Anthony Dain And Jeanette Goodwin's Response To Bernard S. Black And Samuel Black's Motion To Compel Production Of Documents electronically via Electronic Case Filing (ECF).

Michael N. Ungar
ULMER & BERNE LLP
1660 W. 2nd Street
Suite 1100
Cleveland, OH 44113
mungar@ulmer.com

Kenneth F. Berg
ULMER & BERNE LLP
500 W. Madison St.
Suite 3600
Chicago, IL 60661-4587
kberg@ulmer.com

Benjamin N. Feder
Brad S. Grayson
STRAUSS & MALK LLP
135 Revere Drive
Northbrook, IL 60062
bfeder@straussmalk.com
bgrayson@straussmalk.com

Eugene E. Murphy, Jr.
David F. Hyde
MURPHY LAW GROUP, LLC
161 N. Clark Street, Suite 2550
Chicago, IL 60601
dhyde@murphylitigation.com
gmurphy@murphylitigation.com

By: /s/ Peter Stasiewicz