IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION and J.P. MORGAN SECURITIES LLC, | ) ) ) ) | |
| Plaintiffs-in-Interpleader, | ) ) | No. 18-cv-03447 |
| v. | ) ) | Judge Andrea R. Wood |
| BERNARD S. BLACK, et al., | ) ) | |
| Defendants-in-Interpleader. | ) | |

## ORDER

     Bernard and Samuel Black's motion for a preliminary injunction [76] is denied as moot, in light of their later-filed emergency motion for injunctive relief [100]. Bernard and Samuel Black's motion for a rule to show cause against Anthony Dain and Jeanette Goodwin [70] is also denied as moot, in light of the later-filed motion to compel production of documents [134] that encompasses the same issues. As she has now appeared in this matter, the Court vacates the default entered against Joanne Black [86] and denies without prejudice the motion for default judgment [91] against her. The Court orders Joanne Black to answer or otherwise respond to Plaintiffs' interpleader complaint and Bernard and Samuel Black's counterclaim by 6/8/2020. The Court grants Bernard and Samuel Black's motion to supplement the record [143]. The Court further orders Anthony Dain and Jeannette Goodwin to file a supplemental memorandum by 6/8/2020 responding to the new arguments raised in the supplemental submission. See the accompanying Statement for additional details.

## STATEMENT

     This case is an interpleader action filed by Plaintiffs JPMorgan Chase, National Association and J.P. Morgan Securities LLC (collectively, "JPMorgan"). JPMorgan alleges that it is holding several million dollars in assets in two trusts. The assets in the trusts are claimed, in various measures, by Defendants Bernard Black ("Bernard"), Samuel Black ("Samuel"), Anthony Dain, Katherine Litvak, Olga Dal, Jeannette Goodwin, and Joanne Black ("Joanne"). Defendants have litigated various issues related to ownership of the trusts' assets in at least three states. An arbitration award and state-court orders from Illinois and Colorado have created conflicting obligations for JPMorgan. Those conflicting obligations prompted JPMorgan to file an interpleader action in this Court in May 2018 pursuant to 28 U.S.C. § 1335. Through the interpleader action, JPMorgan seeks to deposit the disputed assets with the Court and to obtain a discharge of liability for the parties' conflicting claims to the assets. At this time, however, the Court has not yet allowed JPMorgan to deposit the trust assets with the Court or granted JPMorgan a discharge.

This order addresses several pending motions before the Court: Bernard and Samuel's motion for a rule to show cause against Dain and Goodwin (Dkt. No. 70), Bernard and Samuel's motion for a preliminary injunction (Dkt. No. 76), JPMorgan's motion for a default judgment against Joanne (Dkt. No. 91), and Bernard and Samuel's motion to supplement the record (Dkt. No. 143). The remaining motions will be addressed in separate rulings.

First, the Court denies as moot Bernard and Samuel's motion for a rule to show cause against Dain and Goodwin. (Dkt. No. 70.) In that motion, Bernard and Samuel ask the Court to hold Dain and Goodwin in contempt of court for failing to produce documents after this Court granted Bernard and Samuel's motion to compel. (Dkt. Nos. 61, 63.) Those same issues, however, are also raised in Bernard and Samuel Black's more recent motion to compel. (Dkt. No. 134.) The Court therefore denies as moot the earlier-filed motion for a rule to show cause. The Court will address the document production issues that Bernard and Samuel have identified when it rules on the later-field motion at Docket Number 134.

Second, the Court also denies as moot Bernard and Samuel's initial motion for a preliminary injunction. (Dkt. No. 76.) In that motion, Bernard and Samuel ask the Court to order Joanne to withdraw her contempt motion in the Denver Probate Court and to enjoin Joanne, Dain, and Goodwin from using other forums to affect a turnover of the assets that are the subject of this interpleader action. But Bernard and Samuel subsequently filed an emergency motion for injunctive relief asking for the same relief, plus some additional relief. (Dkt. No. 100.) Because the more recent motion asks for the same relief as the earlier motion, the Court denies Bernard and Samuel's earlier motion as moot. The Court will address Bernard and Samuel's claims for injunctive relief when it addresses the motion at Docket Number 100.

Third, the Court considers JPMorgan's motion for entry of a default judgment against Joanne. (Dkt. No. 91.) Despite being served in August 2018 (*see* Dkt. No. 25), Joanne did not appear. In August 2019, JPMorgan moved for entry of default against her under Federal Rule of Civil Procedure 55(a). (Dkt. No. 82.) The Court entered a default against Joanne the same month. (Dkt. No. 86.) In September 2019, JPMorgan moved for entry of a default judgment against Joanne under Federal Rule of Civil Procedure 55(b). (Dkt. No. 91.) The Court took the motion under advisement in October 2019. (Dkt. No. 107.) Joanne then entered an appearance in November 2019 (Dkt. No. 121), but the default was not formally vacated.

The Court may set aside a default for good cause. Fed. R. Civ. P. 55(c). The Court finds that Joanne has shown good cause to set aside the default by appearing to defend this case shortly after the entry of default. She has filed briefs on merits issues and opposed the motion for a rule to show cause against her. (Dkt. Nos. 124–25.) As it is generally preferable to resolve claims on the merits and Joanne's delay in responding does not appear to have materially prejudiced the other parties, the Court sets aside the default entered against Joanne and denies JPMorgan's motion for entry of a default judgment against her. Joanne has an obligation to answer or otherwise plead. The Court grants Joanne until June 8, 2020 to answer JPMorgan's complaint for interpleader and declaratory relief (Dkt. No. 1) and Bernard and Samuel's counterclaim against her (Dkt. No. 19).

The last motion the Court will address in this Order is Bernard and Samuel's motion to supplement the record on their motion to compel against Dain and Goodwin. (Dkt. No. 143.) In

the motion to compel, Bernard and Samuel seek the production of documents from Dain and Goodwin. (Dkt. No. 134.) That motion is fully briefed. (Dkt. Nos. 135, 140.) But Bernard and Samuel have moved to supplement the record with an order from another federal district court as well as briefs and other portions of the record relating to that order. Bernard and Samuel contend that those documents are relevant to their motion to compel because Dain is a defendant in the other case and the district court's ruling collaterally estops him from making certain arguments in this case.

The Court has determined to allow the filing and thus grants Bernard and Samuel's motion to supplement the record. As Dain and Goodwin have not yet had an opportunity to address the collateral estoppel issue, the Court also directs Dain and Goodwin to file a supplemental memorandum addressing the collateral estoppel issue, and any other legal issues raised for the first time in the motion to supplement the record, by June 8, 2020. At that point, the Court will take the motion to compel under advisement for ruling.

Dated: May 18, 2020

_____
Andrea R. Wood
United States District Judge