IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, et al. | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 18-cv-03447 |
| v. | ) ) | |
| BERNARD S. BLACK, et al | ) ) | |
| Defendants. | ) ) | |

**ANTHONY DAIN AND JEANETTE GOODWIN'S RESPONSE TO DEFENDANTS' <u>RENEWED MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION</u>**

Little has changed procedurally in this matter since Bernard's previous preliminary injunction motions. He still seeks to have this Court protect him from consequences of ignoring court orders in Colorado which are not concerned with the turnover of the Interpleaded Funds – although the new proposed order attached to Bernard's renewed motion seeks broader relief than he sought in prior motions.

Since Bernard's previous preliminary injunction filing, additional court rulings have been handed down here and in Colorado that further demonstrate that Bernard's motion should be denied, but also raise the question of whether this Court maintains subject-matter jurisdiction.

<u>**RELEVANT FACTS**</u>

Notably, Bernard does not attach the most recent Colorado Court of Appeals ruling that he references in his motion. That ruling, *Black v. Black*, --- P.3d ----, 2020 COA 64M (Colo. Ct. App. 2020) (attached as Exhibit A), held, among other things, that:

1. The Denver Probate Court has continuing *in rem* jurisdiction over the funds stolen by Bernard from Joanne's Conservatorship and placed in the Trusts (*i.e.*, the Interpleaded Funds). (Ex. A, ¶ 59)

2. The Denver Probate Court had personal jurisdiction over Bernard in his individual capacity, as (former) conservator for Joanne, and as trustee of the Trusts. (*Id.* ¶ 85).

3. Bernard's behavior warranted an emergency order of suspension as trustee of the Trusts. (*Id.* ¶ 112).

As Bernard notes, the Colorado Court of Appeals did vacate that portion of an April 2018 DPC order which voided the disclaimers. (*Id.* ¶ 88). The Denver Probate Court issued that order while the appeal was pending, and the order was thus vacated for want of subject matter jurisdiction during the pendency of the appeal. (*Id.* ¶ 99).

## ARGUMENT

The Colorado Court of Appeals did *not* vacate the portion of the DPC's January 4, 2018 Order which required Bernard to personally appear before the DPC for any subsequent proceedings. It is this portion of the January 4, 2018 Order which Bernard violated by failing to appear – both personally and via counsel – at his contempt hearing, as explained in Dain and Goodwin's previous responses. (*See* Dkt # 88 and 106).

Bernard, as ever, continues to hunt for a forum that will shield him from liability in Colorado and perhaps give him another bite at the apple regarding Colorado decisions he views as unfavorable. He has been unsuccessful in Colorado; *see Black v. Black*, 422 P.3d 529 (Colo. App. Ct. 2018); he has been unsuccessful in the state appellate courts of Illinois, *see Conservatorship Estate of Black v. Black*, 2019 IL App (1st) 181452, *Litvak v. Black*, 2019 IL App (1st) 181707, and he has even been unsuccessful before another Judge of this Court. *Black v. Goodwin*, No. 19-cv-5305, (N.D. Ill. July 20, 2020). On July 20, 2020, Judge Feinerman dismissed Bernard's lawsuit against Goodwin for lack of subject matter jurisdiction. In that suit, Bernard sued Goodwin for allegedly aiding and abetting a breach of fiduciary duty, conspiracy, and injunctive relief.

In dismissing Bernard's claims for injunctive relief as barred by the probate exception to federal jurisdiction, Judge Feinerman wrote: "[i]n essence, Bernard asks this court to usurp the probate court's judgment as to Goodwin's authority to administer the conservatorship estate. The probate exception places the entry of such an injunction beyond this court's jurisdiction." (Order of July 20, 2020, attached as **Exhibit B** at 8)**.** And in dismissing the remainder of Bernard's claims pursuant to the *Rooker-Feldman* doctrine, Judge Feinerman went on to state that "*Rooker-Feldman* doctrine prohibits a plaintiff from asking a lower federal court to undo the work of a state court. That is what Bernard has done here, and it is why *Rooker-Feldman* bars his claims." *Id.* at 13.

Here, Bernard is similarly attempting to have this court step into the Denver Probate Court's role in its continuing administration of the Conservatorship estate. This necessarily involves the DPC's continuing jurisdiction over Bernard *in personam*. None of the purposes of the interpleader statute are served by allowing Bernard to sidestep the orders of the Denver Probate Court ordering him to appear in person before that tribunal.

Moreover, the recent rulings by the Colorado Court of Appeals and Judge Feinerman raise a critical question that has not yet been addressed by any of the parties – whether this Court has subject matter jurisdiction over the Interpleaded Funds. The Denver Probate Court has long had jurisdiction over the Conservatorship estate, including the Interpleaded Funds that Bernard diverted from Joanne and placed in the Trusts. As the Colorado Court of Appeals has now clarified, "these assets are not the rightful property of the Trusts", Ex. A ¶ 86 and the ongoing proceedings in Denver relating to those assets are *in rem*. *Id.* ¶ 59. The Denver Probate Court was first to take jurisdiction over those funds – to the exclusion of any other Court, including this one. *See Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 59 S. Ct. 275, 83 L. Ed. 285 (1939) ("We have said that the principle applicable to both federal and state courts that the court first assuming

jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other. . . ."). The *Princess Lida* doctrine grants exclusive jurisdiction in *in rem* cases to whichever court took constructive control of the assets, as the Denver Probate Court did when it was adjudicating the nature of the conservatorship assets. *See Penn Gen. Cas. Co. v. Commonwealth of Pennsylvania ex rel. Schnader,* 294 U.S. 189, 196 (1935) ("when the two suits have substantially the same purpose and the jurisdiction of the courts is concurrent, that one whose jurisdiction and process are first invoked by the filing of the bill is treated as in constructive possession of the property and as authorized to proceed with the cause"). Subsequent *in rem* proceedings over the same property, like the interpleader action here, would thus be barred on jurisdictional grounds.

Respondents recognize that this brief is not a proper vehicle for a motion to dismiss for lack of subject-matter jurisdiction, but given the unwaivable nature of subject-matter jurisdiction and the Court's authority to review its own subject matter jurisdiction on its own initiative, wished to flag this issue in writing prior to the presentment of Bernard's preliminary injunction motion.

But even if this Court is satisfied that it has subject matter jurisdiction, Bernard's motion for preliminary injunction should be denied for the foregoing reasons and those in Dain and Goodwin's previous responses to Bernard's motions for preliminary injunction.

## CONCLUSION

For the foregoing reasons, Defendants Anthony Dain and Jeanette Goodwin respectfully request that Defendants Bernard S. Black and Samuel Renewed Motion For Entry Of A Preliminary Injunction be denied in its entirety.

Dated: October 28, 2020

                                                ANTHONY DAIN, individually and as
                                                trustee, and JEANETTE GOODWIN as

      court-appointed Conservator for Joanne Black.

  By: /s/Peter Stasiewicz
      One of Their Attorneys

Peter Stasiewicz (ARDC # 6290832)
ARCTURUS LAW FIRM
211 West Wacker Drive Suite 323
Chicago, IL 60606
(312) 957-6194 (tel)
(312) 489-8307 (fax)
pete@arcturuslaw.com

## **CERTIFICATE OF SERVICE**

   I, Peter Stasiewicz, an attorney, hereby certify that on October 28, 2020, I served the foregoing Defendants' Joint Status Report on Discovery via electronic filing on the following parties:

| | |
|---|---|
| Michael N. Ungar<br>ULMER & BERNE LLP<br>1660 W. 2nd Street<br>Suite 1100<br>Cleveland, OH 44113<br>mungar@ulmer.com | Terence D. Brennan<br>1437 North Park Avenue<br>Chicago, Illinois 60610<br>terry@terrybrennanlaw.com<br>312-550-1085 |

Kenneth F. Berg
ULMER & BERNE LLP
500 W. Madison St.
Suite 3600
Chicago, IL 60661-4587
kberg@ulmer.com

Benjamin N. Feder
Brad S. Grayson
STRAUSS & MALK LLP
135 Revere Drive
Northbrook, IL 60062
bfeder@straussmalk.com
bgrayson@straussmalk.com

Eugene E. Murphy, Jr.
David F. Hyde
MURPHY LAW GROUP, LLC
161 N. Clark Street, Suite 2550
Chicago, IL 60601
dhyde@murphylitigation.com
gmurphy@murphylitigation.com

                      By: /s/ Peter Stasiewicz