IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, and J.P. MORGAN SECURITIES LLC, )<br><br>Plaintiffs-in-Interpleader, )<br><br>vs. )<br><br>BERNARD S. BLACK, et. al, )<br><br>Defendants-in-Interpleader. ) | Case No. 1:18-cv-03447<br><br>Honorable Andrea R. Wood |

PLAINTIFFS' OPPOSITION TO DEFENDANTS GOODWIN
AND DAIN'S MOTION TO DISMISS
===

Plaintiffs JPMORGAN CHASE BANK, NATIONAL ASSOCIATION ("Chase") and J.P. MORGAN SECURITIES LLC ("JPMS"), through their attorneys Ulmer & Berne LLP, hereby oppose Goodwin and Dain's (the "Conservatorship Interpleader Defendants") motion to dismiss. (Doc. #162.)

The Conservatorship Interpleader Defendants move to dismiss this action based on the "prior-exclusive-jurisdiction" doctrine[1] announced in *Princess Lida of Thurn & Taxis v.*

---

[1] Interpleader Plaintiffs object to this motion (filed almost 3 years after this § 1335 interpleader complaint was filed) because the motion is not timely. In *Princess Lida,* the defendants filed a **timely** motion to dismiss immediately in response to the filing of the federal action. 305 U.S. at 459 ("Meantime, the trustees moved to dismiss the bill in the federal court … because the state court had exclusive jurisdiction over the controversy.") The Conservatorship Interpleader Defendants assert that this motion to dismiss can be made at any stage of the proceedings because it challenges this Court's "subject-matter jurisdiction." (Doc. #162 at p.4.) But, the motion does not really attack the Court's subject matter jurisdiction. All of the jurisdictional requirements for statutory interpleader under 28 U.S.C. § 1335 are met. The "prior-exclusive-jurisdiction" doctrine is actually based on "considerations of judicial comity …." *Wright & Miller*, 7 Fed. Prac. & Proc. Civ. § 3631, <u>In rem</u> and <u>Quasi-in-rem</u> Actions (3rd ed.). In *Princess Lida,* the Supreme Court stated the "doctrine is necessary to the harmonious cooperation of federal and state tribunals." 305 U.S. at 466. Note also, in *Penn Gen. Cas. Co. v. Comm. of Pennsylvania ex rel. Schnader,* 294 U.S. 189 (1935), the district court had jurisdiction but the Supreme Court thought that the district court should **exercise discretion** and dismiss the case because the state court was a better forum for liquidating the insurance company. "Although the District Court has thus acquired jurisdiction … the case [is] a proper one for the District Court, in the exercise of judicial discretion, to relinquish the jurisdiction in favor of the administration by the state officer." 294 U.S. at 197. Accordingly, notwithstanding that it is referred to as the "prior-exclusive-*jurisdiction*" doctrine, dismissal is a matter of discretion and not jurisdiction, and the motion to dismiss is not timely.

*Thompson*, 305 U.S. 456 (1939).  But, *Princess Lida* expressly states that it applies only if (1) the state court "has possession or … control of the property which is the subject of the litigation" and (2) there are **two** suits *in rem* or *quasi in rem*.  *Id.* at 466-467.  The Denver Probate Court ("DPC") did not obtain possession or control of the Interpleaded Funds before this Court did, and this § 1335 interpleader action is not *in rem*.  Accordingly, the Conservatorship Interpleader Defendants' motion to dismiss should be denied.

> I. THE DENVER PROBATE COURT DOES NOT NOW HAVE, AND HAS NEVER HAD, POSSESSION OR CONTROL OF THE INTERPLEADED FUNDS

The memorandum in support of the motion to dismiss includes a Factual Background that purports to summarize the history of the Colorado litigation relating to the Interpleaded Funds. (Doc. #162 at pp.2-4.)  The Interpleader Plaintiffs do not dispute the motion's chronology, itself. But, the Interpleader Plaintiffs disagree with the factual conclusion of the Conservatorship Interpleader Defendants and their legal argument that this Court must dismiss this action "because the DPC previously took exclusive *in rem* jurisdiction over the Interpleaded Funds and has continuing jurisdiction over those assets."  (Doc. #162 at pp.4 and 5.)

The mistake the Conservatorship Interpleader Defendants make is disregarding the facts that 1) the Colorado courts initially from 2012-2018 three times declined to take jurisdiction over the Interpleaded Funds; and 2) the issue of whether the Colorado courts even had *in rem* jurisdiction was not finally determined until June 2020.  The Conservatorship Defendants concede that not until "[e]arlier this year [*i.e.,* June 2020], the Colorado Court of Appeals affirmed the Denver Probate Court's ("DPC's") *in rem* jurisdiction over the assets that now make up the Interpleaded Funds in this matter."  (Doc. #162 at p.1.)  This Court obtained constructive possession and actual control over the Interpleaded Funds when this interpleader action was filed on May 15, 2018—two years earlier.  Moreover, the Colorado courts have never had actual

2

possession or control of the Interpleaded Funds because not only have they never been deposited in the registry of the DPC but the funds have never even been in Colorado.

The first time the Colorado courts declined to take *in rem* jurisdiction over the Interpleaded Funds was in 2012 when the conservatorship proceeding was filed. This case is not like *Princess Lida* where the issue of the Pennsylvania state court's *in rem* jurisdiction over the *res* was not contested. There, the trustees initiated the state proceeding and submitted the trust's assets to the state court's jurisdiction.[2] Here, Bernard Black commenced the conservatorship proceeding for the specific purpose of *excluding* the Interpleaded Funds from the conservatorship. The DPC authorized Bernard as conservator to disclaim the funds. (Doc. #1 at ¶ 30.) Bernard Black removed the funds from Pennsylvania and then they flowed through a New York estate proceeding into accounts owned by non-Colorado trusts at Chase and JPMS in Illinois.

The second time the Colorado courts declined to take *in rem* jurisdiction over the Interpleaded Funds was on September 28, 2015. (Doc. #1-5.) Although the DPC ruled that Bernard Black had obtained permission to disclaim the funds without full disclosure, instead of voiding the disclaimer and incorporating the funds into the conservatorship, the DPC determined that "the appropriate remedy was surcharge." (*Id.* at p.7.)

On January 25, 2018, for a third time, the Colorado courts passed-up an opportunity to take *in rem* jurisdiction over the Interpleaded Funds. When the Colorado Court of Appeals affirmed the DPC's finding that Bernard Black had failed to make a full disclosure, the appellate

---

[2] This case is also not like *Princess Lida* where there was a state court injunction enjoining one party from proceeding in federal court and a federal court injunction enjoining the other party from proceeding in state court. In this case, there are conflicting orders of the FINRA arbitration panel, and the Colorado and Illinois state courts as to the disposition of the Interpleaded Funds. Further, in this case, this Court is the only tribunal with personal jurisdiction over all of the affected parties. Chase and JPMS are not parties to the DPC proceeding, and Bernard and Samuel Black contest jurisdiction over them by the DPC in various capacities.

3

court also affirmed the DPC's decision to impose a remedy of surcharge instead of voiding the disclaimer. *Black v. Black,* 422 P.3d 592 (2018); *rehearing den.* (Colo. App. May 17, 2019) (Doc. #1-7 at ¶ 127) [hereinafter cited as "*Black I*"]. Further, also on January 25, 2018, the Court of Appeals stated that "the probate court did not make any factual findings related to jurisdiction" over the Interpleaded Funds. *Black v. Black,* No. 16 CA 0625, 2018 WL 549917, at ¶ 30 (Colo. App. Jan. 25, 2018) [hereinafter cited as *Black II*]. Clearly, the DPC did not make such findings because it had not intended to take continuing exclusive *in rem* jurisdiction over the Interpleaded Funds.

On April 27, 2018, for the first time, the DPC found "it has jurisdiction over Bernard Black as conservator and as trustee as well as the [Interpleaded Funds]." (Doc. #1-1 at p. 8 of 14.) For the first time the DPC "retained continuing jurisdiction over the conservatorship estate assets." (*Id.*) But, the April order also acknowledges that the DPC did not have possession or control of the Interpleaded Funds. The April order states, "[a]ll funds disclaimed … shall be immediately returned and placed into the Registry of the Denver Probate Court pending further proceedings regarding disposition of said funds." (*Id.* at 14 of 14.) Bernard Black immediately appealed the DPC's order. Accordingly, the DPC's April order did not settle the disposition of the funds in the custody of Chase and JPMS. To the contrary, the uncertainty surrounding the April order is what prompted the filing of the interpleader action.

On May 15, 2018, this interpleader action was filed simultaneously with a motion for leave to post a bond for the value of the Interpleaded Funds. When this action was filed the issue of whether the Colorado courts had *in rem* jurisdiction over the Interpleaded Funds was on appeal and was hotly contested. The Interpleader Plaintiffs were receiving conflicting demands for the funds by various members of the Black family and being served with incompatible orders

of multiple tribunals, thereby exposing the Interpleader Plaintiffs to a significant risk of double liability. (Doc. #1 and Doc. #7.) In accordance with this Court's order, the Plaintiffs posted a bond. (Doc. #26 and #40.) Thus, this Court—not the DPC—was the first to obtain actual control and constructive possession of the Interpleaded Funds.[3]

The Conservatorship Interpleader Defendants are correct that in *Black v. Black*, No. 20 COA 64M, 2020 WL 1814272, at ¶¶ 55-59 (2020), *rehearing den.* (Colo. App. Jun. 11, 2020) [hereinafter cited as "*Black III*"], the Colorado Court of Appeals affirmed the DPC's *in rem* jurisdictional findings in the April 2018 order. But, the issue of the Colorado courts' *in rem* jurisdiction was not finally determined until two years <u>after</u> this Court had obtained actual control and constructive possession of the Interpleaded Funds. Moreover, the Interpleaded Funds have never been in Colorado and the DPC has never had possession or control over the Interpleaded Funds.[4] Indeed, the Conservatorship Interpleader Defendants concede that "the

---

[3] Contrary to Interpleader Defendant Dal's statement in her Motion for Leave to Proceed, (Doc. #170 at p.3.), she did not acquire an interest in the Interpleaded Funds before this Court obtained control over them. Interpleader Defendant Olga Dal argues that the October 12, 2017 Illinois judgment she is trying to collect was entered before this interpleader action was filed on May 15, 2018, as well as before "any other judgment or order regarding the disputed funds …." (Doc. #170 at p.3.) Though Interpleader Plaintiffs are just stakeholders and have no position as to which Interpleader Defendant eventually is awarded the Interpleaded Funds, the factual record before this Court should be clear: In October 2017, Dal was just an unsecured creditor of the Illinois trusts without an interest in any specific property of the debtors. Dal filed Citations to Discover Assets on November 7, 2017, in Cook County and served them on Chase/JPMS. (Doc. #1-3.) Chase/JPMS were not required to file—and did not file—answers to the Dal citations until July 8, 2019. The Cook County citation court did not acquire jurisdiction to enter an order against Chase/JPMS, or against any specific property of the debtors, until answers to the Cook County citations were filed admitting that Chase/JPMS were in possession of property belonging to the debtors. *Shak v. Blom,* 777 N.E.2d 635 (Ill. App. 2002). Similarly, Dal did not acquire an interest in any specific property of the debtors until Chase/JPMS filed their answers in the Cook County citations on July 8, 2019. Accordingly, though Dal obtained a judgment before the interpleader action was filed, this Court acquired control over the Interpleaded Funds more than a year before Dal acquired an interest in any specific property of the debtors. Further, Dal's judgment is in an amount significantly *less* than the full present value of the Interpleaded Funds.

[4] If the DPC had control over the *res*, Joanne Black's attorney in Colorado would not have had to file a motion in the DPC to hold Bernard Black in contempt for failing to turn-over the Interpleaded Funds to the conservatorship. (Doc. #100 at ¶ 10.) This motion for contempt is still pending because the DPC still does not control the *res*. (Doc. #154 at ¶ 12.) If the DPC had possession or control over the Illinois Trusts' accounts, the Conservatorship Interpleader Defendants would not have had to file a Citation action in Cook County Circuit Court on March 22, 2018, to attach the Interpleaded Funds for the conservatorship. (Doc. #1 at ¶ 49 and Doc. #1-11.)

5

DPC does not have actual possession of the Interpleaded Funds currently …." (Doc #162 at p.5.) <u>This Court does</u>.

The motion to dismiss is precariously based on the Conservatorship Interpleader Defendants' incorrect reading of *Princess Lida,* that a subsequent final ruling by a state court that there is exclusive *in rem* jurisdiction over the Interpleaded Funds requires dismissal by a federal district court of an interpleader action. In their view, possession or control of the *res* by the state court is not necessary. However, in *Princess Lida* the Supreme Court stated "the [state] court, or its officer, <u>has</u> possession or <u>must have control</u> of the property which is the subject of the litigation …." 305 U.S. at 466-467 (underlining added)(quoted by the Conservatorship Interpleader Defendants in Doc. #162 at p.4.) Clearly, here, *Princess Lida* does not apply where this Court obtained constructive possession and actual control over the Interpleaded Funds before the issue of the Colorado courts' *in rem* jurisdiction was finally determined and where the Interpleader Plaintiffs were exposed to multiple liabilities when the interpleader was filed because of the uncertainties of the Colorado litigation. Accordingly, this Court should deny the motion to dismiss because this Court has constructive possession and actual control of the Interpleaded Funds.

## II. INTERPLEADER ACTIONS ARE *IN PERSONAM*

Alternatively, the motion to dismiss should be denied because *Princess Lida* only applies where there are two *in rem* or *quasi-in-rem* proceedings. 305 U.S. at 466-67. As the Seventh Circuit states, the case should stay in federal court "if one of the two cases is not *in rem* or *quasi in rem* …." *Hammer v. U.S. Dept. of Health and Human Services,* 905 F.3d 517, 536 (7th Cir. 2020)(citing cases). Here, only the DPC action is *in rem*. This interpleader action is *in*

*personam.*[5] The Conservatorship Interpleader Defendants' statement that interpleader proceedings are "sometimes" described as in personam proceedings in certain factual situations incorrectly states the law. (Doc. #162 at 6.) They ignore the general rule decided in *New York Life Ins. Co. v. Dunlevy*, 241 U.S. 518, 521 (1916), that interpleader actions are *in personam*. "In [*Dunlevy*] the Supreme Court held that interpleader was an *in personam* proceeding requiring effective personal service on the claimants [to the *res*] before they can be bound by the court's adjudication." *Wright & Miller*, 7 Fed. Prac. & Proc. Civ. § 1711, Personal Jurisdiction and Process (3d ed.) [hereinafter cited as "*Wright & Miller*"].[6]

Significantly, the Conservatorship Interpleader Defendants fail to cite *JPMorgan Chase Bank, N.A. v. Neu*, No. 17-3475, 2017 WL 2290142 (D. N.J. May 24, 2017), which is directly on point. In *Neu*, the court denied a motion to dismiss based on *Princess Lida* because interpleader actions are *in personam*. The facts in *Neu* are indistinguishable from the case at bar. In *Neu*, Chase froze multiple accounts containing $14 million because it received conflicting instructions from adverse claimants. One claimant commenced an action in New York state court and informed Chase that if it followed the directions of the other claimant, Chase "did so at its own peril." The other claimant commenced an action in New Jersey state court. Chase filed an interpleader in federal court in New Jersey pursuant to 28 U.S.C. § 1335. The District Court addressed the application of the *Princess Lida* doctrine to § 1335 interpleader actions:

> The *Princess Lida* doctrine applies when: (1) the litigation in both the first and second fora are *in rem* or *quasi in rem* in nature, and (2) the relief sought requires that the second court exercise control over

---

[5] Further, a § 1335 interpleader action is based on the court's diversity jurisdiction. The Supreme Court in *Princess Lida* states the doctrine "has no application to a case in federal court based upon diversity of citizenship." 305 U.S. at 467.

[6] The Supreme Court's holding in *Dunlevy* that interpleader actions are *in personam* is still the law even though the Court's conclusion that there was no personal jurisdiction over Mrs. Dunlevy in that case may be outdated since it was based on older territorial notions of personal jurisdiction instead of on a minimum contacts analysis. *Wright & Miller* § 1701, History of Interpleader.

7

> the property in dispute and such property is already under the control of the first court. … And while it appears to be a disputed issue, <u>the Court concludes that interpleader actions are *in personam*.</u> See *N.Y. Life Ins. Co. v. Dunlevy*, 241 U.S. 518 (1916) (determining that interpleader is *in personam* action). Although interpleader involves property and, ultimately, a determination of who is entitled to own or control the property, <u>a concern for the stakeholder in an interpleader action is to avoid personal liability for an amount over and above that of the fund in the stakeholder's possession.</u> In this instance, for example, Chase has stated that is [sic] does not take a position as to whether [one claimant] or [the other claimant] ultimately has control over the amounts in the Chase accounts. Its only goal in this litigation is to avoid liability for any additional amount and to avoid the costs of additional litigation. As a result, the *Princess Lida* doctrine is inapplicable.

*Id.* at *6 n.8 (underlining added).

The District Court's decision in *Neu* could have been written verbatim by this Court in the case at bar. "In this instance, Chase has a legitimate basis for its fear of conflicting claims and potential liability stemming from the [litigation in multiple state courts. The Interpleader Defendants] have placed Chase in the quintessential position that an interpleader action is intended to remedy. … Moreover, the litigation here is occurring in two separate, independent jurisdictions. Consequently, Chase faces a real risk of being asked to comply with competing orders from different courts. In short, Chase has 'a real and reasonable fear of exposure to double liability or the vexation of conflicting claims,' which justifies its interpleader complaint." *Id.* at *4.

Just like in *Neu,* here the Interpleader Plaintiffs have filed a motion for a discharge as to their *personal liability* so that they cannot be held liable for amounts in excess of the funds in the Illinois Trusts' accounts and so they cannot be held liable to different claimants for the same liability. (Doc. ##79-80.) As alleged in the Complaint, Chase and JPMS filed this action to avoid "exposing themselves to further duplicative litigation and/or liability." (Doc. 1, ¶¶ 12, 65

and 68.) For the last three years, this interpleader has been the only thing that has protected Chase and JPMS from being overrun even more with legal fees by the litigious Interpleader Defendants and from conflicting orders regarding the Interpleaded Funds. If this Court grants the Conservatorship Interpleader Defendants' motion to dismiss, Chase and JPMS will again be vulnerable like they were before they filed this action. The Interpleader Defendants have not shown any inclination to compromise their claims or rein-in their hydra-headed litigation that spans at least three states. They failed to take advantage of this Court's referral to a magistrate for settlement. (Doc. ##52, 55, 59.) So far, the court-ordered mediation in Oregon has not produced a global settlement. And, Interpleader Defendant Dal has filed a motion for leave to proceed with collecting her Illinois judgment from the Interpleaded Funds. (Doc. #171.) Accordingly, this Court should deny the motion to dismiss because this interpleader action is *in personam* and there are not two *in rem* or *quasi-in-rem* proceedings.

### III. THE CASES CITED BY THE CONSERVATORSHIP INTERPLEADER DEFENDANTS ARE DISTINGUISHABLE OR NOT BINDING ON THIS COURT

#### A. The Seventh Circuit Cases are not Apposite

The Conservatorship Interpleader Defendants do not cite any Seventh Circuit case that holds that a § 1335 interpleader action is *in rem* or *quasi-in-rem,* or that a court must "look beyond the form of the action" to determine if the interpleader is *in rem.* Indeed, none of the Seventh Circuit cases cited by the Conservatorship Interpleader Defendants is an interpleader action.

*Hammer v. U.S. Dept. of Health and Human Services,* 905 F.3d 517, 536 (7th Cir. 2020)(cited Doc. #162 at p.6), is not an interpleader case. There was an insurance company liquidation proceeding in state court and in federal court there was an action for declaratory relief against the U.S. Dept. of Human Services. The Seventh Circuit remanded for the district court to

9

determine whether the declaratory action was *in rem* or *in personam*. The case provides no support for concluding that this interpleader action is *in rem*.

*Orlando Residence, Ltd. v. GP Credit Co., LLC*, 553 F.3d 550 (7th Cir. 2009)(cited Doc. #162 at p.6), is not an interpleader case. A creditor filed an action in Wisconsin state court to establish that property was jointly owned by a debtor husband and wife, and therefore could be used to pay a judgment. Subsequently, the wife filed an action in federal court to establish that the property was owned by her alone. The Seventh Circuit held the federal action should be dismissed because both proceedings were *in rem. Id.* at 558. The opinion says nothing about interpleader cases and includes no discussion of when an action is *in rem* or *in personam*. Clearly, an action to establish title to property is *in rem* and is nothing like an interpleader action.

Finally, *Blackhawk Heating & Plumbing Co., Inc. v. Geeslin*, 530 F.2d 154 (7th Cir. 1976)(Doc. #162 at p.6), is not an interpleader case. Two insurance companies put funds in escrow with Harris Bank. A liquidator was appointed for one insurance company by the Indiana state court and a liquidator was appointed by the Illinois state court for the second insurance company. Blackhawk, an insured of the first insurance company, filed a petition in federal court for a turnover of part of the escrowed funds at Harris. The district court held a trial limited to the issue of Blackhawk's priority to the escrowed funds over the rights of Illinois liquidator of the second insurance company. The Seventh Circuit held that the district court should have dismissed the turnover petition because the Illinois liquidation proceeding and "Blackhawk's petition in federal court to turn over assets was also clearly an action *in rem.*" *Id.* at 158. The Seventh Circuit did <u>not</u> hold that interpleader actions are *in rem*. Further, *Blackhawk* is distinguishable because unlike an interpleader action in which the personal liability of the

10

stakeholder is adjudicated, in *Blackhawk* the federal court proceeding sought only "to obtain possession of the respective funds …." *Id.* at 158 n.6.

Accordingly, none of the Seventh Circuit cases support the dismissal of this interpleader action.

  B. <u>Cases from Other Jurisdictions are not Persuasive</u>

Even though it is an interpleader action, *General Atomic Co. v. Duke Power Co.,* 553 F.2d 53 (10th Cir. 1977), is inapposite because the interpleader was not dismissed based on the "prior-exclusive-jurisdiction" doctrine. Indeed, the "prior-exclusive-jurisdiction" doctrine is not even mentioned and *Princess Lida* is not cited. The interpleader was dismissed because, unlike the case at bar, none of the jurisdictional requirements for rule or statutory interpleader were met: (i) plaintiff did not possess the *res* and could not deposit it with the court; (ii) the interpleader plaintiff was not the stakeholder; and (iii) the interpleader defendants were not adverse claimants. (*Id.* at 57.)

In *Brown v. Sperber-Porter,* CV-16-02801-PHX-SRB, 2018 WL 10196506 (D. Ariz. Aug. 2, 2018), the stakeholder filed an interpleader in Arizona state court and deposited the *res*. One of the adverse claimants filed a declaratory action in federal court asking the federal court to take jurisdiction over the state court interpleader. The federal court, which did not have control or possession of the *res,* dismissed the declaratory action. Clearly, the case at bar is different because here the interpleader was filed in federal court and the Interpleader Plaintiffs constructively deposited the *res* with this Court. Here, the Interpleader Plaintiffs are not asking this Court to take jurisdiction over the DPC action or over the various Citation actions in Cook County.

Similarly, in *Roland v. Hickman*, 2:15-CV-1133-JCM-VCF, 2016 WL 1183085 (D. Nev. Mar. 28, 2016), the stakeholder filed an interpleader in state court—not federal court. The stakeholder was subject to the jurisdiction of the state court as an attorney for one of the named parties and she deposited the *res* (money in her escrow account) with the state court, unlike here where the Interpleader Plaintiffs are not parties to the DPC proceeding and the Illinois Trusts' accounts are not now and never have been in the possession or control of the DPC. Further, unlike in *Roland,* only this Court has personal jurisdiction over the stakeholders (the Interpleader Plaintiffs) and all three groups of adverse claimants to the accounts (the Black Interpleader Defendants, the Dal/Litvak Interpleader Defendants, and the Conservatorship Interpleader Defendants).

Finally, in *Community State Bank v. Wilson,* 4:18-CV-4078, 2019 WL 4647260 (W.D. Ark. Sept. 24, 2019), the court did not "spend too much time" determining whether the federal interpleader was *in rem* because no party argued that the federal interpleader action was *in personam* (*id.* at *3); whereas, in this case the Interpleader Plaintiffs and the Black Interpleader Defendants vigorously contest the issue.

Thus, even the non-Seventh Circuit cases the Conservatorship Interpleader Defendants cite are not persuasive and their motion to dismiss should be denied.

IV. CONCLUSION

Neither of the two requirements for dismissing a federal case based on the "prior-exclusive-jurisdiction" doctrine are present here: The DPC does not currently have, and has never had, control or possession of the *res* of this interpleader. Further, this interpleader action is not *in rem* or *quasi-in-rem.* Accordingly, the motion to dismiss should be denied.

DATED: April 12, 2021

                                        Respectfully submitted,

                                        ULMER & BERNE LLP

                By:   */s/* Kenneth F. Berg

                                        Kenneth F. Berg
                                        (Ill. Bar # 3124027)
                                        Ulmer & Berne LLP
                                        500 W. Madison Street
                                        Suite 3600
                                        Chicago, IL 60661
                                        312-658-6506
                                        kberg@ulmer.com

                                        *Attorneys for the Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on April 12, 2021, a true and correct copy of the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANTS GOODWIN AND DAIN'S MOTION TO DISMISS** was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, using the Court's CM/ECF System, which will send notification of such filing to all parties registered to use ECF or are represented by a registered E-filer. Parties may access this filing through the Court's CM/ECF System.

A true and correct copy was sent by regular and certified mail to Joanne Black at her last known address, 805 East New York Avenue, Brooklyn, NY 11203.

A true and correct copy was sent by regular mail and email to Lisa DiPonio, DiPonio & DiPonio LLC, 7931 S. Broadway #348, Littleton, CO 80122, Diponiolawfirm@comcast.net.

                                          */s/ Kenneth F. Berg*

                                          Kenneth F. Berg
                                          ULMER & BERNE LLP
                                          500 W. Madison St., Suite 3600
                                          Chicago, IL 60661
                                          Tel. 312-658-6506
                                          kberg@ulmer.com

                                          *Attorneys for the Plaintiffs*

1995389v4