IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, and J.P. MORGAN SECURITIES LLC,  )<br><br>Plaintiffs-in-Interpleader,  )<br><br>vs.  )<br><br>BERNARD S. BLACK, et. al,  )<br><br>Defendants-in-Interpleader.  ) | Case No. 1:18-cv-03447<br><br>Honorable Andrea R. Wood |

**PLAINTIFFS' OPPOSITION TO
DEFENDANT DAL'S AMENDED MOTION TO PROCEED**

Plaintiffs JPMORGAN CHASE BANK, NATIONAL ASSOCIATION ("Chase Bank") and J.P. MORGAN SECURITIES LLC ("JPMS"), through their attorneys Ulmer & Berne LLP, hereby oppose Defendant Dal's amended motion for leave to proceed (Dkt #171, "Motion to Proceed") with collection on her judgments from the Interpleader Funds in constructive possession and actual control of this Court. In support of their position, Plaintiffs state as follows:

ARGUMENT

The Plaintiffs take no position on which Defendant in this interpleader action should get all or part of the Interpleader Funds. But, Defendant Dal is simply incorrect when she states that the "way has been cleared" for her to collect her judgments in state court from the Interpleader Funds. (Dkt #171 at p.1.) Dal's self-serving view notwithstanding, actually very little has changed since May 15, 2018, when the Plaintiffs sought this Court's protection by filing this interpleader action. Specifically, the Plaintiffs sought protection from the Defendants' competing demands to withdraw the Interpleader Funds and from conflicting orders by FINRA

and state courts to simultaneously freeze and distribute the Interpleader Funds.[1] The Plaintiffs are still in need of this Court's protection. Defendant Dal's Motion to Proceed, which asserts her priority over the other Defendants, again illustrates this fact. Other than Defendant Litvak,[2] all of the Defendants are still adverse to each other and still claim all or a portion of the Interpleader Funds. Consequently, the Plaintiffs' exposure to liability to multiple Defendants for the same funds is even greater than before.

Defendant Dal's Motion to Proceed argues that things have changed because the judgments in her favor have become final with the Illinois Appellate Court's decision in *Dal v. Black*, 2020 IL App (1st) 191348-U (Nov. 30, 2020). (Dkt #171, ¶ 6) This, however, does not justify allowing her to collect her judgments outside of this interpleader action. In fact, it does not actually distinguish her from the other Defendants at all. Just like Defendant Dal's judgments have become final during the pendency of this interpleader action, so too the judgment on which the Goodwin/Dain/Joanne Black camp bases its claim to the Interpleader Funds has become final. The Denver Probate Court's ("DPC") judgment in favor of the Conservatorship and against Bernard Black was affirmed in *Black v. Black*, 422 P.3d 592 (2018), *rehearing den.* (Colo. App. May 17, 2018), *certiorari denied*, 2019 WL 2178077 (Colo. May 20, 2019). Further, Goodwin/Joanne's registration of the DPC's judgment in Illinois also became final during the pendency of this interpleader action. *Conservatorship of Joanne Black v. Black,* 2019 IL App (1st) 181452 (Jun. 28, 2019), 133 N.E.3d 61 (Ill. App. 2019). The finality of these

---

[1] The Interpleader Complaint (Dkt #1) identified three competing camps: Defendants Bernard/Samuel Black who claim authority to control the Interpleader Funds as trustees of the Special Needs and the Issue Trusts ("SN and Issue Trusts"); Defendants Goodwin/Dain/Joanne Black who claim authority over the Interpleader Funds pursuant to orders of the Denver Probate Court ("DPC"); and Defendants Dal/Litvak who claim entitlement to a portion of the Interpleader Funds as judgment creditors of the SN and Issue Trusts.

[2] Defendant Litvak relinquished her claims to the Interpleader Funds because the Illinois Appellate Court vacated the judgment in her favor against the SN and Issue Trusts. *See Litvak v. Black,* 2019 IL App (1st) 181797, ¶ 27, 147 N.E.3d 835 (Ill. App. 2019).

judgments each favoring a different Defendant *increases* the risks to the Plaintiffs of complying with any of them. Further, it justifies granting Plaintiffs' pending motion to enjoin the Defendants from commencing or prosecuting any action against the Plaintiffs and for an order discharging the Plaintiffs from liability regarding the Interpleader Funds. (Dkt #79) Certainly, Dal's Motion to Proceed should be denied (at least without prejudice) until after the Plaintiffs' motion for an injunction and discharge is granted.

Defendant Dal also argues that she should be allowed to proceed because Goodwin/Dain/Joanne's counterclaims "have been foreclosed" by the Illinois Appellate Court's decision in *Dal v. Black*, 2020 IL App (1st) 191348-U (Nov. 30, 2020). (Dkt #171 at ¶ 11.) Though the Conservatorship's counterclaims in that action are "foreclosed," Defendant Dal completely ignores Goodwin/Joanne's adverse direct claims to the Interpleader Funds that arise out of the DPC's judgment and the registration of that judgment in Illinois. Like Dal, Goodwin/Joanne also served Illinois citations on the Plaintiffs in connection with their judgment.[3] (Dkt #1 ¶ 49; Dkt #1-11.) It is, therefore, completely inaccurate to say that Dal's path to collect her judgment from the Interpleader Funds has been "cleared." Accordingly, the adversity between the Dal camp and the Goodwin/Dain/Joanne camp has not diminished during the pendency of this interpleader action—it has intensified—and the risks to the Plaintiffs of multiple liabilities has increased.

Finally, Defendant Dal argues that she should be allowed to proceed with collection in state court because her "judgment of October 12, 2017, predates any other judgment or order *regarding the disputed funds*." (Dkt #171 at ¶ 9, italics added.) This is also inaccurate. Defendant Dal's judgment is a money judgment against the SN and Issue Trusts—it is not a "judgment or order regarding the disputed funds." On October 12, 2017, Dal became a general

---

[3] JPMS/Chase have not yet been required to file—and have not filed—answers to the Goodwin/Joanne citations.

unsecured creditor of the Trusts. The judgment did not give Dal any rights to the disputed funds, *per se.* On November 7, 2017, Dal served Illinois Citations to Discover Assets on Chase/JPMS. (Dkt #1-3) Even then, however, she did not acquire an interest in the disputed funds. A citation court does not acquire jurisdiction to order a third party to turnover particular assets of the judgment debtor until there is evidence in the court record that the third party actually possesses property of the judgment debtor. *See Schak v. Blom,* 334 Ill. App. 3d 129, 133, 777 N.E.2d 635, 639 (2002)(holding citation court has no jurisdiction over a third party that does not possess assets of the judgment debtor). Service of a citation, alone, is not "evidence."[4] Only when an answer to the citation is filed admitting that the third party possesses assets of the judgment debtor does the court acquire jurisdiction over particular assets of the judgment debtor identified therein up to twice the amount of the judgment. 735 ILCS 5/2-1402(f)(1). "Without an answer of record, there will be no such evidence, and the court cannot enter a turnover order." <u>IICLE Creditor's Rights 2019 Edition</u>, Enforcement of Judgments § 2.75 at p. 2—60 (2019).

Although Dal served citations on Chase/JPMS on November 7, 2017, they were not required to—and did not—file answers to the Dal citations in the Circuit Court of Cook County until July 8, 2019. The Illinois court had no authority to order Chase/JPMS to turnover any specific property of the SN and Issue Trusts before the answers were filed. The earliest Dal may have acquired an interest in the disputed funds, therefore, is on July 8, 2019. However, this Court already had assumed constructive possession and actual control of the Interpleader Funds on May 15, 2018, when Plaintiffs filed this action. (Dkt #1.)

---

[4] To serve a citation on a third party, a judgment creditor need only have a "reasonable belief" that the third party possesses assets of the judgment debtor. *See In re Emerald Casino, Inc. v. Flynn*, 223 F. Supp. 3d 740, 750-52 (N.D. Ill. 2016)(Pallmeyer, J.). "Reasonable belief" is not "evidence" that the third party actually possesses assets of the judgment debtor. Accordingly, before an answer is filed there is no "evidence" in the court file that gives the citation court authority to order a turnover of particular assets of the judgment debtor to the judgment creditor.

4

The Plaintiffs do not take a position on which Defendant should ultimately receive all or a portion of the Interpleader Funds. But, the Plaintiffs contend that all orders distributing the Interpleader Funds should issue from this Court and not from separate state courts where the likelihood is great that the orders will conflict and place the Plaintiffs in a situation where they must act at their peril if they obey the state court orders – a situation the Plaintiffs expressly tried to avoid by filing this action.

## CONCLUSION

For the foregoing reasons, the Defendants' claims to the Interpleader Funds are even more adverse now and the risks to the Plaintiffs of multiple liabilities for distribution of the Interpleader Funds are even greater. This Court has constructive possession of and exclusive control over the Interpleader Funds. All steps to collect against the Interpleader Funds should proceed in this Court only. Defendant Dal's Motion to Proceed should be denied, while Plaintiffs' motion for an injunction restraining the Defendants from commencing or prosecuting any action against the Plaintiffs and for discharge of the Plaintiffs should be granted.

DATED: May 11, 2021

    Respectfully submitted,

    ULMER & BERNE LLP

By: */s/ Kenneth F. Berg*
Kenneth F. Berg (Ill. Bar # 3124027)
Ulmer & Berne LLP
500 W. Madison Street
Suite 3600
Chicago, IL 60661
312-658-6506
kberg@ulmer.com

*Attorneys for the Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on May 11, 2021, a true and correct copy of the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANT DAL'S AMENDED MOTION TO PROCEED** was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, using the Court's CM/ECF System, which will send notification of such filing to all parties registered to use ECF or are represented by a registered E-filer. Parties may access this filing through the Court's CM/ECF System.

A true and correct copy was sent by regular and certified mail to Joanne Black at her last known address, 805 East New York Avenue, Brooklyn, NY 11203.

A true and correct copy was sent by regular mail and email to Lisa DiPonio, DiPonio & DiPonio LLC, 7931 S. Broadway #348, Littleton, CO 80122, Diponiolawfirm@comcast.net.

/s/ Kenneth F. Berg

Kenneth F. Berg
ULMER & BERNE LLP
500 W. Madison St., Suite 3600
Chicago, IL 60661
Tel. 312-658-6506
kberg@ulmer.com

*Attorneys for the Plaintiffs*

1998345v3