FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, and J.P. MORGAN SECURITIES LLC, | ) ) ) |
| Plaintiffs, | ) Case No. 18-cv-03447 |
| v. | ) ) |
| BERNARD S. BLACK, individually and as trustee, SAMUEL BLACK, individually and as trustee, ANTHONY DAIN, individually and as trustee, KATHERINE LITVAK, OLGA DAL, and JEANNETTE GOODWIN, as court appointed Conservator, and JOANNE BLACK, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**RESPONSE OF DEFENDANTS ANTHONY DAIN AND JEANNETTE GOODWIN TO DEFENDANT OLGA DAL'S MOTION FOR LEAVE TO PROCEED**

There is no dispute that Defendant Olga Dal ("Dal") has a final judgment against Defendants Bernard Black ("Bernard") and Samuel Black ("Samuel"), both as Trustees of the three trusts ("Trusts") at issue in this litigation, relating to the loan agreement entered into between Dal on the one hand and Bernard and Samuel on the other. However, Dal's motion to proceed must be denied. Dal does not have any right to collect against the Interpleader Funds ("Funds"), currently held wrongfully in the Trusts. Those Funds are the same assets that Bernard stole and moved into the Trusts years ago, and over which the Colorado courts have long exercised jurisdiction.

As a threshold issue, this response assumes for the sake of argument that this Court will first resolved Goodwin and Dain's motion to dismiss for lack of subject-matter jurisdiction and will have ruled that it does in fact have subject-matter jurisdiction if it has moved on to considering Dal's motion. Briefing on that motion is not yet completed.

Dal cannot execute on the Interpleaded Funds to satisfy the agreed judgment entered in *Dal v. Black*, 17 L 9744 (Cir. Ct. Cook. Cty). In supplementary proceedings like those instituted by

Dal, the question is whether a third-party like Chase holds assets of the judgment debtor, in this case, Bernard and Samuel as Trustees of the Trusts. However, the Interpleaded Funds are clearly not assets of the Trustees or the Trusts. Those funds are only currently in the Trusts because they were Conservatorship assets wrongfully disclaimed by Bernard, then stolen by him and transferred into the Trusts. From the inception of the Conservatorship, the Funds were *always* rightfully Conservatorship assets. As the Denver Probate Court reasoned:

> The Court finds all of the funds Bernard Black transferred into the [Trusts] that are at issue in this action were sourced from the [POD] accounts naming Joanne Black as the sole or primary beneficiary. As these funds were all held in the POD accounts on the date of Bernard Black's appointment as conservator, the funds were and remain a part of the conservatorship estate established by this Court. This Court has explicitly retained continuing jurisdiction over the conservatorship estate assets. The Court finds that Bernard Black's acts transferring conservatorship assets into trusts or elsewhere does not change the initial character of the funds as conservatorship assets. The funds transferred into the Issue Trust were never trust assets at inception as they were POD funds with Joanne Black as beneficiary. Bernard Black's use of the Court's Orders to further a scheme of self-dealing did not change the essential nature of the funds from POD assets, which are conservatorship estate assets, to trust assets beyond the reach of the Court.

*Black v. Black*, (*Black III*), 482 P.3d 460, 474 (Colo. App. Ct. 2020)(*cert. denied* Mar. 15, 2021)(alterations in original). The Colorado Appellate Court agreed with the DPC's reasoning, and held that Bernard's unilateral acts "did not convert the assets from conservatorship assets into assets of the Trusts . . . ." *Id.* Accordingly, to the extent the Funds remain in the Trusts to this day, they do not constitute legitimate assets of the Trusts and Dal cannot proceed against them in supplementary proceedings to satisfy her judgment. *See Schak v. Blom*, 777 N.E.2d 635, 639 (Ill. App. Ct. 2002)(Illinois code does not allow for "entry of a judgment at a supplementary proceeding against a third party who does not possess assets of the judgment debtor")

Moreover, recent developments in Bernard's malpractice action against his former counsel suggest that the disclaimers purportedly executed by Bernard back in 2013 were in fact void under

New York law. If the disclaimers were void, this would provide another independent reason that the Funds are not Trust assets.

Unlike the ongoing, broad-based Conservatorship proceedings in Colorado that have been since pending since 2013, the supplementary proceedings have seen virtually no litigation on the narrow issue of Dal's rights to the Funds.[1] To date, the only filings related to the Funds in the *Dal* supplementary proceedings are the issuance of the citation to Chase in November 2017, and Chase's answer filed in July 2019. Granting Dal's motion to proceed would effectively start a new parallel proceeding to re-litigate the narrow issue of whether the Funds are Trust property, when the rulings of the Colorado courts have already made it clear that they are not. This would only serve to create wasteful additional litigation and further complicate this matter.

## CONCLUSION

For the foregoing reasons, Defendant Olga' Dal's motion to proceed should be denied.

Dated: May 11, 2021

                                                    ANTHONY DAIN and JEANETTE GOODWIN

                                                    By: /s/ Peter M. Stasiewicz

                                                    Peter M. Stasiewicz
                                                    Arcturus Law Firm
                                                    211 W. Wacker Drive #323
                                                    Chicago, Illinois 60606
                                                    (312) 957-6194
                                                    pete@arcturuslaw.com

---

[1] In September 2019, Dal filed a motion for rule to show cause against Goodwin in the supplementary proceedings in an attempt to hold Goodwin in contempt for the sale of bonds, allegedly in violation of a citation. Goodwin opposed that motion on the basis that the bonds were never properly the property of the Trusts, and were always Conservatorship assets, like the Funds. Dal later withdrew the motion.