**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, and JP MORGAN SECURITIES LLC, <br><br> Plaintiff-in Interpleader, <br><br> v. <br><br> BERNARD S. BLACK, et al <br><br> Defendants. | Case No. 1:18-cv-03447 <br><br> Honorable Andrea R. Wood |

**DEFENDANT JOANNE BLACK'S MOTION FOR APPROVAL OF NECESSARY PROCEEDINGS BEFORE THE DENVER PROBATE COURT**

As requested in this Court's June 12, 2019 order (Dkt #69), Defendant Joanne Black, in her individual capacity ("*Joanne*"), through her attorney, Terence D. Brennan, hereby submits her Motion for Approval of Necessary Proceedings before the Denver Probate Court.

**INTRODUCTION**

1. Joanne seeks the Court's approval to conduct proceedings ordered by the Colorado Court of Appeals (the "*Colorado Appeals Court*") and the Denver Probate Court (the "*DPC*"). Under this Court's June 12, 2019 order (the "*June 2019 Order*"), the parties cannot take any action in another jurisdiction that would "effectuate" transfer or withdrawal of the assets in the Chase accounts (the "*Interpleader Assets*"). The proposed DPC hearing will not do this.

2. First, the Interpleader Assets will not be the subject of the hearing. Instead, the hearing will address voiding disclaimers issued by Defendant Bernard Black ("*Bernard*") and punishing Bernard and Samuel Black ("*Sam*") for repeated misconduct before the DPC.

1

3. Second, if the DPC's remedy for these violations risks transfer or withdrawal of the Interpleader Assets, Joanne will stay enforcement of such an order until this Court grants approval to move forward.

4. In sum, the proposed DPC hearing will not touch the Interpleader Assets without the Court's approval. Therefore, Joanne asks this Court for an order allowing her to schedule the hearing before the DPC and allowing all necessary parties to participate in those proceedings.

## **RELEVANT FACTS**

5. The proposed DPC hearing will address two orders the DPC issued in 2018. The first suspended Bernard and Sam as trustees of the Special Needs Trust (the "*SNT*"). It was issued in response to the DPC's finding that Bernard and Sam had taken money from the SNT. The second voided Bernard's disclaimers of Joanne's payable-on-death benefits. These disclaimers were the fruit of Bernard's scheme to get himself appointed Joanne's conservator and redirect her benefits into Renata Black's estate plan. Bernard and Sam appealed both orders (hereinafter, the "*2018 Orders*") to the Colorado Appeals Court.

6. On April 9, 2020, the Appeals Court reversed portions of the 2018 Orders on technicalities and remanded them to the DPC for proceedings consistent with the Appeals Court's opinion. Specifically, the Court found that Sam was not given due process before the DPC suspended him as trustee, and the DPC did not have authority to void Bernard's disclaimers because, at that time, the issue was on appeal.

7. On April 17, 2021, the DPC ordered the parties to schedule a hearing to address the issues raised by the remanded orders. These included (1) voiding Bernard's disclaimers, (2) returning conservatorship assets, as the DPC ordered prior to Bernard initiating proceedings in the

US District Court; (3) suspending and/or removing Bernard and Sam as trustees from all trusts holding assets taken from the conservatorship, and (4) personal liability and damages against Sam.

8. It is this hearing that Joanne asks for approval to schedule. At bottom, the hearing will resolve issues stemming from actions the DPC took in 2018 to correct Bernard and Sam's history of misconduct before that court.

## ARGUMENT

9. The Court issued the June 2019 Order to preserve the Interpleader Assets. The proposed DPC hearing will not result in turnover or withdrawal of those assets. Therefore, the hearing will not encroach upon the June 2019 Order, and the Court should grant approval for the DPC to conduct it.

10. In relevant part, the June 2019 Order bars "any party from seeking to enforce any court order requiring, or otherwise seek to effectuate, any turnover or withdrawal of the interpleader assets." In short, the order only targets the assets, with the goal of ensuring they are not removed from the Chase accounts until the Court can determine each party's right to them.

11. The proposed DPC hearing will not address turnover or withdrawal of the Interpleader Assets. Rather, it will address reinstating actions the DPC took in 2018: (1) suspending Sam as an SNT trustee (as well as holding him liable) and (2) voiding Bernard's disclaimers. Unlike the June 2019 Order, these actions were meant to punish Bernard and Sam's misconduct before the DPC and unwind the resulting consequences.

12. Further, while there is a chance the DPC could order remedies that implicate the Interpleader Assets, Joanne will request the DPC stay such an order until this Court approves its enforcement. Joanne has done this before. On October 3, 2019, the DPC held a hearing to determine whether to hold Bernard in contempt, again, for his misconduct. Joanne's counsel, Lisa

DiPonio raised the June 2019 Order with the DPC and asked it not to enter contempt against Bernard for failure to turn over Interpleader Assets. The DPC granted Ms. DiPonio's request. (See Ex. A; Joanne's Resp. to October 8, 2019 Rule to Show Cause).

13. All told, the proposed DPC hearing will confront different issues than the June 2019 Order. In addition, Joanne will work to ensure it does not result in turnover or withdrawal of the Interpleader Assets. Therefore, this Court should allow the parties to schedule and conduct the hearing.

**WHEREFORE**, Defendant Joanne Black respectfully requests this Court enter an order approving the Denver Probate Court's upcoming hearing, declaring the hearing consistent with the Court's June 12, 2019 order, and granting such other and further relief the Court deems proper.

Respectfully submitted,

JOANNE BLACK

By: ___/s/ Terence D. Brennan_____
One of her Attorneys

Terence D. Brennan
1437 North Park Avenue
Chicago, Illinois 60610
terry@terrybrennanlaw.com
312-550-1085