# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, and JP MORGAN SECURITIES LLC, <br><br> Plaintiff-in Interpleader, <br><br> v. <br><br> BERNARD S. BLACK, et al <br><br> Defendants. | Case No. 1:18-cv-03447 <br><br> Honorable Andrea R. Wood |

**DEFENDANT JOANNE BLACK'S RESPONSE TO THE OCTOBER 8, 2019 RULE
TO SHOW CAUSE AGAINST HER**

As requested in this Court's November 19, 2019 order (Dkt #'s 123), Defendant Joanne Black, in her individual capacity ("*Joanne*"), through her attorney, Terence D. Brennan, hereby submits her Response to the October 8, 2019 Rule to Show Cause Against Her.

**INTRODUCTION**

This Court should vacate the rule to show cause entered against Joanne on October 8, 2019 (the "*Rule*") and decline to hold her in contempt. The Rule stems from Defendant Bernard S. Black's ("*Bernard*") October 4, 2019 motion, which argued that Joanne violated this Court's June 12, 2019 Order (the "*June Order*") by pursuing contempt against Bernard before the Denver Probate Court (the "*DPC*").¹ Specifically, Bernard claimed Joanne sought contempt "solely" because Bernard refused to turn over the assets in the Interpleader Fund to the DPC.

---

¹ Technically, the Court entered the Rule because neither Joanne nor a lawyer representing her appeared at the October 8, 2019 hearing. (10/8/19 Minute Order; Dkt #107). At the time, Joanne was not represented by counsel in this litigation. That changed on November 18, 2019, when Mr. Brennan filed an appearance on Joanne's behalf. (Dkt #120). Therefore, at the November 19, 2019 hearing, the Court granted Mr. Brennan leave to file this response to the order granting the Rule. (11/19/19 Minute Order; Dkt #123).

1

But Joanne did not seek contempt "solely" to force Bernard to turn over Interpleader assets. Rather, she sought contempt against him for his behavior in the Colorado proceedings – namely, his yearlong effort to defy a DPC order to return funds he misappropriated from the Supplemental Needs Trust. Further, at the hearing on Joanne's motion for contempt, her Colorado counsel informed the DPC of the June Order and emphasized that she did not want the DPC to enter contempt against Bernard for failure to turn over assets in the Interpleader Fund.

In short, Joanne only wants to hold Bernard accountable for his conduct. She has always made good faith efforts to comply with this Court's orders and will continue to do so. Therefore, she respectfully requests that this Court vacate the Rule.

## BACKGROUND AND ARGUMENT

On May 10, 2019, Joanne filed a motion with the DPC for contempt against Bernard (the "*Contempt Motion*"). The crux of this motion was that Bernard should be held in contempt for his troubling behavior in the Colorado litigation. The most prominent example was his year-long attempt to defy the DPC's April 28, 2018 order to return funds he misappropriated from the Supplemental Needs Trust. But the Contempt Motion cited other examples, including Bernard taking funds from the Supplemental Needs Trust that the DPC had set aside for paying Joanne's attorneys and Bernard testifying that the DPC had no jurisdiction over that trust. All of the behavior detailed in the Contempt Motion occurred prior to the June Order.

On October 3, 2019, the DPC held a hearing on the Contempt Motion. Despite a previous DPC order requiring him to appear at all hearings in person, Bernard failed to attend.[2] For this reason, the DPC issued a bench warrant against him.

---

[2] Bernard's counsel also failed to attend this hearing.

The day after the DPC issued the bench warrant, Bernard filed a motion with this Court seeking a rule to show cause against Joanne. According to Bernard, by seeking contempt in the Colorado proceedings, Joanne violated the June Order, which prohibited the parties from seeking to enforce any court order that required withdrawal of assets from the Interpleader Fund. (6/12/19 Minute Order; Dkt #69).

Bernard is wrong.

The intent of Joanne's Contempt Motion was to address Bernard's conduct – in particular, his year-long effort to avoid a DPC order. It was not to extract money from the Interpleader Fund in violation of the June Order.

This much is apparent from the Contempt Motion itself, which details Bernard's constant disregard for the DPC's orders. And it is even more apparent from the statements Joanne's Colorado counsel, Lisa DiPonio, made at the DPC's October 3 hearing.

First, contrary to Bernard's assertions, Ms. DiPonio informed the DPC of the June Order. Specifically, she noted that "the Court in the interpleader action did issue an order which states that…the assets of the interpleader action, which are the supplemental needs trust assets, cannot be withdrawn without a court order." (Exhibit A, DPC 10/3/19 Tr. 3:16-20).

Second, Ms. DiPonio informed the DPC that Bernard took the position that the June Order prevented him from complying with the DPC's orders. This was despite neither Bernard nor his lawyer attending the hearing:

> So [Bernard's Colorado counsel], if she were here today, would argue that Mr. Black cannot possibly comply with this Court's various orders, because those assets are, for all intents and purposes, frozen for now. But the Court in the interpleader action did issue an order, which is contained in [Bernard's] filing, which said that any party can file the motion with the Court, requesting that a transfer (inaudible) be effectuated, and the Court would entertain that motion.

(Ex. A, DPC 10/3/19 Tr. 3:21-4:4).

3

Third, Ms. DiPonio raised Bernard's longstanding failure to comply with the DPC's orders and requested an evidentiary hearing to address it:

> So what we'd like to do, Your Honor … is have the Court order or schedule an evidentiary hearing where we can have Mr. Black come in as well as Samuel Black to answer questions as to why they have acted or inacted [phonetic] in ways which would comply with this Court's various orders to make Ms. Black whole.

(Ex. A, 7:5-11).

Fourth, Ms. DiPonio reiterated that she was not seeking to hold Bernard in contempt for failing to turn over the Interpleader Funds:

> Again, this is not what I am here requesting today. I am simply requesting that an evidentiary hearing be held where we can have Mr. Black, Samuel Black, other interested parties and witnesses face this Court and testify as to their actions or inactions where they attempted to deprive or otherwise compromise Ms. Black's rightful assets.

(Ex. A, 8:23-9:4).

Fifth, Ms. DiPonio stated that she wanted a bench warrant issued against Bernard "for his failure to appear," despite a previous DPC order that he personally attend all hearings in the case. (Ex. A, 10:3-7).

Ms. DiPonio's statements were not those of a lawyer trying to violate the June Order. In fact, they were the statements of a lawyer treading carefully, intent on making sure the June Order was respected. Therefore, they belie any suggestion that Joanne should be held in contempt.

## CONCLUSION

For over two years, Bernard has sneered at the DPC. He has ignored court orders, transferred funds the DPC reserved, skipped hearings and openly questioned the DPC authority. He cannot use the interpleader case to shield himself from the consequences of that behavior. And he certainly cannot use the interpleader case as a weapon against Joanne, the primary target of his misconduct. So based on the foregoing, Joanne Black respectfully requests this Court vacate the

4

October 8, 2019 rule to show cause and enter an order affirming that she will not be held in contempt.

**WHEREFORE**, Defendant Joanne Black respectfully requests this Court enter an order vacating the rule to show cause entered against her on October 8, 2019, finding that she is not in contempt of this Court, and granting such other and further relief the Court deems proper.

                    Respectfully submitted,

                    JOANNE BLACK

By:    /s/ Terence D. Brennan
        One of her Attorneys

Terence D. Brennan
1437 North Park Avenue
Chicago, Illinois 60610
terry@terrybrennanlaw.com
312-550-1085