FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, and J.P. MORGAN SECURITIES LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BERNARD S. BLACK, individually and as trustee, SAMUEL BLACK, individually and as trustee, ANTHONY DAIN, individually and as trustee, KATHERINE LITVAK, OLGA DAL, and JEANNETTE GOODWIN, as court appointed Conservator, and JOANNE BLACK,<br><br>Defendants. | Case No. 18-cv-03447 |

## BERNARD S. BLACK AND SAMUEL BLACK'S STATUS REPORT[1]

Bernard S. Black ("Bernard") and Samuel Black ("Samuel") hereby submit the following Status Report to the Court.

### I.  Bernard and Samuel Black's Position on Issues Remaining in Dispute

Bernard and Samuel believe there are many remaining issues in dispute that will need to be resolved in this Court. That is because no other court has jurisdiction over all parties to resolve the issues that are critical to addressing the competing claims to the interpleaded assets, which are the assets of the Supplemental Needs Trust ("SNT") and the Issue Trust ("IT"), all of which are held in accounts at the plaintiff institutions. Nor does any other court have the jurisdiction to resolve conflicts between the decisions of the many courts around the country, including courts in Colorado, New York, Illinois and Oregon, in which the parties are litigating claims involving the interpleaded assets.

---

[1] The parties have conferred and profoundly disagree on the scope of the remaining claims and issues in dispute in this proceeding, and therefore, are submitting separate status reports to this Court setting forth their respective positions on those claims and issues.

1

Bernard and Samuel will be seeking and opposing, among other relief, the following relief, and believe that all of the following issues will need to be resolved by this Court in this proceeding:

A. Bernard, as Executor of the Estate of Renata Black (the "Estate"), has incurred, and may in the future incur, legal and accounting fees to defend the assets of the Estate, which as Executor he had distributed to the SNT and IT. He will be seeking a declaration that he is entitled to recover those expenses from the SNT and the IT if the assets in the Estate are insufficient to pay those expenses. In such event, Bernard further will be seeking an award of those legal and accounting fees from the assets of the SNT and the IT that is given priority over other claims to those assets.

B. Bernard and Samuel, as trustees of the IT and SNT, have incurred, and will in the future incur, legal fees to defend the assets of the IT and the SNT. They will be seeking a declaration that they are entitled to recover those fees from the SNT and the IT and will be seeking to be awarded reimbursement of such fees from the SNT and IT ahead of other claims to those assets.

C. Samuel, as trustee of the SNT and IT, has incurred, and may in the future incur, legal fees to successfully defend efforts to wrongfully obtain relief from him in Colorado without providing him with adequate notice and without having a proper basis for exercising personal jurisdiction over him. He will be seeking a declaration that he is entitled to recover those legal expenses from the SNT and IT and further will be seeking an award of those fees from the SNT and IT that will be given priority over other claims to those assets.

D. Bernard and Samuel will be seeking a declaratory judgment that the disclaimers Bernard executed as conservator for Joanne Black ("Joanne"), and that he arranged for his five adult children to sign (collectively, the "Disclaimers"), which resulted in the disclaimed assets flowing into the Estate and then into the IT and SNT, are valid and irrevocable. Bernard and Samuel contend that it would be improper for the Denver Probate Court ("DPC") to now or in the future vacate its prior 2012, 2013, 2015, and 2016 orders authorizing and approving the Disclaimers. They also believe that, even if the DPC were to take the extraordinary step of reversing these prior authorizations, that cannot affect the validity or priority of claims against the interpleader assets that arise prior to any such decision.

E. Bernard and Samuel will be seeking a declaratory judgment that they, as trustees of the SNT and the IT, acted in good faith and in accordance with their fiduciary duties in defending the assets of these trusts, and that their legal expenses incurred in that defense are reimbursable from the trusts' assets prior to any other claim being paid.

F. Bernard and Samuel will be contesting any effort on the part of Defendants Anthony Dain ("Dain"), Jeanette Goodwin ("Goodwin") and/or Joanne to enforce any orders that the DPC has entered or may enter with respect to the interpleaded

assets, or the disposition of the interpleaded assets, on grounds that the DPC lacks jurisdiction over the assets of the SNT and IT because those assets are held in trusts and are not assets of Joanne or a conservatorship over her. Bernard and Samuel specifically will be contesting Dain, Goodwin and/or Joanne's efforts to persuade the DPC reverse its prior decisions approving the Disclaimers and/or to order the transfer of the trust assets (i.e., interpleaded assets) to the DPC.

G. Samuel will be contesting any effort on the part of Dain, Goodwin and/or Joanne to enforce any orders of the DPC against him on the grounds that he is not bound by them, either individually or as a trustee of the SNT and IT, in that he has not appeared in the DPC and further that the DPC does not have personal jurisdiction over him.

H. Bernard will be contesting any effort on the part of Dain, Goodwin and/or Joanne to enforce any orders of the DPC against him in his capacity as trustee of the IT on the grounds that he is not bound by them, in that he has not appeared in the DPC in that capacity and further that the DPC does not have personal jurisdiction over him as trustee of the IT.

I. Bernard and Samuel will be contesting any effort on the part of Dain, Goodwin and/or Joanne to enjoin either of them from acting as a trustee or co-trustee of the SNT and IT.

J. Bernard and Samuel will be contesting any effort on Dain's part to access and control the assets of the SNT based upon orders of the DPC, which orders conflict with other claims and judicial and arbitration decisions concerning these assets.

K. Bernard and Samuel will be contesting any effort by Dain, Goodwin and/or Joanne to obtain a declaration that Joanne has any interest in the IT given that Joanne is not a beneficiary of the IT and that any order entered by the DPC to that effect is void for lack of jurisdiction.

Bernard and Samuel further believe that this Court will need to determine which claims and issues will be the subject of this litigation for purposes of determining the proper scope of discovery in this proceeding before such discovery may proceed. Bernard and Samuel's counsel engaged in a meet and confer telephone conversation with Dain and Goodwin's counsel to try find common ground on document production, and in particular the proper scope of relevance for purposes of document production in response to Bernard and Samuel's requests for production of documents to Dain and Goodwin. Counsel for those parties could not agree, however, on that

3

issue prior to this Court providing further guidance on what claims and issues will be addressed and resolved in this proceeding.

          Respectfully submitted,

          BERNARD S. BLACK and SAMUEL BLACK,
          individually and in various representative capacities


          By:   /s/ Brad S. Grayson


Benjamin N. Feder
Brad S. Grayson
Strauss Malk & Feder LLP
135 Revere Drive
Northbrook, Illinois 60062
(847) 562-1400
bfeder@smfllp.com
bgrayson@smfllp.com

4