FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, and J.P. MORGAN SECURITIES LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BERNARD S. BLACK, individually and as trustee, SAMUEL BLACK, individually and as trustee, ANTHONY DAIN, individually and as trustee, KATHERINE LITVAK, OLGA DAL, and JEANNETTE GOODWIN, as court appointed Conservator, and JOANNE BLACK, <br><br> Defendants. | Case No. 18-cv-03447 |

**JOINT STATUS REPORT OF DEFENDANTS ANTHONY DAIN, JEANETTE GOODWIN, AND JOANNE BLACK**

Pursuant to this Court's order of October 7, 2021, Defendants Anthony Dain ("Dain"), Jeanette Goodwin ("Goodwin"), and Joanne Black ("Joanne") submit this joint status report.[1] The report addresses each of the major pending actions, outstanding judgments, or awards affecting the Interpleaded Assets.

**I. Colorado Proceedings**

As this Court determined in its Order of September 29, 2021 ("September 29 Order"), the proceedings before the Denver Probate Court ("DPC") should be allowed to go forward. Colorado courts have already confirmed the *in rem* jurisdiction of the DPC over the funds and the trusts, and that all the Interpleaded Assets have always been assets of the Conservatorship for the benefit of

---

[1] In discussions with counsel for Bernard Black and Steven Black on November 1, 2021, it became apparent that the parties would not be able to submit a single agreed status report and would support independent status reports.

Joanne Black. *See Black v. Black*, 482 P.3d 460, 473, 482 (Colo App. Ct. 2020)(*cert. denied* Mar. 15, 2021) ("*Black III*").

The DPC has delayed making determinations regarding the disclaimer of POD assets and disposition of the accounts that make up the Interpleaded Assets to allow time for the parties to provide notice to this Court of their intention to proceed in Colorado; it appears from the September 2021, Order that this Court has now given that approval to move forward, although Joanne's pending Motion for Approval of Necessary Hearing (Dkt. #191) will clarify that issue.

Defendants Bernard Black ("Bernard") and Samuel Black ("Samuel") have filed a Motion to Clarify the Record and Modify Memorandum Opinion and Order (Dkt #203) regarding this Court's September 29 Order. Defendants Dain, Goodwin, and Joanne request leave to respond to that motion in writing.

II. **Chase Motions**

This Court must resolve several issues from Chase's Motion to Approve Bond and Other Miscellaneous Relief. (Dkt # 200). First, the Court must address the sufficiency of the proposed bond. Second, the Court must determine whether to dismiss the counterclaims involving Chase. the Court is faced with whether to grant Chase's request for payment of the bond premium and Chase's attorneys' fees out of the Interpleaded Assets. Defendants Dain, Goodwin, and Joanne are reviewing Chase's submission and balancing it with their duties to protect the Interpleaded Assets, and request an opportunity to respond to Chase's motion in writing.

III. **FINRA Award**

The FINRA Arbitration Award prevents Chase from making any distributions "until final order of pending litigation in the Colorado Courts." Although the findings in the Award mention a final order regarding jurisdiction, the order itself does not make this limitation. This Court must determine what effect the FINRA Award continues to have given the final jurisdictional

determinations of the Colorado courts. This Court may also be faced with resolving the conflict between the face of the FINRA award, which bars withdrawals for litigation expenses, and requests for interim withdrawals of funds such as Chase's request for bond premiums and attorneys' fees.

## IV. *Dal v. Black*, 16 L 9743

Defendant Olga Dal ("Dal") has a final judgment in her suit against Bernard and Samuel, as trustees of the three trusts that contain the Interpleaded Assets. The only issue remaining for this Court to resolve is what effect Colorado's final determination of jurisdiction over the Interpleaded Assets and trusts has over the Citation to Discover Assets Dal has issued to Chase, and whether Dal has any ability to collect against the Interpleaded Assets at all. That issue may also require inquiry into the effect of the rulings of the Colorado courts suspending Bernard from acting as trustee for the trusts.

## V. New Litigation

Defendant Kate Litvak ("Litvak") has, as of May 25, 2021, obtained a new judgment potentially affecting the Interpleaded Assets, based on essentially the same loan documents as in the lawsuit that was pending when this Interpleader was filed, *Litvak v. Black*, 16-L-9743. Defendants Bernard and Samuel accepted service in this new suit but defaulted. *Black v. Black,* 21-L-00817. (Cook Cty. Cir. Ct. 2021)("New Litvak Action"). No citations to discover assets have been issued in the New Litvak Action.

The New Litvak Action does not mention the previous lawsuit on the same loan documents, the appeal that vacated the Agreed Judgment obtained in the previous suit, or this Interpleader action. Unlike the previous lawsuit on the same alleged loan agreement, it is brought under the name Katherine Black (the previous suit was filed under the name Katherine Litvak), and is brought only against the Issue Trust, possibly because Bernard has been suspended as Trustee for the Supplemental Needs Trust

This Court will have to determine whether Litvak, Samuel, and Bernard violated this Court's orders in attempting to affect the Interpleaded Assets and expand the scope of litigation. To the extent that the Litvak's new judgment potentially encumbers the Interpleaded Assets, this Court will need to make the same determination as to the effect of the Colorado rulings on any such encumbrance.

Bernard's counsel has indicated the possibility of a pending action where Bernard has obtained declaratory relief relating to the disclaimers of the POD assets.

Defendants Dain, Goodwin, and Joanne had no notice of these filings, and no knowledge of these cases whatsoever, until Dain and Goodwin's counsel was advised of their existence by counsel for Samuel and Bernard on November 1, 2021; counsel for Chase and Joanne have since been notified by Dain and Goodwin's counsel.

## VI. Discovery

The foregoing issues all relate to the legal impact of the final Colorado rulings regarding jurisdiction on the other pending actions. It appears there are no factual issues left to resolve, and there may not be any relevant issues that require additional discovery.

Dated: November 4, 2021

ANTHONY DAIN and JEANETTE GOODWIN

By: /s/ Peter M. Stasiewicz

Peter M. Stasiewicz
Arcturus Law Firm
211 W. Wacker Drive #323
Chicago, Illinois 60606
(312) 957-6194
pete@arcturuslaw.com

JOANNE BLACK

By: /s/ Terence D. Brennan

Terence D. Brennan
1437 North Park Avenue
Chicago, Illinois 60610
terry@terrybrennanlaw.com
(312) 550-1085

## **CERTIFICATE OF SERVICE**

  I, Peter Stasiewicz, an attorney, hereby certify that on November 4, 2021, I served the foregoing Defendants' Joint Status Report on Discovery via electronic filing on the following parties:

Michael N. Ungar
ULMER & BERNE LLP
1660 W. 2nd Street
Suite 1100
Cleveland, OH 44113
mungar@ulmer.com

Terence D. Brennan
1437 North Park Avenue
Chicago, Illinois 60610
terry@terrybrennanlaw.com
312-550-1085

Kenneth F. Berg
ULMER & BERNE LLP
500 W. Madison St.
Suite 3600
Chicago, IL 60661-4587
kberg@ulmer.com

Benjamin N. Feder
Brad S. Grayson
STRAUSS & MALK LLP
135 Revere Drive
Northbrook, IL 60062
bfeder@straussmalk.com
bgrayson@straussmalk.com

Eugene E. Murphy, Jr.
David F. Hyde
MURPHY LAW GROUP, LLC
161 N. Clark Street, Suite 2550
Chicago, IL 60601
dhyde@murphylitigation.com
gmurphy@murphylitigation.com

                By: /s/ Peter Stasiewicz