**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, and J.P. MORGAN SECURITIES LLC | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 18-cv-03447 |
| v. | ) ) | |
| BERNARD S. BLACK, individually and as trustee, SAMUEL BLACK, individually and as trustee, ANTHONY DAIN, individually and as trustee, KATHERINE LITVAK, OLGA DAL, and JEANNETTE GOODWIN, as court appointed Conservator, and JOANNE BLACK, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**BERNARD S. BLACK AND SAMUEL BLACK'S**
**MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIM**

Counter-plaintiffs, Bernard Black ("Bernard") and Samuel Black ("Samuel"), individually and as trustees of the Trust for the Benefit of the Issue of Renata Black (the "IT") and the Supplemental Needs Trust for the Benefit of Joanne Black (the "SNT"), move this Court for leave to file their Amended Counterclaim, a copy of which is attached as Exhibit 1. In support, Bernard and Samuel state:

1.      Since the time when they filed their original counterclaim, there have been several new, material developments affecting the rights of the parties to the interpleaded assets that are the subject of this case.

2.      Bernard and Samuel have updated their allegations in their Amended Counterclaim to include those new facts.

3.      Bernard and Samuel further have refined their allegations and requests for relief in their proposed Amended Counterclaim, in part based upon more recent developments.

1

4.     No party will be unduly prejudiced if Bernard and Samuel are granted leave to file their proposed Amended Counterclaim.

WHEREFORE, Bernard and Samuel respectfully request that this Court grant them leave to file their proposed Amended Counterclaim.

Respectfully submitted,

BERNARD S. BLACK, individually and as Trustee of the 2013 Trust, the SNT and the Issue Trust, and SAMUEL BLACK, as Trustee of the 2013 Trust, the SNT and the Issue Trust

By: /s/Brad S. Grayson
    One of Their Attorneys

Benjamin N. Feder (ARDC# 6277452)
Brad S. Grayson (ARDC# 6196336)
STRAUSS & MALK LLP
135 Revere Drive
Northbrook, IL 60062
(847) 562-1400 (Tel.)
(847) 562-1422 (Fax)
bfeder@straussmalk.com
bgrayson@straussmalk.com

2

4882-3836-0072, v. 1

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, and J.P. MORGAN SECURITIES LLC | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 18-cv-03447 |
| v. | ) ) | |
| BERNARD S. BLACK, individually and as trustee, SAMUEL BLACK, individually and as trustee, ANTHONY DAIN, individually and as trustee, KATHERINE LITVAK, OLGA DAL, and JEANNETTE GOODWIN, as court appointed Conservator, and JOANNE BLACK, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## BERNARD S. BLACK AND SAMUEL BLACK'S AMENDED COUNTERCLAIM

Counter-plaintiffs, Bernard Black ("Bernard") and Samuel Black ("Samuel"), individually and as trustees of the Trust for the Benefit of the Issue of Renata Black (the "IT") and the Supplemental Needs Trust for the Benefit of Joanne Black (the "SNT"), for their Amended Counterclaim against JP Morgan Chase Bank, N.A. ("Chase Bank"), JP Morgan Securities LLC ("JPM Securities"), Anthony Dain ("Dain"), Joanne Black ("Joanne"), Jeanette Goodwin ("Goodwin") as Successor Conservator of Joanne Black, Katherine Litvak ("Litvak") and Olga Dal ("Dal"), allege as follows:

1. Bernard is an individual who is a trustee of the IT and the SNT.

2. Samuel is an individual and a trustee of the SNT and the IT.

3. Chase Bank is a national banking association where IT and SNT accounts and funds are held.

1

4. JPM Securities is an investment firm where IT and SNT accounts and funds are held.

5. Dain is an individual who is a trustee of the SNT. Dain resigned as a trustee of the IT.

6. Joanne is an individual who resides in New York.

7. Goodwin is an individual who was appointed by the Denver Probate Court ("DPC") in Colorado in 2017 to be a successor conservator for Joanne.

8. Litvak is an individual who resides in Illinois.

9. Dal is an individual who resides in Oregon.

10. There is litigation around the country, including in New York, Colorado, Illinois, and Oregon, involving one or more of the parties in this case. There are pending cases in New York, Colorado, Illinois, and Oregon concerning or involving the IT and/or the SNT and/or the assets of those trusts.

11. Bernard and Joanne are siblings. They are the only children of Renata Black ("Renata"). Renata died in 2012.

12. Throughout her life, Joanne has suffered from severe mental illness, sometimes involving periods of profound delusion and paranoia. Joanne has been hospitalized on multiple occasions. She also has been at times deemed dangerous to herself and/or others and incapable of caring for herself.

13. In 1997, Renata established an estate plan that included a simple, three-page will. In her will, Renata provided for her estate to be divided between two trusts, with two-thirds of her estate going to the SNT and the remaining one-third going to the IT, a trust for the benefit of Bernard

2

and his children. Joanne is the primary beneficiary of the SNT, and the IT is the remainder beneficiary of the SNT.

14.     Bernard is, and at all relevant times has been, the executor of Renata's estate.

15.     Renata died in 2012. At that time, the bulk of Renata's assets were held in several investment accounts with Vanguard Group ("Vanguard") with a then-value of approximately $3 million.

16.     Following Renata's death, it was discovered that shortly before Renata died, the payable on death beneficiary designation on her principal Vanguard accounts was changed to make Joanne the beneficiary of 95% of these accounts, with the remaining 5% going to Bernard's five oldest children, who are Renata's grandchildren (the "POD Designations").

17.     If effective, the POD Designations would prevent funds in those accounts from being included in Renata's estate and passing under her will into the SNT and IT. If effective, the POD designations would have instead conveyed 95% of the funds directly to Joanne.

18.     At the time of Renata's death, Joanne was not taking medication, was highly delusional, had run away from her home in New York, and was living essentially homeless on the streets of Denver, Colorado. At that time, Joanne was making graphic death threats against numerous members of her family, including small children, was attempting to contact the mafia to pay ransom for an imaginary billionaire husband, and had been arrested for breaking into a hotel.

19.     Because of Joanne's severe mental condition at the time of Renata's death and in the months thereafter, there was a consensus among Renata's family members, including Bernard, that, if given effect, the POD Designations would lead to disastrous financial and personal consequences for Joanne. In addition, the POD Designations would undermine Renata's prior,

careful provision of assets for Joanne in trust upon Renata's death. At that time, Bernard and other family members agreed that the POD Designations had to have been the result of mistake or fraud in the weeks before Renata, then an elderly woman, died.

20.    A consensus was reached among the members of Renata's extended family that the most effective way to protect Joanne against Joanne's own incapacity and mental issues, to ensure Joanne's financial security and personal safety, and to implement Renata's long-standing estate plan for the entire family, was for all beneficiaries of the POD Designations to disclaim their entitlement to receive the Vanguard account proceeds so that the assets of those accounts could pass through Renata's estate according to Renata's estate plan.

21.    As part of the family's plan, on October 16, 2012, because Joanne then was living in Denver, Colorado, Bernard petitioned the DPC to be was appointed by the DPC as Joanne's conservator. In December 2012, the DPC granted Bernard's petition and appointed him as Joanne's conservator.

22.    As conservator for Joanne, Bernard obtained specific authorization from the DPC to disclaim, on Joanne's behalf, Joanne's interest in Renata's accounts at Vanguard. As a result of that disclaimer, the assets in Renata's accounts at Vanguard flowed into Renata's estate, and were then distributed in accordance with her will, which reflected her longtime estate plan. A copy of the disclaimer (the "Disclaimer") is attached hereto as Exhibit A.

23.    In connection with the Disclaimer, Bernard arranged for his older children, who each stood to receive 1% of the Vanguard assets, to execute their own disclaimers to ensure that the assets disclaimed on Joanne's behalf did not flow to them and instead flowed to the Estate of Renata Black ("Child Disclaimers") to be distributed pursuant to Renata's estate plan. Copies of the Child Disclaimers are attached as Group Exhibit B.

4

24.     Following the DPC's approval of the Disclaimer, the Disclaimer and the Child Disclaimers were carried out and the Vanguard assets reverted to the Estate of Renata Black ("Renata's Estate"). Two-thirds of Renata's Estate, which now included the disclaimed assets, was contributed to the SNT, and one-third were contributed to the Issue Trust, in accordance with Renata's will.

25.     By 2016, Joanne had moved out of Colorado and was living in New York.

26.     In 2016 and 2017, Joanne was living in New York.

27.     In 2016, a New York court adjudicated a petition for guardianship filed with respect to Joanne. Following an evidentiary hearing, the New York court determined that Joanne did not need either a personal needs guardian or a property guardian. At the time of that 2016 ruling by the New York court, Joanne was living in New York.

28.     A property guardian in New York is the legal equivalent to a conservator in Colorado. Thus, the New York court determined that Joanne did not need a conservator.

29.     The DPC knew of the New York court's ruling in 2016 that Joanne did not need a guardian.

30.     The DPC appointed Goodwin as a successor conservator for Joanne in 2017. At the time the DPC appointed Goodwin as successor conservator for Joanne, Joanne was living in New York. The DPC knew that Joanne was living in New York in 2017. The DPC knew that Joanne did not have any assets in Colorado in 2017.

31.     The DPC did not hold a hearing concerning Joanne's need for a conservator or guardian when it appointed Goodwin as a successor conservator for Joanne.

32.     The DPC did not take evidence concerning Joanne's competence and ability to live on her own and manage her own financial affairs when it appointed Goodwin as a successor conservator for Joanne.

33.     The DPC appointed Goodwin as a successor conservator for Joanne in 2017 even though Joanne did not reside in Colorado at that time. Joanne had moved out of Colorado in 2013. The DPC appointed Goodwin as a successor conservator for Joanne in 2017 even though it knew that Joanne had been adjudged to not need a guardian the prior year.

34.     The DPC lacked jurisdiction to appoint Goodwin as a successor conservator for Joanne in 2017 in that Joanne did not reside in Colorado. The DPC lacked any reasonable basis for appointing Goodwin as a successor conservator for Joanne in 2017 in that it did not consider whether Joanne was in need of a conservator at that time.

35.     On information and belief, Joanne has not returned to Colorado to live at any time after 2013. On information and belief, Joanne does not own any property in Colorado or have any assets there.

36.     Goodwin is not, and never has been, a proper representative of Joanne because Joanne has never lived in Colorado at any time since the time when Goodwin was appointed as her conservator. Goodwin is also not a proper representative of Joanne because a court in New York, the state in which she resides, determined in 2016 after an evidentiary hearing, that Joanne did not need a property guardian. The DPC has not since 2016 taken any evidence on the issue of Joanne's need for a conservator. The DPC has not entered any finding since 2016 with respect to Joanne need, or continued need, for a conservator.

37.     The DPC had no proper basis for appointing Goodwin as a conservator for Joanne in 2017 in that Joanne no longer resided in Colorado, had no assets there, had no need for a

6

conservator in 2017, had not lived in Colorado since 2013, and was found in New York in 2016 not to need a property guardian.

38.     Under Illinois law, a disclaimer is irrevocable.

39.     Disclaimers are governed by statute in Illinois.  755 ILCS 5/2-7 provides, in pertinent part, that: "A disclaimer pursuant to this Section shall be irrevocable and shall be binding upon the disclaimant and all persons claiming by, through and under disclaimant."

40.     For purposes of 735 ILCS 5/2-7, Joanne, as the beneficiary of the SNT, is a person claiming by, through and under the disclaimant.

41.     Under Illinois law, once a disclaimer is executed, it relates back to the death of the person whose property is the subject of the disclaimer for all purposes and effectively prevents the disclaimant from ever acquiring an interest in the property, retroactively erasing any interest in the property in the beneficiary disclaiming.  *In re Atchison,* 925 F.2d 209 (7th Cir. 1991) (applying Illinois law).

42.     A disclaimer is irrevocable under Colorado law.  Pursuant to C.R.S.A. § 15-11-1205, "A disclaimer becomes irrevocable when it is delivered or filed …."

43.     The Circuit Court of Cook County, Illinois, in litigation concerning the IT, has determined that the Disclaimer is valid and irrevocable.  A copy of the Order declaring the Disclaimer valid and irrevocable is attached hereto as Exhibit C.

44.     There is now pending in the Circuit Court of Cook County, Illinois, a case in which the court is being asked to find that the Disclaimer, insofar as the SNT is concerned, is valid and irrevocable.  A copy of the Complaint in that case is attached hereto as Exhibit D.

45.     The DPC has never entered a valid and enforceable order unwinding the Disclaimer.

7

46.     The DPC entered a judgment on March 17, 2016, which included an award in favor of Joanne of treble damages for civil theft against Bernard in the amount of $4,305,819.69. However, no complaint ever was filed against Bernard in the DPC asserting any claim against him for civil theft prior to the time the DPC entered judgment against him.

47.     The DPC's judgment against Bernard for civil theft is void for lack of subject matter jurisdiction.

48.     Prior to the DPC entering the civil judgment against Bernard, Joanne's attorney requested that the Disclaimer be unwound or declared void and unenforceable and the DPC rejected Joanne's attorneys request for the entry of such relief.

49.     The Colorado Court of Appeals affirmed the DPC's decision to enter a civil judgment against Bernard, expressly holding that it was proper for the DPC to enter such relief instead of the alternative remedy of unwinding or voiding the Disclaimer.

50.     Litvak loaned money to the IT and the SNT. Litvak loaned money to those trusts to enable Bernard and Samuel to pay legal fees to defend the trusts in litigation and to defend themselves as trustees in litigation.

51.     The money that Litvak loaned to the trusts was not repaid. Therefore, Litvak commenced litigation in the Circuit Court of Cook County, Illinois to recover what was due and owing on the unpaid loans. Litvak has obtained a judgment against the IT for the amount due and owing on the unpaid loans.

52.     Dal is an individual who resides in Oregon.

53.     Dal loaned money to the IT and the SNT. Dal loaned money to those trusts to enable Bernard and Samuel to pay legal fees to defend the trusts in litigation and to defend themselves as trustees in litigation.

8

54.     The money that Dal loaned to the trusts was not repaid.  Therefore, Dal commenced litigation in the Circuit Court of Cook County, Illinois to recover what was due and owing on the unpaid loans.  Dal later obtained a judgment in her favor against both the IT and SNT.  That judgment was affirmed on appeal.

55.     The DPC entered an order suspending Bernard and Samuel from acting as trustees for the SNT.  Bernard and Samuel were never served with process in any proceeding in the DPC in their capacities as trustees of the SNT.

56.     Samuel never has appeared, or been served with process in any capacity, in any proceeding in the DPC.

57.     In all proceedings before the DPC involving the SNT, Bernard has objected to personal jurisdiction over himself as SNT trustee, and to the DPC's jurisdiction over the SNT.

58.     The DPC did not have any proper basis for acquiring or asserting jurisdiction over Samuel to make any ruling against him or to affect any of his legal rights.  The Colorado Court of Appeals vacated the DPC's order for relief against Samuel on grounds of lack of due process.

59.     The IT and its trustees were never served with process in any proceeding in the DPC, nor was any action or motion filed before the DPC against the IT or its trustees.

60.     The IT and its trustees have never filed an appearance, nor did they have an appearance filed on their behalf, in any proceeding in the DPC.

61.     The DPC did not acquire subject matter jurisdiction over the SNT.  The DPC did not have personal jurisdiction over its trustees.

62.     The DPC did not acquire subject matter jurisdiction over the IT.  The DPC did not have personal jurisdiction over its trustees.

63.     Bernard and Samuel are two of the three trustees of the SNT.

64. Dain resigned in 2015 as a trustee of the IT.

65. Bernard and Samuel are the only trustees of the IT.

66. Joanne is not a beneficiary of the IT and has no interest of any kind in the IT.

67. Bernard's children are beneficiaries of the IT. None of Bernard's children have ever been served with process with respect to the conservatorship proceeding in the DPC.

68. The DPC has entered orders concerning the IT. The DPC has entered orders concerning the IT's assets and accounts.

69. Most of the beneficiaries of the IT have never received any notice or been served with process of any kind concerning any of the proceedings in the DPC which concern or affect the IT and/or its accounts or assets.

70. The DPC has entered orders concerning the SNT and IT without all necessary parties concerning those trusts whose interests are affected by the rulings having been made parties to any of the DPC proceedings concerning or affecting the SNT or IT or their accounts and assets.

71. The DPC has entered orders concerning the assets and accounts of the SNT and IT, including the accounts that are the subject of this interpleader action, without all necessary parties who have an interest in those trust accounts having been made parties to the DPC proceedings.

72. Chase Bank and JPM Securities are holding funds in accounts for the IT and the SNT.

73. Dain does not have the authority to access to the funds in the SNT accounts without the agreement or consent of the other trustees of the SNT because he is only one of three trustees of the SNT. Dain does not have the power to direct the use of any SNT account funds without the consent and approval of at least one of the other trustees of the SNT.

74.     Dain does not have any authority over the funds in the IT accounts because he is not a trustee of the IT.

75.     A decision with respect to the use of funds held in accounts for the SNT cannot properly be made without the consent or approval of a majority of the SNT's trustees.

76.     A decision with respect to the use of funds held in accounts for the IT cannot properly be made without the consent or approval of a majority of the IT's trustees.

77.     There is a dispute between the parties as to whether the DPC has jurisdiction over the SNT assets and accounts.

78.     The DPC does not have jurisdiction over the SNT assets and accounts.

79.     There is a dispute between the parties as to whether the DPC has jurisdiction over the IT assets and accounts.

80.     The DPC does not have jurisdiction over the IT assets and accounts.

81.     There is a dispute between the parties as to whether the DPC has jurisdiction to enter any orders concerning the SNT or IT accounts.

82.     The DPC does not have jurisdiction to enter any orders concerning the SNT or IT accounts.

83.     There is a dispute between the parties as to whether any of the DPC's orders are effective as to the SNT or its assets and/or accounts based upon various individuals with interests in the SNT and its assets and accounts having not received notice or process and not having been made party or parties to any of the DPC proceedings.

84.     There is a dispute between the parties as to whether any of the DPC's orders are effective as to the IT or its assets and/or accounts based upon various individuals with interests in

11

the IT and its assets and accounts having not receive notice or process and not having been made party or parties to any of the DPC proceedings.

85.     The DPC's orders are not effective as to the SNT or IT or the assets or accounts of either trusts because various individuals with interests in those trusts have never been made parties to any of the DPC proceedings, have never been served with process in any DPC proceeding, have not appeared in any DPC proceeding, and have not received notice of any DPC proceeding and an opportunity to be heard.

86.     The DPC's orders concerning the SNT assets and accounts are not binding on Samuel or Bernard's other children because Samuel and Bernard's other children have remainder interests in the SNT accounts through their interests as beneficiaries of the IT and they have not been made parties to, or received proper notice of process, with respect to the DPC proceedings which led to the DPC's orders concerning the SNT assets and accounts.

87.     The DPC's orders concerning the IT assets and accounts are not binding on Samuel or Bernard's other children because Samuel and Bernard's other children are beneficiaries of the IT and they have not been made parties to, or received proper notice of process, with respect to the DPC proceedings which led to the DPC's orders concerning the IT assets and accounts.

88.     There is a dispute between the parties as to ownership and control of the assets and funds in the IT accounts that are the subject of this action and whether the funds in those accounts are available to pay the Judgment entered by the DPC against Bernard.

89.     There is a dispute between the parties as to whether any of the DPC's orders are binding on Samuel.

90.     The DPC's orders are not binding on Samuel because he has not been served with process in any DPC proceeding and has not appeared in any DPC proceeding.

12

91.     There is a dispute between the parties as to whether the Disclaimer can or should be reversed at this time.

92.     The Disclaimer cannot properly be reversed, unwound, or declared void or invalid at this time.

93.     An Illinois court has resolved the dispute as to whether the Disclaimer is irrevocable insofar as the IT is concerned.  Pursuant to that judgment, the Illinois court has determined that the Disclaimer is valid and irrevocable.

94.     There is a dispute between the parties as to whether the assets in the IT and the SNT are available to Joanne or to Goodwin to satisfy the Judgment that the DPC entered against Bernard.

95.     The interpleaded funds are assets of the IT and the SNT, are not personal assets of Bernard, and are not available to pay the Judgment that the DPC entered against Bernard.

WHEREFORE, Counter-Plaintiffs Bernard Black, individually and as trustee of the SNT and the IT, as trustee of the SNT and the IT, pray that this Court enter the following relief:

A.      A declaratory judgment that funds held in SNT accounts are subject to the decisions and control of a majority of the trustees of such trusts;

B.      A declaratory judgment that the funds held in IT accounts are subject to control by Bernard and Samuel, as the trustees of the IT;

C.      A declaratory judgment that Dain alone, as a minority trustee of the SNT, does not have the right to sole access or control over the funds in any of the SNT accounts;

D.      A declaratory judgment that the funds in the IT are not available to pay the judgment that the DPC entered against Bernard because the funds in those accounts are trust funds,

13

not Bernard's funds personal funds, and not available to pay any judgment, even if valid, against Bernard;

E.     A declaratory judgment that Joanne does not have any interest in the IT or in any account held in the name of the IT;

F.     A declaratory judgment that, given that Joanne has resided in New York since 2013 and was found competent to manage her own financial affairs by a New York court in 2016, Goodwin is not a proper representative of Joanne and does not have the authority to act on behalf of Joanne;

G.     A declaratory judgment that the assets in SNT accounts are assets of the SNT and not assets of Joanne's conservatorship estate in the DPC;

H.     A declaratory judgment that the DPC's orders with respect to the SNT assets are void and unenforceable because the SNT assets are not assets of the conservatorship estate;

I.     A declaratory judgment that the DPC's orders with respect to the SNT assets are void and unenforceable because the DPC does not have jurisdiction over Samuel as a trustee of the SNT;

J.     A declaratory judgment that the DPC's orders with respect to the SNT assets are void and unenforceable because the DPC does not have jurisdiction over all beneficiaries of the SNT and they were not all made parties to any of the DPC proceedings;

K.     A declaratory judgment that the assets in IT accounts are assets of the IT and not assets of Joanne's conservatorship estate in the DPC;

L.     A declaratory judgment that the DPC's orders with respect to the IT assets are void and unenforceable because the IT assets are not assets of the conservatorship estate;

14

M.     A declaratory judgment that the DPC's orders with respect to the IT assets are void and unenforceable because the IT does not have jurisdiction over Samuel as a trustee of the IT;

N.     A declaratory judgment that the DPC's orders with respect to the IT assets are void and unenforceable because the DPC does not have jurisdiction over all beneficiaries of the SNT and they were not made all parties to the DPC proceedings;

O.     A declaratory judgment that Bernard, as Executor of the Estate is entitled to recover from the SNT and IT the attorneys' fees and accounting expenses he has incurred to defend the assets of the Estate and the trusts, which as Executor he had distributed to the trusts;

P.     A declaratory judgment that Bernard and Samuel, as trustees of the IT and SNT, are entitled to recover the reasonable attorneys' fees they have incurred to defend the assets of the IT and the SNT from the IT and SNT and that their claims for reimbursement are ahead of other claims to the assets of those trusts.

Q.     A declaratory judgment that Samuel, as trustee of the SNT and IT, is entitled to recover from the IT and SNT assets the legal expenses he has incurred, and may in the future incur, to defend efforts to wrongfully obtain relief from him in Colorado and that his claim to recover those expenses from the IT and SNT assets has priority over other claims to those assets.

R.     A declaratory judgment that the Disclaimers that resulted in the Vanguard account assets being included in the Estate and then passing into the IT and SNT are valid and irrevocable.

S.     A declaratory judgment that payment of Joanne's or Goodwin's legal fees is not a permitted purpose of the SNT;

T.     A declaratory judgment that Samuel is not bound by any of the orders of the DPC as to the SNT, the IT or the interpleaded assets because the DPC lacks personal jurisdiction over him;

4885-8195-6101, v. 1

U.     A declaratory judgment that any orders of the DPC against Bernard in his capacity as trustee of the IT are void and unenforceable on the grounds that the DPC does not have personal jurisdiction over him as trustee of the IT.

V.     A declaratory judgment that the DPC lacks jurisdiction to enjoin Bernard or Samuel from acting as a trustee or co-trustee of the SNT and IT.

BERNARD S. BLACK, individually and as Trustee of the 2013 Trust, the SNT and the Issue Trust, and SAMUEL BLACK, as Trustee of the 2013 Trust, the SNT and the Issue Trust

By: /s/Brad S. Grayson
    One of Their Attorneys

Benjamin N. Feder (ARDC# 6277452)
Brad S. Grayson (ARDC# 6196336)
STRAUSS & MALK LLP
135 Revere Drive
Northbrook, IL 60062
(847) 562-1400 (Tel.)
(847) 562-1422 (Fax)
bfeder@straussmalk.com
bgrayson@straussmalk.com

# EXHIBIT A

FILED DATE: 6/17/2021 12:35 PM  2021CH02952

**SURROGATE'S COURT, STATE OF NEW YORK**
**WESTCHESTER COUNTY**

In the Estate of

    RENATA BLACK,

                  Deceased.

**DISCLAIMER AND**
**RENUNCIATION**
**(EPTL 2-1.11)**

File No. 2012-1209

THIS INSTRUMENT made this *24th* day of *December*, 2012 by JOANNE BLACK, residing at ~~Star Mount, 3850 Peoria Street~~, Denver, Colorado ~~80239~~.

## WITNESSETH:

WHEREAS, Renata Black ("Decedent") died on May 1, 2012, a resident of Mount Pleasant, and the Westchester County Surrogate's Court issued preliminary letters testamentary in her estate to Bernard Black on June 21, 2012;

WHEREAS, the agreements between the Decedent and Vanguard Group and between the Decedent and Fidelity Investments provide that a certain portion of the balance of each of the accounts listed on Schedule A, attached, shall be distributed to the undersigned upon the death of the Decedent;

WHEREAS, (i) The undersigned has made no assignment, conveyance, encumbrance, pledge, sale or other transfer of such property, or any contract therefore, (ii) the undersigned has not executed a written waiver of her right to disclaim such property, (iii) the undersigned has not accepted any benefits from such property, and (iv) there has not been a judicial sale of such property, in each case as of the date of this Disclaimer and Renunciation;

WHEREAS, in order to effectuate what the undersigned believes was the Decedent's true intention, the undersigned wishes to disclaim any right, title and interest the undersigned may have to receive the accounts listed on Schedule A, attached; and

WHEREAS, the interest the undersigned disclaims will pass to the Estate of Renata Black.

NOW THEREFORE, pursuant to Section 15-11-1205 of the Colorado Probate Code, Section 2-1.11 of the New York Estates, Powers and Trusts Law, and Section 6201 of the Pennsylvania Probate, Estates and Fiduciaries Code, the undersigned hereby irrevocably and unqualifiedly disclaims, renounces and refuses to accept the right the undersigned has in the accounts listed on Schedule A, attached. The undersigned intends this Disclaimer and Renunciation to be a qualified disclaimer under Section 2518 of the Internal Revenue Code.

CHM\16711383

FILED DATE: 6/17/2021 12:35 PM   2021CH02952

IN WITNESS WHEREOF, JOANNE BLACK has executed this instrument on the date indicated above.

*Bernard Black, conservator*

Joanne Black *by her conservator,*
*Bernard Black, residing at*
*2829 Sheridan Place, Evanston IL 60201*

STATE OF __IL__ )
                 ) SS:
COUNTY OF __Cook__ )

    I, a notary public in and for said County and State, hereby certify that JOANNE BLACK, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that she signed that instrument as her free and voluntary act, for the uses and purposes therein set forth.

    Given under my hand and notarial seal on __Dec 29__, 2012.

Notary Public

```
OFFICIAL SEAL
CHRISTINA Q KAISER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/23/13
```

CH2N1671138.3

FILED DATE: 6/17/2021 12:35 PM   2021CH02952

## ACKNOWLEDGMENT OF RECEIPT

The undersigned Executor hereby acknowledges receipt of the Disclaimer and Renunciation of Joanne Black.

DATED: _Dec 29, 2012_

*Bernard Black*
Bernard Black

STATE OF ___IL___ )
                                 ) SS:
COUNTY OF ___Cook___ )

     I, a notary public in and for said County and State, hereby certify that BERNARD BLACK, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed that instrument as his free and voluntary act, for the uses and purposes therein set forth.

Given under my hand and notarial seal on ___Dec 29___, 2012.

_____
Notary Public

```
OFFICIAL SEAL
CHRISTINA Q KAISER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/23/13
```

CH2\11671138.3

FILED DATE: 6/17/2021 12:35 PM  2021CH02952

SURROGATE'S COURT, STATE OF NEW YORK
WESTCHESTER COUNTY

In the Estate of .

    RENATA BLACK,

                Deceased.

**AFFIDAVIT OF NO
CONSIDERATION**
(EPTL 2-1.11)

File No. 2012-1209

STATE OF _____ )
                     :
COUNTY OF _____ )

JOANNE BLACK, being duly sworn, deposes and says:

1. I reside at ~~Star Motel, 3850 Peoria~~ Street, Denver, Colorado ~~80239~~.

2. By instrument dated _____, 2012, I disclaimed and renounced certain property otherwise distributable to me from the accounts listed on Schedule A, attached.

3. I have not received, and am not to receive, any consideration in money or money's worth for such renunciation from a person or person whose interest is to be accelerated.

*Bernard Black, conservator*
_____
Joanne Black, by her conservator,
*Bernard Black*

Sworn to before me this 29 day of December 2012.

_____
Notary Public

OFFICIAL SEAL
CHRISTINA Q KAISER
NOTARY PUBLIC · STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/23/13

CH2\1167\1138.3

FILED DATE: 6/17/2021 12:35 PM 2021CH02952

**SURROGATE'S COURT, STATE OF NEW YORK**
**WESTCHESTER COUNTY**

In the Estate of

RENATA BLACK,

Deceased.

**NOTICE OF DISCLAIMER**
**AND RENUNCIATION**
(EPTL 2-1.11)

File No. 2012-1209

PLEASE TAKE NOTICE that on _____, 2012 JOANNE BLACK irrevocably disclaimed and renounced her right, title and interest in and to the property distributable to her from the accounts listed on Schedule A, attached.

Dated: _____, 2012

SCHIFF HARDIN LLP
Attorneys for Bernard Black, Executor

_____
Paul J. Collins
Kim Kamin
900 Third Avenue
New York, New York 10022
(212) 745-0821

TO:
1. Westchester County Surrogate's Court
2. Bernard Black, Executor of the Estate of Renata Black, Beneficiary of the Estate of Renata Black, and Co-Trustee of the Irrevocable Trust for the Benefit of the Issue of Renata Black
3. Anthony Dain, Co-Trustee of the Supplemental Needs Trust for the Benefit of Joanne Black, and Co-Trustee of the Irrevocable Trust for the Benefit of the Issue of Renata Black
4. Samuel Black, Co-Trustee of the Supplemental Needs Trust for the Benefit of Joanne Black

CH2\11671138.3

FILED DATE: 6/17/2021 12:35 PM   2021CH02952

## SCHEDULE A

| | |
|---|---|
| Vanguard Group<br>P.O. Box 1110<br>Valley Forge, PA 19482 | 1. Account No. 09857700635<br>2. Account No. 88036051087<br>3. Brokerage Account No. 71182985<br>4. Account No. 09985084867<br>5. Account No. 09942879277<br>6. Brokerage Account No. 24603007<br>7. Brokerage Account No. 40474977<br>8. Account No. 09849338400<br>9. Brokerage Account No. 32769855 |
| Fidelity Investments<br>P.O. Box 770001<br>Cincinnati, OH 45277-0002 | 10. Account No. X49-185159 |

CH2\116711138.3

FILED DATE: 6/17/2021 12:35 PM   2021CH02952

## DISCLAIMER
## ACKNOWLEDGEMENT AND INDEMNIFICATION

I, __Joanne Black_____ ("Disclaimant"), have attached to this document
or previously delivered to Vanguard (as defined below), an original or certified
copy of a disclaimer dated _____ ("Disclaimer") regarding an
interest in the Vanguard account(s).

I hereby certify the following:

1. To the best of my knowledge, the Disclaimer is valid under the laws of
the State of __Colorado_____.

2. I understand that Vanguard does not determine the validity of the
Disclaimer nor whether the Disclaimer meets the requirements to be a "qualified
disclaimer," as that term is defined in Section 2518(b) of the Internal Revenue
Code.

3. I have consulted with my own advisor prior to making the Disclaimer
and am solely responsible for any legal or tax consequence that may result if the
Disclaimer is determined not to be valid and/or not to be a qualified disclaimer.

4. I acknowledge that the Disclaimer is irrevocable and I understand that
once Vanguard has processed a transfer or a transaction in accordance with the
Disclaimer the transfer or transaction may not be reversed.

FILED DATE: 6/17/2021 12:35 PM   2021CH02952

5.  I agree to indemnify and hold harmless The Vanguard Group, Inc., Vanguard Marketing Corporation, the investment company members of the Vanguard Group, their parents, affiliates, subsidiaries, successors and assigns, and their respective present and former officers, directors, trustees, employees, shareholders, agents, successors and assigns (collectively, "Vanguard") from and against any and all claims, liabilities, costs and expenses (including court costs and reasonable attorneys' fees) or loss of any kind arising from Vanguard's reliance upon and action as a result of the representations and information provided by me in this Disclaimer and from any adverse tax consequences that I incur as a result of making the Disclaimer.

_Bernard Black, conservator_        Dec. 29, 2012
Disclaimant's Signature                  Date

_by her conservator, Bernard Black_

Sworn to before me this 29th day of _Dec_ , 20 12

_____
Notary Public

\[SEAL]

```
OFFICIAL SEAL
CHRISTINA Q KAISER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 10/23/13
```

# EXHIBIT B

FILED DATE: 6/17/2021 12:35 PM  2021CH02952

# DISCLAIMER
## ACKNOWLEDGEMENT AND INDEMNIFICATION

I, _Rebekah Black (also known as Bekah Black)_ ("Disclaimant"), have attached to this document or previously delivered to Vanguard (as defined below), an original or certified copy of a disclaimer dated _November 7, 2012_ ("Disclaimer") regarding an interest in the Vanguard account(s).

I hereby certify the following:

1. To the best of my knowledge, the Disclaimer is valid under the laws of the State of _California_.

2. I understand that Vanguard does not determine the validity of the Disclaimer nor whether the Disclaimer meets the requirements to be a "qualified disclaimer," as that term is defined in Section 2518(b) of the Internal Revenue Code.

3. I have consulted with my own advisor prior to making the Disclaimer and am solely responsible for any legal or tax consequence that may result if the Disclaimer is determined not to be valid and/or not to be a qualified disclaimer.

4. I acknowledge that the Disclaimer is irrevocable and I understand that once Vanguard has processed a transfer or a transaction in accordance with the Disclaimer the transfer or transaction may not be reversed.

5. I agree to indemnify and hold harmless The Vanguard Group, Inc., Vanguard Marketing Corporation, the investment company members of the Vanguard Group, their parents, affiliates, subsidiaries, successors and assigns, and their respective present and former officers, directors, trustees, employees, shareholders, agents, successors and assigns (collectively, "Vanguard") from and against any and all claims, liabilities, costs and expenses (including court costs and reasonable attorneys' fees) or loss of any kind arising from Vanguard's reliance upon and action as a result of the representations and information provided by me in this Disclaimer and from any adverse tax consequences that I incur as a result of making the Disclaimer.

_____          11/7/12
Disclaimant's Signature                         Date

Sworn to before me this __7th__ day of __November__, 20__12__.

Harry H. Kharadjian- _____
Notary Public

\[SEAL]



FILED DATE: 6/17/2021 12:35 PM  2021CH02952

FILED DATE: 6/17/2021 12:35 PM 2021CH02952

**SURROGATE'S COURT, STATE OF NEW YORK**
**WESTCHESTER COUNTY**

In the Estate of

RENATA BLACK,

Deceased.

**DISCLAIMER AND**
**RENUNCIATION**
**(EPTL 2-1.11)**

File No. 2012-1209

THIS INSTRUMENT made this 7ᵗʰ day of _November_, 2012 by REBEKAH H. BLACK (also known as BEKAH BLACK), residing at 6649A Del Playa Drive, Isla Vista, California 93117.

## WITNESSETH:

WHEREAS, Renata Black ("Decedent") died on May 1, 2012, a resident of Mount Pleasant, and the Westchester County Surrogate's Court issued preliminary letters testamentary in her estate to Bernard Black on June 21, 2012;

WHEREAS, the agreements between the Decedent and Vanguard Group provide that a certain portion of the balance of each of the accounts listed on Schedule A, attached, shall be distributed to the undersigned upon the death of the Decedent;

WHEREAS, (i) The undersigned has made no assignment, conveyance, encumbrance, pledge, sale or other transfer of such property, or any contract therefore, (ii) the undersigned has not executed a written waiver of her right to disclaim such property, (iii) the undersigned has not accepted any benefits from such property, and (iv) there has not been a judicial sale of such property, in each case as of the date of this Disclaimer and Renunciation;

WHEREAS, in order to effectuate what the undersigned believes was the Decedent's true intention, the undersigned wishes to disclaim any right, title and interest the undersigned may have to receive the accounts listed on Schedule A, attached; and

WHEREAS, the interest the undersigned disclaims will pass to the Estate of Renata Black.

NOW THEREFORE, pursuant to Section 278 of the Probate Code of the State of California, Section 2-1.11 of the New York Estates, Powers and Trusts Law, and Section 6201 of the Pennsylvania Probate, Estates and Fiduciaries Code, the undersigned hereby irrevocably and unqualifiedly disclaims, renounces and refuses to accept the right the undersigned has in the accounts listed on Schedule A, attached. The undersigned intends this Disclaimer and Renunciation to be a qualified disclaimer under Section 2518 of the Internal Revenue Code.

CH2\11870675.1

FILED DATE: 6/17/2021 12:35 PM   2021CH02952

SURROGATE'S COURT, STATE OF NEW YORK
WESTCHESTER COUNTY

In the Estate of

RENATA BLACK,

Deceased.

AFFIDAVIT OF NO
CONSIDERATION
(EPTL 2-1.11)

File No. 2012-1209

STATE OF _California_ )

COUNTY OF _Los Angeles_ )

REBEKAH H. BLACK (also known as BEKAH BLACK), being duly sworn, deposes and says:

1. I reside at 6649A Del Playa Drive, Isla Vista, California 93117.

2. By instrument dated _Nov. 7_, 2012, I disclaimed and renounced certain property otherwise distributable to me from the accounts listed on Schedule A, attached.

3. I have not received, and am not to receive, any consideration in money or money's worth for such renunciation from a person or person whose interest is to be accelerated.



Rebekah H. Black

Sworn to before me this 7th day of _November_, 2012.

_Harry H. Kharadjian_
Notary Public

HARRY H. KHARADJIAN
COMM #1916938
Notary Public-California
LOS ANGELES COUNTY
My Comm. Exp. DEC 13, 2014

CH2\11870675.1

FILED DATE: 6/17/2021 12:35 PM   2021CH02952

IN WITNESS WHEREOF, REBEKAH H. BLACK (also known as BEKAH BLACK) has executed this instrument on the date indicated above.



_____
Rebekah H. Black

STATE OF _California_ )
                      )  SS:
COUNTY OF _Los Angeles_ )

    I, a notary public in and for said County and State, hereby certify that REBEKAH H. BLACK, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that she signed that instrument as her free and voluntary act, for the uses and purposes therein set forth.

Given under my hand and notarial seal on _November 7_, 2012.

_____
Notary Public

HARRY H. KHARADJIAN
COMM #1916938
Notary Public-California
LOS ANGELES COUNTY
My Comm. Exp. DEC 13, 2014

CH2\11870675.1

## ACKNOWLEDGMENT OF RECEIPT

The undersigned Executor hereby acknowledges receipt of the Disclaimer and Renunciation of Rebekah H. Black (also known as Bekah Black).

DATED: 11/7/2012

*Bernard Black*

Bernard Black

STATE OF California )
                    ) SS:
COUNTY OF Los Angeles )

    I, a notary public in and for said County and State, hereby certify that BERNARD BLACK, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed that instrument as his free and voluntary act, for the uses and purposes therein set forth.

Given under my hand and notarial seal on November 7, 2012.

*Harry H. Kharodjian*
Notary Public

HARRY H. KHARADJIAN
COMM #1916938
Notary Public-California
LOS ANGELES COUNTY
My Comm. Exp. DEC 13, 2014

CHIA11870675.1

FILED DATE: 6/17/2021 12:35 PM    2021CH02952

## SURROGATE'S COURT, STATE OF NEW YORK
## WESTCHESTER COUNTY

In the Estate of

RENATA BLACK,

Deceased.

**NOTICE OF DISCLAIMER
AND RENUNCIATION
(EPTL 2-1.11)**

File No. 2012-1209

PLEASE TAKE NOTICE that on _____, 2012 REBEKAH H. BLACK (also known as BEKAH BLACK) irrevocably disclaimed and renounced her right, title and interest in and to the property distributable to her from the accounts listed on Schedule A, attached.

Dated: _____, 2012

SCHIFF HARDIN LLP
Attorneys for Bernard Black, Executor

_____
Paul J. Collins
Kim Kamin
900 Third Avenue
New York, New York 10022
(212) 745-0821

TO:
1. Westchester County Surrogate's Court
2. Bernard Black, Executor of the Estate of Renata Black, Beneficiary of the Estate of Renata Black, and Co-Trustee of the Irrevocable Trust for the Benefit of the Issue of Renata Black
3. Anthony Dain, Co-Trustee of the Supplemental Needs Trust for the Benefit of Joanne Black, and Co-Trustee of the Irrevocable Trust for the Benefit of the Issue of Renata Black
4. Samuel Black, Co-Trustee of the Supplemental Needs Trust for the Benefit of Joanne Black

CH2\11870675.1

FILED DATE: 6/17/2021 12:35 PM   2021CH02952

## SCHEDULE A

| Vanguard Group<br>P.O. Box 1110<br>Valley Forge, PA 19482 | 1. Account No. 09857700635<br>2. Account No. 88036051087<br>3. Brokerage Account No. 71182985<br>4. Account No. 09985084867<br>5. Brokerage Account No. 40474977 |
|---|---|

CH2\11870675.1

FILED DATE: 6/17/2021 12:35 PM   2021CH02952

SURROGATE'S COURT, STATE OF NEW YORK
WESTCHESTER COUNTY

In the Estate of

RENATA BLACK,

Deceased.

DISCLAIMER AND
RENUNCIATION
(EPTL 2-1.11)

File No. 2012-1209

THIS INSTRUMENT made this ___ day of Dec. , 2012 by DAVID H. BLACK, residing at 83 Albion Street, Apt. 2, San Francisco, California 94103.

WITNESSETH:

WHEREAS, Renata Black ("Decedent") died on May 1, 2012, a resident of Mount Pleasant, and the Westchester County Surrogate's Court issued preliminary letters testamentary in her estate to Bernard Black on June 21, 2012; and

WHEREAS, the agreements between the Decedent and Vanguard Group provide that (i) one percent of the balance of each of the accounts listed on Schedule A, attached, shall be distributed to the undersigned upon the death of the Decedent, and (ii) any portion of the balance of such accounts that is disclaimed by any one beneficiary shall be allocated among the remaining beneficiaries proportionately in the shares the Decedent originally designated; and

WHEREAS, the undersigned is willing to accept only the one percent portion of the balance of each of the accounts listed on Schedule A, attached, that the Decedent designated to be distributed to the undersigned upon the death of the Decedent; and

WHEREAS, with respect to any other portion of the accounts listed on Schedule A, attached, that the undersigned is entitled to by reason of disclaimer by any other beneficiary, (i) the undersigned has made no assignment, conveyance, encumbrance, pledge, sale or other transfer of such property, or any contract therefore, (ii) the undersigned has not executed a written waiver of his right to disclaim such property, (iii) the undersigned has not accepted any benefits from such property, and (iv) there has not been a judicial sale of such property, in each case as of the date of this Disclaimer and Renunciation; and

WHEREAS, in order to effectuate what the undersigned believes was the Decedent's true intention, the undersigned wishes to disclaim any right, title and interest the undersigned may have to receive the portion of the accounts listed on Schedule A, attached, that the undersigned is entitled to by reason of disclaimer by any other beneficiary; and

WHEREAS, the interest the undersigned disclaims will pass to the Estate of Renata Black.

NOW THEREFORE, pursuant to Section 9-202 of the Estates and Trusts Code of the State of Maryland, Section 2-1.11 of the New York Estates, Powers and Trusts Law, and Section

6201 of the Pennsylvania Probate, Estates and Fiduciaries Code, while the undersigned has accepted the 1% interest designated for him in the accounts listed on Schedule A, attached, the undersigned hereby irrevocably and unqualifiedly disclaims, renounces and refuses to accept the right the undersigned has in the portion of the accounts listed on Schedule A, attached, that the undersigned is entitled to by reason of disclaimer by any other beneficiary. The undersigned intends this Disclaimer and Renunciation to be a qualified disclaimer under Section 2518 of the Internal Revenue Code.

IN WITNESS WHEREOF, DAVID H. BLACK has executed this instrument on the date indicated above.

_David H. Black_
David H. Black

STATE OF _CALIFORNIA_     )
                                       ): ss.:
COUNTY OF _ALAMEDA_     )

On the _24TH_ day of Dec. , 2012, before me, the undersigned, a Notary Public in and for said State, personally appeared DAVID H. BLACK, personally known to me [or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, or the person upon behalf of which the individual acted, the individual executed the within instrument and that such individual made such appearance before the undersigned in _BERKELEY, CALIFORNIA_ (insert the city or other political subdivision and the state or country the acknowledgment was taken)

ANDREW ADIKRI BAPIE
COMM. # 1862756
NOTARY PUBLIC • CALIFORNIA
ALAMEDA COUNTY
My Comm. Exp. Aug. 26, 2013

_____
Notary Public

ACKNOWLEDGMENT OF RECEIPT

The undersigned Executor hereby acknowledges receipt of the Disclaimer and Renunciation of David H. Black.

DATED: Dec. 29, 2012

*Bernard Black*

Bernard Black

STATE OF __IL__ )
)ː ss.:
COUNTY OF __Cook__ )

On the __29th__ day of __Dec__ 2012, before me, the undersigned, a Notary Public in and for said State, personally appeared BERNARD BLACK, personally known to me, or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, or the person upon behalf of which the individual acted, the individual executed the within instrument and that such individual made such appearance before the undersigned in __Northfield IL__ (Insert the city or other political subdivision and the state or country the acknowledgment was taken)

*Christina Kaiser*
Notary Public

OFFICIAL SEAL
CHRISTINA Q KAISER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/23/13

---

SURROGATE'S COURT, STATE OF NEW YORK
WESTCHESTER COUNTY

In the Estate of

RENATA BLACK,

Deceased.

AFFIDAVIT OF NO CONSIDERATION
(EPTL 2-1.11)

File No. 2012-1209

STATE OF __California__ )
COUNTY OF __Alameda__ )

DAVID H. BLACK, being duly sworn, deposes and says:

1. I reside at 83 Albion Street, Apt. 2, San Francisco, California 94103.    ~~579 Monterey Blvd~~
   ~~San Francisco, CA~~
   ~~94127~~

2. By instrument dated _____, 2012, I disclaimed and renounced certain property otherwise distributable to me from the accounts listed on Schedule A. attached.

3. I have not received, and am not to receive, any consideration in money or money's worth for such renunciation from a person or person whose interest is to be accelerated.

*David Black*
David H. Black

Sworn to before me this __8th__ day of __De__, 2012.

*Notary Public*
Notary Public

ANDREW ADIKRI BAPIS
COMM. # 1862766
NOTARY PUBLIC-CALIFORNIA
ALAMEDA COUNTY
My Comm. Exp. Sept. 22, 2015

SURROGATE'S COURT, STATE OF NEW YORK
WESTCHESTER COUNTY

In the Estate of

RENATA BLACK,

              Deceased.

NOTICE OF DISCLAIMER
AND RENUNCIATION
(EPTL 2-1.11)

File No. 2012-1209

PLEASE TAKE NOTICE that on Dec 4th, 2012 DAVID H. BLACK irrevocably disclaimed and renounced his right, title and interest in and to the portion of the property distributable to him from the accounts listed on Schedule A, attached, that he is entitled to by reason of disclaimer by any other beneficiary.

Dated: Dec 4th, 2012

SCHIFF HARDIN LLP
Attorneys for Bernard Black, Executor

Paul J. Collins
Kim Kamin
900 Third Avenue
New York, New York 10022
(212) 745-0821

TO:
1. Westchester County Surrogate's Court
2. Bernard Black, Executor of the Estate of Renata Black, Beneficiary of the Estate of Renata Black, Co-Trustee of the Irrevocable Trust for the Benefit of the Issue of Renata Black and Co-Trustee of the Supplemental Needs Trust for the Benefit of Joanne Black
3. Anthony Dain, Co-Trustee of the Supplemental Needs Trust for the Benefit of Joanne Black, and Co-Trustee of the Irrevocable Trust for the Benefit of the Issue of Renata Black

SCHEDULE A

| Vanguard Group | 1. Account No. 09857700635 |
|---|---|
| P.O. Box 1110 | 2. Account No. 88036051087 |
| Valley Forge, PA 19482 | 3. Brokerage Account No. 711R2985 |
| | 4. Account No. 09985084867 |
| | 5. Brokerage Account No. 40474977 |

FILED DATE: 6/17/2021 12:35 PM   2021CH02952

## DISCLAIMER
## ACKNOWLEDGEMENT AND INDEMNIFICATION

I, __David Black__ ("Disclaimant"), have attached to this document or previously delivered to Vanguard (as defined below), an original or certified copy of a disclaimer dated _____ ("Disclaimer") regarding an interest in the Vanguard account(s).

I hereby certify the following:

1. To the best of my knowledge, the Disclaimer is valid under the laws of the State of __California__.

2. I understand that Vanguard does not determine the validity of the Disclaimer nor whether the Disclaimer meets the requirements to be a "qualified disclaimer," as that term is defined in Section 2518(b) of the Internal Revenue Code.

3. I have consulted with my own advisor prior to making the Disclaimer and am solely responsible for any legal or tax consequence that may result if the Disclaimer is determined not to be valid and/or not to be a qualified disclaimer.

4. I acknowledge that the Disclaimer is irrevocable and I understand that once Vanguard has processed a transfer or a transaction in accordance with the Disclaimer the transfer or transaction may not be reversed.

5. I agree to indemnify and hold harmless The Vanguard Group, Inc., Vanguard Marketing Corporation, the investment company members of the Vanguard Group, their parents, affiliates, subsidiaries, successors and assigns, and their respective present and former officers, directors, trustees, employees, shareholders, agents, successors and assigns (collectively, "Vanguard") from and against any and all claims, liabilities, costs and expenses (including court costs and reasonable attorneys' fees) or loss of any kind arising from Vanguard's reliance upon and action as a result of the representations and information provided by me in this Disclaimer and from any adverse tax consequences that I incur as a result of making the Disclaimer.

_____        4 Dec. 2012
Disclaimant's Signature                 Date

Sworn to before me this 04TH day of DECEMBER, 2012.

_____
Notary Public

\(SEAL\)

ANDREW ADIKRI BAPIS
COMM. # 1862758
NOTARY PUBLIC - CALIFORNIA
ALAMEDA COUNTY
My Comm. Exp. Sept. 22, 2015

FILED DATE: 6/17/2021 12:35 PM   2021CH02952

### DISCLAIMER
### ACKNOWLEDGEMENT AND INDEMNIFICATION

I, _Samuel Black_ ("Disclaimant"), have attached to this document or previously delivered to Vanguard (as defined below), an original or certified copy of a disclaimer dated _____ ("Disclaimer") regarding an interest in the Vanguard account(s).

I hereby certify the following:

    1. To the best of my knowledge, the Disclaimer is valid under the laws of the State of _Maryland_____.

    2. I understand that Vanguard does not determine the validity of the Disclaimer nor whether the Disclaimer meets the requirements to be a "qualified disclaimer," as that term is defined in Section 2518(b) of the Internal Revenue Code.

    3. I have consulted with my own advisor prior to making the Disclaimer and am solely responsible for any legal or tax consequence that may result if the Disclaimer is determined not to be valid and/or not to be a qualified disclaimer.

    4. I acknowledge that the Disclaimer is irrevocable and I understand that once Vanguard has processed a transfer or a transaction in accordance with the Disclaimer the transfer or transaction may not be reversed.

FILED DATE: 6/17/2021 12:35 PM   2021CH02952

5.  I agree to indemnify and hold harmless The Vanguard Group, Inc., Vanguard Marketing Corporation, the investment company members of the Vanguard Group, their parents, affiliates, subsidiaries, successors and assigns, and their respective present and former officers, directors, trustees, employees, shareholders, agents, successors and assigns (collectively, "Vanguard") from and against any and all claims, liabilities, costs and expenses (including court costs and reasonable attorneys' fees) or loss of any kind arising from Vanguard's reliance upon and action as a result of the representations and information provided by me in this Disclaimer and from any adverse tax consequences that I incur as a result of making the Disclaimer.

_____            _____12-20-12_____
        Disclaimant's Signature                                  Date

Sworn to before me this __20th__ day of __December_____, 20_12_.

_____
           Notary Public


           \[SEAL]

FILED DATE: 6/17/2021 12:35 PM   2021CH02952

SURROGATE'S COURT, STATE OF NEW YORK
WESTCHESTER COUNTY

In the Estate of

RENATA BLACK,

　　　　　　　　　　Deceased.

DISCLAIMER AND
**RENUNCIATION**
(EPTL 2-1.11)

File No. 2012-1209

THIS INSTRUMENT made this *20th* day of *December*, 2012 by SAMUEL H. BLACK, residing at 313 S. Fremont Avenue, Baltimore, Maryland 21230.

## WITNESSETH:

WHEREAS, Renata Black ("Decedent") died on May 1, 2012, a resident of Mount Pleasant, and the Westchester County Surrogate's Court issued preliminary letters testamentary in her estate to Bernard Black on June 21, 2012;

WHEREAS, the agreements between the Decedent and Vanguard Group provide that a certain portion of the balance of each of the accounts listed on Schedule A, attached, shall be distributed to the undersigned upon the death of the Decedent;

WHEREAS, (i) The undersigned has made no assignment, conveyance, encumbrance, pledge, sale or other transfer of such property, or any contract therefore, (ii) the undersigned has not executed a written waiver of her right to disclaim such property, (iii) the undersigned has not accepted any benefits from such property, and (iv) there has not been a judicial sale of such property, in each case as of the date of this Disclaimer and Renunciation;

WHEREAS, in order to effectuate what the undersigned believes was the Decedent's true intention, the undersigned wishes to disclaim any right, title and interest the undersigned may have to receive the accounts listed on Schedule A, attached; and

WHEREAS, the interest the undersigned disclaims will pass to the Estate of Renata Black.

NOW THEREFORE, pursuant to Section 9-202 of the Estates and Trusts Code of the State of Maryland, Section 2-1.11 of the New York Estates, Powers and Trusts Law, and Section 6201 of the Pennsylvania Probate, Estates and Fiduciaries Code, the undersigned hereby irrevocably and unqualifiedly disclaims, renounces and refuses to accept the right the undersigned has in the accounts listed on Schedule A, attached. The undersigned intends this Disclaimer and Renunciation to be a qualified disclaimer under Section 2518 of the Internal Revenue Code.

CH2\1870993.1

FILED DATE: 6/17/2021 12:35 PM 2021CH02952

IN WITNESS WHEREOF, SAMUEL H. BLACK has executed this instrument on the date indicated above.

_____
Samuel H. Black

STATE OF _Maryland_ )
                    ) SS:,
COUNTY OF _Baltimore (City)_ )

    I, a notary public in and for said County and State, hereby certify that SAMUEL H. BLACK, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed that instrument as his free and voluntary act, for the uses and purposes therein set forth.

Given under my hand and notarial seal on _December 20_, 2012.

_____
Notary Public

CH2\11\170993.1

FILED DATE: 6/17/2021 12:35 PM   2021CH02952

**SURROGATE'S COURT, STATE OF NEW YORK**
**WESTCHESTER COUNTY**

In the Estate of

RENATA BLACK,

Deceased.

**AFFIDAVIT OF NO**
**CONSIDERATION**
**(EPTL 2-1.11)**

File No. 2012-1209

STATE OF _Maryland_ )
COUNTY OF _Baltimore City_ )

SAMUEL H. BLACK, being duly sworn, deposes and says:

1. I reside at 313 S. Fremont Avenue , Baltimore, Maryland 21230.

2. By instrument dated _____, 2012, I disclaimed and renounced certain property otherwise distributable to me from the accounts listed on Schedule A, attached.

3. I have not received, and am not to receive, any consideration in money or money's worth for such renunciation from a person or person whose interest is to be accelerated.

_Sam Black_
Samuel H. Black

Sworn to before me this _20th_ day of _December_ , 2012.

_____
Notary Public

CH2\1187099\3.1

FILED DATE: 6/17/2021 12:35 PM   2021CH02952

## ACKNOWLEDGMENT OF RECEIPT

The undersigned Executor hereby acknowledges receipt of the Disclaimer and Renunciation of Samuel H. Black.

DATED: _Dec. 29, 2012_

_Bernard Black_
Bernard Black

STATE OF ___IL___ )
                    ) SS:
COUNTY OF ___Cook___ )

I, a notary public in and for said County and State, hereby certify that BERNARD BLACK, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed that instrument as his free and voluntary act, for the uses and purposes therein set forth.

Given under my hand and notarial seal on ___Dec 29___, 2012.

_____
Notary Public

```
OFFICIAL SEAL
CHRISTINA Q KAISER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/23/13
```

CH2\11870993.1

FILED DATE: 6/17/2021 12:35 PM 2021CH02952

SURROGATE'S COURT, STATE OF NEW YORK
WESTCHESTER COUNTY

In the Estate of

RENATA BLACK,

Deceased.

NOTICE OF DISCLAIMER
AND RENUNCIATION
(EPTL 2-1.11)

File No. 2012-1209

PLEASE TAKE NOTICE that on _____, 2012 SAMUEL H. BLACK irrevocably disclaimed and renounced his right, title and interest in and to the property distributable to him from the accounts listed on Schedule A, attached.

Dated: _____, 2012

SCHIFF HARDIN LLP
Attorneys for Bernard Black, Executor

_____
Paul J. Collins
Kim Kamin
900 Third Avenue
New York, New York 10022
(212) 745-0821

TO:
1. Westchester County Surrogate's Court
2. Bernard Black, Executor of the Estate of Renata Black, Beneficiary of the Estate of Renata Black, and Co-Trustee of the Irrevocable Trust for the Benefit of the Issue of Renata Black
3. Anthony Dain, Co-Trustee of the Supplemental Needs Trust for the Benefit of Joanne Black, and Co-Trustee of the Irrevocable Trust for the Benefit of the Issue of Renata Black
4. Samuel Black, Co-Trustee of the Supplemental Needs Trust for the Benefit of Joanne Black

CH2\11870993.1

FILED DATE: 6/17/2021 12:35 PM   2021CH02952

## SCHEDULE A

| Vanguard Group<br>P.O. Box 1110<br>Valley Forge, PA 19482 | 1. Account No. 09857700635<br>2. Account No. 88036051087<br>3. Brokerage Account No. 71182985<br>4. Account No. 09985084867<br>5. Brokerage Account No. 40474977 |
| --- | --- |

CH2\11870993.1

FILED DATE: 6/17/2021 12:35 PM 2021CH02952

## DISCLAIMER
### ACKNOWLEDGEMENT AND INDEMNIFICATION

I, Benjamin Black _____ ("Disclaimant"), have attached to this document or previously delivered to Vanguard (as defined below), an original or certified copy of a disclaimer dated 10 December 2012 ("Disclaimer") regarding an interest in the Vanguard account(s).

I hereby certify the following:

1. To the best of my knowledge, the Disclaimer is valid under the laws of the State of New York _____.

2. I understand that Vanguard does not determine the validity of the Disclaimer nor whether the Disclaimer meets the requirements to be a "qualified disclaimer," as that term is defined in Section 2518(b) of the Internal Revenue Code.

3. I have consulted with my own advisor prior to making the Disclaimer and am solely responsible for any legal or tax consequence that may result if the Disclaimer is determined not to be valid and/or not to be a qualified disclaimer.

4. I acknowledge that the Disclaimer is irrevocable and I understand that once Vanguard has processed a transfer or a transaction in accordance with the Disclaimer the transfer or transaction may not be reversed.

FILED DATE: 6/17/2021 12:35 PM   2021CH02952

5. I agree to indemnify and hold harmless The Vanguard Group, Inc., Vanguard Marketing Corporation, the investment company members of the Vanguard Group, their parents, affiliates, subsidiaries, successors and assigns, and their respective present and former officers, directors, trustees, employees, shareholders, agents, successors and assigns (collectively, "Vanguard") from and against any and all claims, liabilities, costs and expenses (including court costs and reasonable attorneys' fees) or loss of any kind arising from Vanguard's reliance upon and action as a result of the representations and information provided by me in this Disclaimer and from any adverse tax consequences that I incur as a result of making the Disclaimer.

_____    10 Dec 2012
Disclaimant's Signature                    Date

Sworn to before me this _10th_ day of _December_, 20_12_

_Edward Torrado_
Notary Public

\[SEAL]

EDWARD TORRADO
Notary Public, State of New York
No. 01TO6149081
Qualified in New York County
Commission Expires July 3, 2014

FILED DATE: 6/17/2021 12:35 PM   2021CH02952

### SURROGATE'S COURT, STATE OF NEW YORK
### WESTCHESTER COUNTY

| | |
|---|---|
| In the Estate of | |
| RENATA BLACK, | **DISCLAIMER AND RENUNCIATION** (EPTL 2-1.11) |
|           Deceased. | File No. 2012-1209 |

THIS INSTRUMENT made this 10 day of December, 2012 by BENJAMIN H. BLACK, residing at 147 Bayard Street, 2nd Floor, Brooklyn, New York 11222.

### WITNESSETH:

WHEREAS, Renata Black ("Decedent") died on May 1, 2012, a resident of Mount Pleasant, and the Westchester County Surrogate's Court issued preliminary letters testamentary in her estate to Bernard Black on June 21, 2012; and

WHEREAS, the agreements between the Decedent and Vanguard Group provide that (i) one percent of the balance of each of the accounts listed on Schedule A, attached, shall be distributed to the undersigned upon the death of the Decedent, and (ii) any portion of the balance of such accounts that is disclaimed by any one beneficiary shall be allocated among the remaining beneficiaries proportionately in the shares the Decedent originally designated; and

WHEREAS, the undersigned is willing to accept only the one percent portion of the balance of each of the accounts listed on Schedule A, attached, that the Decedent designated to be distributed to the undersigned upon the death of the Decedent; and

WHEREAS, with respect to any other portion of the accounts listed on Schedule A, attached, that the undersigned is entitled to by reason of disclaimer by any other beneficiary, (i) the undersigned has made no assignment, conveyance, encumbrance, pledge, sale or other transfer of such property, or any contract therefore, (ii) the undersigned has not executed a written waiver of his right to disclaim such property, (iii) the undersigned has not accepted any benefits from such property, and (iv) there has not been a judicial sale of such property, in each case as of the date of this Disclaimer and Renunciation; and

WHEREAS, in order to effectuate what the undersigned believes was the Decedent's true intention, the undersigned wishes to disclaim any right, title and interest the undersigned may have to receive the portion of the accounts listed on Schedule A, attached, that the undersigned is entitled to by reason of disclaimer by any other beneficiary; and

WHEREAS, the interest the undersigned disclaims will pass to the Estate of Renata Black.

NOW THEREFORE, pursuant to Section 9-202 of the Estates and Trusts Code of the State of Maryland, Section 2-1.11 of the New York Estates, Powers and Trusts Law, and Section

CH2\12037619.1

FILED DATE: 6/17/2021 12:35 PM 2021CH02952

6201 of the Pennsylvania Probate, Estates and Fiduciaries Code, while the undersigned has accepted the 1% interest designated for him in the accounts listed on Schedule A, attached, the undersigned hereby irrevocably and unqualifiedly disclaims, renounces and refuses to accept the right the undersigned has in the portion of the accounts listed on Schedule A, attached, that the undersigned is entitled to by reason of disclaimer by any other beneficiary. The undersigned intends this Disclaimer and Renunciation to be a qualified disclaimer under Section 2518 of the Internal Revenue Code.

IN WITNESS WHEREOF, BENJAMIN H. BLACK has executed this instrument on the date indicated above.

_____
Benjamin H. Black

STATE OF  New York      )
                        ): ss.:
COUNTY OF  New York  .  )

On the _10th_ day of _December_ ,2012, before me, the undersigned, a Notary Public in and for said State, personally appeared BENJAMIN H. BLACK, personally known to me, or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, or the person upon behalf of which the individual acted, the individual executed the within instrument and that such individual made such appearance before the undersigned in _New York city ny_ . (Insert the city or other political subdivision and the state or country the acknowledgment was taken)

_____
Notary Public

EDWARD TORRADO
Notary Public, State of New York
No. 01TO6149081
Qualified in New York County
Commission Expires July 3, 2014

CHI\12037619.1

FILED DATE: 6/17/2021 12:35 PM   2021CH02952

## ACKNOWLEDGMENT OF RECEIPT

The undersigned Executor hereby acknowledges receipt of the Disclaimer and Renunciation of Benjamin H. Black.

DATED: _Dec. 29, 2012_

_Bernard Black_

**Bernard Black**


STATE OF _IL_       )

                   ): ss.:

COUNTY OF _Cook_  )

On the 29th day of _D_,2012, before me, the undersigned, a Notary Public in and for said State, personally appeared BERNARD BLACK, personally known to me, or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, or the person upon behalf of which the individual acted, the individual executed the within instrument and that such individual made such appearance before the undersigned in _Northfield IL_ . (Insert the city or other political subdivision and the state or country the acknowledgment was taken)

_Christina Q Kaiser_

Notary Public

```
OFFICIAL SEAL
CHRISTINA Q KAISER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/23/13
```

CH2\12037619.1

FILED DATE: 6/17/2021 12:35 PM   2021CH02952

**SURROGATE'S COURT, STATE OF NEW YORK**
**WESTCHESTER COUNTY**

In the Estate of

    RENATA BLACK,

                Deceased.

**AFFIDAVIT OF NO**
**CONSIDERATION**
**(EPTL 2-1.11)**

File No. 2012-1209

STATE OF New York )

COUNTY OF New York )

    BENJAMIN H. BLACK, being duly sworn, deposes and says:

1. I reside at 147 Bayard Street, 2nd Floor, Brooklyn, New York 11222.

2. By instrument dated 10 December, 2012, I disclaimed and renounced certain property otherwise distributable to me from the accounts listed on Schedule A, attached.

3. I have not received, and am not to receive, any consideration in money or money's worth for such renunciation from a person or person whose interest is to be accelerated.

                                   Benjamin H. Black

Sworn to before me this 10th day of December, 2012.

_____
Notary Public

EDWARD TORRADO
Notary Public, State of New York
No. 01TO6149081
Qualified in New York County
Commission Expires July 3, 2014

CH2\12037619.1

FILED DATE: 6/17/2021 12:35 PM   2021CH02952

SURROGATE'S COURT, STATE OF NEW YORK
WESTCHESTER COUNTY

In the Estate of

RENATA BLACK,

                Deceased.

NOTICE OF DISCLAIMER
AND RENUNCIATION
(EPTL 2-1.11)

File No. 2012-1209

PLEASE TAKE NOTICE that on _____, 2012 BENJAMIN H. BLACK irrevocably disclaimed and renounced his right, title and interest in and to the portion of the property distributable to him from the accounts listed on Schedule A, attached, that he is entitled to by reason of disclaimer by any other beneficiary.

Dated: _____, 2012

                SCHIFF HARDIN LLP
                Attorneys for Bernard Black, Executor

                Paul J. Collins
                Kim Kamin
                900 Third Avenue
                New York, New York  10022
                (212) 745-0821

TO:
1. Westchester County Surrogate's Court
2. Bernard Black, Executor of the Estate of Renata Black, Beneficiary of the Estate of Renata Black, Co-Trustee of the Irrevocable Trust for the Benefit of the Issue of Renata Black and Co-Trustee of the Supplemental Needs Trust for the Benefit of Joanne Black
3. Anthony Dain, Co-Trustee of the Supplemental Needs Trust for the Benefit of Joanne Black, and Co-Trustee of the Irrevocable Trust for the Benefit of the Issue of Renata Black

CH\CH12037619.1

FILED DATE: 6/17/2021 12:35 PM 2021CH02952

## SCHEDULE A

| Vanguard Group<br>P.O. Box 1110<br>Valley Forge, PA 19482 | 1. Account No. 09857700635<br>2. Account No. 88036051087<br>3. Brokerage Account No. 71182985<br>4. Account No. 09985084867<br>5. Brokerage Account No. 40474977 |
|---|---|

CHZAI2037619.1

FILED DATE: 6/17/2021 12:35 PM   2021CH02952

## DISCLAIMER
## ACKNOWLEDGEMENT AND INDEMNIFICATION

I, _Sarah Black_____ ("Disclaimant"), have attached to this document
or previously delivered to Vanguard (as defined below), an original or certified
copy of a disclaimer dated _November 18, 2012_ ("Disclaimer") regarding an
interest in the Vanguard account(s).

I hereby certify the following:

    1.  To the best of my knowledge, the Disclaimer is valid under the laws of
the State of _New York_____ .

    2.  I understand that Vanguard does not determine the validity of the
Disclaimer nor whether the Disclaimer meets the requirements to be a "qualified
disclaimer," as that term is defined in Section 2518(b) of the Internal Revenue
Code.

    3.  I have consulted with my own advisor prior to making the Disclaimer
and am solely responsible for any legal or tax consequence that may result if the
Disclaimer is determined not to be valid and/or not to be a qualified disclaimer.

    4.  I acknowledge that the Disclaimer is irrevocable and I understand that
once Vanguard has processed a transfer or a transaction in accordance with the
Disclaimer the transfer or transaction may not be reversed.

FILED DATE: 6/17/2021 12:35 PM   2021CH02952

5.  I agree to indemnify and hold harmless The Vanguard Group, Inc., Vanguard Marketing Corporation, the investment company members of the Vanguard Group, their parents, affiliates, subsidiaries, successors and assigns, and their respective present and former officers, directors, trustees, employees, shareholders, agents, successors and assigns (collectively, "Vanguard") from and against any and all claims, liabilities, costs and expenses (including court costs and reasonable attorneys' fees) or loss of any kind arising from Vanguard's reliance upon and action as a result of the representations and information provided by me in this Disclaimer and from any adverse tax consequences that I incur as a result of making the Disclaimer.

_____       November 18, 2012
Disclaimant's Signature              Date

Sworn to before me this 18th day of NOVEMBER, 20 12.

_____
Notary Public

\[SEAL]

Anna R. Courtney
Notary Public, State of New York
No. 01CO6209553
Qualified in Dutchess County
Term expires July 27th, 2013

FILED DATE: 6/17/2021 12:35 PM   2021CH02952

**SURROGATE'S COURT, STATE OF NEW YORK**
**WESTCHESTER COUNTY**

In the Estate of

    RENATA BLACK,

                   Deceased.

**DISCLAIMER AND**
**RENUNCIATION**
**(EPTL 2-1.11)**

File No. 2012-1209

    THIS INSTRUMENT made this _18_ day of _November_, 2012 by SARAH H. BLACK, residing at 484 First Avenue, #12, West Haven, Connecticut 06516.

## WITNESSETH:

    WHEREAS, Renata Black ("Decedent") died on May 1, 2012, a resident of Mount Pleasant, and the Westchester County Surrogate's Court issued preliminary letters testamentary in her estate to Bernard Black on June 21, 2012;

    WHEREAS, the agreements between the Decedent and Vanguard Group provide that a certain portion of the balance of each of the accounts listed on Schedule A, attached, shall be distributed to the undersigned upon the death of the Decedent;

    WHEREAS, (i) The undersigned has made no assignment, conveyance, encumbrance, pledge, sale or other transfer of such property, or any contract therefore, (ii) the undersigned has not executed a written waiver of her right to disclaim such property, (iii) the undersigned has not accepted any benefits from such property, and (iv) there has not been a judicial sale of such property, in each case as of the date of this Disclaimer and Renunciation;

    WHEREAS, in order to effectuate what the undersigned believes was the Decedent's true intention, the undersigned wishes to disclaim any right, title and interest the undersigned may have to receive the accounts listed on Schedule A, attached; and

    WHEREAS, the interest the undersigned disclaims will pass to the Estate of Renata Black.

    NOW THEREFORE, pursuant to Section 45A-583 of the Probate Courts and Procedure Code of the State of Connecticut, Section 2-1.11 of the New York Estates, Powers and Trusts Law, and Section 6201 of the Pennsylvania Probate, Estates and Fiduciaries Code, the undersigned hereby irrevocably and unqualifiedly disclaims, renounces and refuses to accept the right the undersigned has in the accounts listed on Schedule A, attached. The undersigned intends this Disclaimer and Renunciation to be a qualified disclaimer under Section 2518 of the Internal Revenue Code.

CHI\11870992.1

FILED DATE: 6/17/2021 12:35 PM    2021CH02952

IN WITNESS WHEREOF, SARAH H. BLACK has executed this instrument on the date indicated above.

_Sarah H. Black_

Sarah H. Black

STATE OF NEW YORK )
                                          ) SS:
COUNTY OF DUTCHESS )

I, a notary public in and for said County and State, hereby certify that SARAH H. BLACK, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that she signed that instrument as her free and voluntary act, for the uses and purposes therein set forth.

Given under my hand and notarial seal on  NOVEMBER 18,   , 2012.

_____
Notary Public

Anne R. Courtney
Notary Public, State of New York
No. 01CO6208563
Qualified in Dutchess County
Term expires July 27th, 2013

CH2\1187099L1

2

**SURROGATE'S COURT, STATE OF NEW YORK**
**WESTCHESTER COUNTY**

In the Estate of

RENATA BLACK,

Deceased.

**AFFIDAVIT OF NO**
**CONSIDERATION**
**(EPTL 2-1.11)**

File No. 2012-1209

STATE OF <u>NEW YORK</u>)

COUNTY OF <u>DUTCHESS</u>)

SARAH H. BLACK, being duly sworn, deposes and says:

1. I reside at 484 First Avenue, #12, West Haven, Connecticut 06516.

2. By instrument dated <u>November 18</u>, 2012, I disclaimed and renounced certain property otherwise distributable to me from the accounts listed on Schedule A, attached.

3. I have not received, and am not to receive, any consideration in money or money's worth for such renunciation from a person or person whose interest is to be accelerated.

Sarah H. Black

Sworn to before me this 18th day of <u>NOVEMBER</u>, 2012.

Notary Public

Anna R. Courtney
Notary Public, State of New York
No. 01CO6209863
Qualified in Dutchess County
Term expires July 27th, 2013

CH2\11870992.1

FILED DATE: 6/17/2021 12:35 PM   2021CH02952

## ACKNOWLEDGMENT OF RECEIPT

The undersigned Executor hereby acknowledges receipt of the Disclaimer and Renunciation of Sarah H. Black.

DATED: _Dec. 29, 2012_

_Bernard Black_

Bernard Black

STATE OF _IL_ )
                     ) SS:
COUNTY OF _Cook_ )

I, a notary public in and for said County and State, hereby certify that BERNARD BLACK, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed that instrument as his free and voluntary act, for the uses and purposes therein set forth.

Given under my hand and notarial seal on _Dec 29_, 2012.

_____
Notary Public

OFFICIAL SEAL
CHRISTINA Q KAISER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/23/13

CH\11870992.1

FILED DATE: 6/17/2021 12:35 PM    2021CH02952

## SCHEDULE A

| Vanguard Group<br>P.O. Box 1110<br>Valley Forge, PA 19482 | 1. Account No. 09857700635<br>2. Account No. 88036051087<br>3. Brokerage Account No. 71182985<br>4. Account No. 09985084867<br>5. Brokerage Account No. 40474977 |
|---|---|

CH2\11870992.1

FILED DATE: 6/17/2021 12:35 PM   2021CH02952

**SURROGATE'S COURT, STATE OF NEW YORK**
**WESTCHESTER COUNTY**

In the Estate of

RENATA BLACK,

Deceased.

**NOTICE OF DISCLAIMER**
**AND RENUNCIATION**
**(EPTL 2-1.11)**

File No. 2012-1209

PLEASE TAKE NOTICE that on _____, 2012 SARAH H. BLACK irrevocably disclaimed and renounced her right, title and interest in and to the property distributable to her from the accounts listed on Schedule A, attached.

Dated: _____, 2012

SCHIFF HARDIN LLP
Attorneys for Bernard Black, Executor

_____

Paul J. Collins
Kim Kamin
900 Third Avenue
New York, New York 10022
(212) 745-0821

TO:
1. Westchester County Surrogate's Court
2. Bernard Black, Executor of the Estate of Renata Black, Beneficiary of the Estate of Renata Black, and Co-Trustee of the Irrevocable Trust for the Benefit of the Issue of Renata Black
3. Anthony Dain, Co-Trustee of the Supplemental Needs Trust for the Benefit of Joanne Black, and Co-Trustee of the Irrevocable Trust for the Benefit of the Issue of Renata Black
4. Samuel Black, Co-Trustee of the Supplemental Needs Trust for the Benefit of Joanne Black

CH2\11870992.1

# EXHIBIT C

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

BERNARD BLACK, et al,                    )
                         Plaintiffs,      )
                                          )      Case No. 2021 CH 02952
        v.                                )
                                          )
DAVID H. BLACK, et al,                   )
                         Defendants.      )

### ORDER

    This cause having come before this Court on the Plaintiffs' Motion for Default Judgment and the Plaintiffs' Motion for Summary Judgment, the Court finding that there is no genuine issue of material fact and that the Plaintiffs are entitled to judgment on their declaratory judgment claim as a matter of law, and the Court having been fully advised in the premises, IT IS HEREBY ORDERED:

    1.    Plaintiffs' Motion for Summary Judgment against all Defendants is granted;

    2.    Plaintiff's Motion for Default Judgment is withdrawn;

    3.    The Disclaimer dated December 29, 2012 by Joanne Black ("Joanne") executed on her behalf by Bernard Black as her conservator, a copy of which is attached to the Complaint for Declaratory Judgment and Other Relief in this case as Exhibit B, as it affects and pertains to the assets held in and by the Trust for the Benefit of the Issue of Renata Black, is valid and irrevocable for purposes of disclaiming and renouncing the interests of Joanne in the Vanguard Group and Fidelity Investments accounts listed on Schedule A of the Disclaimer;

    4.    Counsel for Plaintiffs shall provide a copy of this Order to all parties; and

    5.    *This is a **FINAL ORDER**.*

Dated: October 4, 2021        ENTERED:

                                           Judge

Brad S. Grayson
Strauss Malk & Feder LLP (#32031), Attorneys for Plaintiffs
135 Revere Drive
Northbrook, Illinois 60062
(847) 562-1400
bgrayson@smfllp.com

Judge Michael T. Mullen

OCT 04 2021

Circuit Court - 2084

4838-8576-9211, v. 2

# EXHIBIT D

Return Date: No return date scheduled
Hearing Date: 4/5/2022 9:30 AM
Location: Court Room 2408
Judge: Conlon, Alison C

FILED DATE: 12/6/2021 11:24 AM   2021CH06049

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
12/6/2021 11:24 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH06049
15830219

| | |
|---|---|
| BERNARD BLACK and SAMUEL BLACK, as Trustees of the Supplemental Needs Trust for the Benefit of Joanne Black, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| JOANNE BLACK individually, and ANTHONY DAIN, as a Trustee of the Supplemental Needs Trust for the Benefit of Joanne Black, | ) ) ) ) ) |
| Defendants. | ) |

Case No. _____2021CH06049_____

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Bernard Black ("Bernard") and Samuel Black ("Samuel") (together, the "Majority Trustees"), as Co-Trustees of the Supplemental Needs Trust for the Benefit of Joanne Black (the "SNT"), by their attorneys, Strauss Malk & Feder LLP, for their Complaint for Declaratory Judgment and Other Relief, allege:

### Parties

1. Bernard is an individual who resides in Illinois. He brings this action in his capacity as trustee of the SNT, and not in his personal capacity.

2. Samuel is an individual who resides in Maryland. He brings this action in his capacity as trustee of the SNT, and not in his personal capacity.

3. Defendant Joanne Black ("Joanne") is the current and primary beneficiary of the SNT.

4. Defendant Anthony Dain ("Dain") is one of the trustees of the SNT and is named as a defendant in this action in that capacity and not in his individual capacity. Defendants are

1

4867-7630-4644, v. 1

FILED DATE: 12/6/2021 11:24 AM   2021CH06049

named and made parties to this action solely because of their interests in the SNT and the matters which are the subject of this action.

5.       Substantially all assets of the SNT are held in accounts at JPMorgan Chase Bank, National Association and J.P. Morgan Securities, LLC in Illinois.  A copy of the SNT is attached hereto as Exhibit A.

### Background Facts

6.       Bernard and Joanne Black ("Joanne") are siblings.  They are the only children of Renata Black ("Renata").  Renata died in 2012.

7.       Throughout her life, Joanne has suffered from severe mental illness, sometimes involving periods of profound delusion and paranoia.  Joanne has been hospitalized on multiple occasions.  She also has been at times deemed dangerous to herself and/or others and incapable of caring for herself.

8.       In 1997, Renata established an estate plan that included a simple, three-page will. In her will, Renata provided for her estate to be divided between two trusts, with two-thirds of her estate going to the SNT and the remaining one-third going to the Trust for the Benefit of the Issue orf Renata Black (the "Issue Trust"), a trust for the benefit of Bernard and his children.  Joanne is the primary beneficiary of the SNT, and the Issue Trust is the remainder beneficiary of the SNT.

9.       Bernard is, and at all relevant times has been, the executor of Renata's estate (in this capacity, the "Executor").

10.      Renata died in 2012. At that time, the bulk of Renata's assets were held in several investment accounts with Vanguard Group ("Vanguard") with a then-value of approximately $3 million.

11.      Following Renata's death, it was discovered that shortly before she died, the "payable on death" ("POD") beneficiary designation on her principal Vanguard accounts was

4867-7630-4644, v. 1

changed to make Joanne the beneficiary of 95% of these accounts, with the remaining 5% going to Bernard's five older children, who are Renata's grandchildren (the "POD Designations").

12.     If effective, the POD Designations would prevent funds in those accounts from being included in Renata's estate and passing under her will into the SNT and Issue Trust and would have instead conveyed 95% of the funds directly to Joanne, who, at the time, was not taking medication, was highly delusional, had run away from her home in New York, and was living essentially homeless on the streets of Denver, Colorado. At the time, Joanne was making graphic death threats against numerous members of her family, including small children, was attempting to contact the mafia to pay ransom for an imaginary billionaire husband, and had been arrested for breaking into a hotel.

13.     Because of Joanne's severe mental condition, there was a consensus among Renata's family members, including Bernard, that, if given effect, the POD Designations would lead to disastrous financial and personal consequences for Joanne, would endanger the lives and safety of numerous people, and would undermine Renata's prior, careful provision of assets for Joanne in trust upon Renata's death. At that time, Bernard and other family members agreed that the POD Designations had to have been the result of mistake or fraud in the weeks before Renata, then an elderly woman, died.

14.     A consensus was reached among the members of Renata's extended family that the most effective way to protect Joanne against Joanne's own incapacity and mental issues, to ensure Joanne's financial security and personal safety, and to implement Renata's long-standing estate plan for the entire family, was for all beneficiaries of the POD Designations to disclaim their entitlement to receive the Vanguard account proceeds so that the assets of those accounts could pass through Renata's estate according to Renata's estate plan.

3

4867-7630-4644, v. 1

FILED DATE: 12/6/2021 11:24 AM   2021CH06049

FILED DATE: 12/6/2021 11:24 AM   2021CH06049

15.     As part of the family's plan, on October 16, 2012, Bernard petitioned the Denver Probate Court ("DPC") in Colorado, where Joanne then was residing, to be was appointed by the DPC as Joanne's conservator.   In December 2012, the DPC granted Bernard's petition and appointed him as Joanne's conservator.

16.     As conservator for Joanne, Bernard obtained specific authorization from the DPC to disclaim, on Joanne's behalf, Joanne's interest in Renata's accounts at Vanguard that resulted from the POD Designations.  As a result of that disclaimer, the assets in Renata's accounts at Vanguard flowed into Renata's estate, and were then distributed in accordance with her will, which reflected her longtime estate plan.  A copy of the disclaimer (the "Disclaimer") is attached hereto as Exhibit B.

17.     In connection with the Disclaimer, Bernard required that his older children, who each stood to receive 1% of the Vanguard assets, carry out their own disclaimers to ensure that the assets disclaimed on Joanne's behalf did not flow to them and instead flowed to the Estate of Renata Black ("Child Disclaimers").  Copies of the Child Disclaimers are attached as Exhibit C.

18.     Following the DPC's approval of the Disclaimer, the Disclaimer and the Child Disclaimers were carried out, the Vanguard assets reverted to the Estate of Renata Black.  Two-thirds of her estate, which now included the disclaimed assets, was contributed to the SNT, and one-third were contributed to the Issue Trust, in accordance with Renata's will.

19.     Years later, in 2017, Joanne Goodwin ("Goodwin") was appointed successor conservator for Joanne by the DPC.  By then, Joanne no longer resided in Colorado, having moved to New York.

20.     In 2016, a New York court determined that Joanne did  not need a guardian of her person or of her property.

FILED DATE: 12/6/2021 11:24 AM 2021CH06049

21.     Despite Joanne no longer residing in Colorado and having been adjudged competent to manage her own affairs by a New York court, various persons, including Dain, Goodwin, and Joanne's court-appointed counsel in Colorado, have threatened to take actions to try to have the DPC declare the Disclaimer invalid so that Goodwin would control all assets in both the SNT and Issue Trust.

22.     The Majority Trustees believe that the Disclaimer is valid and irrevocable.

23.     755 ILCS 5/2-7 provides, in pertinent part, that: "A disclaimer pursuant to this Section shall be irrevocable and shall be binding upon the disclaimant and all persons claiming by, through and under disclaimant." Joanne, as the beneficiary of the SNT, is a person claiming by, through and under the disclaimant. Also, under Illinois law, once a disclaimer is executed, it relates back to the death of the person whose property is the subject of the disclaimer for all purposes and effectively prevents the disclaimant from ever acquiring an interest in the property, retroactively erasing any interest in the property in the beneficiary disclaiming. *In re Atchison*, 925 F.2d 209 (7th Cir. 1991) (applying Illinois law).   A disclaimer also is irrevocable under Colorado law, to the extent that Colorado law applies.   See C.R.S.A. § 15-11-1205 ("A disclaimer becomes irrevocable when it is delivered or filed ....").

24.     The Majority Trustees have been filing both federal and Illinois income tax returns for the SNT, and paying the tax shown as due on those returns.  They need to know whether the Disclaimer is irrevocable so that they can determine whether the SNT is responsible for tax reporting and for paying tax on its income, as well as for other purposes involving the administration of the SNT and its assets.

5

FILED DATE: 12/6/2021 11:24 AM   2021CH06049

### Count I – Declaratory Judgment

25.     For paragraph 23 of Count I, Plaintiffs repeat and incorporate the allegations of paragraphs 1 through 22 above.

26.     There is an actual dispute as to whether the Disclaimer is valid and irrevocable.

27.     To enable the SNT's trustees to properly administer the SNT and address tax reporting and payment issues concerning the SNT and its assets, they need certainty in the form of a declaratory judgment from this Court as to the Disclaimer's validity and irrevocability.

28.     The Disclaimer is valid and irrevocable.

WHEREFORE, Bernard and Samuel, as two of the three trustees of the SNT, pray that this Court enter a judgment declaring that the Disclaimer, as it affects the assets held by the SNT, is valid and irrevocable, awarding the Co-Trustees their costs of this action, and that this Court enter such other and further relief as this Court deems just and appropriate.

BERNARD BLACK and SAMUEL BLACK, as
Co-Trustees of the Supplemental Needs Trust for
the Benefit of Joanne Black


By: /s/ Brad S. Grayson
    One of Their Attorneys


Benjamin N. Feder
Brad S. Grayson
STRAUSS & MALK LLP
135 Revere Drive
Northbrook, Illinois 60062
(847) 562-1400
bgrayson@smfllp.com

6

4867-7630-4644, v. 1

FILED DATE: 12/6/2021 11:24 AM   2021CH05049

# Exhibit A

**Supplemental Needs Trust**
**for the Benefit of JOANNE BLACK**

## ARTICLE I

### TRUST FUNDING

**SECTION 1.** This **TRUST AGREEMENT** is executed this *19ᵗʰ* day of *December*, 19*97*, by and between RENATA BLACK as "Settlor" and RENATA BLACK and ANTHONY DAIN as Co-Trustees" pursuant to the terms and provisions of this Trust agreement as set forth below, and shall be known as the SUPPLEMENTAL NEEDS TRUST FOR THE BENEFIT OF JOANNE BLACK.

**SECTION 2. Initial Funding.** The Settlor shall initially fund this trust with the assets described in Exhibit "A" attached hereto. By execution hereof, Settlor hereby assigns, conveys, transfers and delivers the described assets to Trustee on the date hereof.

**SECTION 3. Additional Funding.** This Trust may be additionally funded with property interests of all kinds by any other person in any manner. Such additional funding shall be evidenced by an additional "Exhibit A" executed by at least one Trustee and donor, and dated.

**SECTION 4. Irrevocability.** The Settlor hereby relinquishes all power to alter, amend or revoke any provisions of this Trust Agreement, except as specifically set forth below.

## ARTICLE II

### CREATION OF LUXURY OR SUPPLEMENTAL NEEDS TRUST

**SECTION 1.** The beneficiary of this Trust, JOANNE BLACK, has a disabling condition which prevents her from meeting many of her own needs. It is the intention of the Settlor to create a supplemental fund for the benefit of the Beneficiary and not to displace assistance which may otherwise be available to her. The Beneficiary will have basic living needs (such as dental care, psychological support services, recreation and transportation, differentials in cost between housing and shelter for shared and private rooms, supplemental nursing care and similar care) met, which assistance programs may not otherwise provide. The Trustee is directed to consider these basic living needs when making distributions. In addition, the Trustee should consider distribution for such things as telephone and television service, an electric wheelchair, a mechanical bed, companions for travel, reading, driving, and cultural experiences, hair and nail care, or diagnostic work or treatment for which there are not funds otherwise available, non-necessary medical procedures, private rehabilitative training, periodic outings and vacations, payments to third parties to accompany the Beneficiary on vacations and outings, and payments to bring in family and friends for visitation, if the Trustee deems that appropriate and reasonable.

1

FILED DATE: 12/6/2021 11:24 AM 2021CH06049

This list is intended to be illustrative and not inclusive of the kind of non-support disbursements that would be appropriate for the Trustee to make. It is important that the Beneficiary maintain a level of human dignity and humane care. If this Trust were to be invaded by creditors, subjected to any liens or encumbrances, or cause assistance benefits to not be initiated or to be terminated, it is likely that the Trust corpus would be depleted prior to the Beneficiary's death, especially if the cost of care for her would be high. In such event, there would not be supplementation for basic needs. The Trust provisions contained in this instrument should be interpreted by the Trustee in light of these concerns and the Section's stated intent.

SECTION 2. Trustee's Discretion. The Trustee shall pay or apply for the benefit of the Beneficiary, such amounts from the principal or income, or both, of this Trust up to the whole thereof, as the Trustee, in the Trustee's sole discretion, may from time to time deem necessary or advisable for the satisfaction of the Beneficiary's special needs, if any. In carrying out the provisions of this Trust, the Trustee shall be mindful of the possible, future, special needs of the Beneficiary. As used in this instrument, "special needs" refers to the requisites for maintaining the Beneficiary's good health, safety and welfare, when, in the discretion of the Trustee, such requisites are not being provided by any public agency, office or department of the state where she lives, or of the United States, or are not otherwise being provided by any other source of income available to her. Special needs shall include, but shall not be limited to, the list of non-support items above and shall specifically include the differential in cost between shared shelter and a private room in a group home, or other residence or institution in which the Beneficiary resides.

SECTION 3. Public Assistance Programs. In the event that the Beneficiary is unable to maintain and support herself independently, the Trustee may, in the exercise of the Trustee's best judgment and fiduciary duty, seek support and maintenance for the Beneficiary from all available public resources. The Trustee shall take into consideration the applicable resource and income limitations of any public assistance program for which the Beneficiary is eligible.

SECTION 4. Trust Corpus Not Available. No part of the corpus of the Trust created herein shall be used to supplant, impair or diminish government benefits or assistance for which the Beneficiary may otherwise be eligible or which the beneficiary may be receiving, except as specifically set forth herein. It is intention of the Settlor and Creator that the Trust corpus and income shall supplement any government benefits received by the Beneficiary.

The Trustee is authorized to make distributions to third-parties to meet the Beneficiary's needs for food, clothing, shelter or health care only if the Trustee determines (A) that the Beneficiary's basic needs will be better met if such distribution is made, and (B) that it is in the Beneficiary's best interests to suffer the consequent effect, if any, on the Beneficiary's eligibility for or receipt of government benefits or assistance.

2

FILED DATE: 12/6/2021 11:24 AM   2021CH05049

SECTION 5. **Spendthrift Trust.** No interest in the principal or income of this Trust shall be anticipated, assigned or encumbered or shall be subject to any creditor's claims or to any legal process prior to the actual receipt by the Beneficiary. Furthermore, because this Trust is to be conserved and maintained for the Special Needs of the Beneficiary throughout her life, no part of the corpus hereof, neither principal nor undistributed income, shall be construed as part of the Beneficiary's estate or be subject to the claims of voluntary or involuntary creditors for the provision of care and services, including residential care by any public entity, office, department, or agency of any state or the United States or any governmental agency.

SECTION 6. **Conservatorship Estate.** Notwithstanding anything to the contrary contained in this Trust, in the event that the exercise of this Trust has the effect of rendering the Beneficiary ineligible for any program of public benefit, the Trustee is authorized, but not required, to terminate this Trust and distribute Trust assets to HELENE M. DAIN. IF HELENE M. DAIN is not alive at the time of the exercise of the Trustee's discretion, pursuant to this Section 6 of ARTICLE II, the Trust assets shall be distributed to ANTHONY DAIN and BERNARD BLACK, jointly. If either or both of them is not alive, then the Trust assets shall be distributed jointly to the individuals who are Trustees at that time.

SECTION 7. **Beneficiary Ineligible.** In determining whether the existence of the Trust has the effect of rendering the Beneficiary ineligible for any program of public benefit, the Trustee is hereby granted full and complete discretion to initiate the Beneficiary eligible for any such program of public benefit and is hereby granted full and complete discretion to initiate either administrative or judicial proceedings, or both, for the purpose of determining eligibility. all costs relating thereto, including reasonable attorney's fees, shall be a proper charge to the Trust.

## ARTICLE III

## TERMINATION

SECTION 1. **Trust Terminates at Death of Beneficiary.** Unless sooner terminated, this Trust shall cease and terminate at the death of the Beneficiary. Upon the death of the Beneficiary, the remaining Trust property and accumulated income, if any, shall be distributed as follows:

(1) All to or as instructed by the Settlor, RENATA BLACK, if the Settlor survives JOANNE BLACK;

(2) If the Settlor does not survive JOANNE BLACK, $50,000.00 to ANTHONY DAIN, if ANTHONY DAIN survives JOANNE BLACK;

(3) The balance to the Trustee of the IRREVOCABLE TRUST FOR THE BENEFIT OF THE ISSUE OF RENATA BLACK, dated the 19ᵗʰ day of *December* , 1997 , as that Trust may be amended from time to time, subject to ARTICLE VII, SECTION 5, Paragraph 5 of this Trust.

3

FILED DATE: 12/6/2021 11:24 AM   2021CH06049

## ARTICLE IV

## DIRECTION TO MINIMIZE TAXES

SECTION 1. Tax Elections. In the administration of this Trust, the Trustee shall exercise all tax related elections, options, discretions, and choices which the Trustee has in such manner as the Trustee, in the Trustee's sole but reasonable judgment (where appropriate, receiving advice of tax counsel), believes will achieve the overall minimum in total combined present and reasonably anticipated (but appropriately discounted) future administrative expense and tax burden of all kinds, upon not only such Trust, but also its Beneficiary. Without limitation on the generality of the foregoing direction which shall to that extent supersede the usual fiduciary duty of impartiality), such direction to minimize taxes in a broader sense shall include the following particular matters:

(1)   Elections regarding Subchapter S of the Internal Revenue Code, installment payment of taxes, installment reporting of capital gains, alternative methods of taxing annuities, employee benefits, etc.;

(2)   Allocation of such administration expenses as are available for reduction of income taxes;

(3)   Selection of income tax fiscal years, timing of distributions and of payment of deductible expenses, selection of assets for allocation and/or distribution (with or without election of gain or loss of pro rata allocation of cost basis), disclaimer of benefits of any kind receivable by any Trust Beneficiary hereunder, allocation of the generation skipping tax exemptions, etc.

SECTION 2. Trustee Protected. The Trustee shall not be accountable to any person interested in this Trust for the manner in which, in good faith, the Trustee carries out this direction to minimize overall taxes and expenses (including any decision the Trustee may make not to incur the expense of detailed analysis of alternative choices) and, even though the Trustee's decision in this regard may result in increased tax or decreased distributions to this Trust, or to the Beneficiary, there shall in no event be any compensation readjustments or reimbursements by the Trustee by reason of the manner in which the Trustee thus carries out this direction.

SECTION 3. Taxes and Returns. The Trustee may also:

(1)   Pay any taxes, interest or penalties with regard to taxes.

(2)   Apply for and collect tax refunds and interest thereon.

SECTION 4. Apportionment of Costs. All expenses, taxes and claims shall be paid without apportionment, and without reimbursement from any person.

4

FILED DATE: 12/6/2021 11:24 AM   2021CH06049

## ARTICLE V

## METHODS OF DISTRIBUTION AND TRUST ADMINISTRATION WITH REGARD TO MINOR AND DISABLED BENEFICIARIES

SECTION 1. General Guidelines for Distribution. Whenever a distribution is authorized or required by a provision of this Agreement to any Beneficiary who is disabled or incapacitated, whether adjudicated, because of age or as determined by the Trustee, in the Trustee's sole and absolute discretion, such distribution may be made by the Trustee:

(1)   Without continuing court supervision or the intervention of a Guardian, Conservator, or any other legal representative.

(2)   Without giving or requiring any bond or surety on bond.

(3)   Pursuant to any of the methods authorized under this Article VI.

The Trustee shall, to the extent that it is both reasonable and possible, inquire into the ultimate disposition of the distributed funds. The Trustee shall take into consideration, to the extent it is both reasonable and possible, the behavior of the Trust distributee with regard to the disposition of prior distributions of Trust property before making further distributions to such distributee.

SECTION 2. Methods of Payment. The Trustee may make distributions to persons, corporations, or other entities for the use and benefit of the Beneficiary.

## ARTICLE VI

## THE TRUSTEE'S ADMINISTRATIVE AND INVESTMENT POWERS

SECTION 1. Introduction to Trustee's Powers. Except as otherwise provided in this Agreement, the Trustee shall have both the administrative and investment powers enumerated under this Article VII and any other powers granted by law with respect to the Trust created by this Agreement.

SECTION 2. Powers to be Exercised in the Best Interests of the Beneficiary. The Trustee shall exercise the following administrative and investment powers without the order of any Court, as the Trustee determines, in the Trustee's sole and absolute discretion, to be in the best interests of the Beneficiary. Notwithstanding anything to the contrary in this Agreement, the Trustee shall not exercise any power in a manner inconsistent with the Beneficiary's rights to the beneficial enjoyment of the Trust property in accordance with the general principles of the law of trusts.

5

FILED DATE: 12/6/2021 11:24 AM    2021CH06049

SECTION 3.  Trustee's Powers.  The Trustee shall have all powers granted fiduciaries under the New York Estates Powers and Trusts Law as amended to the date of this Trust.  The Trustee may invest any part of the Trust funds and property located out of the State of New York.

The Trustee is further authorized to invest in annuity, accident, sickness and medical insurance on behalf of and for the benefit of the Trust Beneficiary.

So long as it remains prudent, the Trustee is further authorized to invest in certificate and savings accounts in any banking or savings institution the Trustee may select, in the Trustee's sole discretion.

## ARTICLE VII

## GENERAL MATTERS AND INSTRUCTIONS WITH REGARD TO THE TRUSTEESHIP

SECTION 1.  Use of "Trustee" Nomenclature.  As used throughout this Agreement, the word "Trustee" shall refer to the original Trustee as well as any other single, joint, additional or successor Trustee.  It shall also refer to any individual, corporation or other entity acting as a replacement, substitute, or added Trustee.

SECTION 2.  No Requirement to Furnish Bond.  The Trustee shall not be required to furnish any bond for the faithful performance of the Trustee's duties.

SECTION 3.  Court Supervision Not Required.  The Trust created under this Agreement shall be administered free from the active supervision of any court, except to remove or replace any Trustee or Successor Trustee.

Any proceedings to seek judicial instructions or a judicial determination shall be initiated by the Trustee in the appropriate state court having original jurisdiction of those matters relating to the construction and administration of Trusts.

SECTION 4.  The Trustee's Responsibility to Make Information Available to Beneficiary.  The Trustee shall report, at least annually, to the Beneficiary or the Beneficiary's legal representative, then eligible to receive discretionary distributions of the net income or principal from the Trust created in this Agreement, all receipts, disbursements and distributions occurring during the reporting period along with a complete statement of the Trust property.  An accounting spread sheet and copies of tax returns filed with Federal authorities shall constitute sufficient compliance with this Section 4.

6

FILED DATE: 12/6/2021 11:24 AM   2021CH06049

The records of the Trustee, along with all Trust documentation, shall be available and open at all reasonable times for the inspection of BERNARD BLACK. Such inspection shall not occur more than three (3) times per year.

The Trustee shall not be required to furnish Trust records or documentation to any individual, corporation, or other entity that is not a Beneficiary, or does not have the express written approval of a Beneficiary, or is not a legal representative of a minor or incapacitated Beneficiary.

SECTION 5. The Trustees' Fees and Commissions. The Trustee shall be entitled to commissions pursuant to Surrogate's Court Procedure Act 2309, subject to the following limitations on any Trustee, other than RENATA BLACK.

(1) The Trustees' commissions shall not exceed $10,000.00 in any Calendar Year, and the commissions for an individual Trustee, other than RENATA BLACK, shall not exceed $5,000.00 in any Calendar Year;

(2) In the event that the beneficiary's income from SSI or Workers' Compensation terminates, the Trustees' annual commissions shall not exceed $5,000.00;

(3) The total Trustees' commissions for any Successor Trustees to ANTHONY DAIN shall not exceed $5,000.00 per Calendar Year, irrespective of the number of Trustees;

(4) No commissions shall be payable out of the principal of the Trust.

(5) If a child of BERNARD BLACK acts as Trustee, then upon the death of JOANNE BLACK, this child shall receive, from the principal of the Trust, $5,000.00 multiplied by the number of whole years for which this child acted as Trustee, but no more than $50,000.00.

The Trustee shall be entitled to reimbursement from the Trust property for any out-of-pocket expenses incurred by the Trustee in administering the Trust, including, but not limited to, the preparation of any required tax returns and reasonable travel, board and lodging costs incurred by any Trustee in the performance of his or her duties.

SECTION 6. Successor Trustee. In the event either Trustee becomes incapacitated, dies or is otherwise unable to carry out the duties of Trustee, BERNARD BLACK, currently residing at 7 Goodwin Street, Hastings-on-Hudson, New York, shall act as Successor Co-Trustee in the place or stead of the Trustee named herein, upon his written acceptance of the terms of this TRUST, with the same duties and powers as are imposed and conferred by this TRUST Agreement upon the TRUSTEE.

7

FILED DATE: 12/6/2021 11:24 AM    2021CH06049

In the event any Trustee or Successor Trustee becomes incapacitated, dies or is otherwise unable to carry out the duties of Trustee, SAMUEL BLACK, if he is over the age of twenty-one (21) years, shall act as Successor Trustee in the place or stead of the Trustee herein named, upon his written acceptance of the terms of this Trust, with the same duties and powers as are imposed and conferred by this Trust Agreement upon the Trustee.

In the event any Trustee or Successor Trustee, while acting as Trustee, becomes incapacitated, dies or is otherwise unable to carry out the duties of Trustee, DAVID BLACK, if he is over the age of twenty-one (21) years, shall act as Successor Trustee in the place or stead of the Trustee herein named, upon his written acceptance of the terms of this Trust, with the same duties and powers as are imposed and conferred by this Trust Agreement upon the Trustee.

Any Successor Trustee, or all Trustees, if more than one is acting, shall have the power to name additional Successor Trustees to take office upon the death or resignation of any currently named Successor Trustee, and also the power to name BERNARD BLACK or a member of the family of BERNARD BLACK as Co-Trustee.

SECTION 7. Instructions to Successor Trustee. Any Successor Trustee to ANTHONY DAIN shall provide for the special needs of JOANNE BLACK in a manner no less generous than the decisions made by ANTHONY DAIN while he acted as Trustee.

SECTION 8. Limited Amendment of Trust. The Settlor specifically reserves the right to amend any of the provisions of ARTICLE VII of this Trust.

ARTICLE VIII

RULES AND DEFINITIONS

SECTION 1. Pronouns, Singular and Plural. Unless the context requires otherwise, words denoting the singular may be construed as denoting the plural, and words of the plural may be construed as denoting such other gender as is appropriate.

SECTION 2. Article and Paragraph Titles. The underlined article and paragraph titles are for convenience only and shall not affect the meaning of the language of this Trust.

SECTION 3. Representative of Beneficiary. The Conservator of a Beneficiary under legal disability or, if none, the Guardian of such person or, if none, the person having the right

8

FILED DATE: 12/6/2021 11:24 AM 2021CH06049

of custody of an incapacitated Beneficiary, may act for such Beneficiary for all purposes under the administrative provisions of this Trust.

The parties have executed this Agreement this 19ᵗʰ day of December, 1997.

_Renata Black_
RENATA BLACK, Settlor

_Renata Black_
RENATA BLACK, Trustee

ANTHONY DAIN, Trustee

STATE OF NEW YORK )
                                        : ss:
COUNTY OF WESTCHESTER )

On the 19ᵗʰ day of December, 1997, before me personally came

RENATA BLACK

to me known and known to me to be the individual described in and who executed the foregoing instrument and acknowledge to me that she executed the same as SETTLOR.

Notary Public

LEE A. HOFFMAN, JR.
NOTARY PUBLIC, STATE OF NEW YORK
No. 44-4607241
Qualified in Rockland County
Commission Expires July 31, 1999

9

STATE OF NEW YORK )
: ss:
COUNTY OF WESTCHESTER )

On the 19ᵗʰ day of December , 1997, before me personally came

RENATA BLACK

to me known and known to me to be the individual described in and who executed the foregoing instrument and acknowledge to me that she executed the same as TRUSTEE.

Notary Public
LEE A. HOFFMANN, JR.
NOTARY PUBLIC, STATE OF NEW YORK
No. 44-4607241
Qualified in Rockland County
Commission Expires July 31, 19__


STATE OF )
: ss.:
COUNTY OF )

On the day of , 199 , before me personally came

ANTHONY DAIN

to me known and known to me to be the individual described in and who executed the foregoing instrument and acknowledge to me that he executed the same as TRUSTEE.

Notary Public

10

FILED DATE: 12/6/2021 11:24 AM 2021CH06049

CALIFORNIA NON-CLAIM

State of California
County of San Diego

On January 30, 1998 before me, Barbara A. Sanders, personally appeared Anthony J. Dain, proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.



_Barbara Ann Sanders_
SIGNATURE OF NOTARY

FILED DATE: 12/6/2021 11:24 AM 2021CH06049

## SCHEDULE A

1.

Dated:   Westchester County, New York
         , 199

_____
RENATA BLACK, Settlor

_____
RENATA BLACK, Trustee

_____
ANTHONY DAIN, Trustee

San Diego, CA
1/30/98

11

FILED DATE: 12/6/2021 11:24 AM   2021CH06049

# Exhibit B

FILED DATE: 12/6/2021 11:24 AM   2021CH06049
FILED DATE: 6/17/2021 12:35 PM   2021CH02852

## SURROGATE'S COURT, STATE OF NEW YORK
## WESTCHESTER COUNTY

| In the Estate of | |
|---|---|
| RENATA BLACK, | **DISCLAIMER AND RENUNCIATION** (EPTL 2-1.11) |
| Deceased. | |
| | File No. 2012-1209 |

THIS INSTRUMENT made this _24th_ day of _December_, 2012 by JOANNE BLACK, residing at ~~Star Mount, 3830 Peoria Street~~, Denver, Colorado ~~80239~~.

## WITNESSETH:

WHEREAS, Renata Black ("Decedent") died on May 1, 2012, a resident of Mount Pleasant, and the Westchester County Surrogate's Court issued preliminary letters testamentary in her estate to Bernard Black on June 21, 2012;

WHEREAS, the agreements between the Decedent and Vanguard Group and between the Decedent and Fidelity Investments provide that a certain portion of the balance of each of the accounts listed on Schedule A, attached, shall be distributed to the undersigned upon the death of the Decedent;

WHEREAS, (i) The undersigned has made no assignment, conveyance, encumbrance, pledge, sale or other transfer of such property, or any contract therefore, (ii) the undersigned has not executed a written waiver of her right to disclaim such property, (iii) the undersigned has not accepted any benefits from such property, and (iv) there has not been a judicial sale of such property, in each case as of the date of this Disclaimer and Renunciation;

WHEREAS, in order to effectuate what the undersigned believes was the Decedent's true intention, the undersigned wishes to disclaim any right, title and interest the undersigned may have to receive the accounts listed on Schedule A, attached; and

WHEREAS, the interest the undersigned disclaims will pass to the Estate of Renata Black.

NOW THEREFORE, pursuant to Section 15-11-1205 of the Colorado Probate Code, Section 2-1.11 of the New York Estates, Powers and Trusts Law, and Section 6201 of the Pennsylvania Probate, Estates and Fiduciaries Code, the undersigned hereby irrevocably and unqualifiedly disclaims, renounces and refuses to accept the right the undersigned has in the accounts listed on Schedule A, attached. The undersigned intends this Disclaimer and Renunciation to be a qualified disclaimer under Section 2518 of the Internal Revenue Code.

CHI3116711383

FILED DATE: 12/6/2021 11:24 AM  2021CH06049
FILED DATE: 6/17/2021 12:35 PM  2021CH02952

IN WITNESS WHEREOF, JOANNE BLACK has executed this instrument on the date indicated above.

*Bernard Black, conservator*

Joanne Black *by her conservator,*
*Bernard Black, residing at*
*2829 Sheridan Place; Evanston IL 60201*

STATE OF ___IL___ )
) SS:
COUNTY OF ___Cook___ )

    I, a notary public in and for said County and State, hereby certify that JOANNE BLACK, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that she signed that instrument as her free and voluntary act, for the uses and purposes therein set forth.

Given under my hand and notarial seal on _____, 2012.

_____
Notary Public

OFFICIAL SEAL
CHRISTINA Q KAISER
NOTARY PUBLIC · STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/23/13

CH2N16911138.3

FILED DATE: 12/6/2021 11:24 AM  2021CH06049
FILED DATE: 6/17/2021 12:35 PM  2021CH02852

## ACKNOWLEDGMENT OF RECEIPT

The undersigned Executor hereby acknowledges receipt of the Disclaimer and Renunciation of Joanne Black.

DATED: _Dec 29, 2012_

_Bernard Black_
Bernard Black

STATE OF _IL_ )
                        ) SS:
COUNTY OF _Cook_ )

I, a notary public in and for said County and State, hereby certify that BERNARD BLACK, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed that instrument as his free and voluntary act, for the uses and purposes therein set forth.

Given under my hand and notarial seal on _Dec 29_, 2012.

Notary Public

OFFICIAL SEAL
CHRISTINA Q KAISER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/23/13

CH2\11671138.3

FILED DATE: 12/6/2021 11:24 AM 2021CH06049
FILED DATE: 6/17/2021 12:35 PM 2021CH02852

**SURROGATE'S COURT, STATE OF NEW YORK**
**WESTCHESTER COUNTY**

In the Estate of .

**RENATA BLACK,**

.Deceased.

**AFFIDAVIT OF NO**
**CONSIDERATION**
**(EPTL 2-1.11)**

File No. 2012-1209

STATE OF _____ )
                      :
COUNTY OF _____ )

JOANNE BLACK, being duly sworn, deposes and says:

1. I reside at ~~Star Motel, 3850 Peoria~~ Street, Denver, Colorado ~~80299~~.

2. By instrument dated _____, 2012, I disclaimed and renounced certain property otherwise distributable to me from the accounts listed on Schedule A, attached.

3. I have not received, and am not to receive, any consideration in money or money's worth for such renunciation from a person or person whose interest is to be accelerated.

*Bernard Black, conservator*
Joanne Black, by her conservator,
*Bernard Black*

Sworn to before me this 29 day of December 2012.

_____
Notary Public

OFFICIAL SEAL
CHRISTINA Q KAISER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/23/13

CH2N116711383

FILED DATE: 12/6/2021 11:24 AM 2021CH06049
FILED DATE: 6/17/2021 12:35 PM 2021CH02952

SURROGATE'S COURT, STATE OF NEW YORK
WESTCHESTER COUNTY

In the Estate of

RENATA BLACK,

Deceased.

NOTICE OF DISCLAIMER
AND RENUNCIATION
(EPTL 2-1.11)

File No. 2012-1209

PLEASE TAKE NOTICE that on _____, 2012 JOANNE BLACK irrevocably disclaimed and renounced her right, title and interest in and to the property distributable to her from the accounts listed on Schedule A, attached.

Dated: _____, 2012

SCHIFF HARDIN LLP
Attorneys for Bernard Black, Executor

Paul J. Collins
Kim Kamin
900 Third Avenue
New York, New York 10022
(212) 745-0821

TO:
1. Westchester County Surrogate's Court
2. Bernard Black, Executor of the Estate of Renata Black, Beneficiary of the Estate of Renata Black, and Co-Trustee of the Irrevocable Trust for the Benefit of the Issue of Renata Black
3. Anthony Dain, Co-Trustee of the Supplemental Needs Trust for the Benefit of Joanne Black, and Co-Trustee of the Irrevocable Trust for the Benefit of the Issue of Renata Black
4. Samuel Black, Co-Trustee of the Supplemental Needs Trust for the Benefit of Joanne Black

CH2\11671138.3

FILED DATE: 12/6/2021 11:24 AM 2021CH06049
FILED DATE: 6/17/2021 12:35 PM 2021CH02852

## SCHEDULE A

| | |
|---|---|
| Vanguard Group<br>P.O. Box 1110<br>Valley Forge, PA 19482 | 1. Account No. 09857700635<br>2. Account No. 88036051087<br>3. Brokerage Account No. 71182985<br>4. Account No. 09985084867<br>5. Account No. 09942879277<br>6. Brokerage Account No. 24603007<br>7. Brokerage Account No. 40474977<br>8. Account No. 09849338400<br>9. Brokerage Account No. 32769855 |
| Fidelity Investments<br>P.O. Box 770001<br>Cincinnati, OH 45277-0002 | 10. Account No. X49-185159 |

CH2\16711383

FILED DATE: 12/6/2021 11:24 AM  2021CH06049
FILED DATE: 8/17/2021 12:35 PM  2021CH02852

## DISCLAIMER
## ACKNOWLEDGEMENT AND INDEMNIFICATION

I, __Joanne Black_____ ("Disclaimant"), have attached to this document or previously delivered to Vanguard (as defined below), an original or certified copy of a disclaimer dated _____ ("Disclaimer") regarding an interest in the Vanguard account(s).

I hereby certify the following:

    1. To the best of my knowledge, the Disclaimer is valid under the laws of the State of __Colorado_____.

    2. I understand that Vanguard does not determine the validity of the Disclaimer nor whether the Disclaimer meets the requirements to be a "qualified disclaimer," as that term is defined in Section 2518(b) of the Internal Revenue Code.

    3. I have consulted with my own advisor prior to making the Disclaimer and am solely responsible for any legal or tax consequence that may result if the Disclaimer is determined not to be valid and/or not to be a qualified disclaimer.

    4. I acknowledge that the Disclaimer is irrevocable and I understand that once Vanguard has processed a transfer or a transaction in accordance with the Disclaimer the transfer or transaction may not be reversed.

FILED DATE: 12/6/2021 11:24 AM 2021CH06049
FILED DATE: 6/17/2021 12:35 PM 2021CH02852

5. I agree to indemnify and hold harmless The Vanguard Group, Inc., Vanguard Marketing Corporation, the investment company members of the Vanguard Group, their parents, affiliates, subsidiaries, successors and assigns, and their respective present and former officers, directors, trustees, employees, shareholders, agents, successors and assigns (collectively, "Vanguard") from and against any and all claims, liabilities, costs and expenses (including court costs and reasonable attorneys' fees) or loss of any kind arising from Vanguard's reliance upon and action as a result of the representations and information provided by me in this Disclaimer and from any adverse tax consequences that I incur as a result of making the Disclaimer.

_Bernard Black, conservator_  _Dec. 29, 2012_
Disclaimant's Signature                Date
_by her conservator, Bernard Black_

Sworn to before me this _29th_ day of _Dec_ , 20 _12_

_Christina Q Kaiser_
Notary Public

\\[SEAL]

```
OFFICIAL SEAL
CHRISTINA Q KAISER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/23/13
```

FILED DATE: 12/6/2021 11:24 AM 2021CH05049

# Exhibit C

FILED DATE: 12/6/2021 11:24 AM  2021CH06049
FILED DATE: 6/17/2021 12:35 PM  2021CH02952

## DISCLAIMER
## ACKNOWLEDGEMENT AND INDEMNIFICATION

I, **Rebekah Black (also known as Bekah Black)** ("Disclaimant"), have attached to this document or previously delivered to Vanguard (as defined below), an original or certified copy of a disclaimer dated _November 7, 2019_ ("Disclaimer") regarding an interest in the Vanguard account(s).

I hereby certify the following:

    1.  To the best of my knowledge, the Disclaimer is valid under the laws of the State of _California_____.

    2.  I understand that Vanguard does not determine the validity of the Disclaimer nor whether the Disclaimer meets the requirements to be a "qualified disclaimer," as that term is defined in Section 2518(b) of the Internal Revenue Code.

    3.  I have consulted with my own advisor prior to making the Disclaimer and am solely responsible for any legal or tax consequence that may result if the Disclaimer is determined not to be valid and/or not to be a qualified disclaimer.

    4.  I acknowledge that the Disclaimer is irrevocable and I understand that once Vanguard has processed a transfer or a transaction in accordance with the Disclaimer the transfer or transaction may not be reversed.

FILED DATE: 12/6/2021 11:24 AM 2021CH06049
FILED DATE: 8/17/2021 12:35 PM 2021CH02952

5. I agree to indemnify and hold harmless The Vanguard Group, Inc., Vanguard Marketing Corporation, the investment company members of the Vanguard Group, their parents, affiliates, subsidiaries, successors and assigns, and their respective present and former officers, directors, trustees, employees, shareholders, agents, successors and assigns (collectively, "Vanguard") from and against any and all claims, liabilities, costs and expenses (including court costs and reasonable attorneys' fees) or loss of any kind arising from Vanguard's reliance upon and action as a result of the representations and information provided by me in this Disclaimer and from any adverse tax consequences that I incur as a result of making the Disclaimer.

_____         ___11/7/12___
Disclaimant's Signature                           Date ...

Sworn to before me this __7th__ day of __November__, 20_12_.

_____
Harry H. Kharadjian
Notary Public

\[SEAL]

HARRY H. KHARADJIAN
COMM #1916988
Notary Public-California
LOS ANGELES COUNTY
My Comm. Exp. DEC 13, 2014

FILED DATE: 12/6/2021 11:24 AM 2021CH06049
FILED DATE: 6/17/2021 12:35 PM 2021CH02852

## SURROGATE'S COURT, STATE OF NEW YORK
## WESTCHESTER COUNTY

In the Estate of

RENATA BLACK,

Deceased.

DISCLAIMER AND
RENUNCIATION
(EPTL 2-1.11)

File No. 2012-1209

THIS INSTRUMENT made this 7ᵗʰ day of _November_, 2012 by REBEKAH H. BLACK (also known as BEKAH BLACK), residing at 6649A Del Playa Drive, Isla Vista, California 93117.

### WITNESSETH:

WHEREAS, Renata Black ("Decedent") died on May 1, 2012, a resident of Mount Pleasant, and the Westchester County Surrogate's Court issued preliminary letters testamentary in her estate to Bernard Black on June 21, 2012;

WHEREAS, the agreements between the Decedent and Vanguard Group provide that a certain portion of the balance of each of the accounts listed on Schedule A, attached, shall be distributed to the undersigned upon the death of the Decedent;

WHEREAS, (i) The undersigned has made no assignment, conveyance, encumbrance, pledge, sale or other transfer of such property, or any contract therefore, (ii) the undersigned has not executed a written waiver of her right to disclaim such property, (iii) the undersigned has not accepted any benefits from such property, and (iv) there has not been a judicial sale of such property, in each case as of the date of this Disclaimer and Renunciation;

WHEREAS, in order to effectuate what the undersigned believes was the Decedent's true intention, the undersigned wishes to disclaim any right, title and interest the undersigned may have to receive the accounts listed on Schedule A, attached; and

WHEREAS, the interest the undersigned disclaims will pass to the Estate of Renata Black.

NOW THEREFORE, pursuant to Section 278 of the Probate Code of the State of California, Section 2–1.11 of the New York Estates, Powers and Trusts Law, and Section 6201 of the Pennsylvania Probate, Estates and Fiduciaries Code, the undersigned hereby irrevocably and unqualifiedly disclaims, renounces and refuses to accept the right the undersigned has in the accounts listed on Schedule A, attached. The undersigned intends this Disclaimer and Renunciation to be a qualified disclaimer under Section 2518 of the Internal Revenue Code.

CH2\11\870675.1

FILED DATE: 12/6/2021 11:24 AM  2021CH06049
FILED DATE: 6/17/2021 12:35 PM  2021CH02852

**SURROGATE'S COURT, STATE OF NEW YORK**
**WESTCHESTER COUNTY**

In the Estate of

RENATA BLACK,

                     Deceased.

**AFFIDAVIT OF NO**
**CONSIDERATION**
**(EPTL 2-1.11)**

File No. 2012-1209

STATE OF _California_ )

COUNTY OF _Los Angeles_ )

     REBEKAH H. BLACK (also known as BEKAH BLACK), being duly sworn, deposes and says:

1. I reside at 6649A Del Playa Drive, Isla Vista, California 93117.

2. By instrument dated _Nov 7_, 2012, I disclaimed and renounced certain property otherwise distributable to me from the accounts listed on Schedule A, attached.

3. I have not received, and am not to receive, any consideration in money or money's worth for such renunciation from a person or person whose interest is to be accelerated.

                                    Rebekah H. Black

Sworn to before me this 7th day of _November_, 2012.

_Harry H. Kharadjian_
Notary Public

FILED DATE: 12/6/2021 11:24 AM 2021CH05049
FILED DATE: 6/17/2021 12:35 PM 2021CH02852

IN WITNESS WHEREOF, REBEKAH H. BLACK (also known as BEKAH BLACK) has executed this instrument on the date indicated above.

Rebekah H. Black

STATE OF _California_ )
) SS:
COUNTY OF _Los Angeles_ )

I, a notary public in and for said County and State, hereby certify that REBEKAH H. BLACK, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that she signed that instrument as her free and voluntary act, for the uses and purposes therein set forth.

Given under my hand and notarial seal on _November 7_, 2012.

Harry H. Kharadjian
Notary Public



CH2\11870675.1

FILED DATE: 12/6/2021 11:24 AM 2021CH06049
FILED DATE: 8/17/2021 12:35 PM 2021CH02852

### ACKNOWLEDGMENT OF RECEIPT

The undersigned Executor hereby acknowledges receipt of the Disclaimer and Renunciation of Rebekah H. Black (also known as Bekah Black).

DATED: _11/7/2012_

_Bernard Black_
Bernard Black

STATE OF _California_ )
                              ) SS:
COUNTY OF _Los Angeles_ )

I, a notary public in and for said County and State, hereby certify that BERNARD BLACK, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed that instrument as his free and voluntary act, for the uses and purposes therein set forth.

Given under my hand and notarial seal on _November 7_, 2012.

_Harry H. Kharadjian_
Notary Public

HARRY H. KHARADJIAN
COMM #1916938
Notary Public-California
LOS ANGELES COUNTY
My Comm. Exp. DEC 13, 2014

CHI:1118796675.1

FILED DATE: 12/6/2021 11:24 AM   2021CH06049
FILED DATE: 8/17/2021 12:35 PM   2021CH02852

**SURROGATE'S COURT, STATE OF NEW YORK**
**WESTCHESTER COUNTY**

In the Estate of

RENATA BLACK,

Deceased.

**NOTICE OF DISCLAIMER**
**AND RENUNCIATION**
**(EPTL 2-1.11)**

File No. 2012-1209

PLEASE TAKE NOTICE that on _____, 2012 REBEKAH H. BLACK (also known as BEKAH BLACK) irrevocably disclaimed and renounced her right, title and interest in and to the property distributable to her from the accounts listed on Schedule A, attached.

Dated: _____, 2012

SCHIFF HARDIN LLP
Attorneys for Bernard Black, Executor

Paul J. Collins
Kim Kamin
900 Third Avenue
New York, New York 10022
(212) 745-0821

TO:
1. Westchester County Surrogate's Court
2. Bernard Black, Executor of the Estate of Renata Black, Beneficiary of the Estate of Renata Black, and Co-Trustee of the Irrevocable Trust for the Benefit of the Issue of Renata Black
3. Anthony Dain, Co-Trustee of the Supplemental Needs Trust for the Benefit of Joanne Black, and Co-Trustee of the Irrevocable Trust for the Benefit of the Issue of Renata Black
4. Samuel Black, Co-Trustee of the Supplemental Needs Trust for the Benefit of Joanne Black

CH2\11870675.1

FILED DATE: 12/6/2021 11:24 AM   2021CH06049
FILED DATE: 6/17/2021 12:35 PM   2021CH02852

## SCHEDULE A

| | |
|---|---|
| Vanguard Group<br>P.O. Box 1110<br>Valley Forge, PA 19482 | 1.  Account No. 09857700635<br>2.  Account No. 88036051087<br>3.  Brokerage Account No. 71182985<br>4.  Account No. 09985084867<br>5.  Brokerage Account No. 40474977 |

CR2\11870875.1

FILED DATE: 6/17/2021 12:35 PM   2021CH02952

SURROGATE'S COURT, STATE OF NEW YORK
WESTCHESTER COUNTY

In the Estate of

RENATA BLACK,

            Deceased.

DISCLAIMER AND
**RENUNCIATION**
(EPTL 2-1.11)

File No. 2012-1209

THIS INSTRUMENT made this 18 day of Dec. , 2012 by DAVID H. BLACK, residing at 83 Albion Street, Apt. 2, San Francisco, California 94103.

WITNESSETH:

WHEREAS, Renata Black ("Decedent") died on May 1, 2012, a resident of Mount Pleasant, and the Westchester County Surrogate's Court issued preliminary letters testamentary in her estate to Bernard Black on June 21, 2012; and

WHEREAS, the agreements between the Decedent and Vanguard Group provide that (i) one percent of the balance of each of the accounts listed on Schedule A, attached, shall be distributed to the undersigned upon the death of the Decedent, and (ii) any portion of the balance of such accounts that is disclaimed by any one beneficiary shall be allocated among the remaining beneficiaries proportionately in the shares the Decedent originally designated; and

WHEREAS, the undersigned is willing to accept only the one percent portion of the balance of each of the accounts listed on Schedule A, attached, that the Decedent designated to be distributed to the undersigned upon the death of the Decedent; and

WHEREAS, with respect to any other portion of the accounts listed on Schedule A, attached, that the undersigned is entitled to by reason of disclaimer by any other beneficiary, (i) the undersigned has made no assignment, conveyance, encumbrance, pledge, sale or other transfer of such property, or any contract therefore, (ii) the undersigned has not executed a written waiver of his right to disclaim such property, (iii) the undersigned has not accepted any benefits from such property, and (iv) there has not been a judicial sale of such property, in each case as of the date of this Disclaimer and Renunciation; and

WHEREAS, in order to effectuate what the undersigned believes was the Decedent's true intention, the undersigned wishes to disclaim any right, title and interest the undersigned may have to receive the portion of the accounts listed on Schedule A, attached, that the undersigned is entitled to by reason of disclaimer by any other beneficiary; and

WHEREAS, the interest the undersigned disclaims will pass to the Estate of Renata Black.

NOW THEREFORE, pursuant to Section 9-202 of the Estates and Trusts Code of the State of Maryland, Section 2-1.11 of the New York Estates, Powers and Trusts Law, and Section

6201 of the Pennsylvania Probate, Estates and Fiduciaries Code, while the undersigned has accepted the 1% interest designated for him in the accounts listed on Schedule A, attached, the undersigned hereby irrevocably and unqualifiedly disclaims, renounces and refuses to accept the right the undersigned has in the portion of the accounts listed on Schedule A, attached, that the undersigned is entitled to by reason of disclaimer by any other beneficiary. The undersigned intends this Disclaimer and Renunciation to be a qualified disclaimer under Section 2518 of the Internal Revenue Code.

IN WITNESS WHEREOF, DAVID H. BLACK has executed this instrument on the date indicated above.

                                      David H. Black

STATE OF CALIFORNIA )
                               ) ss.:
COUNTY OF ALAMEDA )

On the 24th day of Dec. , 2012, before me, the undersigned, a Notary Public in and for said State, personally appeared DAVID H. BLACK, personally known to me [or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, or the person upon behalf of which the individual acted, the individual executed the within instrument and that such individual made such appearance before the undersigned in BERKELEY CALIFORNIA (insert the city or other political subdivision and the state or country the acknowledgment was taken)

                                           Notary Public

ANDREW ADIKRI BAFIE
COMM. # 1862758
NOTARY PUBLIC-CALIFORNIA
ALAMEDA COUNTY
My Comm. Exp. Sept. 27, 2014

FILED DATE: 12/6/2021 11:24 AM   2021CH06049

## ACKNOWLEDGMENT OF RECEIPT

The undersigned Executor hereby acknowledges receipt of the Disclaimer and Renunciation of David H. Black.

DATED: Dec. 29, 2012

*Bernard Black*

Bernard Black

STATE OF IL }
COUNTY OF Cook } ss.:

On the 29th day of Dec 2012, before me, the undersigned, a Notary Public in and for said State, personally appeared BERNARD BLACK, personally known to me, or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, or the person upon behalf of which the individual acted, the individual executed the within instrument and that such individual made such appearance before the undersigned in Northfield IL (Insert the city or other political subdivision and the state or country the acknowledgment was taken)

*Christina Kaiser*

Notary Public

```
┌─────────────────────────┐
│      OFFICIAL SEAL      │
│   CHRISTINA Q KAISER   │
│ NOTARY PUBLIC - STATE OF ILLINOIS │
│ MY COMMISSION EXPIRES:10/23/13 │
└─────────────────────────┘
```

CHICT181382.1

---

SURROGATE'S COURT, STATE OF NEW YORK
WESTCHESTER COUNTY

In the Estate of

RENATA BLACK,

Deceased.

AFFIDAVIT OF NO CONSIDERATION
(EPTL 2-1.11)

File No. 2012-1209

STATE OF California }
COUNTY OF Alameda }

DAVID H. BLACK, being duly sworn, deposes and says:

579 Monterey Blvd
San Francisco, CA
94127

1. I reside at 83 Albion Street, Apt. 2, San Francisco, California 94103.

2. By instrument dated _____, 2012, I disclaimed and renounced certain property otherwise distributable to me from the accounts listed on Schedule A attached.

3. I have not received, and am not to receive, any consideration in money or money's worth for such renunciation from a person or person whose interest is to be accelerated.

*David H. Black*

David H. Black

Sworn to before me this 28th day of De_____, 2012.

Notary Public

```
┌──────────────────────────┐
│ (seal)  ANDREW ADIKRI BAPIL │
│         COMM. # 1862756     │
│    NOTARY PUBLIC - CALIFORNIA │
│         ALAMEDA COUNTY      │
│  My Comm. Exp. Sept 22, 2014 │
└──────────────────────────┘
```

CHICT181387.1

FILED DATE: 6/17/2021 12:35 PM   2021CH02952

**SCHEDULE A**

| Venguard Group | 1. Account No. 09857700635 |
|---|---|
| P.O. Box 1110 | 2. Account No. 88036051087 |
| Valley Forge, PA 19482 | 3. Brokerage Account No. 71182985 |
| | 4. Account No. 09985084867 |
| | 5. Brokerage Account No. 40474977 |

**SURROGATE'S COURT, STATE OF NEW YORK**
**WESTCHESTER COUNTY**

In the Estate of

RENATA BLACK,

           Deceased.

**NOTICE OF DISCLAIMER
AND RENUNCIATION**
(EPTL 2-1.11)

File No. 2012-1209

PLEASE TAKE NOTICE that on Dec 4TH, 2012 DAVID H. BLACK irrevocably disclaimed and renounced his right, title and interest in and to the portion of the property distributable to him from the accounts listed on Schedule A, attached, that he is entitled to by reason of disclaimer by any other beneficiary.

Dated: Dec 4th, 2012

                   **SCHIFF HARDIN LLP**
                   Attorneys for Bernard Black, Executor

                   Paul J. Collins
                   Kim Kamin
                   900 Third Avenue
                   New York, New York 10022
                   (212) 745-0821

TO:
1. Westchester County Surrogate's Court
2. Bernard Black, Executor of the Estate of Renata Black, Beneficiary of the Estate of Renata Black, Co-Trustee of the Irrevocable Trust for the Benefit of the Issue of Renata Black and Co-Trustee of the Supplemental Needs Trust for the Benefit of Joanne Black
3. Anthony Dain, Co-Trustee of the Supplemental Needs Trust for the Benefit of Joanne Black, and Co-Trustee of the Irrevocable Trust for the Benefit of the Issue of Renata Black

FILED DATE: 6/17/2021 12:35 PM   2021CH02652

## DISCLAIMER
## ACKNOWLEDGEMENT AND INDEMNIFICATION

I, **David Black** _____ ("Disclaimant"), have attached to this document or previously delivered to Vanguard (as defined below), an original or certified copy of a disclaimer dated _____ ("Disclaimer") regarding an interest in the Vanguard account(s).

I hereby certify the following:

1. To the best of my knowledge, the Disclaimer is valid under the laws of the State of ___California___.

2. I understand that Vanguard does not determine the validity of the Disclaimer nor whether the Disclaimer meets the requirements to be a "qualified disclaimer," as that term is defined in Section 2518(b) of the Internal Revenue Code.

3. I have consulted with my own advisor prior to making the Disclaimer and am solely responsible for any legal or tax consequence that may result if the Disclaimer is determined not to be valid and/or not to be a qualified disclaimer.

4. I acknowledge that the Disclaimer is irrevocable and I understand that once Vanguard has processed a transfer or a transaction in accordance with the Disclaimer the transfer or transaction may not be reversed.

5. I agree to indemnify and hold harmless The Vanguard Group, Inc., Vanguard Marketing Corporation, the investment company members of the Vanguard Group, their parents, affiliates, subsidiaries, successors and assigns, and their respective present and former officers, directors, trustees, employees, shareholders, agents, successors and assigns (collectively, "Vanguard") from and against any and all claims, liabilities, costs and expenses (including court costs and reasonable attorneys' fees) or loss of any kind arising from Vanguard's reliance upon and action as a result of the representations and information provided by me in this Disclaimer and from any adverse tax consequences that I incur as a result of making the Disclaimer.

_____       4 Dec. 2012
Disclaimant's Signature              Date

Sworn to before me this 04th day of DECEMBER, 2012

_____
Notary Public

\[SEAL]

ANDREW ADIKRI BAPE
COMM. # 1862758
NOTARY PUBLIC · CALIFORNIA
ALAMEDA COUNTY
My Comm. Exp. Sept. 22, 2013

FILED DATE: 12/6/2021 11:24 AM  2021CH06049
FILED DATE: 6/17/2021 12:35 PM  2021CH02952

## DISCLAIMER
## ACKNOWLEDGEMENT AND INDEMNIFICATION

I, ___Samuel Black_____ ("Disclaimant"), have attached to this document or previously delivered to Vanguard (as defined below), an original or certified copy of a disclaimer dated _____ ("Disclaimer") regarding an interest in the Vanguard account(s).

I hereby certify the following:

1. To the best of my knowledge, the Disclaimer is valid under the laws of the State of ___Maryland_____.

2. I understand that Vanguard does not determine the validity of the Disclaimer nor whether the Disclaimer meets the requirements to be a "qualified disclaimer," as that term is defined in Section 2518(b) of the Internal Revenue Code.

3. I have consulted with my own advisor prior to making the Disclaimer and am solely responsible for any legal or tax consequence that may result if the Disclaimer is determined not to be valid and/or not to be a qualified disclaimer.

4. I acknowledge that the Disclaimer is irrevocable and I understand that once Vanguard has processed a transfer or a transaction in accordance with the Disclaimer the transfer or transaction may not be reversed.

FILED DATE: 12/6/2021 11:24 AM 2021CH06049
FILED DATE: 6/17/2021 12:35 PM 2021CH02952

5. I agree to indemnify and hold harmless The Vanguard Group, Inc., Vanguard Marketing Corporation, the investment company members of the Vanguard Group, their parents, affiliates, subsidiaries, successors and assigns, and their respective present and former officers, directors, trustees, employees, shareholders, agents, successors and assigns (collectively, "Vanguard") from and against any and all claims, liabilities, costs and expenses (including court costs and reasonable attorneys' fees) or loss of any kind arising from Vanguard's reliance upon and action as a result of the representations and information provided by me in this Disclaimer and from any adverse tax consequences that I incur as a result of making the Disclaimer.

_____        _12-20-12_
Disclaimant's Signature                        Date

Sworn to before me this _20th_ day of _December_, 20_12_.

_____
Notary Public

\[SEAL]

FILED DATE: 12/6/2021 11:24 AM  2021CH06049
FILED DATE: 6/17/2021 12:35 PM  2021CH02952

SURROGATE'S COURT, STATE OF NEW YORK
WESTCHESTER COUNTY

In the Estate of

RENATA BLACK,

Deceased.

DISCLAIMER AND
RENUNCIATION
(EPTL 2-1.11)

File No. 2012-1209

THIS INSTRUMENT made this *20th* day of *December*, 2012 by SAMUEL H. BLACK, residing at 313 S. Fremont Avenue , Baltimore, Maryland 21230.

WITNESSETH:

WHEREAS, Renata Black ("Decedent") died on May 1, 2012, a resident of Mount Pleasant, and the Westchester County Surrogate's Court issued preliminary letters testamentary in her estate to Bernard Black on June 21, 2012;

WHEREAS, the agreements between the Decedent and Vanguard Group provide that a certain portion of the balance of each of the accounts listed on Schedule A, attached, shall be distributed to the undersigned upon the death of the Decedent;

WHEREAS, (i) The undersigned has made no assignment, conveyance, encumbrance, pledge, sale or other transfer of such property, or any contract therefore, (ii) the undersigned has not executed a written waiver of her right to disclaim such property, (iii) the undersigned has not accepted any benefits from such property, and (iv) there has not been a judicial sale of such property, in each case as of the date of this Disclaimer and Renunciation;

WHEREAS, in order to effectuate what the undersigned believes was the Decedent's true intention, the undersigned wishes to disclaim any right, title and interest the undersigned may have to receive the accounts listed on Schedule A, attached; and

WHEREAS, the interest the undersigned disclaims will pass to the Estate of Renata Black.

NOW THEREFORE, pursuant to Section 9-202 of the Estates and Trusts Code of the State of Maryland, Section 2-1.11 of the New York Estates, Powers and Trusts Law, and Section 6201 of the Pennsylvania Probate, Estates and Fiduciaries Code, the undersigned hereby irrevocably and unqualifiedly disclaims, renounces and refuses to accept the right the undersigned has in the accounts listed on Schedule A, attached. The undersigned intends this Disclaimer and Renunciation to be a qualified disclaimer under Section 2518 of the Internal Revenue Code.

CH2\11870993.1

FILED DATE: 12/6/2021 11:24 AM  2021CH06049
FILED DATE: 6/17/2021 12:35 PM  2021CH02852

IN WITNESS WHEREOF, SAMUEL H. BLACK has executed this instrument on the date indicated above.

_____
Samuel H. Black

STATE OF _Maryland_ )
 ) SS:
COUNTY OF _Baltimore County_ )

I, a notary public in and for said County and State, hereby certify that SAMUEL H. BLACK, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed that instrument as his free and voluntary act, for the uses and purposes therein set forth.

Given under my hand and notarial seal on _December 20_, 2012.

_____
Notary Public

CH21187099J.1

FILED DATE: 12/6/2021 11:24 AM  2021CH06049
FILED DATE: 6/17/2021 12:35 PM  2021CH02952

**SURROGATE'S COURT, STATE OF NEW YORK
WESTCHESTER COUNTY**

In the Estate of

RENATA BLACK,

　　　　　　　　　Deceased.

**AFFIDAVIT OF NO
CONSIDERATION
(EPTL 2-1.11)**

File No. 2012-1209

STATE OF Maryland　　　)

COUNTY OF Baltimore City

SAMUEL H. BLACK, being duly sworn, deposes and says:

1. I reside at 313 S. Fremont Avenue, Baltimore, Maryland 21230.

2. By instrument dated _____, 2012, I disclaimed and renounced certain property otherwise distributable to me from the accounts listed on Schedule A, attached.

3. I have not received, and am not to receive, any consideration in money or money's worth for such renunciation from a person or person whose interest is to be accelerated.

　　　　　　　　　　　　　　_Sam Black_
　　　　　　　　　　　　　　Samuel H. Black

Sworn to before me this 20ᵗʰ day of December, 2012.

_____
Notary Public

CH2M 18709983.1

FILED DATE: 12/6/2021 11:24 AM 2021CH06049
FILED DATE: 6/17/2021 12:35 PM 2021CH02952

## ACKNOWLEDGMENT OF RECEIPT

The undersigned Executor hereby acknowledges receipt of the Disclaimer and Renunciation of Samuel H. Black.

DATED: _Dec. 29, 2012_

_Bernard Black_

Bernard Black

STATE OF ___IL___ )

                    ) SS:

COUNTY OF ___Cook___ )

I, a notary public in and for said County and State, hereby certify that BERNARD BLACK, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed that instrument as his free and voluntary act, for the uses and purposes therein set forth.

Given under my hand and notarial seal on ___Dec 29___, 2012.

Notary Public

```
OFFICIAL SEAL
CHRISTINA Q KAISER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/23/13
```

CHZM1870993.1

FILED DATE: 12/6/2021 11:24 AM  2021CH06049
FILED DATE: 6/17/2021 12:35 PM  2021CH02852

SURROGATE'S COURT, STATE OF NEW YORK
WESTCHESTER COUNTY

In the Estate of

        RENATA BLACK,

                    Deceased.

NOTICE OF DISCLAIMER
AND RENUNCIATION
(EPTL 2-1.11)

File No. 2012-1209

PLEASE TAKE NOTICE that on _____, 2012 SAMUEL H. BLACK irrevocably disclaimed and renounced his right, title and interest in and to the property distributable to him from the accounts listed on Schedule A, attached.

Dated: _____, 2012

SCHIFF HARDIN LLP
Attorneys for Bernard Black, Executor

Paul J. Collins
Kim Kamin
900 Third Avenue
New York, New York 10022
(212) 745-0821

TO:
1. Westchester County Surrogate's Court
2. Bernard Black, Executor of the Estate of Renata Black, Beneficiary of the Estate of Renata Black, and Co-Trustee of the Irrevocable Trust for the Benefit of the Issue of Renata Black
3. Anthony Dain, Co-Trustee of the Supplemental Needs Trust for the Benefit of Joanne Black, and Co-Trustee of the Irrevocable Trust for the Benefit of the Issue of Renata Black
4. Samuel Black, Co-Trustee of the Supplemental Needs Trust for the Benefit of Joanne Black

CH\NI1870993.1

FILED DATE: 12/6/2021 11:24 AM 2021CH06049
FILED DATE: 8/17/2021 12:35 PM 2021CH02952

## SCHEDULE A

| Vanguard Group<br>P.O. Box 1110<br>Valley Forge, PA 19482 | 1. Account No. 09857700635<br>2. Account No. 88036051087<br>3. Brokerage Account No. 71182985<br>4. Account No. 09985084867<br>5. Brokerage Account No. 40474977 |
| --- | --- |

CH2\1870993.1

FILED DATE: 12/6/2021 11:24 AM 2021CH05049
FILED DATE: 8/17/2021 12:35 PM 2021CH02952

## DISCLAIMER
## ACKNOWLEDGEMENT AND INDEMNIFICATION

I, __Benjamin Black__ ("Disclaimant"), have attached to this document or previously delivered to Vanguard (as defined below), an original or certified copy of a disclaimer dated __10 December 2012__ ("Disclaimer") regarding an interest in the Vanguard account(s).

I hereby certify the following:

    1. To the best of my knowledge, the Disclaimer is valid under the laws of the State of __New York__ .

    2. I understand that Vanguard does not determine the validity of the Disclaimer nor whether the Disclaimer meets the requirements to be a "qualified disclaimer," as that term is defined in Section 2518(b) of the Internal Revenue Code.

    3. I have consulted with my own advisor prior to making the Disclaimer and am solely responsible for any legal or tax consequence that may result if the Disclaimer is determined not to be valid and/or not to be a qualified disclaimer.

    4. I acknowledge that the Disclaimer is irrevocable and I understand that once Vanguard has processed a transfer or a transaction in accordance with the Disclaimer the transfer or transaction may not be reversed.

FILED DATE: 12/6/2021 11:24 AM  2021CH06049
FILED DATE: 6/17/2021 12:35 PM  2021CH02952

5.  I agree to indemnify and hold harmless The Vanguard Group, Inc., Vanguard Marketing Corporation, the investment company members of the Vanguard Group, their parents, affiliates, subsidiaries, successors and assigns, and their respective present and former officers, directors, trustees, employees, shareholders, agents, successors and assigns (collectively, "Vanguard") from and against any and all claims, liabilities, costs and expenses (including court costs and reasonable attorneys' fees) or loss of any kind arising from Vanguard's reliance upon and action as a result of the representations and information provided by me in this Disclaimer and from any adverse tax consequences that I incur as a result of making the Disclaimer.

_____        10 Dec 2012
Disclaimant's Signature                              Date

Sworn to before me this _10th_ day of _December_, 20 _12_

_____
Notary Public

\[SEAL]

EDWARD TORRADO
Notary Public, State of New York
No. 01TO6149081
Qualified in New York County
Commission Expires July 3, 2014

FILED DATE: 12/6/2021 11:24 AM   2021CH06049
FILED DATE: 8/17/2021 12:35 PM   2021CH02952

**SURROGATE'S COURT, STATE OF NEW YORK
WESTCHESTER COUNTY**

In the Estate of

      RENATA BLACK,

                        Deceased.

**DISCLAIMER AND
RENUNCIATION
(EPTL 2-1.11)**

File No. 2012-1209

THIS INSTRUMENT made this 10 day of December , 2012 by BENJAMIN H. BLACK, residing at 147 Bayard Street, 2nd Floor, Brooklyn, New York 11222.

## W I T N E S S E T H :

WHEREAS, Renata Black ("Decedent") died on May 1, 2012, a resident of Mount Pleasant, and the Westchester County Surrogate's Court issued preliminary letters testamentary in her estate to Bernard Black on June 21, 2012; and

WHEREAS, the agreements between the Decedent and Vanguard Group provide that (i) one percent of the balance of each of the accounts listed on Schedule A, attached, shall be distributed to the undersigned upon the death of the Decedent, and (ii) any portion of the balance of such accounts that is disclaimed by any one beneficiary shall be allocated among the remaining beneficiaries proportionately in the shares the Decedent originally designated; and

WHEREAS, the undersigned is willing to accept only the one percent portion of the balance of each of the accounts listed on Schedule A, attached, that the Decedent designated to be distributed to the undersigned upon the death of the Decedent; and

WHEREAS, with respect to any other portion of the accounts listed on Schedule A, attached, that the undersigned is entitled to by reason of disclaimer by any other beneficiary, (i) the undersigned has made no assignment, conveyance, encumbrance, pledge, sale or other transfer of such property, or any contract therefore, (ii) the undersigned has not executed a written waiver of his right to disclaim such property, (iii) the undersigned has not accepted any benefits from such property, and (iv) there has not been a judicial sale of such property, in each case as of the date of this Disclaimer and Renunciation; and

WHEREAS, in order to effectuate what the undersigned believes was the Decedent's true intention, the undersigned wishes to disclaim any right, title and interest the undersigned may have to receive the portion of the accounts listed on Schedule A, attached, that the undersigned is entitled to by reason of disclaimer by any other beneficiary; and

WHEREAS, the interest the undersigned disclaims will pass to the Estate of Renata Black.

NOW THEREFORE, pursuant to Section 9-202 of the Estates and Trusts Code of the State of Maryland, Section 2–1.11 of the New York Estates, Powers and Trusts Law, and Section

CH2\2037619.1

FILED DATE: 12/6/2021 11:24 AM 2021CH06049
FILED DATE: 6/17/2021 12:35 PM 2021CH02952

6201 of the Pennsylvania Probate, Estates and Fiduciaries Code, while the undersigned has accepted the 1% interest designated for him in the accounts listed on Schedule A, attached, the undersigned hereby irrevocably and unqualifiedly disclaims, renounces and refuses to accept the right the undersigned has in the portion of the accounts listed on Schedule A, attached, that the undersigned is entitled to by reason of disclaimer by any other beneficiary. The undersigned intends this Disclaimer and Renunciation to be a qualified disclaimer under Section 2518 of the Internal Revenue Code.

IN WITNESS WHEREOF, BENJAMIN H. BLACK has executed this instrument on the date indicated above.

Benjamin H. Black

STATE OF _New York_ )
): ss.:
COUNTY OF _New York_ )

On the _10th_ day of _December_ 2012, before me, the undersigned, a Notary Public in and for said State, personally appeared BENJAMIN H. BLACK, personally known to me, or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, or the person upon behalf of which the individual acted, the individual executed the within instrument and that such individual made such appearance before the undersigned in _New York city ny_ (Insert the city or other political subdivision and the state or country the acknowledgment was taken)

Notary Public

EDWARD TORRADO
Notary Public, State of New York
No. 01TO6149081
Qualified in New York County
Commission Expires July 3, 2014

CHNI2037619.1

FILED DATE: 12/6/2021 11:24 AM  2021CH06049
FILED DATE: 6/17/2021 12:35 PM  2021CH02952

## ACKNOWLEDGMENT OF RECEIPT

The undersigned Executor hereby acknowledges receipt of the Disclaimer and Renunciation of Benjamin H. Black.

DATED: *Dec. 29, 2012*

*Bernard Black*

**Bernard Black**

STATE OF ___IL___ )
                    ): ss.:
COUNTY OF ___Cook___ )

On the 29th day of ___Dec___ ,2012, before me, the undersigned, a Notary Public in and for said State, personally appeared BERNARD BLACK, personally known to me, or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, or the person upon behalf of which the individual acted, the individual executed the within instrument and that such individual made such appearance before the undersigned in ___Northfield IL___ (Insert the city or other political subdivision and the state or country the acknowledgment was taken)

*Christina Kaiser*

Notary Public

```
OFFICIAL SEAL
CHRISTINA Q KAISER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/23/13
```

CHI\12037619.1

FILED DATE: 12/6/2021 11:24 AM   2021CH05049
FILED DATE: 6/17/2021 12:35 PM   2021CH02952

### SURROGATE'S COURT, STATE OF NEW YORK
### WESTCHESTER COUNTY

In the Estate of

RENATA BLACK,

Deceased.

**AFFIDAVIT OF NO**
**CONSIDERATION**
**(EPTL 2-1.11)**

File No. 2012-1209

STATE OF New York )

COUNTY OF New York )

BENJAMIN H. BLACK, being duly sworn, deposes and says:

1. I reside at 147 Bayard Street, 2nd Floor, Brooklyn, New York 11222.

2. By instrument dated 10 December, 2012, I disclaimed and renounced certain property otherwise distributable to me from the accounts listed on Schedule A, attached.

3. I have not received, and am not to receive, any consideration in money or money's worth for such renunciation from a person or person whose interest is to be accelerated.

Benjamin H. Black

Sworn to before me this 10th day of December, 2012.

Notary Public

EDWARD TORRADO
Notary Public, State of New York
No. 01TO6149081
Qualified in New York County
Commission Expires July 8, 2014

CH2M2037819.1

FILED DATE: 12/6/2021 11:24 AM  2021CH05049
FILED DATE: 6/17/2021 12:35 PM  2021CH02952

SURROGATE'S COURT, STATE OF NEW YORK
WESTCHESTER COUNTY

In the Estate of

RENATA BLACK,

Deceased.

NOTICE OF DISCLAIMER
AND RENUNCIATION
(EPTL 2-1.11)

File No. 2012-1209

PLEASE TAKE NOTICE that on _____, 2012 BENJAMIN H. BLACK irrevocably disclaimed and renounced his right, title and interest in and to the portion of the property distributable to him from the accounts listed on Schedule A, attached, that he is entitled to by reason of disclaimer by any other beneficiary.

Dated: _____, 2012

SCHIFF HARDIN LLP
Attorneys for Bernard Black, Executor

Paul J. Collins
Kim Kamin
900 Third Avenue
New York, New York  10022
(212) 745-0821

TO:
1. Westchester County Surrogate's Court
2. Bernard Black, Executor of the Estate of Renata Black, Beneficiary of the Estate of Renata Black, Co-Trustee of the Irrevocable Trust for the Benefit of the Issue of Renata Black and Co-Trustee of the Supplemental Needs Trust for the Benefit of Joanne Black
3. Anthony Dain, Co-Trustee of the Supplemental Needs Trust for the Benefit of Joanne Black, and Co-Trustee of the Irrevocable Trust for the Benefit of the Issue of Renata Black

CH\CH\20376l9.1

FILED DATE: 12/6/2021 11:24 AM   2021CH06049
FILED DATE: 8/17/2021 12:35 PM   2021CH02852

## SCHEDULE A

| Vanguard Group<br>P.O. Box 1110<br>Valley Forge, PA 19482 | 1. Account No. 09857700635<br>2. Account No. 88036051087<br>3. Brokerage Account No. 71182985<br>4. Account No. 09985084867<br>5. Brokerage Account No. 40474977 |
|---|---|

CHEA12037610.1

FILED DATE: 12/6/2021 11:24 AM 2021CH06049
FILED DATE: 6/17/2021 12:35 PM 2021CH02952

## DISCLAIMER
## ACKNOWLEDGEMENT AND INDEMNIFICATION

I, _Sarah Black_____ ("Disclaimant"), have attached to this document
or previously delivered to Vanguard (as defined below), an original or certified
copy of a disclaimer dated _November 18, 2012_ ("Disclaimer") regarding an
interest in the Vanguard account(s).

I hereby certify the following:

    1. To the best of my knowledge, the Disclaimer is valid under the laws of
the State of _New York_____

    2. I understand that Vanguard does not determine the validity of the
Disclaimer nor whether the Disclaimer meets the requirements to be a "qualified
disclaimer," as that term is defined in Section 2518(b) of the Internal Revenue
Code.

    3. I have consulted with my own advisor prior to making the Disclaimer
and am solely responsible for any legal or tax consequence that may result if the
Disclaimer is determined not to be valid and/or not to be a qualified disclaimer.

    4. I acknowledge that the Disclaimer is irrevocable and I understand that
once Vanguard has processed a transfer or a transaction in accordance with the
Disclaimer the transfer or transaction may not be reversed.

FILED DATE: 12/6/2021 11:24 AM   2021CH06049
FILED DATE: 6/17/2021 12:35 PM   2021CH02952

5.  I agree to indemnify and hold harmless The Vanguard Group, Inc., Vanguard Marketing Corporation, the investment company members of the Vanguard Group, their parents, affiliates, subsidiaries, successors and assigns, and their respective present and former officers, directors, trustees, employees, shareholders, agents, successors and assigns (collectively, "Vanguard") from and against any and all claims, liabilities, costs and expenses (including court costs and reasonable attorneys' fees) or loss of any kind arising from Vanguard's reliance upon and action as a result of the representations and information provided by me in this Disclaimer and from any adverse tax consequences that I incur as a result of making the Disclaimer.

_____
Disclaimant's Signature

November 18, 2012
Date

Sworn to before me this __18th__ day of __NOVEMBER__, 20 12.

_____
Notary Public

\[SEAL]

Anna R. Courtney
Notary Public, State of New York
No. 01CO6329563
Qualified in Dutchess County
Term expires July 27th, 2013

FILED DATE: 12/6/2021 11:24 AM   2021CH06049
FILED DATE: 6/17/2021 12:35 PM   2021CH02852

**SURROGATE'S COURT, STATE OF NEW YORK**
**WESTCHESTER COUNTY**

In the Estate of

RENATA BLACK,

Deceased.

**DISCLAIMER AND**
**RENUNCIATION**
**(EPTL 2-1.11)**

File No. 2012-1209

THIS INSTRUMENT made this 18 day of November, 2012 by SARAH H. BLACK, residing at 484 First Avenue, #12, West Haven, Connecticut 06516.

### WITNESSETH:

WHEREAS, Renata Black ("Decedent") died on May 1, 2012, a resident of Mount Pleasant, and the Westchester County Surrogate's Court issued preliminary letters testamentary in her estate to Bernard Black on June 21, 2012;

WHEREAS, the agreements between the Decedent and Vanguard Group provide that a certain portion of the balance of each of the accounts listed on Schedule A, attached, shall be distributed to the undersigned upon the death of the Decedent;

WHEREAS, (i) The undersigned has made no assignment, conveyance, encumbrance, pledge, sale or other transfer of such property, or any contract therefore, (ii) the undersigned has not executed a written waiver of her right to disclaim such property, (iii) the undersigned has not accepted any benefits from such property, and (iv) there has not been a judicial sale of such property, in each case as of the date of this Disclaimer and Renunciation;

WHEREAS, in order to effectuate what the undersigned believes was the Decedent's true intention, the undersigned wishes to disclaim any right, title and interest the undersigned may have to receive the accounts listed on Schedule A, attached; and

WHEREAS, the interest the undersigned disclaims will pass to the Estate of Renata Black.

NOW THEREFORE, pursuant to Section 45A-583 of the Probate Courts and Procedure Code of the State of Connecticut, Section 2-1.11 of the New York Estates, Powers and Trusts Law, and Section 6201 of the Pennsylvania Probate, Estates and Fiduciaries Code, the undersigned hereby irrevocably and unqualifiedly disclaims, renounces and refuses to accept the right the undersigned has in the accounts listed on Schedule A, attached. The undersigned intends this Disclaimer and Renunciation to be a qualified disclaimer under Section 2518 of the Internal Revenue Code.

CH2M 1870992.1

FILED DATE: 12/6/2021 11:24 AM  2021CH06049
FILED DATE: 6/17/2021 12:35 PM  2021CH02862

IN WITNESS WHEREOF, SARAH H. BLACK has executed this instrument on the date indicated above.

_____
Sarah H. Black

STATE OF _NEW YORK_ )
                    ) SS:
COUNTY OF _DUTCHESS_ )

I, a notary public in and for said County and State, hereby certify that SARAH H. BLACK, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that she signed that instrument as her free and voluntary act, for the uses and purposes therein set forth.

Given under my hand and notarial seal on _NOVEMBER 18,_ , 2012.

_____
Notary Public

Anne R. Courtney
Notary Public, State of New York
No. 01CO6222103
Qualified in Dutchess County
Term expires July 27th, 2013

CH2\11870991.1

FILED DATE: 12/6/2021 11:24 AM   2021CH05049
FILED DATE: 6/17/2021 12:35 PM   2021CH02952

**SURROGATE'S COURT, STATE OF NEW YORK**
**WESTCHESTER COUNTY**

In the Estate of

        RENATA BLACK,

                        Deceased.

**AFFIDAVIT OF NO**
**CONSIDERATION**
**(EPTL 2-1.11)**

File No. 2012-1209

STATE OF _NEW YORK_ )

COUNTY OF _DUTCHESS_ )

    SARAH H. BLACK, being duly sworn, deposes and says:

1. I reside at 484 First Avenue, #12, West Haven, Connecticut 06516.

2. By instrument dated _November 18_, 2012, I disclaimed and renounced certain property otherwise distributable to me from the accounts listed on Schedule A, attached.

3. I have not received, and am not to receive, any consideration in money or money's worth for such renunciation from a person or person whose interest is to be accelerated.

                                Sarah H. Black

Sworn to before me this _18th_ day of _NOVEMBER_ 2012.

_____
Notary Public

Anna R. Courtney
Notary Public, State of New York
No. 01CO6228963
Qualified in Dutchess County
Term expires July 27th, 2013

CHIN11870992.1

FILED DATE: 12/6/2021 11:24 AM 2021CH06049
FILED DATE: 8/17/2021 12:35 PM 2021CH02952

## ACKNOWLEDGMENT OF RECEIPT

The undersigned Executor hereby acknowledges receipt of the Disclaimer and Renunciation of Sarah H. Black.

DATED: _Dec. 29, 2012_

_Bernard Black_
_____
Bernard Black

STATE OF ___IL___ )
                    ) SS:
COUNTY OF ___Cook___ )

        I, a notary public in and for said County and State, hereby certify that BERNARD BLACK, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed that instrument as his free and voluntary act, for the uses and purposes therein set forth.

        Given under my hand and notarial seal on _Dec 29_, 2012.

_Christina Q Kaiser_
_____
Notary Public

OFFICIAL SEAL
CHRISTINA Q KAISER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/23/13

CHI1\1876992.1

FILED DATE: 12/6/2021 11:24 AM   2021CH06049
FILED DATE: 6/17/2021 12:35 PM   2021CH02852

## SCHEDULE A

| Vanguard Group<br>P.O. Box 1110<br>Valley Forge, PA 19482 | 1. Account No. 09857700635<br>2. Account No. 88036051087<br>3. Brokerage Account No. 71182985<br>4. Account No. 09985084867<br>5. Brokerage Account No. 40474977 |
| --- | --- |

CH2\1870992.1

FILED DATE: 12/6/2021 11:24 AM  2021CH06049
FILED DATE: 6/17/2021 12:35 PM  2021CH02952

SURROGATE'S COURT, STATE OF NEW YORK
WESTCHESTER COUNTY

In the Estate of

RENATA BLACK,

        Deceased.

NOTICE OF DISCLAIMER
AND RENUNCIATION
(EPTL 2-1.11)

File No. 2012-1209

    PLEASE TAKE NOTICE that on _____, 2012 SARAH H. BLACK irrevocably disclaimed and renounced her right, title and interest in and to the property distributable to her from the accounts listed on Schedule A, attached.

Dated: _____, 2012

        SCHIFF HARDIN LLP
        Attorneys for Bernard Black, Executor

        Paul J. Collins
        Kim Kamin
        900 Third Avenue
        New York, New York  10022
        (212) 745-0821

TO:
1. Westchester County Surrogate's Court
2. Bernard Black, Executor of the Estate of Renata Black, Beneficiary of the Estate of Renata Black, and Co-Trustee of the Irrevocable Trust for the Benefit of the Issue of Renata Black
3. Anthony Dain, Co-Trustee of the Supplemental Needs Trust for the Benefit of Joanne Black, and Co-Trustee of the Irrevocable Trust for the Benefit of the Issue of Renata Black
4. Samuel Black, Co-Trustee of the Supplemental Needs Trust for the Benefit of Joanne Black

CH2\11870992.1