| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, and J.P. MORGAN SECURITIES LLC, | |
| Plaintiffs, | Case No. 18-cv-03447 |
| v. | |
| BERNARD S. BLACK, individually and as trustee, SAMUEL BLACK, individually and as trustee, ANTHONY DAIN, individually and as trustee, KATHERINE LITVAK, OLGA DAL, and JEANNETTE GOODWIN, as court appointed Conservator, and JOANNE BLACK, | Hon. Andrea R. Wood |
| Defendants. | |

# ANTHONY DAIN AND JEANETTE GOODWIN'S RESPONSE TO CHASE'S FIRST INTERIM PETITION FOR COSTS

Defendants Dain and Goodwin make two limited objections to Chase's motion, and also raise a substantive issue that must necessarily be decided for the Court to grant Chase's fee petition. First, while Dain and Goodwin do not object to Chase being awarded attorneys' fees related to the instant interpleader suit, they do object to any award of fees for the State Court Proceedings that predated the Interpleader. Second, Dain and Goodwin ask that Chase be required to offset any reimbursement for its bond premiums by any profits it has accumulated by continued control of the funds. But both those objections are secondary to the threshold issue of the effect of the FINRA Award on Chase's ability to receive attorneys' fees from the Interpleaded Funds.

**I. This Court Must Find That Paragraph 5 of the FINRA Award Order Has Been Satisfied By The Rulings Of Colorado Courts Before Any Attorneys' Fees May Be Awarded.**

Before Chase can be awarded any attorneys' fees, this Court must necessarily decide whether the conditions of the FINRA Award have been satisfied. The FINRA Arbitration Award, among other things, prevented Chase from making any distributions of what are now the

Interpleaded Funds in the Issue Trust and SNT "for use of and in connection with litigation expenses, costs or attorneys' fees." (FINRA Award at 6, Order ¶ 1). That portion of the Order "shall remain in effect until final order of pending litigation in the Colorado Courts," or until the Trustees of the IT and SNT (*i.e.*, Samuel, Bernard, and Dain) mutually agree to withdrawals. Indeed, that restriction is one of the reasons that Chase filed this Interpleader.

Dain and Goodwin believe it is clear that the FINRA Award's restriction on spending for legal fees applies to Chase as well as the Defendants. But it is also clear that the ruling that FINRA contemplated was a final determination of the jurisdiction over the assets by the Colorado Courts. That ruling has since been handed down. The Colorado Courts affirmed their jurisdiction over the assets that make up the Interpleaded Funds in *Black v. Black*, 482 P.3d 460 (Ct. App. Colo. 2020) at 474-75 ("*Black III*"). This Court has acknowledged that jurisdictional finding in its Order of September 29, 2021.

Although the findings in the Award mention a final order regarding jurisdiction, the order itself does not make this limitation.

In the Relief Requests, the FINRA Award notes that "Claimants [Bernard and Samuel Black] waive any claim to damages and seek specific performance to prevent the withdrawal of funds from the SNT to pay litigation-related expenses until there is a final ruling on whether the Denver Probate Court has jurisdiction over the SNT." (FINRA Award at 4).

In the Award's Findings, FINRA wrote "Respondent [Chase] requested that the freeze on both Trusts continue until final order of Colorado courts on jurisdictional matters, final turn-over orders from Illinois courts, or until the Trustees otherwise agree in writing." (FINRA Award at 5, Finding 7(d)). While Paragraph 5 of the Order in the FINRA Award does not explicitly mention jurisdictional rulings, it is clear from the above context that the uncertainty over the Colorado

court's jurisdiction was the purpose for that portion of the order. FINRA could not possibly have meant "final" in the sense of a last order in time concluding the conservatorship proceedings, as that might never happen. If such a reading was accepted, the DPC could find itself in the strange position of having unquestioned jurisdiction over the funds but without the authority to expend them while continuing to administer the conservatorship.

## II. Chase Should Only Be Awarded Attorneys' Fees Expended in the Interpleader, Not State Court Litigation That Pre-Dates The Interpleader.

Dain and Goodwin agree that interpleader courts may, in certain circumstances, award attorneys' fees, and those fees may be award from the funds deposited with the interpleader court. A "court may award attorneys' fees and costs to a prevailing stakeholder in an interpleader action if the costs are determined to be reasonable and the stakeholder's efforts are not part of its normal course of business." *Aaron v. Mahl*, 550 F.3d 659, 667 (7th Cir. 2008).[1]

Dain and Goodwin also agree that this interpleader action is not part of Chase's normal course of business, and that the costs and fees Chase has expended in *this* action thus far are reasonable. However, Dain and Goodwin do not believe that Chase is entitled to be awarded fees relating to the three cases it refers to as the State Court Proceedings. (Pet. at 11, Berg Dec. ¶¶ 4, 19).

Chase has not cited any authority suggesting that the policies allowing an award of attorneys' fees for an interpleader action can be extended to cover litigation that pre-dates the filing

---

[1] This Court should not consider Chase's arguments regarding contractual attorneys' fees related to the Trust Agreements (Pet. at 4-5), as Chase has identified no basis within those agreements for an interim award of attorneys' fees from funds within the control of an interpleader court. The Interpleaded Funds are not properly in the possession of the Trusts, and the Trust Agreements cannot serve as a contractual basis for awarding attorneys' fees that properly may belong to another party.

of the interpleader. That failure alone should preclude Chase from being awarded fees for the State Court Litigation.

In fact, although Chase cites *Aaron v. Mahl*, 550 F.3d at 667, the underlying district court case specifically denied the stakeholder fees from state court proceedings between the parties. "While Merrill Lynch is entitled to attorneys' fees and costs incurred in asserting its interpleader claims and defending against Mr. Aaron's federal cause of action, the court cannot find it proper to order reimbursement of expenses resulting from the proceedings before the Laporte Circuit Court. These expenses are not so directly related to the federal action as to justify Merrill Lynch's recovery from the interpleader fund and are, therefore, denied." *Aaron v. Merrill Lynch*, No. 3:03-CV-656-RM, 2008 U.S. Dist. LEXIS 23814, at *8 (N.D. Ind. Mar. 25, 2008)

Chase may be correct that it is not part of its course of business "to referee … claims, determine whether the Denver Probate Court has jurisdiction…, or determine whether the Illinois judgments have priority. But appearing in the previously pending State Court Proceedings, where Chase appeared as a citation respondent, is undoubtedly within Chase's normal course of business.

The cases cited by Chase are not to the contrary. In *N. Tr. Co. v. Meineke*, No. 90 C 938, 1991 U.S. Dist. LEXIS 5256, at *4 (N.D. Ill. Apr. 16, 1991), the court found "All of these services performed were necessary to prosecute the _interpleader_ action." (emphasis added). In *Interstate Life Assurance Co. v. Sedlak*, 83 C 5246, 1985 WL 1595, the court awarded fees for a state court action that was filed by an interpleader defendant *after* the interpleader was initiated. The plaintiff insurance company in *Sedlak* also did not seek all the fees associated with the interpleader itself, but only those which the plaintiff argued fell outside its usual course of business. 1985 WL 1595 at *3.

**III. Chase's Reimbursement For Bond Premiums Should Be Offset By Any Interest, Fees, or Profit it Has Realized By Retaining The Funds.**

Dain and Goodwin do not oppose the payment of the bond premium from the Interpleaded Funds, but that amount should be offset by any interest, fees, or other profits gained by Chase by the continued possession of the Interpleaded Funds. *See e.g. Amoco Transport Co. v. Dietze, Inc.*, D.C.N.Y.1984, 582 F.Supp. 804.

While Chase states the Assets consist "mostly" of securities, a portion of the Assets are depository accounts, from which Chase has likely derived interest. (In fact, Chase acknowledges this in a footnote, where it states that the balance requested can be covered by that portion of the Assets that are held in cash. (Pet. at 14, n 11) Chase may also have benefitted from fees related to the securities. Chase should be required to account for such interest and fees, and those fees should be set off against any bond premium paid from the Interpleaded Funds.

## CONCLUSION

For the foregoing reasons, Defendants Anthony Dain and Jeanette Goodwin respectfully request that this Court (a) deny Chase's Petition with respect to the State Court Proceedings; (b) offset any bond premiums paid out of the Interpleaded Funds with interest, fees, or profits retained by Chase, (c) enter an appropriate order regarding the FINRA Award and the Colorado jurisdictional findings to allow Chase to receive the relief it seeks, subject to the foregoing objections, and (d) such other relief the Court deems just and equitable.

Dated: February 11, 2022

Respectfully submitted,

ANTHONY DAIN and JEANETTE GOODWIN

By: /s/Peter M. Stasiewicz

Peter M. Stasiewicz
Arcturus Law Firm

211 W. Wacker Drive #323  
Chicago, Illinois 60606  
(312) 957-6194  
pete@arcturuslaw.com

# CERTIFICATE OF SERVICE

I, Peter Stasiewicz, an attorney, hereby certify that on February 11, 2022, I served the foregoing Defendants' Anthony Dain And Jeanette Goodwin's Response To Chase's First Interim Petition For Costs via electronic filing on the following parties:

| | |
|---|---|
| Michael N. Ungar<br>ULMER & BERNE LLP<br>1660 W. 2nd Street<br>Suite 1100<br>Cleveland, OH 44113<br>mungar@ulmer.com | Terence D. Brennan<br>1437 North Park Avenue<br>Chicago, Illinois 60610<br>terry@terrybrennanlaw.com<br>312-550-1085 |

Christopher Seps
ULMER & BERNE LLP
500 W. Madison St.
Suite 3600
Chicago, IL 60661-4587
cseps@ulmer.com

Benjamin N. Feder
Brad S. Grayson
STRAUSS & MALK LLP
135 Revere Drive
Northbrook, IL 60062
bfeder@straussmalk.com
bgrayson@straussmalk.com

Eugene E. Murphy, Jr.
David F. Hyde
MURPHY LAW GROUP, LLC
161 N. Clark Street, Suite 2550
Chicago, IL 60601
dhyde@murphylitigation.com
gmurphy@murphylitigation.com

By: /s/ Peter Stasiewicz