IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, and J.P. MORGAN SECURITIES LLC<br><br>Plaintiffs,<br><br>v.<br><br>BERNARD S. BLACK, individually and as trustee, SAMUEL BLACK, individually and as trustee, ANTHONY DAIN, individually and as trustee, KATHERINE LITVAK, OLGA DAL, and JEANNETTE GOODWIN, as court appointed Conservator, and JOANNE BLACK,<br><br>Defendants. | Case No. 18-cv-03447<br><br>Hon. Andrea A. Wood |

### DEFENDANTS ANTHONY DAIN AND JEANETTE GOODWIN'S RESPONSE TO BERNARD S. BLACK AND SAMUEL BLACK'S <u>SUPPLEMENTAL MOTION TO COMPEL PRODUCTION</u>

Bernard and Samuel fail to meet their burden of establishing relevance of the documents they seek. Their motion to compel is based largely on the totally mistaken proposition that the entirety of the proceedings before the Denver Probate Court ("DPC") are open to relitigation. Even if Bernard and Samuel had met their burden to show relevance, the documents requested are not proportional to the needs of this litigation. Their motion should be denied.

### <u>RELEVANT FACTS</u>

Bernard and Samuel make several misstatements regarding the status of discovery in this matter. First, Bernard and Samuel incorrectly state that Dain and Goodwin failed to make the disclosures required by this Court's September 29, 2021 Order ("Order"). (Mot. at 10 n. 5, 14-15). Dain and Goodwin made those disclosures last year. (Dkt #199, "Discovery Status Statement"). Second, Movants state that Dain and Goodwin failed to make – and in fact refuse to make – a production referenced in the Order. (Dkt # 197, at 27 n. 12, referencing Dain and

1

Goodwin's Response, Dkt. # 135 at 10) (Mot. at 10 n. 5). Those documents were produced the same day Dain and Goodwin filed their Response promising they would be produced. (See **Exhibit A**, Mar. 2, 2020 P. Stasiewicz Email to B. Grayson). Third, Movants suggest that Dain and Goodwin objected to every request; while Dain and Goodwin did make general objections, they did also state their intention to produce documents, and Dain and Goodwin have so far produced more than 13,000 pages of documents of relevant and responsive documents.

## ARGUMENT

### I. Applicable Standards.

Despite the liberal breadth of discovery allowed under Rule 26 of the Federal Rules of Civil Procedure, a proponent of a motion to compel discovery bears the initial burden to prove that the information sought is relevant. *Psybio Therapeutics, Inc. v. Corbin*, No. 20 C 3340, 2021 WL 4459527, at *1 (N.D.Ill. Sept. 29, 2021) (citing *West v. Miller*, 2006 WL 2349988 (N.D. Ill. Aug. 11, 2006); *United States v. Farley*, 11 F.3d 1385, 1390 (7th Cir.1993) ("Since the documents at issue are not relevant to the controversy before us, Farley cannot, as a matter of law, make a showing of need.")).

Relevance is not presumed. *Kinon Surface Design v. Hyatt Int'l Corp.*, No. 19 C 7736. 2021 WL 3511312, at *3, (N.D.Ill. Aug. 10, 2021).

Discovery has to not only be relevant, but "proportional" to the needs of the case, including "the importance of the issues at stake in the action, . . . . the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Proportionality, like other concepts, requires a common sense and experiential assessment." *Generation Brands, LLC v. Decor Selections, LLC*, No. 20 C 2244, 2020 WL 6118558, at *4 (N.D.Ill. Oct. 16, 2020).

**II. Bernard and Samuel Fail to Show the Relevance of the Documents Requested.**

Bernard and Samuel bear the burden of establishing that the documents they seek are relevant to a claim or defense. Their motion to compel spends relatively little time addressing the relevance question. (Mot. at 13-15). Movants argue that the "proper scope of discovery in this case is extensive given the breadth and volume of claims and issues." (*Id.* at 13). Bernard and Samuel then assert five issues, which Respondents number for convenience:

1. "whether the interpleaded assets should be turned over to the DPC conservatorship estate" (Mot. at 13).

2. "whether DPC orders on such matters are proper from a substantive law and jurisdictional standpoint." (*Id.*).

3. "whether those orders are subject to collateral attack by various parties." (*Id.*).

4. "whether the DPC can properly revoke the disclaimer at some point in the future." (*Id.*).

5. "how to resolve conflicts between DPC orders and orders from other courts." (*Id.*).

Bernard and Samuel argue that their discovery Requests "all are appropriate and seek production of documents on facts and issues relevant to this interpleader action." They make no effort to explain how any of the requested documents relate to these five issues, all of which center on the legal effect of existing judgments and court orders. They assert that those orders "plainly are" open to collateral attack, but that argument is wrong for the reasons set for below.

**A. Existing State Court Judgments Cannot Be Collaterally Attacked In This Case.**

This Court correctly stated that the remaining relevant issues in this case are "whether the Interpleaded Assets must be returned to the conservatorship and the priority of claims against the Interpleaded Assets, which include Dal's judgment against the Trusts and the conservatorship's judgment against Bernard." (Order, Dkt # 197, at 31).

With regard to the first of those issues – whether the Interpleaded Assets must be returned to the Conservatorship – the Court has ruled that proceedings are to continue in front of the DPC.

3

*Id.* at 27. The remaining issues – the priority of claims against the Interpleaded Assets – are based on existing final judgments.

To the extent Bernard and Samuel seek discovery to attempt to attack these judgments, this Court correctly ruled that the "validity of those judgments is not at issue; this Court 'must give the same *res judicata* effect to a state court judgment that would be given by courts of that state.' *Gen Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 708 n. 11 (7th Cir. 1991)." *Id.* at 31.

Accordingly, the five issues listed by Bernard and Samuel cannot be a basis for supporting a showing of relevance here, and *any* document sought to attack or avoid the effect of existing judgments has no relevance to this interpleader action. *See Hastings v. Kennedy,* No. 14-1333 2014 WL 3109965, (E.D. Pa. July 8, 2014)(denying discovery related to purported challenge to validity of underlying judgment in interpleader as irrelevant); *see also Treinies v Sunshin Mining Co.* 308 U.S. 66 (1939)(applying *res judicata* of one state court judgment over another in interpleader action).

Moreover, to the extent Bernard or Samuel are asserting injury from the effect of the state court judgments, they also run afoul of the *Rooker-Feldman* doctrine, which prohibits review of state court judgments in the lower federal courts. Bernard in particular should be aware of this, because another court in this district already used *Rooker-Feldman* to dismiss a suit brought by Bernard against Goodwin, related to her alleged conduct in her role as Joanne's conservator. *See Black v. Goodwin*, No. 19 C 5305, 2020 WL 4053176, (N.D.Ill. July 20, 2020). Bernard is partly trying to resurrect these same claims here, particularly via Request 15. (Mot. at 12).

Bernard's arguments regarding the Uniform Adult Guardianship and Protective Proceedings Jurisdiction Act were not-so-coincidentally raised by Litvak in a suit to which Bernard was a party, in an attempt to prevent Goodwin from intervening. *Litvak v. Black*, 17 L 9743 (Cook

4

Cty. Cir. Ct). Litvak raised the issue of the UAGPPJA on a motion to dismiss Goodwin once she intervened, but this argument was rejected by the Circuit Court of Cook County on Sept. 14, 2018, in an order attached as **Exhibit B**. Even if this issue was not also *res judicata* and barred by *Rooker-Feldman* (as well as the probate exception to federal jurisdiction), it would not provide Bernard any way to demonstrate relevance for documents sought. Colorado's enactment of the Uniform Adult Guardianship and Protective Proceedings Jurisdiction Act states, in part:

> Except as otherwise provided in section 15-14.5-204, a court that has appointed a guardian or issued a protective order consistent with this article has exclusive and continuing jurisdiction over the proceeding until it is terminated by the court or the appointment or order expires by its own terms.

The DPC has neither "terminated" its jurisdiction, nor has the order expired under its own terms (in this case, evidenced by the Letter of Conservatorship, which expire April 30, 2019). Under Colorado law, the Conservatorship can only be terminated "upon the death of the protected person or upon order of the court determining that a conservatorship is no longer necessary or needed to protect the assets of the protected person." CO Rev Stat § 15-14-431(1).

The Conservatorship was established because Joanne was deemed a "protected person" under CO Rev. Stat. 15-14-102(11). "Protected persons" are distinguished from "incapacitated persons" under the Colorado probate code. *Compare* CO Rev. Stat. § 15-14-102(5) *with* CO Rev. Stat. § 15-14-102(11). Colorado courts have noted that Colorado's statutory provisions for appointing a guardian are less stringent than the Uniform Probate Code they are modeled on. *See Neher v. Neher*, 402 P.3d 1030, 1034 (Colo. App. 2015) [1] The initial appointment of Bernard as Conservator was based on CO Rev. Stat. § 15-14- 401. (See Ex A). The question before the DPC was whether there was (a) clear and convincing evidence showing that Joanne Black was "unable

---

[1] The New York court decision referenced by Bernard, on the other hand, was faced with a different determination under New York Mental Hygiene Law § 81.02, considering the appointment of *a personal needs* guardian (in contrast to the Conservatorship over property at issue here).

5

to manage property and business affairs because of an inability to effectively receive or evaluate information or both or to make or communicate decisions, even with the use of appropriate and reasonably available technological assistance." and (b) a preponderance of evidence showing that Joanne had "property that will be wasted or dissipated unless proper management is provided." (Ex. A) The DPC did not consider whether Joanne required a guardian over her person at that time.

Bernard also argues that the DPC's orders cannot bind any party not before the DPC. That may or may not be true with regards to *in personam* claims against Samuel, for instance, but any such *in personam* claim is irrelevant to this Interpleader. All of the claims in this Interpleader relate to the Interpleaded Assets and ensuring no party is subjected to multiple liability relating to them. To the extent that the orders of the DPC concern the *res of the Conservatorship Estate*, the orders of the DPC *are* binding as to Bernard, Samuel, Kate, and Olga, and indeed, the whole world. *See* RESTATEMENT (2D) JUDGMENTS § 30. This Court recognized the *in rem* nature of the DPC proceedings in its September 29, 2021 Order. Dkt. # 197 at 25, citing *Jones v. Brennan*, 465 F.3d 304, 307 (7th Cir. 2006).

Bernard and Samuel cite no case law for their propositions that any of their supposed attacks on the existing judgments and orders in this case are permissible. Bernard, of course, does not even recognize any Colorado orders as being final even as to himself. He again argues that the Colorado courts do not have jurisdiction over him in his capacity as Issue Trust trustee, even though *Black III* explicitly stated that personal jurisdiction was appropriate because "Bernard actively participated in proceedings before the probate court in an individual capacity and in his capacity as a co-trustee of **each of the Trusts**.") *Black v. Black*, 482 P.3d 460, 477 (Colo. Ct. App. 2020) (emphasis added).

6

The only legal support Bernard provides is a reference to a proceeding in Cook County regarding the Issue Trust. Bernard does not mention that this is a sham proceeding in which Bernard and Samuel sued themselves along with Bernard's other children to obtain an uncontested declaratory judgment without prior notice to Dain, Goodwin, or Joanne. Dain and Goodwin are moving to vacate that judgment as void.

Accordingly, Bernard has not established any issues for which there could be relevant documents, as none of these issues has any relevance to this case.

### B. Bernard Is No Longer Entitled to Receive Legal Bills, and Bills Have No Relevance To The Issues Before the Court.

The only specific category of documents Bernard seeks are legal bills. Bernard claims that Dain and Goodwin's have not produced a promised production of bills "and refuse to do so." (Mot. at 10, n. 5). This is simply not true. Attached as **Exhibit A** is the March 2, 2020 email forwarding links to productions, including the promised production of bills.

Movants are correct that Dain and Goodwin have not produced *additional* bills, for two reasons. First, the issues in this case have since been severely narrowed, as discussed above and in this Court's September 29, 2021 Order, and to the extent that bills were ever relevant, there is no apparent relevance for them now – especially bills generated since 2019. Bernard and Samuel claim that legal bills are relevant to Dain and Goodwin's claims for attorney's fees. But Dain and Goodwin do not set forth a claim for attorneys' fees in their Counterclaim. (See Dkt # 219, Request for Relief). They *have* sought in the past, and will likely seek in the future, payment of fees from the Conservatorship, subject, of course, to the orders of this Court regarding any distributions of Interpleaded Assets. But that can have no relevance to the issues before the court currently regarding the effect of the various state court judgments.

7

Even if such a request for fees were to be made to *this* Court in the future, the appropriate time for disclosure of such bills would be at the time that request was made, as was the case with Chase's fee petition.

Second, the DPC has barred Bernard from receiving reports regarding the Conservatorship as of September 28, 2020, which include documents regarding fees incurred by the Conservatorship. That order is attached as **Exhibit C**. The DPC held in relevant part:

> The question of whether Bernard Black should continue to receive information regarding the conservatorship is a separate question, which must be answered in the negative based on his continuing conduct that is detrimental to the Protected Person's interests and the conservatorship estate, to say the least. . . .
> * * *
> Bernard Black is removed as a person entitled to receive reports and information regarding the conservatorship with authority to review and oversee the conservator.

The order further instructs Goodwin to file her reports to the Court under seal, and provide unredacted copies on individuals entitled to receive those copies outside of the public filing system. Accordingly, Bernard should not be permitted to use this action to circumvent the orders of the DPC. The bills have no relevance to the issues before this Court and Bernard has thus not met his burden so as to compel their production.[2]

### III. Even If Bernard and Samuel Could Demonstrate Relevance, Their Requests Are Not Proportional to The Needs of the Case.

Even if Bernard and Samuel had met their burden of establishing that the documents they seek are relevant, their requests are not proportional to the needs of this Interpleader. The sheer scope of documents sought, asking Dain and Goodwin for communications with any third-party regarding any of these actions stretching back nearly a decade (from January 1, 2013) is not proportional to the needs of this Interpleader.

---

[2] To the extent that this Court finds it necessary to issue a protective order with regard to those bills, Dain and Goodwin hereby request such a protective order.

The resources of the parties also counsel against compelling production. This is not a case between multi-million-dollar corporations with armies of attorneys. Dain and Goodwin are tasked with protecting the assets belonging to Joanne and not unnecessarily dissipate them, despite Bernard's best efforts to prolong litigation here and in other forums. Their resources were further hampered when Bernard instituted the FINRA proceedings which led to the freeze of those funds for litigation spending.

The importance of the discovery in resolving the issues also weighs against granting Bernard's motion. At no point does he explain how any document requested could have any bearing on the resolution of the effect of existing orders and judgments on the Interpleaded Assets.

Finally, there is the burden of the discovery. Instead of demonstrating any relevance to issues before the court, Bernard has indicated, by his motion his real intention – to find something, anything, that might allow him to find a court somewhere in this country that will rule the way he wants and void some or all of the orders against him, or at least cause additional delay and expense for his adversaries.  These burdens outweigh any benefit given that Bernard has identified no relevant claim or defense to which these documents could even apply in this matter.

As of this week, ten years have passed since Renata Black died. Bernard initiated the DPC proceedings in October of 2012. Rather than try to move these proceedings to a resolution, Bernard and Samuel continue to try to expand the scope of these Interpleader for improper purposes. They should not be allowed to do so.

## **CONCLUSION**

Dain and Goodwin will continue to make supplemental productions of relevant and responsive documents to the extent that they exist – these would likely be generally limited to documents related to court filings in cases instituted by Bernard, Samuel, Kate and Olga attempting

9

to impact the status of the Interpleaded Assets. Goodwin will provide a privilege log for the relevant, responsive documents withheld on basis of privilege, although there will be substantial overlap with the documents listed in Dain's privilege log.

      Bernard and Samuel have otherwise failed to demonstrate the relevance of any documents they request. Their motion to compel should be denied.

Dated: May 6, 2022.

ANTHONY DAIN and JEANETTE GOODWIN

/s/ Peter Stasiewicz

Peter M. Stasiewicz
ARCTURUS LAW FIRM
211 W. Wacker Drive #323
Chicago, Illinois 60606
(312) 957-6194
pete.stasiewicz@arcturuslaw.com

## **CERTIFICATE OF SERVICE**

I, Peter Stasiewicz, an attorney, hereby certify that on May 6, 2022, I served the foregoing Defendants Anthony Dain And Jeanette Goodwin's Response To Bernard S. Black And Samuel Black's Supplemental Motion To Compel Production Of Documents electronically via Electronic Case Filing (ECF).

Michael N. Ungar
ULMER & BERNE LLP
1660 W. 2nd Street
Suite 1100
Cleveland, OH 44113
mungar@ulmer.com

Christopher D. Seps
ULMER & BERNE LLP
500 W. Madison St.
Suite 3600
Chicago, IL 60661-4587
cseps@ulmer.com

Benjamin N. Feder
Brad S. Grayson
STRAUSS & MALK LLP
135 Revere Drive
Northbrook, IL 60062
bfeder@straussmalk.com
bgrayson@straussmalk.com

Eugene E. Murphy, Jr.
MURPHY LAW GROUP, LLC
161 N. Clark Street, Suite 2550
Chicago, IL 60601
gmurphy@murphylitigation.com

By: /s/ Peter Stasiewicz