IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, et al., | ) ) ) | |
| Plaintiffs-in-Interpleader, | ) ) | No. 18-cv-03447 |
| v. | ) ) | Judge Andrea R. Wood |
| BERNARD S. BLACK, et al., | ) ) | |
| Defendants-in-Interpleader. | ) | |

**ORDER**

  Defendant Joanne Black's motion for approval of necessary hearing before the Denver Probate Court [191] is granted. Defendants Bernard and Samuel Black's motion to clarify the record and modify memorandum opinion and order [203] is denied. See the accompanying Statement for details.

**STATEMENT**

  This is an interpleader action filed by Interpleader Plaintiffs JPMorgan Chase, National Association and J.P. Morgan Securities LLC (collectively, "JPMorgan"). JPMorgan holds several million dollars in assets in two trusts. The assets in the trusts are claimed, in various measures, by Defendants Bernard Black ("Bernard"), Samuel Black ("Samuel"), Anthony Dain, Katherine Litvak, Olga Dal, Jeannette Goodwin, and Joanne Black ("Joanne"). Defendants have litigated various issues related to ownership of the trusts' assets in various forums. The Financial Industry Regulatory Authority Office of Dispute Resolution ("FINRA") arbitration award and state-court orders from Illinois and Colorado have created conflicting obligations for JPMorgan. Those conflicting obligations prompted JPMorgan to file an interpleader action in this Court in May 2018 pursuant to 28 U.S.C. § 1335. On September 29, 2021, the Court discharged JPMorgan from further liability for the disputed assets, effective once JPMorgan posted a bond in compliance with the Court's requirements. (9/29/21 Mem. Op. and Order at 18, Dkt. No. 197.) JPMorgan posted its bond on March 1, 2022. (Interpleader Bond, Dkt. No. 230.)

  This order addresses two pending motions: Joanne's motion for approval of necessary hearing before the Denver Probate Court ("DPC") (Dkt. No. 191), and Bernard and Samuel's motion to clarify the record and modify the memorandum opinion and order entered on September 29, 2021 (Dkt. No. 203).

**I.**

Joanne's motion seeks approval from this Court to schedule a hearing with the DPC. Joanne claims that, on April 17, 2021, the DPC ordered the parties in that proceeding to schedule a hearing to address the following issues: (1) voiding Bernard's disclaimers of payable-on-death ("POD") assets; (2) returning conservatorship assets; (3) suspending or removing Bernard and Samuel as trustees from all trusts with assets from the conservatorship; and (4) personal liability and damages as to Samuel. Those four issues were remanded to the DPC by the Colorado Court of Appeals.

Joanne requests confirmation that scheduling the DPC hearing will not conflict with this Court's June 2019 Order, which barred "any party from seeking to enforce any court order requiring, or otherwise seek to effectuate, any turnover or withdrawal of the interpleader assets." (6/12/19 Minute Entry, Dkt. No. 69.) Joanne claims that the DPC hearing will not affect the interpleader assets, and further attests that she will ask the DPC to stay any order that implicates the assets until this Court approves its enforcement.

In response to the motion, and to avoid any confusion on the matter, the Court clarifies that Joanne and the parties need not inquire with this Court as to whether they may move forward with the DPC litigation. While the Court stated in its June 2019 Order—and still maintains—that the parties cannot effectuate any turnover or withdrawal of the assets, the Court further explained in its September 2019 memorandum opinion that "[t]he parties may continue to litigate the disposition of the POD assets in the DPC proceedings." (Mem. Op. and Order at 25–27.) This Court will not police the DPC's jurisdiction, which lies within the DPC's purview. The hearing before the DPC about which Joanne inquires concerns suspending Samuel as a trustee of the Supplemental Needs Trust and voiding Bernard's disclaimers, and the DPC can issue a decision regarding those matters without going so far as touching the interpleader assets. Further, Joanne has confirmed in her briefing and during a telephonic hearing that she will request a stay of any DPC order that seeks to effectuate a turnover or withdrawal. As a result, this Court grants Joanne's motion, with the clarification that the parties need not seek this Court's approval to continue litigating before the DPC.

**II.**

The Court next addresses Bernard and Samuel's motion to clarify the record and modify this Court's memorandum opinion and order issued on September 29, 2021 (the "Opinion"). Although Bernard and Samuel fail to cite the procedural basis on which they seek relief, the Court views the request as most closely fitting under Federal Rule of Civil Procedure 54(b). Fed. R. Civ. P. 54(b) ("[A]ny order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment . . . .") Generally, Bernard and Samuel argue that various statements in the Opinion require further clarification or modification. Specifically, they request revisions to the Opinion's language in two instances and the addition of two sections of information elsewhere.

First, Bernard and Samuel ask the Court to revise the statement in the Opinion's background section that the FINRA arbitration "award dismissed all of Bernard and Samuel's claims." (9/29/21 Mem. Op. and Order at 7.) Bernard and Samuel assert that this description of events is false. They contend that, instead of being dismissed, Bernard and Samuel withdrew their claims for damages. Only then did the arbitral panel dismiss the claims.

The Court finds no need to clarify or modify its explanation of the arbitral award because the Opinion recites precisely what the award states. Specifically, the arbitration award notes that "[c]laims against [JPMorgan Securities, LLC] for conversion, breach of fiduciary duty and breach of contract are dismissed . . . ." (Compl., Ex. 2, FINRA Award at 8, Dkt. No. 1-2.) Bernard and Samuel were the claimants who asserted such claims. Further, the findings section of the award states that Bernard and Samuel's claims were "without merit." (FINRA Award at 6.) As the Court's statement in the Opinion is accurate, the Court denies Bernard and Samuel's motion as to this issue.

Second, Bernard and Samuel request that the Court modify its statement that "[t]he Interpleaded Assets were stolen from Joanne." (9/29/21 Mem. Op. and Order at 23.) Bernard and Samuel dispute this statement, stating that only one-third of the disclaimed assets—the assets deposited into the Issue Trust ("IT")—were found to have been stolen from Joanne. They also emphasize that 9% of that one-third was to be given to Bernard's children, not Joanne. For these reasons, Bernard and Samuel contend that the Court's statement is inaccurate.

In response, Dain and Goodwin argue that the Court has not indicated that **all** interpleaded assets were stolen. And, in fact, all interpleaded assets **were** effectively stolen because Bernard transferred them to the trusts when they were intended to remain in the conservatorship. Dain and Goodwin further note that the DPC did indeed find that Bernard breached his fiduciary duty by converting the interpleaded assets to his own benefit. *See Black v. Black ("Black I")*, 422 P.3d 592, 597 (Colo. App. 2018).

The Court finds no need to clarify or modify its statement that the interpleaded assets were stolen from Joanne. The Court's description of the DPC's and Colorado Court of Appeals' rulings does not state that Bernard transferred all interpleader assets to the IT, as Bernard and Samuel intimate. If the Court's language here resulted in any confusion, the amount of assets Bernard took is clarified elsewhere in the Opinion. (9/29/21 Mem. Op. and Order at 3 ("[T]he DPC found that Bernard [] breached his fiduciary duty and committed civil theft by depositing $1.5 million of the POD assets into the IT for the benefit of himself and his children.").) For this reason, the Court's statement is accurate and readily understood within the larger context of this Court's Opinion. Thus, Bernard and Samuel's motion is denied as to this statement as well.

Lastly, Bernard and Samuel argue that the Court should add information to its Opinion regarding (1) the remedy adopted by the DPC with respect to surcharging Bernard for damages, and (2) the binding nature of DPC rulings as to Samuel. But the Court did not find either of these issues necessary to discuss in its Opinion. Though Bernard and Samuel might prefer that the information be included, the Court sees no reason to modify its Opinion.

3

      More broadly, Bernard and Samuel fail to raise any reason why they are unduly prejudiced by the language currently contained in the Opinion. The most they argue is that, with respect to the surcharges granted by the DPC, the issue of potential double recovery will have to be ruled upon by this Court in the future, so it should be addressed in the Opinion. But such information was not relevant to the disposition of the parties' motions; thus, Bernard and Samuel were not disadvantaged by its exclusion from the Opinion. With no other form of prejudice identified, the Court is further dissuaded from modifying the existing Opinion. As a result, the Court denies Bernard and Samuel's motion in its entirety.

Dated:  September 27, 2022

                                                  Andrea R. Wood
                                                  United States District Judge