**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A. et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 18-cv-03447 |
| v. | ) | |
| | ) | Hon. Andrea R. Wood |
| BERNARD S. BLACK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS AND COUNTER-PLAINTIFFS
BERNARD S. BLACK AND SAMUEL BLACK'S MOTION TO ENJOIN AND/OR
<u>FOR ENTRY OF RULE TO SHOW CAUSE AGAINST DEFENDANT JOANNE BLACK</u>**

Defendants and Counter-Plaintiffs, Bernard S. Black and Samuel Black (collectively, "Movants"), individually and as trustees of certain trusts, by their undersigned attorneys, move this Court to enjoin defendant Joanne Black ("Joanne") from pursuing relief in the Denver Probate Court ("DPC") seeking a turnover of the interpleader assets, and/or for the entry of rule to show cause as to why Joanne should not be held in civil contempt for her failure to comply with this Court's June 12, 2019 and September 29, 2021 orders. In support, Movants state:

1.      As set forth below, this Court has entered multiple orders prohibiting the parties from seeking a turnover of the interpleader assets without **first** obtaining leave of this Court to do so. Nonetheless, Joanne brazenly has filed a motion in the DPC seeking a turnover of those assets without obtaining leave of this Court to do so. She has done this despite her counsel repeatedly having promised this Court that Joanne would not do what she has now done. (Mem. Op. & Order; Doc. No. 197 at p. 21). This Court should enjoin Joanne from moving forward with her motion seeking a turnover of the interpleaded assets and enter a rule to show cause as to why she should not be held in contempt for violating this Court's prior orders.

2. On May 15, 2018, JP Morgan Chase Bank, National Association and J.P. Morgan Securities, LLC (collectively, "Chase") commenced these proceedings by filing a Complaint for Interpleader and Declaratory Relief. The "property" that is the subject of this interpleader action is the approximately $4 million held in bank and brokerage accounts at Chase for two trusts that Renata Black created prior to her death (the "Interpleader Assets").

3. As set out in Chase's Complaint, the Interpleader Assets are the subject of litigation in many forums around the country, including the DPC. Chase filed this action because it was subject to current, and potentially future, contradictory court orders, citations to discover assets and an arbitration award in multiple forums concerning the disposition of the Interpleader Assets.

4. On May 15, 2019, this Court waived Chase's obligation to renew a surety bond in lieu of depositing the Interpleader Assets into this Court's registry subject to the expressed condition that: "[Chase] shall not allow any withdrawals of the interpleader assets from the accounts or execute any instructions with respect to the interpleader assets, without prior approval from the Court. Such approval shall be sought by written motion with due notice provided to all Defendants." (Dkt. No. 68).

5. Later, on June 12, 2019, this Court entered an order amending its prior order from May 15, 2019 "to preclude any party from seeking to enforce any court order requiring, or otherwise seek to effectuate, any turnover or withdrawal of the interpleader assets from the accounts held by Plaintiffs *without first filing a motion with this Court seeking approval for such withdrawal*." (Dkt. No. 69, emphasis added).

6. Movants later filed a motion for a rule to show cause against Joanne because Joanne was seeking to hold Bernard Black in contempt for not turning over the Interpleader Assets to the DPC. (Movant's Motion for a Rule to Show Cause, Dkt. No. 101.)

7.      This Court eventually held show cause proceedings and reviewed supplemental briefs from the parties to determine if Joanne should be held in contempt for pursuing a contempt order against Bernard before the DPC. (Dkt. No. 107).  Ultimately, on September 29, 2021, this Court decided to not hold Joanne in contempt, finding she "did not violate this Court's order because Joanne clearly expressed that she did not want the state court to order Bernard to turn over Interpleaded Assets or to hold him in contempt for failing to do so." (Mem. Op. & Order; Doc. No. 197 at p. 21).  Joanne's counsel "made clear – repeatedly – that she did not seek any turnover of the Trusts' assets."  *Id.*  That was after Joanne had, in a December 6, 2019 response brief, explicitly stated "the intent of [her] motion was . . . not to extract money from the Interpleader Fund in violation of the June Order." (Resp. Brief; Doc. No. 124 at p. 3).

8.      This Court then highlighted in its Memorandum and Opinion Order that, if Joanne had sought to hold Bernard in contempt for not turning over Interpleaded Assets, she might have violated this Court's order barring the use of other litigation to force a turnover of the Interpleaded Assets.  (Mem. Op. & Order; Doc. No. 197 at p. 21).

9.      Having avoided contempt by promising that she would not seek a turnover of the Interpleader Assets, Joanne has now done, before the DPC, precisely what this Court's order forbids, and what her counsel repeatedly assured this Court she would not do.  In a motion filed in the DPC on November 4, 2022 (the "November DPC Motion"),[1] Joanne has sought relief including that the DPC order that "Bernard return all of the POD assets he diverted to the Trusts and to his children directly, as currently constituted, to the Conservatorship." (See November DPC Motion, a copy of which is attached hereto as Exhibit A, at ¶30).

---

[1] The full title of the November Motion is: Protected person Joanne Black's Motions to Vacate this Court's Order Authorizing the Disclaimers and/or to Void the Disclaimers, to Suspend Bernard Black as a Trustee of the Issue and 2013 Trusts, to Suspend Samuel Black as a Trustee of All Three Trusts, and to Surcharge Samuel Black for the Damages He has Cost the Protected Person and Her Conservatorship Estate.

10.    Joanne says in her November DPC Motion that, **after** the DPC orders the Interpleader Assets to be turned over, she would seek this Court's approval.  (*Id*. at ¶31.)  That, however, would not cure Joanne's violation of this Court's orders.  (Mem. Op. & Order; Doc. No. 197 at p. 21).  This Court allowed the parties to "continue to litigate the disposition of the POD assets in the DPC proceedings," but did not allow them to seek an order requiring the turnover of the Interpleader Assets without *first* seeking this Court's approval.  (Dkt. No. 196).

11.    Joanne, in filing the November DPC Motion, has disregarded this Court's orders and demonstrated a lack of respect for this Court and its authority over the parties and the Interpleaded Assets.  This Court should enjoin her from moving forward on the November DPC Motion insofar as the Interpleader Assets are concerned and should issue a rule to show cause against her to explain why she should not be held in contempt.

WHEREFORE, Movants respectfully request that this Court enjoin Joanne from seeking a turnover of the Interpleader Assets in the DPC and/or enter rule to show cause, returnable *instanter*, that Joanne be ordered to appear and show cause as to why she should not be held in civil contempt of court for violating this Court's June 12, 2019 and September 29, 2021 orders, and that this Court enter any other and further relief as equity and justice require.

<div style="margin-left: 40%;">

Respectfully submitted,

BERNARD S. BLACK, individually and as Trustee of the 2013 Trust, the SNT and the Issue Trust, and SAMUEL BLACK, as Trustee of the 2013 Trust, the SNT and the Issue Trust

By: /s/Brad S. Grayson
      One of Their Attorneys

</div>

5094\00005\4858-7675-9870.v1

Benjamin N. Feder (ARDC# 6277452)
Brad S. Grayson (ARDC# 6196336)
Sarah M. Freund (ARDC# 6340828)
Strauss Malk & Feder LLP
135 Revere Drive
Northbrook, IL 60062
(847) 562-1400
bgrayson@smfllp.com
sfreund@smfllp.com

5094\00005\4858-7675-9870.v1

# EXHIBIT A

| PROBATE COURT, DENVER COUNTY, COLORADO<br>Court Address: 1437 Bannock Street, Denver, CO 80202<br>_____<br><br>In the Interest of:  JOANNE BLACK,<br><br>Protected Person.<br>_____<br><br>Attorney:   Lisa DiPonio, Esq., #27707<br>         7931 S. Broadway, #348<br>         Littleton, CO  80120<br>         (303) 955-2080<br>         Counsel for Joanne Black<br><br>         Gayle Y.L. Young, Esq. #17107<br>         P.O. Box 307<br>         Littleton, CO 80160<br>         (303) 738-9546<br>         Guardian ad Litem for Joanne Black | COURT USE ONLY<br><br>_____<br><br><br>Case No.:  2012PR1772<br><br>Division:     1 |
| --- | --- |

**PROTECTED PERSON JOANNE BLACK'S MOTIONS TO VACATE THIS COURT'S ORDER AUTHORIZING THE DISCLAIMERS AND/OR TO VOID THE DISCLAIMERS, TO SUSPEND BERNARD BLACK AS A TRUSTEE OF THE ISSUE AND 2013 TRUSTS, TO SUSPEND SAMUEL BLACK AS A TRUSTEE OF ALL THREE TRUSTS, AND TO SURCHARGE SAMUEL BLACK FOR THE DAMAGES HE HAS COST THE PROTECTED PERSON AND HER CONSERVATORSHIP ESTATE.**

NOW COMES Lisa DiPonio, Esq., Court Appointed Counsel on behalf of Protected Person Joanne Black, and Gayle Young, Esq., Court Appointed Guardian ad Litem, and submit the following motions to Vacate this Court's Order Authorizing the Disclaimers and/or to Void the Disclaimers, to Suspend Bernard Black as a Trustee of the Issue and 2013 Trusts, to Suspend Samuel Black as a

Trustee of all Three Trusts, and to Surcharge Samuel Black for the Damages he has Cost the Protected Person and her Conservatorship Estate. In support thereof, Counsel and the Guardian Ad Litem state as follows.

## BACKGROUND

**A.**    **This Court's Order Following Remand**

1.    On April 27, 2021, the Court of Appeals in *Black III*, "remanded to [this] court for further proceedings … including for a determination of whether the disclaimers should be voided." (*Black III, at* 488, ¶ 139).

2.    On May 10, 2021, this Court directed the Protected Person to file motions related to the Court of Appeals remand, and to other issues raised by the Protected Person.

**B.**    **The Interpleader Action**

1.    As the Court is aware, Ms. Black, Conservator Jeanette Goodwin, Trustee Anthony Dain, as well as Bernard and Samuel Black, are parties in an interpleader action filed in the Northern District of Illinois by Chase Bank titled JP Morgan Securities LLC et al. v. Black et al., Case No. 1:18-cv-03447.

2.    The Interpleader action was filed by Chase following Bernard's brazen diversion of, "$258,000 from the SNT to his personal home equity line

of credit, despite the April 2015 Order freezing the SNT's assets." *Black III*, 482 P.3d at 484, ¶ 110.

3. While this Court maintains in rem jurisdiction over the Conservatorship assets Bernard Black stole and deposited in various Chase accounts, the District Court maintains custody over the interpleader assets.

4. The assets are one and the same. The interpleader assets consist entirely of the Conservatorship assets over which this Court has in rem jurisdiction.

5. The Interpleader Court issued an interim order that, in pertinent part: "preclude[s] any party from seeking to enforce any court order requiring, or otherwise seek to effectuate, any turnover or withdrawal of the interpleader assets from the accounts held by Plaintiff, without first filing a motion with [the Interpleader] Court seeking approval for such withdrawal." After multiple motions, the Interpleader Court assured Ms. Black and Conservator Goodwin that they may proceed before this Court seeking the return of the stolen Conservatorship assets, subject only to Ms. Black and/or Conservator Goodwin filing a motion with the Interpleader Court for approval of any order this Court

issues which, "effectuate[s] any turnover or withdrawal of the interpleader assets from the accounts held by [Chase]."

C. **The Protected Person's Motions:**

1. Vacating **this Court's Order Authorizing the Disclaimers and/or Voiding the Disclaimers.** In its April 27, 2018 Order, this Court held that it would exercise its discretion under C.R.C.P. 60(b) to vacate its order authorizing Bernard to disclaim assets. The Court specifically stated as its reasoning: "The order granting Mr. Black's request for authority to disclaim the POD funds held in the Vanguard accounts, which he also used to disclaim funds in the Roth IRA without this Court's knowledge or permission is clearly inequitable in view of the on-going circumstances presented in this matter. The inequity is shown by the continuing litigation which continues to burden Joanne Black and which prevents her funds from being used for her care. The on-going litigation alone justifies relief from this judgment. The Court finds the hearing record and Hearing Order as well as this Court's subsequent orders support a determination that the disclaimer order should be vacated as does the on-going record developed in this matter."

2.    The Court of Appeals reversed, but only because this Court lacked jurisdiction to issue the order while the matter was on appeal.  *Black III*, 482 P.3d 480, ¶ 88.  The Court of Appeals remanded for this Court to rehear the issue.  *Id.*, at 488, ¶ 139

3.    In fact, the Court of Appeals implored this Court that Joanne's Conservatorship has an, "'interest in attaining effective and convenient relief' from the probate court because the court has exclusive jurisdiction over it. (Citing *Archangel Diamond*, <u>123 P.3d at 1195</u>; *see* <u>§ 13-9-103(1)(f)</u>.) The Denver Probate Court is the only tribunal that can directly and conveniently remedy Bernard's misappropriation of Joanne's conservatorship assets.  The New York and Illinois courts cannot void the disclaimers because they lack jurisdiction over the conservatorship. Even if those courts were to exercise jurisdiction over the Trusts and order Bernard to return the misappropriated assets to the conservatorship, such actions could involve significant additional litigation, adding to the time and expense of resolving the Black family's legal battles." (*Black III,* 482 P.3d at 479, ¶ 83).

4. The Colorado Court of Appeals had earlier affirmed that Bernard violated this Court's March 5, 2013, Order authorizing him to use disclaimers only for the purpose of transferring Joanne's POD assets into the Supplemental Needs Trust. The Court of Appeals held, "In its order appointing Mr. Black as conservator, the court directed that Joanne's "assets will be placed into a Supplemental Needs Trust" for her benefit. The order authorized Mr. Black to disclaim the POD assets, but did not authorize any diversion of those assets into a trust for the benefit of another person." (*Black I*, 422 P.3d *at* 604, ¶¶ 58-59)

5. Thus, the Court of Appeals has affirmed that this Court has jurisdiction and discretion to void the disclaimers.

6. In addition to the Courts' stated bases for vacating this Court's Order authorizing the disclaimers, this Court has additional support in that the disclaimers were never "effective" under New York law.

7. On December 29, 2012, Bernard executed forms he and his counsel prepared titled "Disclaimer and Renunciation, EPTL 2-1.11." [1]

---

[1] Colorado uses the term "disclaimer." New York uses the term "renunciation."

8.     The forms were under the heading of the "Surrogate Court, State of New York, Westchester County," carrying the case number for the Probate Estate of Renata Black.

9.     The disclaimers provided in pertinent part, pursuant to Section 15-11-1205 of the Colorado Probate Code, Section 2-1.11 of the New York Estates Powers and Trusts Law, and Section 6201 of the Pennsylvania Probate, Estates and Fiduciaries Code, the undersigned hereby irrevocably and unqualifiedly disclaims, renounces and refuses to accept the right the undersigned has in the accounts listed on Schedule A, attached.[2]   Schedule A contained the Vanguard and Fidelity Conservatorship POD accounts.  The disclaimers are attached to this Motion within a Complaint Bernard and Samuel filed, discussed more fully below, and attached hereto as Exhibit 1.

10.    One of the documents necessary to render the disclaimers effective under New York law is entitled "Notice of Disclaimer and

---

[2] Bernard and his counsel presumably denoted these states' laws because Colorado is where Joanne resided and where her Conservatorship is, New York is where Renata Black's Probate Estate is, and Pennsylvania is where Vanguard's headquarters are.

Renunciation." The form is intended to serve notice that Bernard had executed the disclaimers.

11. Bernard did not sign this form. This is very telling, as it concedes that Bernard did not serve notice on the Court or interested parties that Bernard had in fact executed disclaimers.

12. Bernard also failed to file the disclaimers with the Clerk of the Surrogate Court as required by New York law.

13. Bernard's failure to file the disclaimers with the New York Surrogate Court Clerk has been confirmed by one of his attorneys. As this Court may recall, on April 5, 2021, attorney Lee A. Hoffman, Jr., filed a letter with this Court, explaining that he has been sued by Bernard for malpractice. Attorney Hoffman explained that Bernard's suit alleges Hoffman failed to "file the disclaimers of Joanne Black's share in certain assets which vested in Joanne [at] the time of her mother's death."

14.    Bernard's failure to file the disclaimers with the New York Surrogate

Court rendered the them ineffective and, thus, invalid under New York

Law.  See, e.g., *Rackis v. Adelman*, 104 A.D.3d 927, 929 (2013).[3]

15.    Under New York's Estate Powers and Trusts Law, notice of an heir's

disclaimer/renunciation must be filed with the Clerk of the New York

Surrogate Court within nine months of the decedent's disposition of the

assets at issue.  EPTL 2-1.11 (C)(2).

16.    Because he never filed the disclaimers with the Clerk of the Surrogate

Court, Bernard obviously did not meet that mandatory deadline.[4]

17.    The requirement to file the disclaimer/renunciation with the Clerk

within nine months is mandatory: "Such renunciation shall be in

writing, signed and acknowledged by the person renouncing, and shall

be filed in the office of the clerk of the … surrogate's court provided by

---

[3]  That Bernard blames Attorney Hoffman for the failure to file, is an issue only between Bernard and Hoffman; it does not alter that the disclaimers are invalid.  In the end, as the New York Surrogate Court bluntly stated in *In re Estate of Overgard*, 785 N.Y.S.2d 662, 664 (2004), "the dilatory tactics responsible for his misfortune are his own. Petitioner was in a unique position to file the renunciation in a timely fashion. … It is axiomatic that ignorance of the law is no excuse (*citing e.g. Matter of Kopp,* 2 N.Y.S. 495.)

[4] A party may, for good cause, seek an extension of the time to file. in *In re Estate of Overgard*, 785 N.Y.S.2d 662, 664 (2004) Irrespective of whether he could have made such a showing, Bernard did not move for an extension.

law as the place of probate or administration of the decedent's estate, within nine months after the effective date of the disposition."

18. The disposition of the Vanguard and Fidelity POD assets occurred, by operation of law, on May 1, 2012, the date of Renata's death.

19. Bernard, thus, was required to file the disclaimers with the Clerk of the New York Surrogate Court no later than February 1, 2013.  The EPTL admonishes that, "[t]he time limited in this section for filing and serving such renunciation is exclusive, and shall not be suspended or otherwise affected by any other provision of law; such renunciation shall be effective as of the date of such filing" *Id.*

20. New York law does not permit *nunc pro tunc* filing. *Matter of Estate of Lee,* 589 N.Y.S. 753, 755 (1992).  Bernard, thus, cannot attempt to file now and relate the filing back.  And, in any event, having waited nine years after having employed the disclaimers fraudulently to further his theft of assets, no court would permit him to file a notice now.

21. Bernard's failure also puts the lie to his specious claim that the disclaimers are irrevocable and, thus, he is unable to comply with any court order requiring him to return the POD assets.  Failure to file the disclaimers with the Surrogate Court rendered them not only

10

ineffective, but fully revocable. New York E.P.T.L. 2-1.11(h) ("A renunciation *filed* under this section is irrevocable." Italics added); *In re Estate of Overgard, supra*, 785 N.Y.S.2d at 664. Thus, in addition to the disclaimers being ineffective by operation of New York law, they were revocable *ab initio*.

22.    Given that the disclaimers were never effective under New York law, this Court may simply add suspenders to the belt, so to speak, by vacating its order authorizing the disclaimers in the first place and/or simply voiding the disclaimers.

23.    **Return of Conservatorship Assets as Previously Ordered by This Court**. Irrespective of what the Court does regarding the disclaimers, this Court may order Bernard to return the assets he stole to the Conservatorship Estate.

24.    The Colorado Court of Appeals affirmed that this Court has *in rem* jurisdiction over the diverted Conservatorship assets irrespective of where they are, how they got there and how they are held. Additionally, the Court of Appeals has affirmed this Court has *in personam* jurisdiction over Bernard, irrespective of whether he wears his hat individually, as Conservator, or as Trustee.

25. In *Black III,* this Court affirmed that this Court maintained continuing in rem jurisdiction over all of the conservatorship assets, irrespective of Bernard's diversion of those assets into out of state trusts. (*Black III, at* 474-475, ¶¶ 55-59). This Court further "conclude[d] that Bernard personally submitted to the court's jurisdiction in his capacity as Joanne's conservator, individually, and as a trustee of the Trusts." (*Black III, at* 477, ¶ 72).

26. In its April 27, 2018 Order, citing C.R.S. 15-16-201, this Court found, "The Probate Court has exclusive jurisdiction of proceedings initiated by interested persons concerning the internal affairs of trusts."

27. In *Black III,* the Colorado Court of Appeals "agreed" with and affirmed this Court's analysis that it has jurisdiction over all of the assets in the SNT, Issue Trust and 2013 Trust: "The Court finds *all* of the funds Bernard Black transferred into the [Trusts] that are at issue in this action were sourced from the [POD] accounts naming Joanne Black as the sole or primary beneficiary. As these funds were all held in the POD accounts on the date of Bernard Black's appointment as conservator, the funds were and remain a part of the conservatorship estate established by this Court." (*Black III, at* 474, ¶ 56).

12

28. The Court of Appeals **affirmed** that this Court, "may exercise in rem jurisdiction over the assets of Joanne's conservatorship that Bernard wrongfully diverted to the Trusts," … [b]ecause these assets are not the rightful property of the Trusts…" (*Black III, at* 480, ¶ 86).

29. Because this Court has continuing *in rem* jurisdiction over the POD assets and personal jurisdiction over Bernard, and because Bernard continues to violate this Court's March 5, 2013 Order, this Court has both the jurisdictional power and broad discretion to order Bernard to return all POD assets to the Conservatorship Estate. *O.R.L. v. Smith*, 996 P.2d *supra*, 790-791 (Colo. 2000), citing *Sweeney v. Summers*, 571 P.2d 1067, 1070 (Colo. 1977). (The Probate Court is vested with broad discretion in all matters involving a protected person.)

30. This Court, therefore, should order that Bernard return all of the POD assets he diverted to the Trusts and to his children directly, as currently constituted, to the Conservatorship Estate.

31. Such order issued by this Court will then be brought to the Interpleader Court for its approval.

32. **Suspend Bernard Black as a Trustee of the Issue and 2013 Trusts, and Suspend Samuel Black as a Trustee of all Three Trusts.** As

affirmed by the Court of Appeals in *Black II,* ¶ 25, 482 P.3d 460, this Court had personal jurisdiction over and properly suspended Bernard Black as Trustee of the "SNT and any other trusts which benefit Joanne" *Black II,* ¶ 60. However, Mr. Black also needs to be suspended as Trustee of the 2013 Trust and Issue Trust; the Issue Trust is funded entirely by Conservatorship assets Mr. Black stole. Likewise, as implicated by paragraphs 45, 60 and 75-77 of *Black II*, Samuel's tortious conduct against the Colorado Conservatee, Conservator and Conservatorship justify this Court exercising in personam jurisdiction against Samuel and hailing him to appear before this Court. Upon serving notice to satisfy due process, and a hearing, this Court should to suspend Samuel Black from acting as Trustee of the SNT, Issue and 2013 Trusts.

33. In its April 27, 2018 Order, this Court suspended Bernard as a trustee of the Supplemental Needs Trust. The Court of Appeals affirmed the suspension in *Black III.*

34. In its April 27, 2018 Order, this Court found that it also had personal jurisdiction over Samuel Black, "Samuel Black's actions as a co-trustee with respect to causing judgments to be entered against trust assets also

14

brings him within the ambit of this Court's jurisdiction. These actions have been addressed by this Court's Order entered January 4, 2018. Samuel Black is also under a duty to Joanne Black to use reasonable care to prevent a co-trustee from committing a breach of trust or to compel a co-trustee to redress a breach of trust. (Citing Restatement (Second) of Trusts§184). If Samuel Black has failed in his duty, he places himself under the jurisdiction of this Court pursuant to its continuing jurisdiction over the conservatorship assets which were misdirected by Bernard Black. As a co-trustee fiduciary, Samuel Black is obligated to assist Mr. Dain with return of all misappropriated conservatorship funds. Put another way, Samuel Black has an independent fiduciary obligation to Joanne Black to ensure the misappropriated conservatorship funds are returned."

35. The Court of Appeals likewise rebuked Samuel Black for his, "participation in litigation that seeks to deprive Joanne's conservatorship of the assets that Bernard misappropriated." *Black III* 482 P.3d, at 488, ¶135.

36. The litigation Samuel Black had **initiated** at the time the Court of Appeals sounded the alarm was voluminous, frivolous and wasteful. It included multiple lawsuits in New York and Illinois.[5]

37. Despite the Colorado Court of Appeals' holdings against Bernard and reprimand of Samuel, Bernard and Samuel continue to initiate litigation seeking to deprive Joanne's Conservatorship of the assets Bernard stole.

38. For recent example, on December 29, 2021, Bernard and Samuel, purporting to act as trustees of the Supplemental Needs Trust, filed a Complaint in the Circuit Court of Cook County, Illinois County

---

[5] At that time, Samuel had not only participated in collusive Illinois state litigation to enter judgments against the SNT, Issue and 2013 Trusts – the trusts holding the assets Bernard stole from Joanne's Conservatorship Estate – but initiated federal lawsuits in Illinois against the Protected Person and Conservator Goodwin. The Protected Person, Conservator Goodwin and Trustee Dain had to hire counsel to defend against Samuel's litigation. Samuel's collusive judgment litigation included one trial, two appeals and continues to this date. The federal lawsuits were dismissed after the Protected Person and Conservatorship Goodwin filed motions objecting to personal and subject matter jurisdiction. Samuel also initiated federal lawsuits in New York against the Protected Person's New York retained and Colorado appointed attorneys, the GAL, the GAL's retained forensic accountant, Trustee Dain, Ms. Wrigley and her attorneys, and Mr. Pinto. One of the lawsuits – filed against Ms. Wrigley and Mr. Pinto - was dismissed on summary judgment, for failure of proof, after lengthy and costly discovery and motion work. As to the other lawsuit, filed against all of the above parties, Samuel eventually removed himself as a plaintiff during discovery.

Department, Chancery Division (Case No. 2021CH06049), against Joanne and Trustee Dain, seeking declaratory judgment that the disclaimer(s) Bernard employed were valid under Illinois law.[6]

39. The Complaint, is attached to this Motion as Exhibit 1. [7]

40. Mr. Dain and Ms. Black were again forced to retain counsel. Counsel filed motions to dismiss the complaint as an improper attempt to litigate matters that were already before this Court. Just last month, on September 23, 2022, the Illinois Court agreed with Mr. Dain and Ms. Black and dismissed Bernard and Samuel's complaint.

41. Bernard Black's unmitigated refusal to accept the judgments against him and repeated failure to comply with this Court's orders, justifies

---

[6] While the form Bernard and his lawyers drafted included Colorado, New York and Pennsylvania as states with an interest in the disclaimers, and whose laws might therefore govern, they did not include Illinois. Bernard, of course, chose a state with no interest in the disclaimers in an attempt to end around Colorado's interest.

[7] The Complaint suffers from Bernard's quintessential employment of forum shopping, revisionist history and legal obfuscation. First, seeking to end around Colorado's jurisdiction over him and his actions, Bernard sued in Illinois, a state he specifically excluded as having governance over the disclaimer(s). The Complaint includes only Bernard's slanted version of events; it omits entirely the history of Bernard's breach of fiduciary duties and civil theft of Conservatorship assets, this Court's orders subsequent to appointing Bernard Conservator, and the multiple Colorado and Illinois Courts of Appeals Opinions. The Complaint also misrepresents the legal issues involved; it conflates the issue of whether Bernard can revoke the disclaimer(s) with the issues of whether the disclaimers are valid and/or can be voided by a Court.

further suspending him as a trustee of the Issue Trust and the 2013 Trust.

42. Samuel Black's continued filing of meritless lawsuits against the Protected Person in continuing attempts to deny her and her Conservatorship Estate of the assets Bernard stole, demonstrates the need to suspend Samuel Black as a trustee of the three trusts.

43. In its April 27, 2018 Order, this Court explained its ability to exercise personal jurisdiction over Samuel Black. It stated, "This Court entered orders freezing the accounts and prohibiting all trust activities absent the issuance of a court order. Samuel Black therefore has no authority over trust funds which originated as part of the conservatorship estate and any authority he has exercised over those funds brings him within this Court's jurisdiction pursuant to C.R.S. 13-1-124. Samuel Black's actions as a co-trustee with respect to causing judgments to be entered against trust assets also brings him within the ambit of this Court's jurisdiction. These actions have been addressed by this Court's Order entered January 4, 2018. Samuel Black is also under a duty to Joanne Black to use reasonable care to prevent a co-trustee from committing a breach of trust or to compel a co-trustee to redress a breach of trust.

(Citing Restatement (Second) of Trusts §184.) If Samuel Black has failed in his duty, he places himself under the jurisdiction of this Court pursuant to its continuing jurisdiction over the conservatorship assets which were misdirected by Bernard Black. As a co-trustee fiduciary, Samuel Black is obligated to assist Mr. Dain with return of all misappropriated conservatorship funds. Put another way, Samuel Black has an independent fiduciary obligation to Joanne Black to ensure the misappropriated conservatorship funds are returned." (Order, Apr. 27, 2018, pp. 9-10.)

44.     Simply put, because Samuel's continuing actions significantly impact the Conservatorship and the Conservatee/Protected Person under this Court's and Colorado's purview, this Court has jurisdiction to hail Samuel before this Court.

45.     Samuel Black will be served personally to assure he receives due process.

**D.     Surcharge Samuel Black for the Damages he has Cost the Protected Person and Her Conservatorship Estate.**

1.     As detailed above, the Court of Appeals rebuked Samuel's opprobrious, "participation in litigation that seeks to deprive Joanne's

conservatorship of the assets that Bernard misappropriated." *Black II,* ¶ 135.

2.      As also detailed above, Samuel has initiated multiple, specious lawsuits against the Protected Person, Conservator Goodwin and Trustee Dain. All were dismissed, but only after the retention of counsel and substantial attorney's fees.

3.      Additionally, Samuel colluded with his father and step-mother to confess judgments against the Trusts holding the assets his father, Bernard, stole. The initial judgments were vacated as the subject of fraud and collusion, with a scathing affirmance by the Illinois State Court of Appeals. Undeterred by the Illinois Court's rebuke, Samuel again fraudulently colluded with his father and step-mother to confess judgments against the trusts. In an attempt to avoid detection, Samuel's step-mother Katherine Litvak filed the new lawsuit using her married name, Katherine Black. The complaint and judgment papers intentionally omitted any mention of the prior vacature of judgment and the Court of Appeal's affirmance. Conservator Goodwin has had to hire counsel to defend against this ongoing fraud and has incurred substantial attorney's fees.

4. Moreover, Samuel filed frivolous motions in the Interpleader Court against the Protected Person, requiring her to retain separate counsel and incur attorney's fees.

5. For example, Samuel sought and obtained a rule to show why the Protected Person should not be held in contempt for pursuing return of the stolen assets before this Court. Samuel further sought an injunction preventing the Protected Person from pursuing contempt against Bernard and forcing the Protected person to make attempts to have the bench warrant against him recalled.

6. After hearings and briefings, the interpleader court denied Samuel's contempt and injunction motions. (*JP Morgan Chase Bank et al. v. Black et al.*, Case No. 1:18-cv-03447, Doc. 197). Moreover, the Court expressed its opprobrium at Samuel's behavior related to the issues before this Court: "Regarding the contempt proceedings, as discussed above, Bernard and Samuel have not shown that Joanne acted inappropriately before the DPC. The DPC issued a bench warrant because it ordered Bernard to appear before it, and he refused. Bernard had an obligation to follow that order even if he intended to assert a

defense. The warrant was justified by Bernard's failure to appear as duly ordered." (*Id.*, at p. 22.)

7. As set forth above, this Court has detailed the fiduciary obligation Samuel owes to Joanne and the Trusts which hold her Conservatorship assets. As this Court stated: "Samuel Black has an independent fiduciary obligation to Joanne Black to ensure the misappropriated conservatorship funds are returned."

8. Samuel's litigation against Joanne, Conservator Goodwin and Trustee Dain, and his collusion to encumber the Trusts have all been in direct breach of his fiduciary duties.

9. This Court should hold a hearing, and require Samuel to show cause why he should not be surcharged the damages, i.e., attorney's fees and costs, he has cost the Protected Person and the Conservatorship.

10. The Protected Person will provide this Court with a schedule of fees and costs incurred in advance of the show cause hearing, and subject to the Court's previously affirmed orders as to who is, and who is not, entitled to receive this information.

WHEREFORE, Joanne Black requests a hearing in the above-referenced motions.

Respectfully submitted this 4th day of November, 2022.

DIPONIO & DIPONIO, LLC

*/s/ Lisa DiPonio*

_____
Lisa DiPonio, Esq., #27707
7931 S. Broadway, #348
Littleton, CO  80120
Counsel for Joanne Black

YOUNG & ZEN, LLC

*/s/ Gayle Y.L. Young*

_____
Gayle Y.L. Young, #17107
P.O. Box 307
Littleton, CO 80160
(303) 738-9546
Guardian ad Litem for Joanne Black

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of November, 2022 I have electronically filed or mailed a true and correct copy of the within **PROTECTED PERSON JOANNE BLACK'S MOTIONS TO VACATE THIS COURT'S ORDER AUTHORIZING THE DISCLAIMERS/VOIDING THE DISCLAIMERS, TO SUSPEND BERNARD BLACK AS A TRUSTEE OF THE ISSUE AND 2013 TRUSTS, TO SUSPEND SAMUEL BLACK AS A TRUSTEE OF ALL THREE TRUSTS; AND SURCHARGE SAMUEL BLACK FOR THE DAMAGES HE HAS COST THE PROTECTED PERSON AND HER CONSERVATORSHIP ESTATE,** addressed to the following:

Joanne Black
805 E. New York Ave., Apt. #5M
Brooklyn, NY  11203
Protected Person

Cherie Wrigley
1946 Roadrunner Avenue
Thousand Oaks, CA  91320
Cousin

Anthony Dain, Esq.
13272 Capstone Drive
San Diego, CA  92130
Cousin/Trustee of Supplemental Needs Trust

Jane G. Ebisch, Esq.
Shaun Pearman, Esq
The Pearman Law Firm
4195 Wadsworth Blvd
Wheat Ridge, CO 80033
Counsel for Bernard Black

24

Jody Pilmer, Esq.
Wade Ash Woods Hill & Farley, P.C.
4500 Cherry Creek Drive South, Suite
600
Denver, CO 80246

Marco Chayet, Esq.
Tamara Trujillo, Esq.
Chayet & Danzo, LLC
650 South Cherry Street, Suite 710
Denver, CO 80246
Counsel for Conservator, Jeanette
Goodwin

*/s/ Gayle Young*