## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, and JP MORGAN SECURITIES LLC, | ) ) ) ) |
| Plaintiff-in Interpleader, | ) ) |
| v. | ) Case No. 1:18-cv-03447 ) |
| BERNARD S. BLACK, et al | ) Honorable Andrea R. Wood ) ) |
| Defendants. | ) ) ) |

### JOANNE BLACK'S RESPONSE TO BERNARD AND SAMUEL BLACK'S MOTION TO ENJOIN AND/OR FOR A RULE TO SHOW CAUSE

Defendant Joanne Black, in her individual capacity ("*Joanne*"), through her attorney, Terence D. Brennan, hereby submits her Response to Bernard and Samuel Black's (collectively, "*Bernard*") Motion to Enjoin and/or for a Rule to Show Cause (Dkt. #254) against her.

### INTRODUCTION

Bernard's latest motion asks the Court to sanction Joanne for actions in the DPC[1] that the Court authorized in two prior rulings. As such, the motion is frivolous, and the Court should deny it.

*First,* on September 29, 2021, this Court ruled that Joanne could "continue to litigate the disposition of the POD assets in the DPC proceedings" but must obtain the Court's approval before seeking to "effectuate turnover or withdrawal" of the assets themselves. In that vein, Joanne filed a motion with the DPC (the "*DPC Motion*") seeking an order that Bernard must return all POD assets (hereinafter, the "*Assets*") to her conservatorship (the "*Conservatorship*") but adding that

---

[1] As it has in previous filings and orders, the term "DPC" refers to the "Denver Probate Court."

1

she will not enforce the order until this Court approves. In short, Joanne's DPC Motion seeks a ruling on disposition without effecting turnover – the exact relief this Court approved in its September 2021 opinion (the "*September 2021 Order*").

***Second,*** while the September 2021 Order was enough to authorize the DPC Motion, Joanne confirmed that by also filing a motion for approval to proceed in Colorado. The Court granted the motion, reasoning Joanne would not violate any of its orders because she planned to "request a stay of any DPC order that seeks to effectuate [the Assets'] turnover or withdrawal."

Despite all this, Bernard now requests sanctions against Joanne for seeking the relief outlined in the DPC Motion – relief this Court has approved twice. Evidently, the Court's orders mean nothing to Bernard.

His motion should be denied, and he should be prohibited from bringing future sanctions motions against Joanne for her actions in the DPC.

## **RELEVANT FACTS**

### **The September 29, 2021 Order**

On September 29, 2021, this Court issued a comprehensive ruling on several matters. (Dkt. #197; 9/29/21 Memorandum Op. and Order). Among them was a ruling on Bernard's request for an injunction freezing the litigation in Colorado. Instead, the Court modified Bernard's request to the following: "The parties may continue to litigate the disposition of the [Assets] in the DPC proceedings. Otherwise, no party may seek to effectuate any turnover or withdrawal of the Interpleaded Assets from the accounts held by Plaintiff, or seek to enforce any court order requiring such, without first filing a motion with this Court." (*Id*. at 26-27).

The Court also denied Bernard's October 2019 motion for sanctions against Joanne. In that motion, Bernard argued Joanne violated the Court's May 15, 2019 and June 12, 2019 orders

2

(the "*May and June 2019 Orders*") by asking the DPC to hold him in contempt for his repeated misconduct in that court. To Bernard, unwinding his actions in Colorado would have effectuated the Assets' turnover. And this would have violated the May and June 2019 Orders. (*Id*. at 19-20). The Court found otherwise, holding Joanne did not violate the orders because her Colorado counsel alerted the DPC to them and asked the DPC to avoid any order that would move the Assets. (*Id*. at 20).

### The Motion for Approval

In August 2022, Joanne filed a motion asking the Court to approve proceedings the DPC ordered the parties to conduct. (Dkt. #191; 8/18/21 Mtn. for Approval). The motion notified the Court that Joanne would only seek to void Bernard's disclaimers and punish his misconduct in the DPC action. (*Id*. at ¶11). It also confirmed Joanne would not seek to enforce any DPC order that would effectuate turnover of the Assets. (*Id*. at ¶12). The Court granted Joanne's motion, in large part, for this reason. (Dkt. #251; 9/27/22 Order re Mtn. for Approval at 2).

### The DPC Motion

On November 4, 2022, Joanne's Colorado counsel filed the DPC Motion. In relevant part, the motion asks the DPC to "order that Bernard return all of the [Assets] he diverted to the Trusts and to his children directly, as currently constituted, to the Conservatorship." (Dkt. #254; Motion for R. to Show Cause, Exhibit A at ¶30). Joanne adds that the order would "then be brought to [this] Court for its approval." (*Id*. at ¶31). Thus, in effect, the DPC would only decide where the assets were supposed to go. They would not be moved until this Court entered an order authorizing that.

3

**Bernard's November 2022 Motion to Enjoin and/or for Entry of a Rule to Show Cause**

On November 16, 2022, despite the prior rulings authorizing the DPC Motion, Bernard brought his present motion. At bottom, he argues Joanne violated the Court's orders because she asked the DPC for "an order requiring the turnover of the Interpleader Assets without first seeking this Court's approval." (Dkt. #254; Mtn. for R. to Show Cause at ¶10). As he quotes the Court's orders throughout his motion, Bernard knows they do not prevent Joanne from seeking an order requiring turnover. (*See Id*. at ¶¶4-5, 7, 10). They only prevent Joanne from enforcing such an order without prior approval.

## ARGUMENT

### I. THE DPC MOTION ASKS FOR THE SAME RELIEF THIS COURT AUTHORIZED

The September 2021 Order authorized Joanne to litigate disposition of the Assets in Colorado. The only caveat was that she could not try to effectuate "turnover or withdrawal" of the Assets unless the Court granted prior approval. Functionally, the relief sought in the DPC Motion conforms to the Court's directives in the September 2021 Order. That is, Joanne asks the DPC to rule the Assets must be returned to the Conservatorship, but to refrain from enforcing the order – *i.e.,* moving the Assets into different accounts. Joanne then promised to take the order to this Court for approval. In short, the actual "turnover or withdrawal" of the Assets could not happen until this Court approved. So the relief sought in the DPC Motion aligns with the Court's holding on this issue in the September 2021 Order.

### II. JOANNE IS NOT ASKING THE DPC TO EFFECTUATE TURNOVER OR WITHDRAWAL OF THE ASSETS PRIOR TO THE COURT'S APPROVAL

The Court's previous orders have forbidden withdrawal of the Assets from the accounts holding them – not the mere entry of orders that, if enforced, would cause withdrawal. For

4

example, the May 2019 Order demanded Chase not allow any "withdrawal" of the Assets "from the accounts" or "execute any instructions" regarding the Assets. (Dkt. #68; 5/15/19 Order). The June 2019 Order barred the parties from "seeking to *enforce* any court order requiring, or otherwise seek to *effectuate*, any turnover or withdrawal of the interpleader assets from the accounts." (Dkt. #69; 6/12/19 Order)(Emphasis added). Building on these two orders, the September 2021 Order stated that the parties must not "seek to *effectuate* any turnover or withdrawal of the [Assets] from the accounts held by Plaintiff or seek to enforce any court order requiring such without first filing a motion with this Court." (Dkt. #197; 9/29/21 Mem. Op. and Order at 26-27)(Emphasis added). Each order targets the act of removing the Assets from the accounts that hold them.

Nonetheless, Bernard characterizes the orders as barring the parties from seeking the mere entry of any "order requiring turnover of the Assets." (Dkt. #254; Mtn. for R. to Show Cause at ¶10). But this was not one of the actions the Court prohibited. Rather, the orders prohibited the parties from "seeking to enforce" an order requiring turnover or seeking to "effectuate turnover or withdrawal…from the accounts." The difference in phrasing matters. While Joanne asks the DPC to order Bernard to return the Assets, she specifies that the order should not be enforced until she can ask this Court for permission. So she would not be "enforcing" an order to remove the Assets or seeking to effectuate their removal from the accounts. This would await the Court's approval.

### III. BERNARD CONTINUES TO WASTE JUDICIAL RESOURCES WITH MOTIONS HE KNOWS ARE FRIVILOUS

As Bernard must know, his latest motion requests sanctions against Joanne on an issue the Court has settled. Indeed, approximately two years prior, Bernard moved to sanction Joanne for trying to unwind the fruits of his misconduct in the DPC. (Dkt. #101; Bernard's 10/4/19 Mtn. for R. to Show Cause). The Court denied that motion. In the same order, it also gave Joanne explicit permission to bring the relief sought in the DPC Motion – permission it reiterated in granting

Joanne's subsequent motion for approval. These rulings left no doubt that Joanne could ask the DPC to unwind Bernard's actions there, provided she did not try to move the Assets to different accounts.

Joanne followed these directions, and Bernard still moved for sanctions.

At bottom, the Court's previous statements were not enough to keep Bernard from continuing to pursue this settled issue. So the only remaining solution is to bar him from bringing any sanctions motions against Joanne for her actions in the DPC. Anything less will force the Court to confront more of Bernard's frivolous motions.

**WHEREFORE**, Defendant Joanne Black respectfully requests this Court enter an order denying Bernard and Samuel Black's Motion to Enjoin and/or for Entry of a Rule to Show Cause, barring Bernard and Samuel Black from bringing further sanctions motions against Joanne for her actions in the DPC, and granting such other and further relief the Court deems proper.

        Respectfully submitted,

        JOANNE BLACK

By:     ___/s/ Terence D. Brennan_____
        One of her Attorneys

        Terence D. Brennan
        1437 North Park Avenue
        Chicago, Illinois 60610
        terry@terrybrennanlaw.com
        312-550-1085