**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, and JP MORGAN SECURITIES LLC, )<br><br>    Plaintiff-in Interpleader, )<br><br>        v. )<br><br>BERNARD S. BLACK, et al )<br><br>    Defendants. ) | Case No. 1:18-cv-03447<br><br>Honorable Andrea R. Wood |

**DEFENDANT JOANNE BLACK'S MOTION TO AUTHORIZE WITHDRAWAL OF INTERPLEADED ASSETS TO ENFORCE AN ORDER OF THE DENVER PROBATE COURT, PURSUANT TO THIS COURT'S MEMORANDUM OPINION AND ORDER ISSUED SEPTEMBER 29, 2021**

Defendant Joanne Black, in her individual capacity ("*Joanne*"), through her attorney, Terence D. Brennan, hereby submits her Motion to Authorize Withdrawal Of Interpleaded Assets to Enforce an Order of the Denver Probate Court (the "*DPC*"), Pursuant to this Court's Memorandum Opinion and Order Memorandum Opinion and Order Issued September 29, 2021 (Dkt #197)(the "*September 2021 Opinion*").

**INTRODUCTION**

1. In its September 2021 Opinion, this "Court enter[ed] the following injunction. JPMorgan shall not allow any withdrawals of the Interpleaded Assets or execute any instructions with regard thereto without prior approval from this Court. Such approval shall be sought by written motion with due notice provided to all parties. The parties may continue to litigate the disposition of the POD assets in the DPC proceedings. Otherwise, no party may seek to effectuate

1

any turnover or withdrawal of the Interpleaded Assets from the accounts held by Plaintiff, or seek to enforce any court order requiring such, without first filing a motion with this Court."

2. In permitting the parties to continue to litigate the disposition of the POD assets in the DPC proceedings, this Court reasoned that the interpleaded POD assets are under the *in rem* jurisdiction of the DPC, as "the Interpleaded Assets were stolen from Joanne." So the DPC was in the best position to determine their disposition. (*September 2021 Opinion*, at 23).

3. On October 10, 2023, the DPC approved a request by Joanne's conservator, Jeanette Goodwin, to withdraw $591,957.53 of the Interpleaded Assets[1] to pay professional fees for those who represented Joanne's interests in Colorado, and to reimburse those who advanced fees and expenses for Joanne's benefit. In line with this Court's September 2021 Order, the DPC instructed Goodwin not to withdraw the funds until she requested, and this Court authorized, their release. So Joanne[2] now asks the Court to approve withdrawal of the $591,957.53 for the professionals' fees. Goodwin joins in her motion.

## RELEVANT FACTS

4. The September 2021 Order specified that the parties could continue to litigate the appropriate distribution of the Interpleaded Assets in the DPC but had to seek this Court's approval before withdrawing any of them. (Exhibit B; September 2021 Order at 26-27). And since then, the parties have continued to litigate the assets' distribution.

5. As such, the Colorado courts have been active. Since September 2021, the DPC has removed Bernard and Samuel as trustees of the SNT and Issue Trusts, vacated the 2012

---

[1] Unless specified otherwise, capitalized terms shall have the same meaning as they were given in previous filings and order in this case.

[2] While the DPC's order instructs Goodwin to seek approval from this Court, Goodwin stands in for Joanne in Colorado. (Exhibit A; DPC 10/10/23 Order at ¶5). In the present case, Joanne herself is a party. Therefore, she is seeking approval directly.

disclaimers Bernard issued when he was conservator, and imposed multiple sanctions and fines on Bernard for his improper litigation conduct. (Exhibit C; DPC 5/30/23 Findings and Order, 5/30/23 Order and 1/11/24 Order).

6. Bernard has appealed nearly all these rulings to the Colorado Court of Appeals and speciously attempted to remove the conservatorship proceedings to Colorado's federal District Court. None of his appeals have succeeded and his removal was rejected, with the District Court remanding the matter back to the DPC. In his Report and Recommendations, federal Magistrate Judge N. Reid Neureiter, concluded that Bernard's wave of filings amounted to bad faith and vexatious conduct. (Exhibit D; Judge Neureiter 2/14/23 Op. at 39-40). As such, Judge Neureiter imposed monetary sanctions on Bernard and referred him to the New York bar for additional sanctions – including potential disbarment. (*Id*. at 41-43).

7. Adopting Judge Neureiter's recommendations in their entirety, federal District Court Judge Daniel Domenico found Bernard's 11-year, nationwide scheme a "more insidious form of vexatious" conduct than the mere "repeat filings in a single court" that typically result in sanctions. He added the following:

> This entire federal case has been the definition of vexatious and wasteful. It would warrant the sanctions Judge Neureiter recommended no matter the context. That the other side of the underlying matter is a disabled sibling seeking what court after court has recognized is rightfully hers does not change the result of this order, but, one must assume, will be taken into account by that higher authority when the time comes.

(Exhibit E; Domenico Op. at 10).

8. When the dust settled, Goodwin asked the DPC to approve $591,957.53 in professional fees and reimbursements to be paid from the Interpleader Assets, reflecting years of work and advances paid by ten different firms and parties in multiple forums. In its October 10, 2023 order, the DPC approved the fees. But in keeping with this Court's September 2021 Order,

3

the DPC included the caveat that, before withdrawing the funds, Goodwin needed to ask and obtain this Court's permission. (Ex. A; DPC 10/10/23 Order at ¶¶3-6).

## ARGUMENT

9.  With this motion, Joanne seeks that permission. The September 2021 Order highlighted the DPC as especially qualified to adjudicate the Interpleader Assets' proper distribution. Here, after extensive litigation, the DPC concluded that, at this time, certain of the professionals and parties who represented and defended Joanne and her Conservatorship Estate's interests, and certain parties who advanced money for her defense, health and welfare, deserve to be paid and reimbursed, and the only reasonable source for those payments and reimbursements are the POD funds stolen by Bernard, i.e., the Interpleaded Assets.

10. Given that Colorado's highest Courts have affirmed, and this Court has acknowledged. that the Interpleaded Assets were stolen from Joanne and are the rightful property of her Conservatorship Estate (*see e.g.*, *September 2021 Opinion*, at 23), this Court will be distributing money that, almost certainly, will be ultimately returned to Joanne's Conservatorship Estate and distributed according to the DPC's discretion. Moreover, in its September 2021 Opinion, this Court expressed that the claims of Bernard, Samuel, Litvak and Dal against the Interpleaded Assets are likely to fail. And, lastly, the requested withdrawal is a mere fraction of the value of the Interpleaded Assets, eliminating even the tenuous risk that any of the above parties' claims would be compromised.

11. For the foregoing reasons, the Court should approve Joanne's request for the withdrawal from the Interpleader Assets in accordance with the DPC Order.

**WHEREFORE**, Defendant Joanne Black respectfully requests this Court enter an order authorizing conservator Jeannette Goodwin to withdraw and disburse $591,957.53 of the

Interpleader Assets and distribute them to pay for Joanne's professional fees, and granting such other and further relief the Court deems equitable and just.

                                        Respectfully submitted,

                                        JOANNE BLACK

By:       /s/ Terence D. Brennan
            One of her Attorneys

            Terence D. Brennan
            1437 North Park Avenue
            Chicago, Illinois 60610
            terry@terrybrennanlaw.com
            312-550-1085