IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A. et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 18-cv-03447 |
| v. | ) | |
| | ) | Hon. Andrea R. Wood |
| BERNARD S. BLACK, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**BERNARD S. BLACK AND SAMUEL BLACK'S MEMORANDUM
IN OPPOSITION TO DEFENDANT JOANNE BLACK'S MOTION
TO AUTHORIZE WITHDRAWAL OF INTERPLEADED ASSETS
TO ENFORCE AN ORDER OF THE DENVER PROBATE COURT**

This Court should deny Defendant Joanne Black's Motion to Authorize Withdrawal of Interpleaded Assets to Enforce an Order of the Denver Probate Court ("DPC") for many reasons. The motion seeks this Court's authorization to withdraw interpleaded assets pursuant to an *ex parte* non-final DPC interlocutory order allowing payment or reimbursement of various parties' attorneys' fees after Jeanette Goodwin ("Goodwin") receives permission from this Court for the withdrawal of interpleaded assets for that purpose. Given the DPC's order, it is unclear why Joanne Black ("Joanne"), rather than Goodwin, is seeking permission from this Court to withdraw the funds. Regardless, Joanne's motion should be denied for multiple reasons, any one of which warrants denial of her motion.

First, Joanne has not filed any claim for relief in this action, much less alleged facts in support of such a claim for recovering money from the interpleaded assets to pay legal fees. Second, Joanne does not state in her motion whether she personally paid or incurred the legal fees, or whether they were paid or incurred by another party, for what specific purpose, in what case, why the fees are reasonable, and why they should be charged to the trusts. Defendants and counter-

1

claimants Bernard Black ("Bernard") and Samuel Black ("Samuel") suspect that some or all of the fees were incurred by other parties in litigation around the country in which Joanne was not even a party and had no interest. If that is so, Joanne does not provide any basis for *her* to be entitled to recover those fees from the interpleaded assets.

Third, the interpleaded assets are the assets of two trusts, but the DPC order and Joanne's motion fail to set out which legal fees should be paid from which trust's assets and in what amounts. Again, if Joanne wishes to recover legal fees in this proceeding from the interpleaded assets, she has to assert a claim in this proceeding in which she alleges the basis of her right to recover those fees, from which trust, setting out the fees she is seeking to recover, who paid or incurred the fees and why Joanne should be entitled to recover them if they were paid or incurred by another party, and why the fee amounts are reasonable, so that parties with competing claims to the trust assets know the factual basis of Joanne's claim and have an opportunity to oppose and defend against that claim, including an opportunity to take discovery with respect to the factual basis or bases of the claim.

Fourth, the DPC order that Joanne seeks to have this Court enforce is a non-final *ex parte* order still subject to challenge and appeal in Colorado and is not properly enforceable in this Court. The fact that it was entered *ex parte*, without Joanne (or any other party) having provided notice or opportunity to respond to Bernard and Samuel, as well as to other parties who have interests in, or claims to, the interpleaded assets, raises serious questions as to whether the order will withstand challenge in the DPC and on appeal, if necessary. This provides further reason why Joanne needs to file a claim in this action which provides competing claimants to the interpleaded assets an opportunity to respond and potentially oppose the claim, including taking discovery, before Joanne is allowed to withdraw interpleaded assets based the DPC's non-final *ex parte* order.

Fifth, the DPC's order was entered in violation of Colorado procedural rules and due process in that notice and an opportunity to respond was not afforded to other parties who have interests in the assets that are the subject of the order. The order will be challenged on those and other grounds in Colorado.

Sixth, there are serious questions (explained further below) as to the DPC's jurisdiction to enter the order Joanne seeks to enforce. This Court should allow those jurisdictional challenges, currently before the Colorado Court of Appeals, to play out before enforcing any DPC order.

Seventh, neither Joanne nor Goodwin should be allowed to withdraw any interpleaded assets before the claims of other parties are fully adjudicated and prioritized. Joanne fails to provide any explanation or basis for why her claim should be allowed to take priority over other existing judgments, including final judgments. It should not.

Eighth, the relief sought in Joanne's motion conflicts with statements and assurances both Anthony Dain ("Dain") and Goodwin have made to this Court and to the other parties that they were *not* seeking to recover any legal fees in this proceeding. This is important because the legal invoices that Dain and Goodwin produced in discovery in this action, which may be the same invoices that underlie the DPC fee award order,[1] have been heavily redacted, preventing other parties from being able to properly evaluate them for reasonableness to oppose the underlying fee claim that Joanne now is asserting through her motion. Regardless, Joanne's motion does not tell the Court or the other parties anything about the fees that are the subject of the DPC's order and why she should be allowed to withdraw interpleaded assets to pay them.

---

[1] Without more information about the claim Joanne is making and the basis for the fee award, which is not discernible from Joanne's motion, it is impossible for other parties to know whether Joanne's claim is based upon the invoices Dain and Goodwin produced.

3

Any one of the foregoing deficiencies in Joanne's motion warrants its denial. If Joanne wishes to receive payment or reimbursement of legal expenses from the interpleaded assets, she should first file a claim against those assets, provide sufficient information so that the Court and other parties can assess the basis of the claim, and give other parties an opportunity to oppose and defend against that claim, including taking discovery regarding that claim.

**I.      Joanne Has No Claim to the Interpleaded Assets**

As stated above, Joanne has not filed any claim to the interpleaded assets in this case. Without having asserted any claim to those assets, Joanne should not be allowed to withdraw funds from those assets. Joanne has not presented any authority in her motion for this Court to provide the relief she requests without her first having filed a claim in this action to the interpleaded assets.

Nor is it clear whether *Joanne* has any right to payment or reimbursement of the fees at issue. Bernard and Samuel suspect that many, if not all, the legal fees that she seeks by motion to have paid or reimbursed from interpleaded assets were incurred by Goodwin or Dain. Bernard and Samuel further have reason to believe that some of the fees were incurred by Dain for his own personal benefit and not for the benefit of Joanne or the trusts holding the interpleaded assets. If that is true, there would be no basis for recovery of such fees from the interpleaded assets. Regardless, if the fees were incurred by Dain or Goodwin, any claim to payment or reimbursement of those fees should be made by Goodwin or Dain and they should have to prove why those fees should be paid or reimbursed from the interpleaded assets and why any such payment or reimbursement should take priority of payment of other competing claims to those assets.

Joanne's failure to file an underlying claim establishing the basis of her claim for recovery from the interpleaded assets warrants denial of her motion on that basis alone. Simple due process

4

considerations would require that a claim be filed and adjudicated before the relief Joanne is seeking is awarded so that parties have a fair opportunity to oppose and defend against the claim.

## II. Joanne Has No Right to Priority over Other Claims

Even if Joanne had filed a claim to the interpleaded assets, had incurred or paid legal bills, and could document those fees and their reasonableness, Joanne has no right to jump in front of other claimants to those assets and withdraw funds from them before all claims to the interpleaded assets have been adjudicated and priority to the assets among competing claimants has been determined.

Other parties, for example, have prior asserted claims to the interpleaded assets. Olga Dal ("Dal"), has a final judgment, affirmed on appeal, obtained prior to the non-final order that Joanne seeks to enforce. No party would seem to have any viable defense against Dal's right to payment from the interpleaded assets. This Court, however, has yet to allow Dal to withdraw interpleaded assets to pay her claim. Claimant Katherine Litvak also has judgments, enforceable against the interpleaded assets, filed and obtained prior to the entry of the non-final order that Joanne now seeks to enforce. In addition, Bernard and Samuel have claims for reimbursement of legal and accounting expenses, which they expect to bring to this Court.

Moreover, competing claimants, including Bernard and Samuel, have numerous defenses to Joanne's (or Goodwin's) claim that have yet to be adjudicated. And because Joanne has failed to file any claim to the interpleaded assets, competing claimants have not been given an opportunity to assert, much less prove, defenses to her claim, or superior priority, and to obtain discovery of the facts underlying Joanne's claim.

Joanne has failed to provide any factual or legal justification for her attempt to jump in front of other claimants. Joanne has not cited any authority by which it would be appropriate for

5

the court in an interpleader action to enforce a non-final order as a basis of recovery from the interpleaded assets, let alone before all claims to the assets and defenses to competing claims have been fully adjudicated; much less where the DPC order on which she relies was obtained *ex parte*, and the basis for the fee request remains unknown. The relief Joanne is seeking, therefore, is inappropriate, inequitable, not well grounded in fact or law, and premature at best.

### III. The Order Joanne Seeks to Prematurely Enforce is not even a Final Judgment or part of any Final Judgment

Joanne is silent as to whether the order she seeks to have this Court prematurely enforce is even a final and appealable judgment or order subject to enforcement in this Court. It is not. In fact, Bernard and Samuel recently filed appeals in Colorado from related DPC's orders, and the Colorado Court of Appeals dismissed their appeals on grounds that there was a lack of a final, appealable judgment. (December 1, 2023, Order of the Court, Colorado Court of Appeals, a copy of which is attached as Exhibit A.)

Again, too, although Joanne never mentions it, the DPC's interlocutory order that Joanne seeks to have this Court enforce by mere motion was entered *ex parte*, such that there is a serious question as to whether it will withstand scrutiny on procedural and due process grounds alone when Bernard challenges it, as he has now before the DPC, with an appeal to follow, if necessary.[2] This Court certainly should not consider enforcing such a questionable interlocutory order. It is not a final judgment or part of a final judgment.

### IV. The DPC's Order that Joanne seeks to Enforce is Void for Lack of Jurisdiction

There is a serious question as to whether the DPC continues to have jurisdiction to maintain a conservatorship over Joanne and enter any order, much less the one that Joanne would like this

---

[2] Bernard, having learned of the DPC order underlying Joanne's motion only by receiving her motion, has moved to vacate that DPC order for lack of notice and lack of due process more generally. (*See* Trustee Bernard Black's Motion to Vacate Orders and Compel Notice, filed March 22, 2024, a copy of which is attached as Exhibit B.)

6

Court to prematurely enforce, given that Joanne moved to New York more than 10 years ago, has not returned to Colorado since, and was adjudged competent to manage her own affairs by a New York court in March 2016. *See, In the Matter of the Application of Bernard Black for the Appointment of a Guardian of the Person and Property of Joanne Black*, Index No. 80253/2014, N.Y. Supreme Court, Richmond County, June 7, 2016, Order, at p. 5. The New York court specifically found that Joanne did not need either a personal or property guardian (the New York equivalent of a Colorado conservator). *Id.* at 7-8.

The DPC has long known that Joanne was adjudicated competent in New York, the state where Joanne resides. In 2016, the DPC judge telephoned the New York judge, discussed the New York proceedings, and later approved payment of fees incurred by Joanne's New York counsel. (*See*, DPC Orders of February 25, 2016 and March 17, 2016, copies of which are attached as Group Exhibit C.) Nonetheless, the DPC simply ignored the New York court's ruling and has continued to maintain a conservatorship over Joanne without ever holding any hearing on Joanne's competency or need for a conservator (*i.e.*, financial guardian).

Based upon the New York court's ruling, under the Uniform Adult Guardianship and Protective Proceedings Jurisdiction Act (UAGPPJA), which Colorado (as well as New York and Illinois) adopted, the New York court's 2016 finding on Joanne's competency is binding on the DPC. C.R.S. § 15-14.5-101, *et seq*. Under the UAGPPJA, Joanne's "home state" is New York. C.R.S. § 15-14.5-201. Therefore, under UAGPPJA § 203, Colorado lacks jurisdiction because New York exercised jurisdiction and determined that Joanne was competent to manage her own affairs, including her own financial affairs.

The very purpose of the UAGPPJA is to resolve disputes over which state has jurisdiction to determine whether someone needs a guardian or a conservator. *See*, "Uniform Adult

7

Guardianship and Protective Proceedings Jurisdiction Act", 24-MAR CBA Rec. 36 (Feb/March 2010). Further, under the UAGPPJA, the DPC is bound by the New York court's decision on Joanne's capacity because New York is Joanne's "home state." The UAGPPJA defines "home state" as the state in which the respondent has been physically present, including any period of temporary absence, for at least six months prior to the filing of a petition for appointment of a guardian. Further, the full faith and credit clause of the Constitution of United States requires the DPC to honor the New York competency decision.

There is, and can be, no dispute that Joanne's home state is New York. Joanne currently resides in New York, has lived there most of her life, and has lived there continuously since 2013. Joanne has no connection to Colorado, except for her short temporary stay there in 2012 and 2013. Joanne has had no connection to Colorado in the past 10 years.

The uniform national rule for both full guardianships and conservatorships, including in Colorado, is that, once a protected person is restored to competency, as Joanne was here, the guardianship or conservatorship *must be wound down* and the court which established the guardianship or conservatorship *lacks jurisdiction to take any further action*. As explained by the Colorado Supreme Court in *People ex rel. Smith v. Fremont Cnty. Ct.*, 106 Colo. 95 (1940), upon a restoration to competency, the court which established the conservatorship:

> [has no] jurisdiction to do anything more than settle the accounts of the conservatrix and restore to petitioner the control of his property… any orders made attempting to control the property, burden it… were void and of no force or effect…. *All acts of the court outside such jurisdiction were not only voidable but void.*

*Id*. at 101-02 (emphasis added). This approach has been adopted throughout the country.[3]

---

[3] *See, e.g.*, *Estate of Wellman*, 174 Ill.2d 335, 347 (1996) ("Following the restoration of a ward, the now-competent former ward is capable of representing, and has the right to represent, his or her own interests. Thus, the guardian no longer has standing to represent in court the interests of the former ward."); *Estate of Hayden,* 105 Ill.App.3d 60, 65 (4th Dist. 1982) (following restoration of competency, guardian lacks standing to represent in court the interests of the former ward). *Poling v. City Bank & Trust Co.,* 167 So.2d 52 (Fla. App. 1964) (guardian has no right to act after

In short, the DPC was compelled to wind down the conservatorship in 2016, following the New York decision. The DPC's resulting loss of jurisdiction to continue the conservatorship was *automatic*, and all subsequent DPC order, other than actions to wind up the conservatorship, are void. *See, Smith*, 106 Colo. at 102.

Bernard filed a motion in the DPC to terminate Joanne's conservatorship there in 2023, which was denied. He has appealed that ruling, and the appeal is pending.[4]

Bernard's motion to terminate the DPC conservatorship also created a third reason why the DPC lacks jurisdiction to enter orders such as the one Joanne seeks to enforce. In response to Bernard's motion, the DPC was required to, but did not, hold an evidentiary hearing. Colorado law, however, expressly requires that a court "*shall* order termination unless it is proved by clear and convincing evidence that continuation of the conservatorship is still statutorily warranted *and* is still in the best interest of the protected person." C.R.S. § 15-14-431 (emphasis added).

The clear and convincing evidence standard for continuation of the DPC's conservatorship over Joanne was not met. Indeed, it could not have been met given that the DPC never even held a hearing to determine whether continuation of the conservatorship was still warranted and in Joanne's best interest.

---

ward's disability was removed); *Tipton v. Tipton,* 140 S.W.2d 865 (Tex. Civ. App. 1940) (judgment of restoration to sanity immediately suspends powers of guardian and ends guardianship, with it immaterial that the formal order of discharge came later); *In re Guardianship of Love,* 249 N.E.2d 794 (Ohio 1969) ("we agree with long-established authority that upon a ward's restoration, the guardian lacks standing to [act]" ); *Ensign v. Faxon,* 112 N.E. 948, 950 (Mass. 1916) (guardian has no standing to act after the ward is adjudicated competent); *Hundley v. Hundley*, 229 Md. 393, 396 (1962) (guardians have no standing after the ward is found competent); *State ex rel. Brooking v. Branyan*, 66 N.E. 464 (Ind. App. 1903) (guardian has no standing to appeal competency decision); *In re Brooks*, 104 N.Y. Supp. 670 (App. Div. 1907) (guardian has no standing where ward deemed competent); *McKenna v. McKenna*, 69 A. 844 (R.I. 1908) (guardian lacks standing where ward found competent). *See also,* 57 C.J.S. Mental Health § 172 (March 2023 update), explaining that "[J]urisdiction [of conservatorship court continues] until the ward recovers … competency, at which time the right of the court to manage the estate ceases", *citing*, *Reister v. Lane*, 2 A.2d 643 (Md. 1938); *Matter of Miller*, 620 P.2d 800 (Kan. 1980); *In re Serrano*, 716 N.Y.S.2d 55 (1st Dept. 2000); *Walker v. Graves*, 125 S.W.2d 154 (Ten. 1939); *In re Gaddis' Guardianship*, 120 P.2d 849 (Wash. 1942); *People ex rel. Smith v. Fremont Cnty. Ct.*, 106 Colo. 95 (1940).

[4] A copy of Bernard's appellate brief is attached as Exhibit D.

9

**V.     The DPC has Denied Parties Due Process such that this Court should Deny Joanne's Motion to Prematurely Withdraw Interpleaded Assets**

Even apart from the DPC's seeming lack of jurisdiction to enter orders such as the one Joanne now seeks to have this Court enforce, there also is a serious question as to whether the DPC has the right to order funds to be disbursed or removed from trusts whose trustees and beneficiaries have never been made parties to the proceedings in that court.  Moreover, while it is true that the DPC has entered orders purporting to remove Bernard and Samuel as trustees, (i) that order is not final, and will be appealed when it becomes final;[5] (ii) the removal order was entered *sua sponte*, without a removal motion ever having been filed;[6] (iii) *sua sponte* removal violated both due process and Colorado procedural rules; (iv) the DPC has no basis for exercising personal jurisdiction over Samuel, who has never been to Colorado, much less in connection with the matters at issue there; (v) Samuel was never served with process concerning any claim in the DPC; and (vi) Bernard believes that the DPC lacks personal jurisdiction over him as trustee of one of the trusts, and will challenge the DPC's assertion of jurisdiction over him in that capacity once the DPC's order becomes final.

Notably, the Colorado Court of Appeals previously ruled that Samuel was denied due process with respect to relief the DPC entered against him.  *Black v. Black*, 482 P.3d. 460, 472 (Colo. App. 2020).  The order purporting to remove Bernard and Samuel as trustees is a further violation of both Samuel's and Bernard's due process rights in that they were never served with any claim or motion seeking such relief that they could oppose or contest.

---

[5] Bernard and Samuel filed separate notices of appeal from the ruling, but the Colorado Court of Appeals dismissed those appeals on grounds that the DPC order is not final.

[6] There was a motion to *suspend* Bernard as trustee of one trust, and to *suspend* Samuel as trustee of both trusts, but nothing ever was filed to *remove* either of them as a trustee of either trust.

10

The DPC, it should be noted, has a history of entering orders in the Joanne conservatorship proceeding while ignoring issues of jurisdiction and due process, and the Colorado Court of Appeals has reversed other prior DPC orders on such grounds. *See, e.g.*, *Id*. at 480-82 (DPC order vacating disclaimer reversed for lack of subject matter jurisdiction); *In the Interests of Joanne Black, Protected Person*, 16CA0625 (Colo. App. 2018) (vacating and remanding DPC fee awards for failure to find facts establishing jurisdiction over one of the trusts).

Nonetheless, Joanne falsely portrays the situation in Colorado as one in which the DPC's orders in the conservatorship proceeding consistently have been upheld on appeal by the Colorado Court of Appeals. Again, that is not true. Some orders have been upheld and other orders have been reversed on jurisdictional and due process grounds. Still others**,** including the DPC's continuing jurisdiction to maintain a conservatorship over Joanne, are being challenged, or will be challenged, when the DPC's orders become final.

Until all such issues are resolved in Colorado, including present and expected future challenges, to the DPC's questionable jurisdiction and failure to afford due process to parties before entering orders against them or their interests, such as the one in question here, it would be improper for this Court to enforce a mere interlocutory order of the DPC. Bernard and Samuel are entitled to challenge the DPC order's validity and propriety, including through an appeal in Colorado, if necessary.

Other parties to this case, who are not represented in Colorado, have similar rights that are affected by the DPC's orders, including the one at issue here. They were never given an opportunity in the DPC to challenge the DPC's order to pay legal fees from the assets of the two subject trusts even though they have competing claims to the trusts' assets. They are entitled to that opportunity in this Court.

11

This Court should not allow Joanne to obtain the premature relief she seeks, especially where Joanne has not presented any authority to this Court that such relief would be appropriate at this time given the totality of the circumstances.

## VI. The Motion is Missing Crucial Details

As set forth above, Joanne's motion is devoid of key facts that are important to determining Joanne's right, if any, to the relief she is seeking, including:

(i) Who incurred the underlying legal fees and for what purpose;

(ii) In what case, or cases, the fees were incurred, including whether any of the fees arise from a case Goodwin filed that was voluntarily dismissed soon after it was filed,[7] or from her unsuccessful challenge to Dal's right to loan repayment (the case in which Dal obtained a judgment against the trusts which she seeks to enforce in this proceeding);

(iii) Who, if anyone, benefitted from the fees;

(iv) The basis, if any, for charging the fees to one or both trusts;

(v) Whether the fees were incurred for the benefit of the subject trusts or either of them rather than for the benefit of Joanne, Goodwin and/or Dain, individually, or to the detriment of the trusts or either of them; and

(vi) Why the fees are reasonable in amount.

Until such facts are provided and parties are given an opportunity to oppose and defend against Joanne's claim, this Court should not grant Joanne the requested relief. Respectfully, Joanne has not given this Court any factual basis for establishing that she is entitled to withdraw

---

[7] *See, Jeanette Goodwin, as Conservator v. Bernard Black, Samuel Black, Katherine Black, and Olga Dal*, Case No. 2018 CH 00563 in the Circuit Court for Cook County, Illinois, filed on January 18, 2018 and voluntarily dismissed by Goodwin on May 30, 2018.

any interpleaded assets to pay the legal fees that are the subject of the DPC's order, much less prior to the payment of other competing claims and without determining the priority of Joanne's claim versus competing claims.

### VII. Competing Claimants should be Allowed Discovery concerning Joanne's Claim

Parties who may wish to oppose the relief that Joanne is seeking should be afforded an opportunity to take discovery, including to ascertain the information set forth above that is missing from Joanne's motion about the underlying basis for the relief she is seeking. Without discovery, the other claimants cannot mount an appropriate challenge to Joanne's claim, whether as to its validity, reasonableness, or priority.

### VIII. Conclusion

For all the foregoing reasons, Joanne's motion should be denied.

> Respectfully submitted,
>
> BERNARD S. BLACK, individually and as Trustee of the 2013 Trust, the SNT and the Issue Trust, and SAMUEL BLACK, as Trustee of the 2013 Trust, the SNT and the Issue Trust
>
> By: /s/Brad S. Grayson
>      One of Their Attorneys

Benjamin N. Feder
Brad S. Grayson
Sarah M. Freund
Strauss Malk & Feder LLP
135 Revere Drive
Northbrook, IL 60062
(847) 562-1400 (Tel.)
bfeder@smfllp.com
bgrayson@smfllp.com
sfreund@smfllp.com

5094\00005\4854-8628-6775.v1