# EXHIBIT B

| | |
|---|---|
| PROBATE COURT, DENVER COUNTY, COLORADO<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: March 22, 2024 5:56 PM<br>FILING ID: EA0684AE6AA5A<br>CASE NUMBER: 2012PR1772 |
| **In the Interest of:** JOANNE BLACK,<br><br>Protected Person. | ∆ **COURT USE ONLY** ∆ |
| *Attorneys for Bernard Black:*<br>The Pearman Law Firm, P.C.<br>Shaun Pearman, #16619<br>Eric P. Apjoke, #46269<br>4195 Wadsworth Blvd.,<br>Wheat Ridge CO 80033<br>Tel: 303-991-7600 | Case No.: 2012PR1772<br><br>Division: 1 |
| **TRUSTEE BERNARD BLACK'S MOTION TO VACATE ORDERS AND COMPEL NOTICE** | |

Bernard Black, in his capacity as trustee of the Supplemental Needs Trust for the Benefit of Joanne Black (the "SNT"), a beneficiary of the Issue Trust, which is a remainder beneficiary of the SNT, an interested person in the welfare of Joanne Black ("Bernard"), and former conservator for Joanne Black, hereby moves to vacate orders pursuant to C.R.C.P. 60(b), and compel notice of all past and future filings with the Denver Probate Court in this matter.[1]

---

[1] Bernard does not waive his prior argument, currently on appeal, that this Court has no jurisdiction to establish or maintain a conservatorship over Joanne Black.

**CERTIFICATE OF CONFERRAL**

Undersigned counsel certifies that he has conferred with all other parties via email and Samuel Black does not oppose, Marco D. Chayet objects, but none of the other counsel have responded to the email. Counsel left a voice mail for both Lisa DiPonio and Gayle young before filing but as of the filing of this motion, they have not responded. It is anticipated that they object.

**INTRODUCTION**

On October 10, 2023, this Court entered an order granting concerning payment of legal fees by the Conservatorship ("Fees Order"). Bernard received no notice of the motion on which this order was based ("Fees Motion") and does not know what other motions ("Other Motions") or other court ("Other Orders') he may be unaware of. The parties who filed the Fees Motion never conferred with his lawyers about them and never served him with this motion. The Fees Order, in the form available to Bernard, is incomplete because it does not include the motion that was approved.

Ex parte proceedings violate the Colorado Rules of Civil Procedure, Bernard's due process rights, and the rights of the SNT beneficiaries. Therefore, the Fees Order and any Other Orders issued without notice to Bernard are void. Accordingly, Bernard moves for an Order: (i) vacating any such orders pursuant to C.R.C.P. 60(b)(3); and (ii) directing that he be given notice of the Fees Motion and any Other Motions before this Court, of which he has not been made aware, (ii) an opportunity to response to any motions; (iii) notice of any Other Orders; (iv) notice and an

opportunity to respond to any future motions; and (v) notice of any future orders by this Court.

## FACTS

The parties filing the Fees Motion, and any Other Motions, including the motion filed on March 19, 2024, have not conferred with Bernard's counsel about these motions. This violates C.R.C.P. 121 § 1-15(8) (making conferral mandatory). Nor have they provided the Fees Motion or any Other Motions to Bernard, who therefore had and has no opportunity to respond. This violates Bernard's due process rights, as well as C.R.C.P. 121 § 1-15 (setting for the procedure for motions, including an opportunity to respond).

On March 19, 2024, at 5:55 pm, attorney Lisa DiPonio filed another motion and exhibits as "Sealed", meaning that Bernard will not receive a copy of such motion and documents even though the requests likely will impact Bernard. Here is a screenshot of the filing:



3

## ARGUMENT

The Fee Order and any Other Orders are void and must be set aside. All motions filed must be provided to Bernard unless they are addressed in the September 28, 2020 order, which states in relevant part:

> 6. Bernard Black is removed as a person entitled to receive reports and information regarding the conservatorship with authority to review and oversee the conservator. The function of oversight shall continue to be maintained by the Court, the Protected Person's Counsel, her GAL and her Trustee Anthony Dain, all of whom brought Bernard Black's defalcations to the Court's attention. There is therefore no reason to think that they would fail to bring any issues raised by Ms. Goodwin's service to the Court's attention. Ms. Goodwin may therefore file her annual and any supplemental reports to the Court under seal, to be viewed only by the Court and Court staff. Ms. Goodwin must therefore provide separate copies of her reports to individuals entitled to receive copies by US Mail or a delivery system outside of the judicial file and serve system.

This order is, on its face, limited to the Conservator's annual and supplemental reports. It does not purport to, and the Court has no power to, depart from the ordinary rules of civil procedure governing litigation before this Court.

Ms. Black and Conservator Goodwin have engaged in *ex parte* litigation, resulting in the Fee Order affecting the trusts, Joanne Black, and perhaps Bernard personally, and perhaps Other Orders. Bernard learned only recently of the Fee Order, as a result of proceedings in the Illinois interpleader case. Bernard still has not seen the motion, or the underlying legal bills which the Court approved. He has had no notice or opportunity to review the motion or object to the reasonableness of the fees. It is also very concerning that additional motions not contemplated by the September 28, 2020, order continue to be filed without notice to Bernard.

4

"[E]very written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper *shall* be served upon each of the parties." C.R.C.P. 5(a) (emphasis added); *see also In re Marriage of Cooper*, 113 P.3d 1263, 1264 (Colo. App. 2005) ("[E]xcept for motions made during trial or where the court determines an oral motion to be appropriate, all motions must be in writing and must be served on all other parties.") (citing C.R.C.P. 121 § 1-15(1)). Where, as here, a party is represented by counsel, such service must be made on counsel. *Id.* (citing C.R.C.P. 5(b)). Furthermore, every party against whom a motion is filed *shall* have the opportunity to respond, C.R.C.P. 121 § 1-15(1)(b), and every party seeking to file a motion "*shall* confer with opposing counsel and any self-represented parties before filing a motion." C.R.C.P. 121 § 1-15(8) (emphasis added).

An order issued after lack of service of the underlying motion is void for lack of due process. *In re Marriage of Cooper*, 113 P.3d at 1265 (vacating order where service made on party rather than attorney); *Wiggins v. Miller*, 360 P.2d 111, 112-13 (Colo. 1961) (order issued without service void for lack of due process). Indeed, a prior order of *this Court* in *this case* was reversed for lack of noticer. *Black v. Black*, 482 P.3d 460 (Colo. App. 2020), ¶ 113-14. Because void orders are a nullity, the Court has no discretion but to set them aside. *In re Marriage of Stroud*, 631 P.2d 168, 170 n.5 (Colo. 1981) ("[W]here the motion alleges that the judgment attacked is void, C.R.C.P. 60(b)(3), the trial court has no discretion. The judgment either is void or it isn't and relief must be afforded accordingly.").

5

This Court, by order dated Sept. 28, 2020, ¶ 6, ordered that Conservator Goodwin "may . . . file her annual and any supplemental reports to the Court under seal, to be viewed only by the Court and Court staff." This order is limited to the Conservator's official reports. It does not permit *ex parte* proceedings, secret motions, or secret orders, whether by Ms. Goodwin, by Joanne's counsel, or anyone else. It does not permit the Court to ignore the Colorado Rules of Civil Procedure, or the dictates of due process, which derive from the Colorado Constitution and the U.S. Constitution. Nothing in the appellate affirmance of this decision suggests that the Court can conduct *ex parte* proceedings or ignore due process.

Bernard has standing in all of the capacities stated above. He has standing personally to the extent that any relief may affect him personally. He has standing as an interested person in the welfare of Joanne Black. He further has standing as a beneficiary of the Issue Trust, which is the remainder beneficiary of the SNT, and as a trustee of the SNT.[2].

## MOTION TO COMPEL DISCLOSURE

Bernard also moves for an order directing that he be directly informed, as any other litigant would be, of all filings with the Court. If any of them fall with the scope of the Court's 2020 order, the content can be withheld, but the existence of a filing is still relevant, and must be disclosed. An analogy can be drawn to civil discovery,

---

[2] This Court in 2023, issued sua sponte an order removing Bernard as trustee of the SNT. This judgment is not final for appeal purposes. When final it will be appealed. Bernard asserts that the Court did not properly remove him, nor did it have either statutory authority or jurisdiction to do so, since no motion was before it concerning Bernard's status as an SNT trustee.

where documents are withheld based on asserted attorney-client privilege. The party withholding documents must prepare and provide a privilege log, which lists all withheld documents, and provides the basis for assertion of privilege. so that the opposing party can challenge the invocation of privilege.

So too here. Bernard is entitled to direct notice of *all* filings and all orders, from all parties. If the substance of any is withheld, he must still receive direct notice of those filings, so that he can challenge whether withholding the substance is justified. There is no justification for orders, such as the Fee Order or relevant portions thereof, to be kept secret.

## CONCLUSION

For the reasons stated herein, Bernard respectfully requests the Court vacate the Fee Order, require disclosure of the Fee Motion, require disclosure of any past Other Motions or Other Orders, require disclosure of all currently outstanding or future motions or orders, including the March 19 motion, and require direct disclosure of the existence of all past or future filings before the Court, including filings for which the filing party asserts that Bernard should not see the substance of the filing and the basis for any such assertion; in light of the Court's previous rulings, if there are to be filings for which the filing party believes that Bernard should not see the substance of the filing pursuant to the September 28, 2020 ORDER RE: CONSERVATOR'S PETITION FOR INSTRUCTIONS, then the filing party shall alert Bernard Black of such filing simultaneously with the filing of such pleading or

document and shall provide the name of such document(s) filed and the basis for any assertion that Bernard Black is not entitled to see such document..

Dated this 22nd day of March, 2024.

Respectfully Submitted,

/s/ Shaun Pearman
_____
Shaun Pearman, #16619

## CERTIFICATE OF SERVICE

I certify that on March 22nd, 2024, I electronically e-served a true and correct copy of the foregoing document to the following parties:

All counsel of record.

*/s/ Kristin Conte*
_____
Kristin Conte