IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A. et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 18-cv-03447 |
| v. ) | |
| ) | Hon. Andrea R. Wood |
| BERNARD S. BLACK, et al, ) | |
| ) | |
| Defendants. ) | |

**BERNARD S. BLACK AND SAMUEL BLACK'S MOTION
TO COMPEL AGAINST PLAINTIFFS, OR IN THE
ALTERNATIVE, TO BAR RECOVERY OF FEES AND COSTS**

This Court should compel Plaintiffs to produce unredacted legal invoices in support of their interim petitions for recovery of costs, or in the alternative, bar Plaintiffs from recovery of attorneys' fees for the time entries that have been redacted on their legal invoices. The Court should also bar Plaintiffs from recovering attorneys' fees and costs for this unnecessary discovery fight and order Plaintiffs to pay the costs, including reasonable attorneys' fees, that defendants/counter-plaintiffs Bernard S. Black and Samuel Black (collectively, "Movants") incur in connection with this motion. In support, Movants state:

**I.      Background**

Plaintiffs produced redacted legal invoices in support of their interim petitions for recovery of costs ("fee petitions").[1] Movants objected to the redactions in the legal invoice time entries and asked Plaintiffs to produce unredacted invoices to support their fee petitions. Plaintiffs' counsel responded by asserting that the redactions were justified by the attorney-client privilege or work product doctrine.

---

[1] The title of Plaintiffs' interim petitions are misnomers in that Plaintiffs are not merely seeking recovery of costs, but rather, and principally, attorneys' fees.

1

Movants' counsel and Plaintiffs' counsel subsequently engaged in communications to attempt to resolve the dispute. Plaintiffs' counsel refused to remove redactions on the invoices submitted in support of their first interim fee petition, arguing that Movants had not specifically objected to their redactions in their objections to Plaintiffs' first interim fee petition. Movants, however, disagree that any objections to Plaintiffs' redactions in those invoices were waived. They simply were not addressed in a response arguing that the fee request was premature.[2]

Plaintiffs' counsel, however, did agree to review and remove some redactions on invoices supporting their second interim fee petition. Plaintiffs then filed legal invoices with fewer redactions. Movants' counsel, however, continued to object to the redactions, including that the remaining redactions did not appear to merely remove the substance of privileged communications, but rather hid the general subject matter of communications or legal research, neither of which are protected against disclosure under the attorney-client privilege or the work product doctrine. Movants' counsel requested that Plaintiffs either remove the remaining redactions or that Plaintiffs agree to not seek recovery of attorneys' fees for the redacted time entries. Plaintiffs' counsel refused to agree to either request. Plaintiffs' counsel insisted that the remaining redactions were warranted under the work product doctrine.

For the reasons explained below, the work product doctrine could not possibly apply here. Plaintiffs also should not be allowed to recover legal fees where the redactions prevent the parties and this Court from determining whether the work being performed was justified and the charges

---

[2] There also is no reason why Plaintiffs cannot at least produce less redacted legal invoices in support of their first fee petition as they now have done for their second fee petition. It should be noted, too, that it is plain from the legal invoices that Plaintiffs now have provided in support of their second fee petition that nothing originally redacted that no longer is redacted was protected from disclosure under the attorney-client privilege or the work product doctrine. It can be inferred from this that Plaintiffs redacted information on the legal invoices used to support their first fee petition that was not protected from disclosure under the attorney client privilege or work product doctrine. Plaintiffs appear to simply be hiding information on their attorneys' invoices without proper justification. Plaintiffs, therefore, should be barred from recovering fees for this unnecessary fight as well.

2

for that time spent were reasonable. This Court, therefore, should order Plaintiffs to produce unredacted legal invoices in support of their fee petitions or disallow Plaintiffs' fee petitions insofar as the redacted time entries are concerned. This Court should also bar Plaintiffs from recovering fees for this unnecessary discovery fight and order Plaintiffs to pay Movants' costs, including reasonable attorneys' fees, for having to bring and prosecute this motion.

**II.     Applicable Legal Standards**

As a general proposition, the subject of work performed by an attorney is not privileged. *See Towne Place Condo. Ass'n v. Philadelphia Indemnity Ins. Co.*, 284 F.Supp.3d 889, 895 (N.D. Ill. 2018) (information such as … the general purpose of the work performed … is not privileged"). Regardless, it is Plaintiffs' burden, as the party claiming privilege, to establish that the information is privileged and protected from disclosure. *Id*.

Plaintiffs seem to be relying at this point on the work product doctrine as justification for the redactions in their legal invoices given their counsel's purported justification for the redactions, as conveyed to Movant's counsel. But that doctrine does not apply here under applicable law.

"The work product doctrine establishes a zone of privacy in which lawyers can analyze and prepare their client's case free from the scrutiny or interference *by an adversary*." *Lee v. Chicago Youth Centers*, 304 F.R.D. 242, 249 (N.D. Ill. 2014) (emphasis added). The part about interference by an adversary is critical here because Movants are not adversaries of Plaintiffs in this case. Plaintiffs are mere stakeholders in this interpleader action. Movants and the other parties repeatedly have assured Plaintiffs and this Court that they are not seeking any relief from Plaintiffs.

Further, as the court in *Lee* further explained, the work product doctrine "protects 'documents … prepared in anticipation of litigation or for trial …' for the purpose of analyzing and preparing a client's case." *Id*. at 249-50, *quoting,* Rule 236(b)(3), F. R. Civ. P. "Underlying

3

the doctrine is the deeply felt notion that the opposing party 'shouldn't be allowed to take a free ride of the other party's research ….'" *Id*. at 250, *quoting, Menasha Corp. v. U.S. Dept. of Justice*, 707 F.3d 846, 847 (7th Cir. 2013).

Importantly, "[i]t is the burden of the party seeking work-product protection to establish its applicability to the documents claimed to be protected." *Id*. Finally, "the work product doctrine interferes with the … right to obtain evidence and thus must be strictly construed and accepted 'only to the very limited extent that … excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth.'" *Id*., *quoting, Trammel v. U.S.*, 445 U.S.40, 50 (1980).

Those legal standards show that the work product doctrine does not apply to protect Plaintiffs' attorneys' time entries from disclosure under the circumstances here.

**III.  The Redacted Time Entries are Not Protected under the Work Product Doctrine**

Plaintiffs cannot meet their burden of establishing that the redacted portions of the time entries on their attorneys' legal invoices are subject to protection under the work product doctrine. Plaintiffs do not even have a good faith argument for asserting that any of the time entries are protected from disclosure under the work product doctrine.

The time entries plainly were not created in anticipation of litigation.  Plaintiffs also are not adversaries of any other parties in this litigation.  They are mere stakeholders with respect to the interpleaded assets.  No party is seeking relief from Plaintiffs.  Nor have Plaintiffs asserted any claim against any other party.

Moreover, the work product doctrine's narrow exceptions to disclosure with respect to this Court's fact-finding mission concerning the issue of the reasonableness of attorneys' fees do not warrant protection against disclosure in these circumstances.  No one is seeking to get a free ride

4

on Plaintiffs' attorneys' research or uncover Plaintiffs' legal strategy, particularly given that no party is litigating an adverse substantive claim against Plaintiffs in this case.

Movants simply are trying to ascertain what work Plaintiffs' counsel did, whether that work was justified, and whether the time spent was reasonable. That effort is being blocked by Plaintiffs' redactions to the time entries without proper justification, and by their refusal to address the redactions in the first fee petition.

### IV.  Plaintiffs Waived Confidentiality by Seeking Payment of Attorneys' Fees

Even if the redacted portions of the legal invoices were within the ambit of the work product doctrine, Plaintiffs waived that doctrine's protection against disclosure by seeking recovery of attorneys' fees for the time entries that are redacted. *Ideal Electronic Security Co., Inc. v. Int'l Fidelity Ins. Co.*, 129 F.3d 143, 152 (D.C. Cir. 1997). In *Ideal Electronic Security Co.,* the court held that a party responding to a request for attorneys' fees "is entitled to discover the information it requires to appraise the reasonableness of the amount of fees requested … including the nature and extent of work done by … counsel on various phases of the case, so that it may present to the court any legitimate challenges to [the] claim.". *Id*. at 151. The court further explained that where an assertion of attorney-client privilege with respect to billing statements "results in the withholding of information necessary to [a party's] defense to [the claim] …, the privilege must give way to [the responding party's] right to mount a defense." *Id*. As the court observed, "Under the common law doctrine of implied waiver, the attorney-client privilege is waived when the client places otherwise privileged matters in controversy." *Id*. The court held that, by "offering the billing statements as evidence … [the party using them as evidence] waived the attorney-client privilege with respect to the redacted portions of the billing statements … going to the reasonableness of the amount of the fee award." *Id*. at 152. *See also, Estate of Blickenstaff*,

2012 IL App (4th) 120480 ¶ 58 (billing statements must be produced because "[a] party impliedly waives the attorney-client privilege by 'voluntarily inject[ing] either a factual or legal issue into the case, the truthful resolution of which requires an examination of the confidential communications.' … By paying the attorney fees out of the estate, the executor voluntarily injected into this case the issue of whether the attorney fees were reasonable ….") (internal cite omitted).

## V.  Conclusion

For the foregoing reasons, this Court should compel Plaintiffs to produce unredacted legal invoices in support of both of their fee petitions, or in the alternative, bar any fee recovery for amounts for which the work performed was redacted in Plaintiffs' supporting legal invoices. This Court should further bar Plaintiffs from recovering fees for this unnecessary discovery fight, and should order Plaintiffs to pay the costs, including reasonable attorneys' fees, that Movants have incurred and will incur in bringing and prosecuting this motion.

Respectfully submitted,

BERNARD S. BLACK, individually and as Trustee of the 2013 Trust, the SNT and the Issue Trust, and SAMUEL BLACK, as Trustee of the 2013 Trust, the SNT and the Issue Trust

By: /s/Brad S. Grayson
One of Their Attorneys

Benjamin N. Feder (ARDC# 6277452)
Brad S. Grayson (ARDC# 6196336)
Sarah M. Freund (ARDC# 6340828)
Strauss Malk & Feder LLP
135 Revere Drive
Northbrook, IL 60062
(847) 562-1400 (Tel.)
bfeder@smfllp.com
bgrayson@smfllp.com
sfreund@smfllp.com