# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A. et al, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 18-cv-03447 |
| BERNARD S. BLACK, et al, | ) Hon. Andrea R. Wood |
| Defendants. | ) |

**BERNARD S. BLACK AND SAMUEL BLACK'S SURREPLY
IN FURTHER OPPOSITION TO JOANNE BLACK'S
<u>MOTION TO AUTHORIZE WITHDRAWAL OF INTERPLEADED ASSETS</u>**

This Court should deny Joanne Black's ("Joanne") motion to authorize withdrawal of interpleaded assets for the many reasons previously explained. This Court also should consider this Surreply, which addresses matters Joanne newly raised in her reply brief and that Jeanette Goodwin ("Goodwin") and Anthony Dain ("Dain") raised in a reply brief that they filed.

Joanne, Goodwin, and Dain, in their replies, wrongly argue that Bernard Black ("Bernard") is trying to use this action as an end run around Denver Probate Court (the "DPC") rulings. In fact, Joanne, by her motion, is trying to use a DPC ruling to deny due process to parties in this action. This is particularly concerning given that the Colorado Court of Appeals has repeatedly held that the DPC rulings were entered in violation of due process rights or without a proper jurisdictional basis. *See, e.g., Black v. Black*, 482 P.3d. 460, 472 (Colo. App. 2020) (reversing the DPC order entering relief against Samuel Black in violation of his due process rights); *Id.* at 480-82 (reversing the DPC order vacating disclaimer for lack of subject matter jurisdiction); *In the Interests of Joanne Black, Protected Person*, 16CA0625 (Colo. App. 2018) (vacating the DPC fee awards for failure to find facts establishing proper jurisdiction).

The order Joanne seeks to have this Court prematurely enforce is yet another improper DPC order. It, too, likely will not withstand appeal on jurisdictional and due process grounds.

The DPC order Joanne seeks to have this Court enforce was effectively entered *ex parte*, without notice to the subject trusts' trustees or beneficiaries (other than Joanne), who were the only parties likely to object. Joanne wants to use that order to get legal fees paid from the interpleaded assets without allowing parties to this action who are negatively affected by the DPC fees ruling having any opportunity to object or question whether the fees are properly paid from the two subject trusts and are reasonable, either in Colorado or here. Bernard and Samuel Black ("Samuel") are among the beneficiaries of those trusts.[1] As such, they plainly have a right, and should be given an opportunity, to challenge the payment of the fees from the trusts.

In their replies, Dain and Goodwin essentially argue that this Court should not allow *any* party in this action to review the legal invoices underlying the fee award or to challenge the legal fees that Joanne seeks to have paid from the trusts' assets. Their purported justification for that is a prior DPC ruling supposedly barring Bernard (and notably only Bernard) from reviewing the subject legal bills in violation of Bernard's due process rights.[2] The prior ruling did not bar Bernard from receiving notice of motions and having an opportunity to respond, nor could it have under the Colorado Rules of Civil Procedure, or Colorado and federal due process rights.

---

[1] Bernard and Samuel also are trustees of the trusts, although in 2023 the DPC *sua sponte* ordered them removed as trustees, a ruling that will be challenged on appeal. The DPC entered the order removing Samuel as trustee even though Samuel was not a party to the DPC proceedings in any capacity, never was served with process, and never was given any opportunity to oppose or defend against the removal request. Samuel is not even subject to personal jurisdiction in Colorado, having never set foot in that state. For Bernard, the DPC has jurisdiction over him as a trustee of one of the trusts, but no Colorado law allows *sua sponte* removal, in other words, without notice and an opportunity to respond, and without evidence presented to support removal. Unfortunately, as explained above, the DPC judge who entered the order to remove Bernard and Samuel as trustees routinely ignores issues of due process, and jurisdiction, and repeatedly has had rulings reversed on appeal on such grounds.

[2] That DPC ruling is one of many dubious rulings that Bernard plans to appeal. The ruling, however, is not yet ripe for appeal, as the Colorado Court of Appeals recently rejected appeals by Bernard and Samuel as premature on grounds that the DPC had not entered a final order. (December 1, 2023, Colorado Court of Appeals Order, Exhibit A hereto.)

2

Importantly, too, the DPC never ruled that Samuel could not review legal invoices and challenge the payment of legal fees from trusts of which he is a beneficiary. Therefore, even if there somehow was merit to the DPC's ruling with respect to Bernard's right to receive notice of the underlying fees motion, his right to review legal invoices, and his right to challenge the payment of legal fees from trusts of which he is a beneficiary (which there is not), the DPC's ruling did not, and cannot, apply to Samuel, who is not a party to the DPC proceedings and is not affected by the DPC ruling that supposedly affects Bernard. Samuel plainly is entitled to challenge in this action the payment of attorneys' fees from trusts of which he is a beneficiary.

Other counter-defendants, Kate Litvak ("Litvak") and Olga Dal ("Dal"), likewise are not parties to the DPC proceeding. They, too, are entitled to review the legal invoices and the basis for paying them and challenge the payment of legal fees from the interpleaded assets.

Joanne's next argument that she does not have to file a claim to the interpleaded assets, if accepted, would undermine the due process rights of Bernard, Samuel, and the other parties to this action. Joanne seems to be suggesting that this Court should enter relief based upon a ruling of another court that negatively affects several parties without affording any of those parties any opportunity to challenge the basis of the ruling, anywhere. Joanne, of course, fails to cite any law to support her argument. She merely argues that the DPC's order should be upheld because the DPC already found the attorneys' fees to be reasonable in a proceeding in which no party who had any reason to object to the reasonableness of the fees was afforded notice or an opportunity to object to the reasonableness of the fees.

Joanne ignores, again, that the DPC's finding of reasonableness was made *ex parte* order and is not binding either on parties who were not before the DPC or did not receive notice and an opportunity to respond. In fact, as the United States Supreme Court repeatedly has held, "[i]t is

3

elementary that one is not bound by a judgment … resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969). *See also, Hansberry v. Lee*, 311 U.S. 32, 40 (1940). Enforcing an order or judgment against one who had no notice of the proceeding in which the order was entered violates a party's due process rights. *Id*. at 41.

Joanne also argues that the DPC order was not entered *ex parte* because Bernard and Samuel were removed by the DPC as trustees. Again, Joanne ignores that the DPC's order removing Samuel as trustee is yet another instance of the DPC improperly entering relief against Samuel in violation of his due process rights because he never was served with process before such relief was entered against him. Her argument further ignores that the DPC has no authority under Colorado law to *sua sponte* remove trustees without notice and without evidence presented to support removal. Bernard plans to appeal that ruling as well. Moreover, even if properly removed as trustees, Bernard and Samuel are beneficiaries of the trusts such that they should be given notice and an opportunity to contest the requested payment of attorneys' fees from the trusts.

Joanne likewise contends that no party can challenge that the interpleaded assets are conservatorship assets rather than trust assets. That notion, too, is wrong because, once again, that ruling is not binding on parties who were not before the DPC. Further, the DPC's recent ruling is suspect and likely will not withstand appeal given the DPC's own directly contrary rulings made several years ago, one of which was upheld on appeal by the Colorado Court of Appeals.[3]

---

[3] The DPC ruling purportedly making the assets conservatorship assets rather than trust assets is based upon the DPC's recent ruling purportedly undoing a disclaimer that the DPC had approved in 2012 and then refused to undo in 2015 when challenged, a ruling upholding the disclaimer that eventually was affirmed on appeal by the Colorado Court of Appeals. *Black v. Black I*, 422 P.3d, 592, 613 (Colo. App. 2018). There respectfully is no legal basis for the DPC to reverse rulings made many years ago, especially in the absence of any new law or new evidence, nor has any authority for reversing or vacating prior rulings, including one affirmed on appeal, ever been provided by the DPC or any party.

4

Joanne then contends that the DPC's order not being final does not matter. Joanne is wrong. This Court should not enforce an order that is not final, not yet appealable, and that may yet be reversed on appeal. Bernard never had notice of the underlying motion, or the resulting DPC order, and did not know of it until he learned of its through Joanne's motion in this action. He now has moved to vacate it and will appeal the order if the DPC denies his motion to vacate. Joanne also cites no authority for this Court to enforce a non-final order of another court.

With respect to the issue of the DPC's lack of jurisdiction that Bernard and Samuel raised, Joanne's argument in her reply ignores the law that Bernard cited that orders entered by a court in a guardianship or conservatorship proceeding without jurisdiction are *void*, not merely voidable. The probate exception also is not a proper basis for Joanne trying to get this Court to enforce a void order. Further, this Court already considered the probate exception and determined that it does not apply to this action, and this Court has jurisdiction to maintain this interpleader action so long as it does not take on the uniquely probate functions of the DPC. (Sept. 29, 2021, Order, Docket # 197, at p. 14.) Awarding fees to be paid from interpleaded trust assets is well within this Court's interpleader jurisdiction.

Finally, contrary to what Joanne asserts, Bernard and Samuel never argued that this Court *could not* authorize withdrawal of interpleaded assets by Joanne until all other claims are resolved. Rather, Bernard and Samuel explained why this Court *should not* authorize withdrawal by Joanne until other claims are resolved and the priority of those claims is determined. At bottom, Joanne has failed to provide a cogent reason why she should be paid on her claim ahead of other claims, including a prior final judgment in favor of Dal that was affirmed on appeal, and prior judgments obtained by Litvak, not to mention claims by Bernard and Samuel to the interpleaded assets.

5

In sum, for all the reasons previously explained and those set forth herein, this Court should deny Joanne's motion to authorize withdrawal of interpleaded assets.

                                      Respectfully submitted,

                                      BERNARD S. BLACK, individually and as Trustee of the 2013 Trust, the SNT and the Issue Trust, and SAMUEL BLACK, as Trustee of the 2013 Trust, the SNT and the Issue Trust

                                      By: /s/Sarah M. Freund
                                          One of Their Attorneys

Benjamin N. Feder
Brad S. Grayson
Sarah M. Freund
Strauss Malk & Feder LLP
135 Revere Drive
Northbrook, IL 60062
(847) 562-1400 (Tel.)
bfeder@smfllp.com
bgrayson@smfllp.com
sfreund@smfllp.com

6

# EXHIBIT A

| | |
|---|---|
| Colorado Court of Appeals<br>2 East 14th Avenue<br>Denver, CO 80203 | DATE FILED: December 1, 2023<br>CASE NUMBER: 2023CA1197 |
| Denver Probate Court<br>2012PR1772 | |
| **In the Interest of**<br><br>Joanne Black, Protected Person,<br><br>**Appellants:**<br><br>Bernard Black, individually and as Suspended Trustee for the Supplemental Needs Trust for the Benefit of Joanne Black and Samuel Black,<br><br>v.<br><br>**Appellees:**<br><br>Jeanette Goodwin, Conservator and Gayle Y Young, Guardian Ad Litem. | Court of Appeals Case Number:<br>2023CA1197 |
| ORDER OF THE COURT | |

To: The Parties and the Probate Court

Upon consideration of the motion to dismiss the appeals filed by Samuel Black and Bernard Black on October 13, 2023, and having reviewed the responses thereto, and the reply—which this Court accepts—the Court GRANTS the motion to dismiss and ORDERS that those appeals are hereby DISMISSED without prejudice, for lack of a final, appealable judgment. Accordingly, the motion to stay briefing for those appeal is DENIED as moot.

The appeal filed on July 14, 2023, proceeds. The opening brief remains due on December 1, 2023.

BY THE COURT<br>
Dailey, J.<br>
Welling, J.<br>
Brown, J.

2