IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, and J.P. MORGAN SECURITIES LLC,<br><br>Plaintiffs-in-Interpleader,<br><br>vs.<br><br>BERNARD S. BLACK, et al,<br><br>Defendants-in-Interpleader. | Case No. 1:18-cv-03447<br><br>Honorable Andrea R. Wood |

**PLAINTIFFS' MEMORANDUM IN RESPONSE TO DEFENDANT OLGA DAL'S MOTION TO AUTHORIZE WITHDRAWAL OF INTERPLEADED ASSETS**

Plaintiffs JPMORGAN CHASE BANK, NATIONAL ASSOCIATION ("Chase Bank") and J.P. MORGAN SECURITIES LLC ("JPMS LLC," and collectively "Plaintiffs"), through their attorneys UB Greensfelder LLP, hereby respond to Defendant Olga Dal's Motion to Authorize Withdrawal of Interpleaded Assets (Doc. 332) ("Motion" or "Mot.").

1. In the Motion, Defendant Olga Dal ("Dal") asks the Court "to decide, on the basis of a final judgment, affirmed by the Illinois Appellate Court, that the funds to satisfy the Judgment that Dal obtained in 2017 may be withdrawn from the Interpleaded Assets." (Mot., p. 2.) The relief requested is an "order authorizing the withdrawal of Interpleaded Assets in the amount necessary to satisfy her judgment in the amount of $343,936.93, post-judgment interest, and legal fees." (*Id.*, at 5.)

2. Plaintiffs take no position as to Dal's entitlement to receive part of the Interpleaded Assets, and respond only to avoid the possibility that Dal's request may result in further undue burden on Plaintiffs or deprive them of the ability to avoid competing claims to the Interpleaded Assets due to this ongoing family dispute. Specifically, despite the Motion's characterization of

1

the remedy sought as a "withdrawal," the contemplated transaction would be far more complex than a simple "withdrawal" from the Interpleaded Assets. There does not exist a single cash source from which to satisfy Ms. Dal's request. Rather, the Interpleaded Assets are spread across eleven (11) different accounts,[1] and, of those accounts, nine are brokerage accounts that hold a mix of equities, cash & sweep funds, alternative assets and fixed income. In order to satisfy Ms. Dal's request from a brokerage account, JPMS LLC would need express and specific direction as to which account should be utilized for payment and the positions or securities within that account (those accounts) to be used to come up with sufficient cash to satisfy the request. The Motion filed by Ms. Dal does not acknowledge this obstacle or ask for this relief.

3. In order to effectuate Ms. Dal's request, decisions will have to be made and provided to Plaintiffs as to which assets or funds from which accounts should be used to satisfy the request, assuming it is granted. Those decisions cannot be made by Plaintiffs.

4. Additionally, Plaintiffs are still awaiting the Court's instructions for payment to Plaintiffs in accordance with the Court's March 31, 2025 Order granting Plaintiffs' Amended Interim Petition for Costs and Second Interim Petition for costs. That distribution, already authorized by the Court, must happen before any additional distribution requests are considered. Despite the passing reference to priorities, the Motion provides no support for the notion that Ms. Dal's judgment perfected a lien on the Interpleaded Assets superior to this Court's order granting relief to the neutral Plaintiffs.

---

[1] The accounts included in the Interpleaded Assets for the Issue Trust are Chase Bank account #X5625 and JPMS LLC accounts #X1036, #X7859, #X7860, #X7862, #X7863, #X7864, #X7865, and #X7866. The accounts included in the Interpleaded Assets for the Supplemental Needs Trust are Chase Bank account #X5641 and JPMS LLC account #X1116.

5. Plaintiffs filed this interpleader action on May 15, 2018 (Doc. 1), and filed their Motion for an Order Regarding Interpleader Assets, For a Permanent Injunction and Discharge on August 26, 2019 (Doc. 79), requesting authorization to sell the non-cash assets and deposit the cash proceeds of a sale with the Clerk, among other relief. The Court denied that request for complete interpleader relief in light of Defendants' objections to liquidating the non-cash assets.

6. In the event that the Court grants the relief requested by Dal and issues an order that Plaintiffs should disburse funds to Dal, or otherwise permit Dal to access the Interpleaded Assets, such an order could only be effectuated by Plaintiffs if it is accompanied by specific instructions on how to make the disbursements. At a minimum, such an order must include (i) the person entitled to make decisions about withdrawals of cash and investment decisions needed for liquidation, and/or (ii) the specific account(s) from which the funds should be withdrawn or disbursed, specific amount(s) of such withdrawals or disbursements from each such account(s), and (iii) specific directions on which investments should be sold from which account(s) and when such orders should be requested in order to effectuate the necessary liquidation.

7. Further, in the event the Court directs withdrawals or disbursements which result in a zero balance for the account(s) at issue, the instructions should also make clear that Plaintiffs are permitted to close such account(s).

WHEREFORE, Plaintiffs respectfully request that, in the event the Court grants the Motion, the order provide specific instructions to Plaintiffs as to the withdrawal or disbursement of funds or identify a specific individual who will provide those specific instructions, and grant Plaintiffs such other and further relief as is just and warranted.

Dated: October 14, 2025 Respectfully submitted,

By:*/s/ Christiane M. McKnight*
Christiane M. McKnight (ARDC #6325345)
UB GREENSFELDER LLP
200 W. Madison Street, Suite 3300
Chicago, Illinois 60606
TEL: (312) 658-6500
FAX: (312) 658-6501
emcknight@ubglaw.com

Michael N. Ungar, Esq. (Ohio Bar #16989)
UB GREENSFELDER LLP
Skylight Office Tower
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113
mungar@ubglaw.com

*Attorneys for JPMorgan Chase Bank, N.A. and J.P. Morgan Securities LLC*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on the 14th day of October, 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, using the Court's CM/ECF System which will send notification of such filing to all parties registered to use ECF or represented by a registered e-filer. Parties may access this filing through the Court's CM/ECF System.

*/s/ Christiane M. McKnight*
Christiane M. McKnight
UB GREENSFELDER LLP
200 W. Madison Street, Suite 3300
Chicago, Illinois 60606

*One of the attorneys for JPMorgan Chase Bank, N.A. and J.P. Morgan Securities LLC*